| | |
|---|---|
| Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900 | Steven J. Reisman<br>**KATTEN MUCHIN ROSENMAN LLP**<br>575 Madison Avenue<br>New York, New York 10022<br>Telephone:   (212) 940-8800<br>Facsimile:   (212) 940-8776 |

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-4041818 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEY'S, INC., | ) | Case No. 19-36299 (CGM) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 13-4942980 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BNY CATERING, INC., | ) | Case No. 19-36301 (CGM) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-5494434 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BNY LICENSING CORP., | ) Case No. 19-36302 (CGM) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 22-3024177 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS ASIA CO. LLC, | ) Case No. 19-36303 (CGM) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 13-4040819 | ) |

**DEBTORS' MOTION SEEKING ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF THEIR
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion.[1]

### Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of their related chapter 11 cases, and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "Court") maintain one file and one docket for all of these chapter 11 cases under the case of Barneys New York, Inc., and that these chapter 11 cases be administered under the following caption:

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of Barneys New York, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Barneys New York, Inc. Case No. 19-36300 (CGM); Barney's, Inc. Case No. 19-36299 (CGM); BNY Catering, Inc. Case No. 19-36301 (CGM); BNY Licensing Corp. Case No. 19-36302 (CGM); and Barneys Asia Co. LLC Case No. 19-36303 (CGM). **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 19-36300 (CGM)**.

4. The Debtors also seek authority to file their monthly operating reports to the extent necessary or required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report. The Debtors will append to all monthly

3

operating reports, per Debtor or consolidated monthly income and expense statements (accrual based), including cumulative Petition Date to present income and expenses, cash flow statements, and other financial statements that the Debtors maintain in the ordinary course of business.

## Jurisdiction and Venue

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

8.      The Debtors are a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform. Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry, cosmetics, fragrances, and gifts for the home. The Debtors remain headquartered in New York, New York and lease all of their store locations. The Debtors reported revenues of approximately $800 million for 2018. As

4

of the date hereof (the "Petition Date"), the Debtors have approximately 2,300 employees and funded debt obligations of approximately $200 million.

9. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See*, *e.g.*, *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019) (directing joint administration of chapter 11 cases); *In re Sungard Availability Services Capital, Inc.*, Case No. 19-22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019) (same); *In re Windstream*

5

*Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. February 28, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. February 7, 2019) (same); *In re Aegean Marine Petrol. Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 6, 2018) (same).[2]

13. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The Debtors operate as an integrated business with common ownership and control. The Debtors also share financial and operational systems. As a result, many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. Entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

### Motion Practice

15.    This motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

### Notice

16.    The Debtors will provide notice of this motion to: (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Term Loan Agent; (e) counsel to the DIP parties; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17.    No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: August 6, 2019<br>New York, New York | */s/ Joshua A. Sussberg, P.C.*<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>-and-<br><br>Chad J. Husnick, P.C.<br>W. Benjamin Winger (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>-and-<br><br>Steven J. Reisman<br>**KATTEN MUCHIN ROSENMAN LLP**<br>575 Madison Avenue<br>New York, New York 10022<br>Telephone:  (212) 940-8800<br>Facsimile:   (212) 940-8776<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |

## EXHIBIT A

**Proposed Order**

19-36300-cgm    Doc 2    Filed 08/06/19    Entered 08/06/19 01:52:05    Main Document
Pg 9 of 13

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BARNEYS NEW YORK, INC., | ) | Case No. 19-36300 (CGM) |
| Debtor. | ) | |
| Tax I.D. No. 13-4041818 | ) | |
| In re: | ) | Chapter 11 |
| BARNEY'S, INC., | ) | Case No. 19-36299 (CGM) |
| Debtor. | ) | |
| Tax I.D. No. 13-4942980 | ) | |
| In re: | ) | Chapter 11 |
| BNY CATERING, INC., | ) | Case No. 19-36301 (CGM) |
| Debtor. | ) | |
| Tax I.D. No. 47-5494434 | ) | |
| In re: | ) | Chapter 11 |
| BNY LICENSING CORP., | ) | Case No. 19-36302 (CGM) |
| Debtor. | ) | |
| Tax I.D. No. 22-3024177 | ) | |
| In re: | ) | Chapter 11 |
| BARNEYS ASIA CO. LLC, | ) | Case No. 19-36303 (CGM) |
| Debtor. | ) | |
| Tax I.D. No. 13-4040819 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS'
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing procedural consolidation and joint administration of the Debtors' related chapter 11 cases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

2

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 19-36300 (CGM).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. An entry shall be made on the docket of each of the Debtors' cases, other than that of Barneys New York, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Barneys New York, Inc. Case No. 19-36300 (CGM); Barney's, Inc. Case No. 19-36299 (CGM); BNY Catering, Inc. Case No. 19-36301 (CGM); BNY Licensing Corp. Case No. 19-36302 (CGM); and Barneys Asia Co. LLC Case No. 19-36303 (CGM). **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 19-36300 (CGM)**.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

3

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report. The Debtors shall also append to all monthly operating reports, per Debtor or consolidated monthly income and expense statements (accrual based), including cumulative Petition Date to present income and expenses, cash flow statements, and other financial statements that the Debtors maintain in the ordinary course of business.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019  
Poughkeepsie, New York

                                                     THE HONORABLE CECELIA G. MORRIS  
                                                     UNITED STATES BANKRUPTCY JUDGE