Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:       (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:       (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:     (212) 940-8800
Facsimile:       (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION SEEKING ENTRY OF AN
ORDER (I) EXTENDING TIME TO FILE SCHEDULES
OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT
INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS
OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion.[2]

### Relief Requested

1.  The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by thirty days, for a total of forty-four days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, and (b) granting related relief.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

4.      The statutory bases for the relief requested herein are sections 105(a), 107, and 521 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 1007(c), 2003(a), 2015.3(d), 9006(b), and 9018, and rules 1007-1, 9013-1(a), and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

## **<u>Background</u>**

5.      The Debtors are a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform. Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry, cosmetics, fragrances, and gifts for the home. The Debtors remain headquartered in New York, New York and lease all of their store locations. The Debtors reported revenues of approximately $800 million for 2018. As of the date hereof (the "<u>Petition Date</u>"), the Debtors have approximately 2,300 employees and funded debt obligations of approximately $200 million.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## **<u>Basis for Relief</u>**

7.      Section 521 of the Bankruptcy Code provides that the debtor shall file "(B) unless the court orders otherwise—(i) a schedule of assets and liabilities; (ii) a schedule of current income

3

and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1)(B) (emphasis added).  Bankruptcy Rule 1007(c) further provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ."  For the reasons set forth below, a waiver of the requirement to file the Schedules and Statements is justified in light of the particular circumstances of these chapter 11 cases and the absence of any prejudice to any party in interest.

8. To prepare the Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts from the Debtors.  The collection of this necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and the Debtors' advisors.  Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it will take some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

9. Given the size and complexity of the Debtors' business and financial affairs, and the critical matters that the Debtors' management and advisors were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

10. In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases, including securing financing to operate their business postpetition and negotiating with certain creditor constituencies.  Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing

value for their estates, their creditors, and all parties in interest. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon the Debtors' employees to collect information, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline by thirty days, until forty-four days after the Petition Date. The requested extension will enhance the accuracy of the Statements and Schedules when filed and help avoid the potential necessity of substantial subsequent amendments. The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from the Court. Moreover, preserving an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

11. As explained above, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors. Engaging in such preparation immediately before or after the commencement of these chapter 11 cases would distract such personnel and advisors from the Debtors' business operations at this critical juncture. Accordingly, the Debtors submit that a 30-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances.

12. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Granting the requested extension is appropriate under the circumstances of these chapter 11 cases and is within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

13. Courts in this jurisdiction regularly have found "cause" to extend the deadline for filing schedules and statements in similarly complex chapter 11 cases. *See, e.g.*, *In re Hollander Sleep Prods., LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019) (granting debtors a 30-day extension to file their schedules and statements for a total of forty-four days from the petition date); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No 19-22185 (RR) (Bankr. S.D.N.Y. Feb. 7, 2019) (same); *In re Aegean Marine Petrol. Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 16, 2018) (same); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same).[3]

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

14. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, extending the time to file the Schedules and Statements and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases and maintain the value of their estates postpetition. Failure to receive such authorization and other relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' ability to maintain their estates at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their business in the ordinary course, preserve the going concern value of the Debtors' operations, and maximize the value of their estates for the benefit of all stakeholders. Accordingly,

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Motion Practice

15.     This motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

16.     The Debtors will provide notice of this motion to: (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Term Loan Agent; (e) counsel to the DIP parties; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated:  August 6, 2019<br>New York, New York | */s/ Joshua A. Sussberg, P.C.*<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>-and-<br><br>Chad J. Husnick, P.C.<br>W. Benjamin Winger (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>-and-<br><br>Steven J. Reisman<br>**KATTEN MUCHIN ROSENMAN LLP**<br>575 Madison Avenue<br>New York, New York 10022<br>Telephone:    (212) 940-8800<br>Facsimile:    (212) 940-8776<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the deadline by which the Debtors must file their Schedules and Statements by thirty days, for a total of forty-four days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is: 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended by thirty days, for a total of forty-four days from the Petition Date, without prejudice to the Debtors' right to seek additional extensions.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
Poughkeepsie, New York

_____
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE