| | |
|---|---|
| Edward O. Sassower, P.C. | Steven J. Reisman |
| Joshua A. Sussberg, P.C. | **KATTEN MUCHIN ROSENMAN LLP** |
| **KIRKLAND & ELLIS LLP** | 575 Madison Avenue |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | New York, New York 10022 |
| 601 Lexington Avenue | Telephone:  (212) 940-8800 |
| New York, New York 10022 | Facsimile:   (212) 940-8776 |
| Telephone:  (212) 446-4800 | |
| Facsimile:   (212) 446-4900 | |

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION SEEKING
ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (II) AUTHORIZING THE DEBTORS
TO FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, (III) AUTHORIZING THE DEBTORS TO REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR THE DEBTORS'
EMPLOYEES, (IV) APPROVING THE FORM AND MANNER OF NOTIFYING
CREDITORS OF COMMENCEMENT, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion.[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors, and (iii) redact certain personal identifiable information for the Debtors' employees, (b) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases, and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith. Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

2

4.      The bases for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002, and 9013-1, and rules 1007-1, 5075-1 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5.      The Debtors are a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform.  Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry, cosmetics, fragrances, and gifts for the home.  The Debtors remain headquartered in New York, New York and lease all of their store locations.  The Debtors reported revenues of approximately $800 million for 2018.  As of the date hereof (the "Petition Date"), the Debtors have approximately 2,300 employees and funded debt obligations of approximately $200 million.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

3

**Basis for Relief**

**I.    Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

7.    Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Rule 1007-1(a) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.

8.    Permitting the Debtors to maintain a consolidated list of their creditors (the "Creditor Matrix") in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases.  Because the Debtors have many thousands of creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.

9.    The Debtors, working together with Stretto ("Stretto")[3] as their notice and claims agent in these chapter 11 cases (the "Proposed Notice and Claims Agent")[4] have already prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make the Creditor Matrix available in electronic form to any party in interest who so requests

---

[3]    Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

[4]    The request to retain the Proposed Claims and Notice Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c); *see also Debtors' Application Seeking Entry of an Order (I) Authorizing and Approving the Appointment of Stretto as Claims and Noticing Agent and (II) Granting Related Relief*, filed contemporaneously herewith.

4

(or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Court.

10.    The Debtors submit that the proposed maintenance of the Creditor Matrix with the Proposed Notice and Claims Agent is consistent with applicable Local Rules. Pursuant to Local Rule 5075-1, a debtor filing a petition with more than 250 creditors and equity interest holders, in the aggregate, as is the case here, is required to retain an approved claims and noticing agent pursuant to an order of the Court.

11.    Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors.  *See*, *e.g.*, *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. June 4, 2019) (authorizing the debtors to prepare a list of creditors in lieu of submitting a formatted mailing matrix); *In re Sungard Availability Services Capital, Inc.*, Case No. 19-22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019) (same); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019) (same); *In re Aegean Marine Petrol. Network, Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) (same).[5]

**II.    Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' Thirty Largest Unsecured Creditors.**

12.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Because certain of the Debtors share many creditors and the Debtors operate as a single

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

business enterprise, the Debtors request authority to file a single, consolidated list of their thirty largest general unsecured creditors.

13. Compiling separate top twenty creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. Further, the Debtors believe a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the United States Trustee for the Southern District of New York (the "U.S. Trustee") in its efforts to communicate with these creditors. Filing a single consolidated list of the thirty largest unsecured creditors in these chapter 11 cases is appropriate for these reasons.

14. Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See*, *e.g.*, *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. June 4, 2019) (authorizing the debtors to file a single list of their fifty largest unsecured creditors); *In re Sungard Availability Services Capital, Inc.*, Case No. 19-22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019) (authorizing the debtors to file a single list of their thirty largest unsecured creditors); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (authorizing the debtors to file a single consolidated list of their fifty largest unsecured creditors); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019) (authorizing the debtors to file a single consolidated list of their thirty largest unsecured creditors); *In re Aegean Marine Petrol. Network, Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) (same).

**III.    Cause Exists to Redact Certain Personal Identifying Information for Individual Creditors.**

15. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court

finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

16.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and Schedules and Statements,[6] the home addresses of the Debtors' employees because such information could be used, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[7] The Debtors propose to provide an unredacted version of the Creditor Matrix and any other applicable filings to the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and other parties in interest upon reasonable request.  In addition, the Debtors will distribute to their current employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.

---

[6]  As defined in the *Debtors' Motion Seeking Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief*, filed contemporaneously herewith.

[7]  The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), [Docket No. 4].

