Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY
## OF INTERIM AND FINAL ORDERS (I) APPROVING
## NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN
## TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH
## RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] respectfully state as follows in support of this motion.

### Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"), (a) approving certain notification and hearing procedures related to certain transfers of, or declarations of worthlessness with respect to, Debtor Barneys New York, Inc.'s existing common stock or any Beneficial Ownership[3] therein (any such record or Beneficial Ownership of common stock, the "Common Stock"),[4] as detailed in **Exhibit 1** to the Interim Order and Final Order (the "Procedures"), (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief.  In addition, the Debtors request that the Court (as defined below) schedule a final hearing within approximately twenty-five days of the commencement of these chapter 11 cases to consider entry of the Final Order.

---

[2]     A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

[3]     "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

[4]     For the avoidance of doubt, the definition of Common Stock shall not include any securities issued in connection with a chapter 11 plan of reorganization of the Debtors.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105, 345, 362, 363, 503, 507, and 541 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and rule 9013-1(a) of the Bankruptcy Local Rules for the Southern District of New York (the "Local Rules").

## Background

5.      The Debtors are a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform.  Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry, cosmetics, fragrances, and gifts for the home.  The Debtors remain headquartered in New York, New York and lease all of their store locations.  The Debtors reported revenues of approximately $800 million for 2018.  As of the date hereof (the "Petition Date"), the Debtors have approximately 2,300 employees and funded debt obligations of approximately $200 million.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### The Tax Attributes

7.      Generally, a company generates net operating losses ("NOLs") if the operating expenses it has incurred exceed the revenues it has earned during a single tax year.  A company may apply, or "carry forward," NOLs to reduce future tax payments (subject to certain conditions as discussed below).[5]  *See* I.R.C. § 172.

8.      The Debtors currently estimate that, as of the end of their 2018 tax year,[6] they have approximately $120 million of federal NOLs;[7] approximately $3.5 million of federal charitable contribution carryforwards; and approximately $6 million of disallowed interest carryforwards (collectively, and together with state and certain other tax attributes, the "Tax Attributes").[8]  The Debtors further estimate that they may generate additional Tax Attributes in the 2019 tax year.

---

[5]   In addition, under certain circumstances, certain NOLs may be "carried back" to offset taxable income in prior years.  Under U.S. federal income tax legislation that was enacted at the end of 2017, the specific rules regarding carrybacks and carryforwards depend on when a particular NOL was generated.

[6]   As is common for many retailers, the Debtors utilize a non-calendar fiscal tax year.  These attribute estimates are based on the Debtors' current "provision" work for the 2018 tax year and will remain subject to change until the tax return for the 2018 tax year is filed.

[7]   This estimate excludes certain NOLs that the Debtors previously determined could not be used because of a prior ownership change that occurred in 2012.  Importantly, those NOLs may be available for certain purposes in these chapter 11 cases,

[8]   The Tax Attributes include certain alternative minimum tax credits.  These credits are not discussed further herein as a result of changes to the treatment of such credits in U.S. federal income tax legislation enacted in 2017.

The Tax Attributes are potentially of significant value to the Debtors and their estates because the Debtors may be able to carry forward certain Tax Attributes to offset future taxable income or utilize the Tax Attributes to offset any taxable income generated by transactions consummated during these chapter 11 cases.  Accordingly, the value of the Tax Attributes will inure to the benefit of all of the Debtors' stakeholders.

**I.      An "Ownership Change" May Negatively Impact the Debtors' Utilization of the Tax Attributes.**

9.      Section 382 of the Internal Revenue Code (the "IRC") limit the amount of taxable income that can be offset by a corporation's tax attributes in taxable years (or portions thereof) following an "ownership change."  Generally, an "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more five-percent shareholders has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the three-year testing period ending on the date of the ownership change.  The total percentage point increases of stock owned by one or more five-percent shareholders within the measuring period is generally referred to as the amount of the "ownership shift."  For example, an ownership change would occur in the following situation:

> An individual ("A") owns 50.1 percent of the stock of corporation XYZ.  A sells her 50.1 percent interest to another individual ("B"), who owns 5 percent of XYZ's stock.  Under section 382, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5 percent to 55.1 percent) during the testing period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a 5-percent shareholder and increases his ownership by more than 50 percentage points during the testing period.

