Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND**
**FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN**
**PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion.[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not otherwise defined in this motion

**Relief Requested**

1.       The Debtors seek entry of interim and final orders substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"), (a) authorizing the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees (as defined below), and (b) granting related relief.  In addition, the Debtors request that the Court (as defined below) schedule a final hearing within approximately twenty-five days of the commencement of these chapter 11 cases to consider entry of the Final Order.

**Jurisdiction and Venue**

2.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

---

shall have the meanings ascribed to them in the First Day Declaration.

## Background

5.      The Debtors are a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform.  Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry, cosmetics, fragrances, and gifts for the home.  The Debtors remain headquartered in New York, New York and lease all of their store locations.  The Debtors reported revenues of approximately $800 million for 2018.  As of the date hereof (the "Petition Date"), the Debtors have approximately 2,300 employees and funded debt obligations of approximately $200 million.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Taxes and Fees

7.      The Debtors collect, incur, and pay sales taxes, use taxes, annual report and licensing fees, personal property taxes, franchise taxes and fees, and various other governmental taxes, fees, and assessments (collectively, the "Taxes and Fees").[3]  The Debtors pay or remit the

---

[3]    The Debtors do not seek the authority to collect and remit state and federal employee-related withholding taxes by this motion.  Such relief is instead requested in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related*

Taxes and Fees to various federal, state, and local governmental units, including taxing authorities (collectively, the "Governmental Authorities"), as requested. A schedule identifying the Governmental Authorities is attached hereto as **Exhibit C**.[4] Taxes and Fees are typically remitted and paid through checks and electronic transfers that are processed through the Debtors' cash management banks.

8.     The Debtors estimate that approximately $10.4 million in Taxes and Fees relating to the prepetition period have accrued and may become due and owing after the Petition Date, approximately $4.64 million of which is due and payable within the next twenty-one days.[5]

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due within 21 Days |
|---|---|---|---|
| Sales and Use Taxes | The Debtors collect and remit sales, use, and related taxes to the Government Authorities in various states in connection with the sale of goods or services at store locations in those states, or through shipment of products purchased through the Debtors' web and mobile platforms. Generally, the Debtors collect and remit sales and use taxes to the relevant Governmental Authorities on a weekly, monthly, or quarterly basis, depending on sales volume and the applicable jurisdiction. | $6.9 million | $4.0 million |
| Personal Property Taxes | State and local laws in the jurisdictions where the Debtors operate generally grant the Governmental Authorities the power to levy property taxes against the Debtors' personal property. To avoid the imposition of statutory liens on their personal property, the Debtors typically pay these taxes in the ordinary course of business on a monthly basis. | $1.0 million | $0 |

---

*Relief*, filed contemporaneously herewith.

4     Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Governmental Authorities. The Debtors request relief applicable to all Governmental Authorities, regardless of whether such Governmental Authority is specifically identified on **Exhibit C**.

5     The estimates contained herein do not include any prepetition liability that may arise as a result of an audit (if any).

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due within 21 Days |
|---|---|---|---|
| Custom Fees | The vast majority of the Debtors' fee obligations are customs fees that the Debtors owe to the United States government on account of the importation of foreign goods to the United States. Moreover, the majority of the Debtors' customs-related obligations are secured, as the Debtors have posted a bond in favor of the United States government that is backed by a letter of credit issued under the Debtors' prepetition asset-based revolving credit facility. The customs fees are incurred daily and are debited monthly from the Debtors' bank accounts. Failure to pay and continue to honor the customs fees on a postpetition basis (including with respect to prepetition amounts) would disrupt the flow of the Debtors' supply chain, as the importation of foreign goods is especially vital to the Debtors' business—for example, on an annual basis, the Debtors import millions in goods. Additionally, failing to pay and continue to honor the customs fees likely would lead to the letter of credit being drawn, thereby increasing the amount of the Debtors' secured indebtedness and further limiting the Debtors' liquidity during these chapter 11 cases as the Debtors likely would be required to issue a replacement letter of credit. | $500,000 | $400,000 |
| State Income and Other Tax | The Debtors pay income or similar taxes to certain state Governmental Authorities to operate their businesses in the applicable taxing jurisdictions. States assess these taxes in one of the following manners: (a) a minimum tax on all businesses; (b) a tax based on gross receipts, gross margin, or net operating income; (c) a tax on an entity's total capital/equity or pro forma calculation thereof, or (d) other similar payment obligations. The Debtors pay such taxes on a monthly, quarterly, or annual basis, as applicable. | $1.6 million | $200,000 |
| Business License Fees | The Debtors operate in jurisdictions that impose business licensing fees and other similar fees, which the Debtors pay in the ordinary course of business. | $400,000 | $40,000 |
| | **Total** | $10.4 million | $4.64 million |