7

17. Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases. *See*, *e.g.*, *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (authorizing the debtors to redact personal information of their employees and former employees on the creditor matrix); *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. June 4, 2019) (authorizing the debtors to redact address information of individual creditors listed on the creditor matrix); *In re Sungard Availability Services Capital, Inc.*, Case No. 19-22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019) (same); *In re Jones Energy Inc.*, Case No. 19-32112 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2019) (same); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. March 5, 2019) (same); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *see also In re CGG Holdings (U.S.) Inc.*, Case No. 17-11637 (MG) (Bankr. S.D.N.Y. June 14, 2017) (authorizing the Debtors to omit from their statements and schedules certain personal information of certain current employees and former employees); *In re Soundview Elite LTD.*, Case No. 13-13098 (REG) (Bankr. S.D.N.Y. Sept. 17, 2014) (authorizing the chapter 11 Trustee to identify each investor by a descriptive identifier only and redact the investor addresses from their schedules and statements to comply with Cayman Islands Privacy Laws).[8]

18. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information—including home addresses—in respect of the Debtors' employees who are listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could

---

[8] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

8

jeopardize the safety of employees who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**IV.     The Court Should Authorize Stretto to Mail Required Notices to Creditors.**

19.     Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person directed by the Court) must give the debtor, the U.S. Trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 2002(f)(1) further provides that notice of "the order for relief" shall be sent by mail to all creditors.

20.     The Debtors propose that Stretto undertake all mailings directed by the Court, the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002 (a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as **Exhibit 1** to **Exhibit A** attached hereto. The Debtors believe that using Stretto to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, Stretto will assist the Debtors in preparing creditor lists and mailing initial notices, and therefore there are efficiencies in authorizing Stretto to mail the notice of commencement of these chapter 11 cases. Accordingly, the Debtors respectfully submit that Stretto should undertake such mailings.

### Motion Practice

21.     This motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

### Notice

22.     The Debtors will provide notice of this motion to: (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Term Loan Agent; (e) counsel to the DIP parties; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

23.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: August 6, 2019<br>New York, New York | */s/ Joshua A. Sussberg, P.C.*<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>-and-<br><br>Chad J. Husnick, P.C.<br>W. Benjamin Winger (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>-and-<br><br>Steven J. Reisman<br>**KATTEN MUCHIN ROSENMAN LLP**<br>575 Madison Avenue<br>New York, New York 10022<br>Telephone:  (212) 940-8800<br>Facsimile:   (212) 940-8776<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) ) | Case No. 19-36300 (CGM) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING THE
DEBTORS TO FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE
MAILING MATRIX FOR EACH DEBTOR, (II) AUTHORIZING
THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (III) AUTHORIZING
THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION FOR THE DEBTORS' EMPLOYEES, (IV) APPROVING THE
FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
OF THESE CHAPTER 11 CASES, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors, (iii) redact certain personally identifiable information for the Debtors' employees, (b) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

*Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. As soon as practicable after entry of an order authorizing the engagement of the Proposed Notice and Claims Agent in these chapter 11 cases, the Debtors shall furnish to the Proposed Notice and Claims Agent a consolidated creditor list.

3. In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance of the Proposed Notice and Claims Agent (upon the Court's approval of the Debtors' retention of the Proposed Notice and Claims Agent), shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4. The notice of commencement of these chapter 11 cases, substantially in the form attached to this Order as **Exhibit 1** is hereby approved.

5. The Debtors are authorized to file a consolidated list of the thirty largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

6. The Debtors are authorized to redact personally identifiable information, including home address information, in respect of the Debtors' employees listed on the Creditor Matrix, Schedules and Statements, or similar document filed with the Court. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other applicable filed document to the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and any party in interest upon reasonable request.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
Poughkeepsie, New York

THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Notice of Commencement**

**Information to identify the cases:**

**Debtors: Barneys New York, Inc., *et al.***            EIN: 13-4041818

**United States Bankruptcy Court Southern District of New York**

**Case Number: 19-36300 (CGM) (Jointly Administered)**      Date cases filed for chapter 11: August 6, 2019

**Official Form 309F (For Corporations or Partnerships)**

**Notice of Chapter 11 Bankruptcy Cases**            12/17

---

For the debtors listed above, cases have been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the cases for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from the debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the cases may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov) or at the website maintained by the Debtors' noticing and claims agent, Stretto ("Stretto").[1]

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the cases.**

1. **Full Name of Each Debtor**:

   **Jointly Administered Cases**

   | DEBTOR | ADDRESS | CASE NO. | EIN # |
   |---|---|---|---|
   | Barneys New York, Inc. | 575 Fifth Avenue<br>11th Floor<br>New York, New York 11017 | 19-36300 | 13-4041818 |
   | Barney's Inc. | 575 Fifth Avenue<br>11th Floor<br>New York, New York 11017 | 19-36299 | 13-4942980 |
   | BNY Catering, Inc. | 575 Fifth Avenue<br>11th Floor<br>New York, New York 11017 | 19-36301 | 47-5494434 |
   | BNY Licensing Corp | 575 Fifth Avenue<br>11th Floor<br>New York, New York 11017 | 19-36302 | 22-3024177 |
   | Barneys Asia Co. LLC | 575 Fifth Avenue<br>11th Floor<br>New York, New York 11017 | 19-36303 | 13-4040819 |

---

[1]     Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

Official Form 309F (For Corporations or Partnerships)            **Notice of Chapter 11 Bankruptcy Cases**

**Debtor: Barneys New York, Inc.,** *et al.*                                                           Case Number: 19-36300 (CGM)

2. **All other names used in the last 8 years:**

| Current Entity Name | Former Names |
|---|---|
| Barneys New York, Inc. | N/A |
| Barney's Inc. | N/A |
| BNY Catering, Inc. | N/A |
| BNY Licensing Corp | N/A |
| Barneys Asia Co. LLC | N/A |

3. **Address:** See Chart Above

4. **Debtors' Proposed Counsel**

   Edward O. Sassower, P.C.
   Joshua A. Sussberg, P.C.
   KIRKLAND & ELLIS LLP
   KIRKLAND & ELLIS INTERNATIONAL LLP
   601 Lexington Avenue
   New York, New York 10022
   Telephone:      (212) 446-4800
   Facsimile:       (212) 446-4900
   Email:             edward.sassower@kirkland.com
                         joshua.sussberg@kirkland.com

   - and –

   Chad J. Husnick, P.C.
   W. Benjamin Winger
   KIRKLAND & ELLIS LLP
   KIRKLAND & ELLIS INTERNATIONAL LLP
   300 North LaSalle Street
   Chicago, Illinois 60654
   Telephone:      (312) 862-2000
   Facsimile:       (312) 862-2200
   Email:             chad.husnick@kirkland.com
                         benjamin.winger@kirkland.com

   - and –

   Steven J. Reisman
   KATTEN MUCHIN ROSENMAN LLP
   575 Madison Avenue
   New York, New York 10022
   Telephone       (212) 940-8800
   Facsimile        (212) 940-8776

   **Debtors' Notice and Claims Agent**
     Stretto
     8269 East 23rd Avenue, Suite 275
     Denver, CO 80238

5. **Bankruptcy clerk's office**

| | | |
|---|---|---|
| Documents in these cases may be filed at this address. | **U.S. Bankruptcy Court**<br>**355 Main Street**<br>**Poughkeepsie, New York 12601** | Hours open: Monday − Friday<br>8:30 AM (ET) − 5:30 PM (ET)<br>Contact phone  845−451−6372 |
| You may inspect all records filed in these cases at this office or online at either www.pacer.gov or http://case.stretto.com/barneys. | | |

6. **Meeting of creditors**

| | | |
|---|---|---|
| The debtors' representative must attend the meeting to be questioned under oath. | **To be determined.** | **Location:**<br>**To be determined.** |

Official Form 309F (For Corporations or Partnerships)                                              Notice of Chapter 11 Bankruptcy Case

**Debtor: Barneys New York, Inc., *et al*.**                                          Case Number: 19-36300 (CGM)

|  |  |
|---|---|
| Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. |

**7.  Proof of claim deadline**

**Deadline for filing proof of claim: Not yet set. If a deadline is set, notice will be sent at a later time.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be filed either electronically or as a paper document. For more information on how to file a Proof of Claim, visit the Southern District of New York Bankruptcy Court's website at: http://www.nysb.uscourts.gov/forms, Stretto's website at http://case.stretto.com/barneys, or any bankruptcy clerk's office.
Your claim will be allowed in the amount scheduled unless:

- Your claim is designated as *disputed*, *contingent,* or *unliquidated*;
- You file a proof of claim in a different amount; or
- You receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov or http://case.stretto.com/barneys.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**8.  Exception to discharge deadline**

| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint: To be determined.** |
|---|---|

**9.  Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in these cases.

**10. Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of their property and may continue to operate their business.

**11. Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtors except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

Official Form 309F (For Corporations or Partnerships)                                    **Notice of Chapter 11 Bankruptcy Case**

**If you have questions about this notice,
please call Stretto at (855) 202-8711**