10.      An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  A 50-percent shareholder is any person (or group of people that is treated as a single entity under the applicable rules) that owned 50 percent or more

of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" with respect to which the worthless stock deduction is claimed. IRC § 382(g)(4)(D). If the 50-percent shareholder still owns the corporation's stock at the end of the taxable year, section 382 of the IRC essentially treats the person as newly purchasing the stock on the first day of the next taxable year. For example, if a person with 50 percent of a corporation's stock claims a worthless stock deduction in 2018 (or with respect to the 2018 tax year) but does not sell such stock that year, that person is treated: (a) as not having owned the stock at the end of 2018, and (b) as having purchased the stock on the first day of the 2019 tax year. That deemed purchase would cause an ownership change, because the 50-percent shareholder would be deemed to have a 50-percentage-point increase in its stock ownership. Notably, while the seminal case of *Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 573 (2d Cir. 1991), is generally relied upon to support equity trading motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.

11.    If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future taxable income that may be offset by its "pre-change losses" to an annual amount based on the fair market value of all of the stock of the corporation prior to the ownership change multiplied by the long-term tax exempt rate that applies to the month of the ownership change.[9] *See* I.R.C. §§ 382(b) and 383(a). Pre-change losses and excess credits include the Debtors' Tax Attributes and any co-called "realized built-in losses."[10] Once a Tax Attribute is

---

[9]    The applicable long-term tax exempt rate changes from month-to-month. For ownership changes occurring in August of 2019, the applicable long-term tax exempt rate is 2.09%.

[10]    The rules relating to potential limitations on the ability to offset taxable income with so-called realized built-in losses are highly complex and depend on, among other things, the extent (if any) of a debtor's "net unrealized built-in loss."

limited under section 382 its use is generally limited forever.[11] Thus, certain transfers or worthless stock deductions with respect to Beneficial Ownership of Common Stock effected before the effective date of the Debtors' emergence from chapter 11 protection may trigger an "ownership change" for IRC purposes, severely endangering the Debtors' ability to utilize the Tax Attributes and causing substantial damage to the Debtors' estates.

12.    Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve estate value.  Specifically, the proposed Interim Order and Final Order will affect only: (a) holders of the equivalent of Beneficial Ownership of more than 13,500 shares of Common Stock[12] (*i.e.*, 4.5 percent or more of outstanding Common Stock); (b) parties who are interested in purchasing sufficient Common Stock to result in such party becoming a holder of 4.5 percent or more of Beneficial Ownership of outstanding Common Stock; and (c) any "50-percent shareholder" seeking to claim a worthless stock deduction.

13.    To maximize the use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to closely monitor certain transfers of Beneficial Ownership of Common Stock and certain worthless stock deductions with respect to Beneficial Ownership of Common Stock so as to be in a position to act expeditiously to prevent such transfers or worthlessness deductions, if necessary, with the purpose of preserving the Tax Attributes.  By establishing and implementing such Procedures, the Debtors will be in a position to object to "ownership changes" that threaten their ability to preserve the value of their Tax Attributes for the benefit of the estates.

---

[11]    Realized built-in losses that are deducted beginning after the expiration of a five-year "recognition period" are no longer subject to limitation, but any realized built-in losses that are deducted prior to the expiration of such period are limited forever.

[12]    Based on approximately 300,000 shares of Common Stock outstanding for purposes of section 382 of the IRC as of the Petition Date.

**II.     Proposed Procedures for Transfers of or Declarations of Worthlessness with Respect to Common Stock.**

14.     The Procedures are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain transfers of Beneficial Ownership of Common Stock and declarations of worthlessness with respect to Beneficial Ownership of Common Stock to ensure preservation of the Tax Attributes.  The Procedures, which are fully set forth in **Exhibit 1** to the Interim Order and Final Order, are summarized below.[13]

Procedures for Transfers of Common Stock

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon:  (i) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C., and W. Benjamin Winger, and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman;; (iii) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) counsel to the Prepetition ABL Agent, (x) Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman; and (y) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (vi) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; (vii) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow; and (viii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of

---

[13]   Capitalized terms used in this section but not otherwise defined herein have the meanings ascribed to them in the Procedures.  To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each a "Declaration of Proposed Transfer").

d.      The Debtors shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Proposed Transfer.

e.      For purposes of these Procedures a "Substantial Shareholder" is any entity or individual that has direct or indirect Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock).[14]

---

[14]    Based on approximately 300,000 shares of Common Stock outstanding for purposes of section 382 of the IRC as of the Petition Date.