## Basis for Relief

### I.    Certain of the Taxes and Fees Are Not Property of the Debtors' Estates.

9.    Many of the Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Governmental Authorities and are held in trust by the Debtors.  *See, e.g.*, I.R.C. § 7501 (stating that certain taxes and fees are held in trust).  As such, these Taxes and Fees are not property of the Debtors' estates under section 541 of the Bankruptcy Code.  *See, e.g.*, 11 U.S.C. § 541(d); *Begier v. IRS*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not an avoidable preference since funds are not the debtor's property); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (finding that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same).  To the extent these "trust fund" taxes are collected, they are not property of the Debtors' estates under section 541(d) of the Bankruptcy Code.  *See In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104–05 (Bankr. E.D. Pa. 1987).  Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" taxes, the Debtors should be permitted to pay those funds to the Governmental Authorities as they become due.[6]

### II.    Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.

10.    Courts in this jurisdiction generally acknowledge that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authority to pay prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*,

---

[6]    For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

29 B.R. 391, 398 (S.D.N.Y. 1983) (authority to pay prepetition claims of suppliers); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). In so doing, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims as requested herein.

11.    Pursuant to section 363(b) of the Bankruptcy Code, courts may authorize payment of prepetition obligations where a sound business purpose exists for doing so. *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification); *see also James A. Phillips, Inc.*, 29 B.R. at 397 (relying upon section 363 as a basis to allow a contractor to pay the prepetition claims of suppliers who were potential lien claimants). Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *CoServ*, 273 B.R. at 497.

12.    In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a) codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under section 105(a), courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses. *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) (holding that the "doctrine of necessity" stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's organization"). Specifically, the Court may use its power under section 105(a) of the

Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *Ionosphere Clubs*, 98 B.R. at 176.

13.     These standards are satisfied here.  The Debtors' ability to pay the Taxes and Fees is critical to the efficient and value-maximizing administration of the Debtors' estates.  If certain Taxes and Fees remain unpaid, Governmental Authorities may seek to impose penalties on the Debtors' directors, officers, or employees, thereby distracting them from the administration of the Debtors' chapter 11 cases. *See, e.g.*, N.Y. Tax Law § 1133 ("[E]very person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article."); *see, e.g.*, *Schmehl v. Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes).  Any collection action on account of such penalties, and any ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is essential to the orderly administration of these chapter 11 cases and maximizing the value of the Debtors' estates for the benefit of their stakeholders.

14.     Furthermore, the Debtors' liability to pay Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on account of such claims.  Many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code.  As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied.  The Debtors' failure to pay the prepetition Taxes and Fees as they come due thus may ultimately increase the amount of priority claims held by the Governmental Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors and other stakeholders.  *See* 11 U.S.C. § 507(a)(8)(C), (G).

Accordingly, the Court should grant the Debtors authority to pay Taxes and Fees as provided herein.

15.     Courts in this jurisdiction have often authorized payment of prepetition taxes under section 363(b) of the Bankruptcy Code.  *See, e.g.*, *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. July 2, 2019) (authorizing debtors to pay prepetition taxes); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (Bankr. S.D.N.Y. Feb. 7, 2019) (RDD) (same); *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) (same); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 7, 2018) (same).[7]

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

16.     The Debtors have sufficient funds to pay the amounts described in this motion by virtue of expected cash flows during these chapter 11 cases, debtor-in-possession financing, and anticipated access to cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests relating to an authorized payment related to this motion.  Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein.