<u>Procedures for Declarations of Worthlessness of Common Stock</u>

a.   Any person or entity that currently is or becomes a 50-Percent Shareholder[15] must file with the Court and serve upon the Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "<u>Declaration of Status as a 50-Percent Shareholder</u>"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.   Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1E**.

   i.   The Debtors shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.   If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

   iii.   If the Debtors do not object within such 20-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 20-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a

---

[15]   For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that at any time since December 31, 2015 has owned Beneficial Ownership of 50 percent or more of the Common Stock of the Debtors (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

<u>Notice Procedures</u>

a.   No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail, substantially in the form of **Exhibit 1F** attached to these Procedures (the "<u>Notice of Interim Order</u>"), on: (i) the United States Trustee for the Southern District of New York; (ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel to the Prepetition ABL Agent; (iv) counsel to the Term Loan Agent; (v) counsel to the DIP parties (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the United States Securities and Exchange Commission; (ix) the state attorneys general for all states in which the Debtors conduct business; and (x) the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable).  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the final order has been entered (as modified, the "<u>Notice of Final Order</u>") on the same entities that received the Notice of Interim Order.

b.   All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.   Any entity or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.   To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors *shall **not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such

notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

### **Basis for Relief**

15.    Section 541 of the Bankruptcy Code provides that property of the estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." The Tax Attributes are property of the Debtors' estates. *Prudential Lines Inc.*, 928 F.2d 565, 573 (2d Cir. 1991) ("We hold that the right to a carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy estate."), *cert. denied*, 502 U.S. 821 (1991); *In re Delta Air Lines, Inc.*, No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding that NOLs are property of the debtors' estates); *In re Forman Enters., Inc.*, 273 B.R. 408, 416 (Bankr. W.D. Pa. 2002) (same); *In re White Metal Rolling & Stamping Corp.*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) (same). Section 362(a)(3) of the Bankruptcy Code, moreover, stays "any act [of an entity] to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Accordingly, any act of a holder of a debtor's equity securities that causes the termination or limits use of the Tax Attributes violates the automatic stay. *See, e.g.*, *Prudential Lines*, 928 F.2d at 574 (holding that causing the termination of or adversely affecting the value of a debtor's NOL violates the automatic stay); *In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("the sale of stock is prohibited by § 362(a)(3) as an exercise of control over the NOL, which is property of the estate").

16.    Implementation of the Procedures is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates. Under section 382 of the IRC, certain transfers of or declarations of worthlessness with respect to Beneficial Ownership of Common Stock prior to the consummation

of a chapter 11 plan could cause the termination or limit the use of the Tax Attributes.  The Tax Attributes described above may provide the potential for material future tax savings (including post-emergence) or other tax structuring possibilities in these chapter 11 cases.  The termination or limitation of the Tax Attributes could be materially detrimental to all parties in interest.  Thus, granting the relief requested herein will preserve the Debtors' flexibility in operating the Debtors' businesses during the pendency of these chapter 11 cases and implementing a transaction that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.

17.    Additionally, the Procedures do not bar all transfers of or declarations of worthlessness with respect to Beneficial Interests of Common Stock.  The Debtors seek to establish procedures only to monitor those types of transactions that would pose a serious risk under the ownership change test pursuant to section 382 of the IRC, and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness could jeopardize the Debtors' utilization of the Tax Attributes.  Because of the Tax Attributes' importance to the Debtors' restructuring, and thus all parties in interest, the benefits of implementing the Procedures outweigh subjecting a limited number of transfers to the Procedures.

18.    Courts in this and other jurisdictions have routinely restricted transfers of equity interests and declarations of worthlessness with respect to beneficial interests of a debtor's stock, or instituted notice procedures regarding proposed transfers and declarations of worthlessness, to protect a debtor against the possible loss of its tax attributes.  *See, e.g.*, *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018); *In re 21st Century Oncology Holdings, Inc.*, No. 17-22770 (RDD) (Bankr. S.D.N.Y. June 20, 2017); *In re Int'l Shipholding Corp.*, No. 16-12220 (SMB) (Bankr. S.D.N.Y. Aug. 10, 2016); *In re Aéropostale, Inc.*, No. 16-11275

(SHL) (Bankr. S.D.N.Y. June 3, 2016); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015).[16]