---

[7]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**The Requirements of Bankruptcy Rule 6003 Are Satisfied**

17.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, authorizing the Debtors to pay the Taxes and Fees and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases and maintain the value of their estate postpetition.  Failure to receive such authorization and other relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' ability to maintain their estates at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their business in the ordinary course, preserve the going concern value of the Debtors' operations, and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**Motion Practice**

18.     This motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Reservation of Rights**

19.     Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Interim and Final Order is intended or should be construed as:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission

that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

20.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

21.    The Debtors will provide notice of this motion to: (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Term Loan Agent; (e) counsel to the DIP parties; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; (j) the Governmental Authorities; and (k) any party that has requested notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

22.    No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other relief as is just and proper.

Dated:  August 6, 2019  
New York, New York

*/s/ Joshua A. Sussberg, P.C.*
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

### INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to pay certain accrued and outstanding prepetition Taxes and Fees, and (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2019, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2019, and shall be served on:  (a) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu;  (b) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C. and W. Benjamin Winger, and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman; (c) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (d) counsel to any statutory committee appointed in these chapter 11 cases; (e) counsel to the Prepetition ABL Agent, (x) Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman and (y) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (f) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; and (g) counsel to the DIP

2

parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.     The Debtors are authorized, but not directed, to pay or remit (or use tax credits to offset) Taxes and Fees, whether accrued prior to or after the Petition Date, that are payable during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable in the ordinary course of business.  To the extent that the Debtors have overpaid any Tax or Fee, the Debtors are authorized to seek a refund or credit.

4.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:   (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

3

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

7.      Notwithstanding the relief granted in this Interim Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

8.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Interim Order in accordance with the Motion.

12.    Nothing in this Interim Order authorizes the Debtors to accelerate any payments

not otherwise due prior to the date of the Final Hearing.

13.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2019
Poughkeepsie, New York                          _____
                                                THE HONORABLE CECELIA G. MORRIS
                                                UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

**FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN**
**PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"),   (a) authorizing the

Debtors to pay certain accrued and outstanding prepetition Taxes and Fees; and (b) granting related

relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the Southern District of*

*New York*, dated February 1, 2012; and this Bankruptcy Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay or remit (or use tax credits to offset) Taxes and Fees, whether accrued prior to or after the Petition Date, that are payable during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable in the ordinary course of business.  To the extent that the Debtors have overpaid any Tax or Fee, the Debtors are authorized to seek a refund or credit.

3.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this  Final Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties-in-interest expressly

reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

4.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

6.      Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Final Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2019                    _____
Poughkeepsie, New York                         THE HONORABLE CECELIA G. MORRIS
                                               UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT C</u>**

**List of Governmental Authorities**

| Governmental Authority | Address | Type |
|---|---|---|
| Alabama Department of Revenue | 50 North Ripley Street<br>Montomery AL 36130 | Sales and Use Tax |
| Arizona Department of Revenue | 1600 West Monroe Street<br>Phoenix, AZ 85007 | Sales and Use Tax |
| California Department of Tax and Fee Administration, Sacramento | 450 North Street<br>Sacramento, CA 95814 | Sales and Use Tax |
| City & County of San Francisco | 1 Dr. Carlton B. Goodlett Place City Hall<br>Room 140<br>San Francisco, CA 94102 | Property Taxes |
| City of New York Finance Dept. | 59 Maiden Lane<br>New York, NY 10038 | State Income and Similar Taxes |
| City of Philadelphia | PO Box 1630<br>Philadelphia, PA 19105 | State Income and Similar Taxes |
| Clark County Nevada | 500 S. Grand Central Parkway<br>2nd Floor<br>Las Vegas, NV 89155 | Property Taxes |
| Colorado Department of Revenue | 1375 Sherman Street<br>Denver, CO 80203 | Sales and Use Tax |
| Comptroller of Maryland | 301 W. Preston Street<br>Baltimore, MD 21201 | Sales and Use Tax |
| Connecticut Commissioner of Revenue Services | 450 Columbus Blvd. Suite 1<br>Hartford, CT 06103 | Sales and Use Tax |
| Florida Department of Revenue | 5050 W. Tennessee Street<br>Tallahassee, FL 32399 | Sales and Use Tax |
| Georgia Revenue Commissioner | 141 Pryor Street SW #1085<br>Atlanta, GA 30303 | Sales and Use Tax |
| Hawaii State Tax Collector, Department of Taxation, Honolulu | 830 Punchbowl Street<br>Honolulu, HI 96813 | Sales and Use Tax |
| Illinois Department of Revenue | 101 West Jefferson Street<br>Springfield, IL 62702 | Sales and Use Tax |
| Indiana Department of Revenue | 100 N. Senate Avenue<br>Indianapolis, IN 46204 | Sales and Use Tax |
| Iowa Treasurer of State, Des Moines | 321 E. 12th Street<br>Des Moines, IA 50319 | Sales and Use Tax |
| IRS | 2283 3rd Avenue<br>New York, NY 10035 | State Income and Similar Taxes |
| Kentucky Department of Revenue | 501 High Street<br>Frankfort, KY 40601 | Sales and Use Tax |
| King County Treasury | 500 4th Avenue #600<br>Seattle, WA 98104 | Property Taxes |
| Los Angeles County Tax Collector | 225 North Hill Street<br>Room 122<br>Los Angeles, CA 90012 | Property Taxes |
| Louisiana Department of Revenue | 617 3rd Street<br>Baton Rouge, LA 70802 | Sales and Use Tax |
| Maine Revenue Services | 51 Commerce Drive<br>Augusta, ME 04330 | Sales and Use Tax |
| Massachussetts Commissioner of Revenue | 19 Staniford Street<br>Boston, MA 02114 | Sales and Use Tax |
| Michigan Department of Treasury | 940 Long Boulevard<br>Lansing, MI 48911 | Sales and Use Tax |
| Minneapolis Department of Revenue | 600 Robert St. N.<br>St Paul, MN 55101 | Sales and Use Tax |