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

19.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, authorizing the Debtors to implement certain notification and hearing procedures related to certain transfers of, or declarations of worthlessness with respect to, Debtor Barneys New York, Inc.'s existing common stock or any Beneficial Ownership therein, and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases and maintain the value of their estate postpetition.  Failure to receive such authorization and other relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' ability to maintain their estates at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their business in the ordinary course, preserve the going concern value of the Debtors' operations, and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Motion Practice

20.     This motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

---

[16]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## **Reservation of Rights**

21.     Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Interim Order and Final Order is intended or should be construed as:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

## **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

22.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Notice**

23.     The Debtors will provide notice of this Motion to the following parties:  (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Term Loan Agent; (e) counsel to the DIP parties; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; (j) the registered and nominee holders of the Common Stock; and (k) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

24.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other relief as is just and proper.

Dated:  August 6, 2019          */s/ Joshua A. Sussberg, P.C.*
New York, New York              Edward O. Sassower, P.C.
                                Joshua A. Sussberg, P.C.
                                **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                601 Lexington Avenue
                                New York, New York 10022
                                Telephone:    (212) 446-4800
                                Facsimile:    (212) 446-4900

                                -and-

                                Chad J. Husnick, P.C.
                                W. Benjamin Winger (*pro hac vice* pending)
                                **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                300 North LaSalle Street
                                Chicago, Illinois 60654
                                Telephone:    (312) 862-2000
                                Facsimile:    (312) 862-2200

                                -and-

                                Steven J. Reisman
                                **KATTEN MUCHIN ROSENMAN LLP**
                                575 Madison Avenue
                                New York, New York 10022
                                Telephone:    (212) 940-8800
                                Facsimile:    (212) 940-8776

                                *Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## INTERIM ORDER (I) APPROVING
## NOTIFICATION AND HEARING PROCEDURES FOR
## CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
## WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving the Procedures related to transfers of Beneficial Ownership of Common Stock, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the motion.

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

no other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____,

2019, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order

on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2019,

and shall be served on:  (a) Barneys New York, Inc., 575 Fifth Avenue, New York, New York

10017; Attn: Grace Fu;  (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP,

601 Lexington Avenue, New York, New York 10022, Attn:  Edward O. Sassower, P.C.,

Joshua A. Sussberg, P.C., and Gene Goldmintz, Kirkland & Ellis LLP, 300 North LaSalle Street,

Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C. and W. Benjamin Winger, and Katten

Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J.

Reisman; (c) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York

12207, Attn: Alicia Leonhard; (d) counsel to any statutory committee appointed in these chapter

11 cases; (e) counsel to the Prepetition ABL Agent, (x) Riemer & Braunstein LLP, 100 Cambridge

Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman and (y) Riemer & Braunstein LLP,

Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven

E. Fox; (f) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; and (g) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Procedures, as set forth in **Exhibit 1** attached hereto, are approved.

4.      Any transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

5.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

6.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

7.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

8.      To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Interim Order shall govern.

9.      The requirements set forth in this Interim Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

10.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2019
Poughkeepsie, New York

THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

## PROCEDURES FOR TRANSFERS OF AND DECLARATIONS
## OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK

The following procedures apply to transfers of Common Stock:[1]

a. Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C., and W. Benjamin Winger, and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman;; (iii) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) counsel to the Prepetition ABL Agent, (x) Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman; and (y) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (vi) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; (vii) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow; and (viii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b. Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each a "Declaration of Proposed Transfer").

d.   The Debtors shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Proposed Transfer.

e.   For purposes of these Procedures a "Substantial Shareholder" is any entity or individual that has direct or indirect Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock).[2]

Procedures for Declarations of Worthlessness of Common Stock

f.   Any person or entity that currently is or becomes a 50-Percent Shareholder[3] must file with the Court and serve upon the Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "Declaration of Status as a 50-

---

[2]   Based on approximately 300,000 shares of Common Stock outstanding for purposes of Section 382 of the IRC as of the Petition Date.