| Governmental Authority | Address | Type |
|---|---|---|
| Mississippi Department of Revenue | 500 Clinton Center Drive<br>Clinton, MS 39056 | Sales and Use Tax |
| Nebraska Tax Commissioner | 301 Centennial Mall S<br>Lincoln, NE 65808 | Sales and Use Tax |
| Nevada Department of Taxation | 1550 E. College Pkwy #115<br>Carson City, NV 89706 | Sales and Use Tax |
| New Jersey Director, Division of Taxation | 50 Barrack Street<br>Trenton, NJ 08608 | Sales and Use Tax |
| New York Department of Taxation and Finance, Albany | 9, W A Harriman Campus #100<br>Albany, NY 12207 | Sales and Use Tax |
| North Carolina Secretary of Revenue | 501 N. Wilimington Street<br>Raleigh, NC 27604 | Sales and Use Tax |
| North Dakota Tax Commissioner | 600 East Boulevard Ave. Dept. 127<br>Bismarck, ND 58505 | Sales and Use Tax |
| Oklahoma Tax Commission | 3700 N. Classen Blvd #200<br>Oklahoma, OK 73118 | Sales and Use Tax |
| Pennsylvania Department of Revenue in Harrisburg | 1846 Brookwood Street<br>Harriburg, PA 17104 | Sales and Use Tax |
| Rhode Island Tax Administrator in Providence | 1 Capitol Hill<br>Providence, RI 02908 | Sales and Use Tax |
| Texas Comptroller of Public Accounts | 111 E. 17th Street<br>Austin, TX 78774 | Sales and Use Tax |
| U.S. Customs & Border Protection | 1300 Pennsylvania Avenue NW<br>Washingotn, D.C. 20229 | Custom Fees |
| U.S. Customs & Border Protection—Indianapolis | 6650 Telecom Drive<br>Indianapolis, IN 46278 | Custom Fees |
| Utah Tax Commission in Salt Lake City | 210 N. 1950 W.<br>Salt Lake City, UT 84134 | Sales and Use Tax |
| Vermont Department of Taxes | 133 State Street<br>Montpelier, VT 05602 | Sales and Use Tax |
| Virginia Department of Taxation in Richmond | 1957 Westmoreland Street<br>Richmond, VA 23230 | Sales and Use Tax |
| Washington D.C. Office of Tax and Revenue | 1101 4th Street SW #270<br>Washington, D.C. 20024 | Sales and Use Tax |
| Washington State Department of Revenue in Olympia | 6500 Linderson Way SW<br>Tumwater, WA 98501 | Sales and Use Tax |
| Wisconsin Department of Revenue | 2135 Rimrock Road<br>Madison, WI 53708 | Sales and Use Tax |
| Wyoming Department of Revenue | 122 W. 25th Street<br>Cheyenne, WY 82001 | Sales and Use Tax |