[3]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015 has owned Beneficial Ownership of 50 percent or more of the Common Stock of the Debtors (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

g.    Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as **Exhibit 1E**.

iv.    The Debtors shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

v.    If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

vi.    If the Debtors do not object within such 20-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 20-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

Notice Procedures

a.    No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail, substantially in the form of **Exhibit 1F** attached to these Procedures (the "Notice of Interim Order"), on: (i) the United States Trustee for the Southern District of New York;

3

(ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel to the DIP ABL Agent and the Prepetition ABL Agent; (iv) counsel to the Term Loan Agent; (v) counsel to DIP parties; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the United States Securities and Exchange Commission; (ix) the state attorneys general for all states in which the Debtors conduct business; and (x) the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable). Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the final order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

c.    Any entity or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.    To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors ***shall not*** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

4

## <u>Exhibit 1A</u>

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the common stock of Barneys New York, Inc. or of any Beneficial Ownership therein (the "Common Stock").  Barneys New York, Inc. is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2019, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]  For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

i

table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such

Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1B**

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

### DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Barneys New York, Inc. or of any Beneficial Ownership therein (the "Common Stock"). Barneys New York, Inc. is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]   For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ \_\_, 20\_\_
_____, _____
     (City)          (State)

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Barneys New York, Inc., or of any Beneficial Ownership therein (the "Common Stock"). Barneys New York, Inc., is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5 % of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
      (City)       (State)

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder with respect to the common stock of Barneys New York, Inc., or of any Beneficial Ownership therein (the "Common Stock"). Barneys New York, Inc., is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2019, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such

Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order*

*Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of*

*Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ___] (the

"Order"), this declaration (this "Declaration") is being filed with the Court and served upon the

Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

       (City)        (State)

## **Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Joint Administration Requested) |

---

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>") with respect to one or more shares of common stock of Barneys New York, Inc. or of any Beneficial Ownership therein (the "<u>Common Stock</u>").  Barneys New York, Inc. is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]   For purposes of this Declaration:  (i) a "<u>50-Percent Shareholder</u>" is any person or entity that at any time since December 31, 2015, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2019, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, counsel to the Debtors, and the other Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final and non-appealable order of the Bankruptcy Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 20-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
    (City)       (State)

## **Exhibit 1F**

**Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Joint Administration Requested) |

### NOTICE OF DISCLOSURE PROCEDURES
### APPLICABLE TO CERTAIN HOLDERS OF COMMON
### STOCK, DISCLOSURE PROCEDURES FOR TRANSFERS OF
### AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO
### COMMON STOCK, AND FINAL HEARING ON THE APPLICATION THEREOF

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF VANGUARD NATURAL RESOURCES, INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that on August 6, 2019 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders Approving Notification and Hearing*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. 5] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2019, the Court entered the *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. __] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock, set forth in **Exhibit 1** attached to the Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions (including mandatory purchases or sales of Common Stock) may be required to restore the status quo.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Stretto, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https:/case.stretto.com/barneys.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "Final Hearing") on the Motion shall be held on _____, 2019, at__:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2019, and shall be served on: (a) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C., and W. Benjamin Winger, and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman; (c) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (d) counsel to any statutory committee appointed in these chapter 11 cases; (e) counsel to the Prepetition ABL Agent, (x) Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman and (y) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (f) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; and (g) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois,

60606, Attn: Chris Dickerson and Holly Snow.  In the event no objections to entry of a final order

on the Motion are timely received, this Court may enter such final order without need for the Final

Hearing.

**PLEASE TAKE FURTHER NOTICE** that failure to follow the procedures set forth in

the Order shall constitute a violation of, among other things, the automatic stay provisions of

Section 362 of the Bankruptcy Code**.**

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer

of, or declaration of worthlessness with respect to common stock, beneficial ownership thereof, or

option with respect thereto in violation of the order is prohibited and shall be null and void *ab initio*

and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in

addition to the requirements of applicable law and do not excuse compliance therewith.

[*Remainder of page intentionally left blank.*]

Dated:  [            ], 2019
New York, New York

/s/ _____
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:     (212) 940-8800
Facsimile:      (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) APPROVING**
**NOTIFICATION AND HEARING PROCEDURES FOR**
**CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS**
**WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Procedures related to transfers of Beneficial Ownership of Common Stock, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Common Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012 and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Procedures, as set forth in **Exhibit 1** attached hereto, are approved.

3.      Any transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

5.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

8.      The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

9.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute prepetition claims on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2019
Poughkeepsie, New York                          _____
                                                THE HONORABLE CECELIA G. MORRIS
                                                UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

## PROCEDURES FOR TRANSFERS OF AND DECLARATIONS
## OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK

The following procedures apply to transfers of Common Stock:[1]

    e.    Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C., and W. Benjamin Winger, and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman;; (iii) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) counsel to the Prepetition ABL Agent, (x) Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman; and (y) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (vi) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; (vii) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow; and (viii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

    f.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

g.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each a "Declaration of Proposed Transfer").

h.    The Debtors shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Proposed Transfer.

i.    For purposes of these Procedures a "Substantial Shareholder" is any entity or individual that has direct or indirect Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock).[2]

Procedures for Declarations of Worthlessness of Common Stock

j.    Any person or entity that currently is or becomes a 50-Percent Shareholder[3] must file with the Court and serve upon the Notice Parties a declaration of such status as a 50-Percent Shareholder, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "Declaration of Status as a 50-

---

[2]   Based on approximately 300,000 shares of Common Stock outstanding for purposes of Section 382 of the IRC as of the Petition Date.

[3]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015 has owned Beneficial Ownership of 50 percent or more of the Common Stock of the Debtors (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

<u>Percent Shareholder</u>"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

k.    Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1E**.

vii.    The Debtors shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

viii.    If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

ix.    If the Debtors do not object within such 20-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 20-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

<u>Notice Procedures</u>

l.    No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail, substantially in the form of **Exhibit 1F** attached to these Procedures (the "<u>Notice of Interim Order</u>"), on: (i) the United States Trustee for the Southern District of New York;

(ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel to the Prepetition ABL Agent; (iv) counsel to the Term Loan Agent; (v) counsel to the DIP parties (vi) the United States Attorney's Office for the Southern District of New York; (vii) the Internal Revenue Service; (viii) the United States Securities and Exchange Commission; (ix) the state attorneys general for all states in which the Debtors conduct business; and (x) the registered and nominee holders of the Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable). Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the final order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

m.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

n.    Any entity or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

o.    To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors ***shall not*** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the common stock of Barneys New York, Inc. or of any Beneficial Ownership therein (the "Common Stock").  Barneys New York, Inc. is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2019, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]  For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such

Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

2

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

      (City)         (State)

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Joint Administration Requested) |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Barneys New York, Inc. or of any Beneficial Ownership therein (the "Common Stock"). Barneys New York, Inc. is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 13,500 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

2

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)       (State)

**<u>Exhibit 1C</u>**

**Declaration of Intent to Transfer Common Stock**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Barneys New York, Inc., or of any Beneficial Ownership therein (the "Common Stock").  Barneys New York, Inc., is a debtor and debtor in possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 13,500  shares of Common Stock (representing approximately 4.5 % of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
     (City)       (State)

## **Exhibit 1D**

**Declaration of Status as a 50-Percent Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder with respect to the common stock of Barneys New York, Inc., or of any Beneficial

Ownership therein (the "Common Stock").  Barneys New York, Inc., is a debtor and debtor in

possession in Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the

Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2019, the undersigned

party currently has Beneficial Ownership of _____ shares of Common Stock.  The following

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]  For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such

Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order*

*Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of*

*Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ___] (the

"Order"), this declaration (this "Declaration") is being filed with the Court and served upon the

Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
      (City)           (State)

## **<u>Exhibit 1E</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect

to one or more shares of common stock of Barneys New York, Inc. or of any Beneficial Ownership

therein (the "Common Stock"). Barneys New York, Inc. is a debtor and debtor in possession in

Case No. 19-36300 (CMG) pending in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2015, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2019, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, counsel to the Debtors, and the other Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final and non-appealable order of the Bankruptcy Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 20-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
     (City)       (State)

**<u>Exhibit 1F</u>**

**Notice of Final Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF DISCLOSURE PROCEDURES**
**APPLICABLE TO CERTAIN HOLDERS OF COMMON**
**STOCK, DISCLOSURE PROCEDURES FOR TRANSFERS OF**
**AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO**
**COMMON STOCK, AND FINAL HEARING ON THE APPLICATION THEREOF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF VANGUARD NATURAL RESOURCES, INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that on August 6, 2019 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders Approving Notification and Hearing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. 5] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2019, the Court entered the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Granting Related Relief* [Docket No. __] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock, set forth in **Exhibit 1** attached to the Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions (including mandatory purchases or sales of Common Stock) may be required to restore the status quo, and certain remedial actions (including mandatory purchases or sales of Common Stock) may be required to restore the status quo.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such deduction

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the notice, claims, and solicitation agent for the Debtors, Stretto, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https://case.stretto.com/barneys.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK, BENEFICIAL OWNERSHIP THEREOF, OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY DETERMINE.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated: [       ], 2019
New York, New York

/s/

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*