Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:      (212) 940-8800
Facsimile:      (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) PROHIBITING UTILITY PROVIDERS FROM**
**ALTERING, REFUSING, OR DISCONTINUING UTILITY**
**SERVICES, (II) DETERMINING ADEQUATE ASSURANCE OF**
**PAYMENT FOR FUTURE UTILITY SERVICES, (III) ESTABLISHING**
**PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF**
**PAYMENT, (IV) AUTHORIZING FEE PAYMENTS TO NUS CONSULTING**
**GROUP FOR SERVICES PERFORMED, AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177), and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue New York, New York 10017.

respectfully state as follows in support of this motion.[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) prohibiting utility providers from altering, refusing, or discontinuing services, (b) determining adequate assurance of payment for future utility services, (c) establishing procedures for determining adequate assurance of payment for future utility services, (d) authorizing fee payments to NUS Consulting Group for services performed, and (e) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 366 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6003

---

[2]     A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

and 6004, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.      The Debtors are a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform.  Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry, cosmetics, fragrances, and gifts for the home.  The Debtors remain headquartered in New York, New York and lease all of their store locations.  The Debtors reported revenues of approximately $800 million for 2018.  As of the date hereof (the "Petition Date"), the Debtors have approximately 2,300 employees and funded debt obligations of approximately $200 million.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## The Utility Services

7.      In connection with the operation of their businesses, the Debtors obtain water, sewer service, electricity, waste disposal, natural gas, and other similar services (collectively, the "Utility Services") from a number of utility providers or their broker (collectively, the "Utility Providers").  A nonexclusive list of the Utility Providers and their affiliates that

provide Utility Services to the Debtors as of the Petition Date (the "Utility Providers List") is attached hereto as **Exhibit B**.[3]    The relief requested herein is requested with respect to all Utility Companies providing Utility Services to the Debtors.

8.    Preserving Utility Services on an uninterrupted basis is essential to the Debtors' operations.  The Debtors' business includes one warehouse location, four corporate offices, and twenty-two brick and mortar retail locations, although the Debtors anticipate seven go-forward retail and warehouse locations following certain store closures.  These locations require electricity, telecommunications, internet, water, waste management (including sewer and trash), and other utility services to operate.  Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, and such disruption would jeopardize the Debtors' ability to administer their chapter 11 cases.  Such disruption would adversely affect customer goodwill and employee relations, which, in turn, would negatively affect the Debtors' revenues.  Accordingly, it is essential that the Utility Services continue uninterrupted during the chapter 11 cases.

9.    On average, the Debtors pay approximately $515,000 each month for third-party Utility Services, calculated as a historical average payment for the twelve-month period ended July 2019.  Accordingly, the Debtors estimate that their cost for Utility Services during the next twenty-one days (not including any deposits to be paid) will be approximately $515,000.  These amounts are inclusive of payments owed on account of the Debtors' Utility Management Agreement with NUS Consulting Group ("NUS"), dated August 27, 2007 (as may be amended, modified, or supplemented from time to time, the "Service Agreement").  NUS manages all of the

---

[3]    Although **Exhibit B** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Utility Providers.  By this motion, the Debtors request relief applicable to all Utility Providers, regardless of whether such Utility Provider is specifically identified on **Exhibit B**.

Debtors' electric, gas, and water utility payments.  The Debtors receive monthly invoices from

NUS and pay NUS approximately $795 a month for services.  As of the Petition Date, the Debtors

owe approximately $3,975 to NUS for past services, and approximately $4,770 will become due

and owing within twenty-one days on account of such outstanding amounts and anticipated

invoices for prepetition services.  The Debtors make payments for rubbish Utility Services directly

to the respective Utility Providers.  As of the Petition Date, the Debtors estimate that they have

posted approximately $375,000 in the form of security deposits on behalf of certain Utility

Providers.

**I.      The Proposed Adequate Assurance and Adequate Assurance Procedures.**

10.      The Debtors intend to pay postpetition obligations to the Utility Providers in a

timely manner.  Cash held by the Debtors, cash generated in the ordinary course of business, and

cash available to the Debtors under the Debtors' postpetition financing facility will provide

sufficient liquidity to pay the Debtors' Utility Service obligations in accordance with their

prepetition practice.

11.      To provide additional assurance of payment, the Debtors propose to deposit into a

segregated account $257,500 (the "Adequate Assurance Deposit"), which represents an amount

equal to approximately one-half of the Debtors' average monthly cost of Utility Services,

calculated based on the Debtors' average utility expenses over the twelve months ended July 2019,

excluding Utility Services billed directly to the Debtors' landlords.  The Adequate Assurance

Deposit will be held in the segregated account at Wells Fargo Bank, N.A. for the benefit of the

Utility Providers (the "Adequate Assurance Account") and for the duration of these chapter 11

cases and may be applied to any postpetition defaults in payment to the Utility Companies.  The

Adequate Assurance Deposit will be held by the Debtors; no liens will encumber the Adequate

Assurance Deposit or the Adequate Assurance Account.  The Debtors submit that the Adequate

Assurance Deposit, in conjunction with the Debtors' ability to pay for future utility services in accordance with their prepetition practices (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

12.     Nevertheless, if any entity believes that they are a Utility Provider and seeks to make a request for adequate assurance of future payment (each, an "Adequate Assurance Request"), the Debtors request they do so pursuant to the following procedures (the "Adequate Assurance Procedures"):

a.     The Debtors will serve a copy of this motion and the order granting the relief requested herein to each Utility Provider within two business days after entry of the order by the Court.

b.     Subject to paragraphs (e)–(h) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $257,500, in the Adequate Assurance Account within five business days after entry of the order granting this motion.

c.     If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C., and W. Benjamin Winger and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman; (iii) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) counsel to the Prepetition ABL Agent, Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman; and Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (vi) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; (vii) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow; and (viii) to the

extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

e.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

f.      Any Additional Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtors; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

g.      An Additional Assurance Request may be made at any time. If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall have twenty-one days from the receipt of the Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

i.      Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request if the Debtors determine that the Additional Assurance Request is reasonable.

j.     If the Debtors determine, in their sole discretion, that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Debtors, during or immediately after the Resolution Period, may request a hearing (a "Determination Hearing") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

k.     Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider will be prohibited from altering, refusing, or discontinuing service to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

l.     The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) will be returned to the Debtors, less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider no longer will be needed.

13.    The Adequate Assurance Procedures set forth a streamlined process for Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while allowing the Debtors to administer their chapter 11 estates uninterrupted.  More specifically, the Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by serving an Adequate Assurance Request upon certain notice parties.  The Debtors, in their discretion, may then resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court.  If the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors may seek Court resolution of the Adequate Assurance Request.

14.    Absent compliance with the Adequate Assurance Procedures, the Debtors request that the Utility Providers, including subsequently added Utility Providers, be forbidden from altering, refusing, or discontinuing service or requiring additional assurance of payment other than

8

the Proposed Adequate Assurance, pending entry of a final order approving the relief requested herein.

## II.    Subsequently Identified Utility Providers.

15.    To the extent the Debtors identify new Utility Providers, the Debtors will serve such Utility Provider a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures. The Debtors request that the terms of that order and the Adequate Assurance Procedures apply to any subsequently identified Utility Provider.

## Basis for Relief

16.    Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. Section 366(c)(2) requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility provider within thirty days of the Petition Date, or the utility provider may alter, refuse, or discontinue service. Section 366(c)(1) enumerates what constitutes "assurance of payment." Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtors' ability to pay. *See, e.g.*, *In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996), *aff'd sub nom., Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997) ("Section 366(b) requires . . . 'adequate assurance' of payment. The statute does not require an absolute guarantee of payment.") (citation omitted).

17.    When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Provider will be subject to an unreasonable risk of nonpayment. *See Mass. Elec. Co. v.*

*Keydata Corp.* (*In re Keydata Corp.*), 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002).    Courts have recognized that, in determining the requisite level of adequate assurance, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also Great Atl. & Pac.*, 2011 WL 5546954, at \*5–6 (holding that no additional adequate assurance deposit was necessary where such deposit would impose an unreasonable burden on reorganizing debtors).    Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

18.    Here, the Utility Providers are adequately assured against any risk of nonpayment for future services.    The Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provides assurance of the Debtors' payment of their future obligations.    Moreover, termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders. *Cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service, the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

19.    Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553,

at \*5 (Bankr. E.D. Va. Jan. 14, 2009) ("The plain language of § 366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order.")  Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize."  *Id.*  Here, notwithstanding a determination that the Debtors' Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they have under sections 366(b) and 366(c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures.  *See id.* at \*5–6.  The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance.  *See id.* at \*5.  The Adequate Assurance Procedures, however, avoid a disorganized process whereby each Utility Provider could make a last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services.  *See id.* at \*5.

20.    Because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein.  Similar procedures have been approved by courts in this jurisdiction.  *See, e.g.*, *In re Hollander Sleep Products, LLC*, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. July 3, 2019) (approving payment of a deposit into a segregated interest bearing account as adequate assurance to utility providers); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (Bankr. S.D.N.Y. Apr. 22, 2019) (same); *In re Aegean Marine Petrol. Network Inc.*, Case No. 18-13375 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2019) (same); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y.

May 2, 2018) (same); *In re Cenveo, Inc.,* Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2018) (same).[4]

21.    Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366. Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

22.    The Debtors have sufficient funds to pay the amounts described in this motion by virtue of expected cash flows during these chapter 11 cases, debtor-in-possession financing, and anticipated access to cash collateral. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests relating to an authorized payment related to this motion. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested herein.

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## The Requirements of Bankruptcy Rule 6003 Are Satisfied

23.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, preventing the interruption of Utility Services and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases and maintain the value of their estate postpetition.  Failure to receive such authorization and other relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' ability to maintain their estates at this critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their business in the ordinary course, preserve the going concern value of the Debtors' operations, and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Motion Practice

24.     This motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Reservation of Rights

25.     Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular

13

claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

26.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

27.     The Debtors will provide notice of this motion to:  (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Agent; (d) counsel to the Term Loan Agent; (e) counsel to the DIP parties; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; (j) the Utility Providers; (k) NUS; and (l) any party that has requested notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

28.    No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A** granting the relief requested herein and granting such other relief as

is just and proper.

Dated:  August 6, 2019
New York, New York

*/s/ Joshua A. Sussberg, P.C.*
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:     (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, (IV) AUTHORIZING FEE PAYMENTS TO NUS CONSULTING GROUP FOR SERVICES PERFORMED, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Order"), (a) prohibiting Utility Providers from altering, refusing, or discontinuing services, (b) determining adequate assurance of payment for future Utility Services, (c) establishing procedures for determining adequate assurance of payment for future Utility Services, (d) authorizing fee payments to NUS Consulting Group for services performed; and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors shall serve a copy of this Order on any Utility Provider identified prior to the entry of this Order no later than three business days after the date this Order is entered.

3.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

4.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to:  (a) Barneys

New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (b) proposed

co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York

10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and

Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick,

P.C., and W. Benjamin Winger and Katten Muchin Rosenman LLP, 575 Madison Avenue, New

York, New York 10022, Attn: Steven J. Reisman; (c) the United States Trustee, 11A Clinton

Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (d) counsel to any statutory

committee appointed in these chapter 11 cases; (e) counsel to the Prepetition ABL Agent,

(x) Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald

E. Rothman and (y) Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite

2506, New York, New York 10036, Attn: Steven E. Fox; (f) counsel to the Term Loan Agent,

Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin

J. Simard and Mark Silva; (g) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker

Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow; and (h) to the extent not

listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively,

the "Notice Parties").  The Debtors shall honor such request within five business days after the

date the request is received by the Debtors, subject to the ability of the Debtors and any such

requesting Utility Provider to resolve any dispute regarding such request without further order of

the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance

Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

6.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider

shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the Debtors of

the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following

the Debtors' termination of Utility Services from such Utility Provider and (b) the effective date

of any chapter 11 plan confirmed in these chapter 11 cases.

7.    The following Adequate Assurance Procedures are hereby approved on a final

basis:

a.    The Debtors will serve a copy of this motion and the order granting the relief requested herein to each Utility Provider within two business days after entry of the order by the Court.

b.    Subject to paragraphs (e)–(h) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $257,500, in the Adequate Assurance Account within five business days after entry of the order granting this motion.

c.    If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to:  (i) Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017; Attn: Grace Fu; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C., and W. Benjamin Winger and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman; (iii) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207, Attn: Alicia Leonhard; (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) counsel to the Prepetition ABL Agent, Riemer & Braunstein LLP, 100 Cambridge Street, Boston, Massachusetts 02114, Attn: Donald E. Rothman; and Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Attn: Steven E. Fox; (vi) counsel to the Term Loan Agent, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, Attn: Kevin J. Simard and Mark Silva; (vii) counsel to the DIP parties, Paul Hastings LLP, 71 South Wacker Drive, Chicago, Illinois, 60606, Attn: Chris Dickerson and Holly Snow; and (viii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

e.    Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

f.    Any Additional Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtors; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

g.    An Additional Assurance Request may be made at any time.  If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.    Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall have twenty-one days from the receipt of the Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

i.    Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request if the Debtors determine that the Additional Assurance Request is reasonable.

j.    If the Debtors determine, in their sole discretion, that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Debtors, during or immediately after the Resolution Period, may request a hearing (a "Determination Hearing") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

k.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider will be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

l.    The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) will be returned to the Debtors, less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider no longer will be needed.

8.    The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9.    Unless and until a Utility Provider files or serves an Additional Assurance Request, the Utility Provider shall be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

10.    The Debtors will cause a copy of this Order, including the Adequate Assurance Procedures, to be served on any subsequently identified Utility Provider and any such Utility Provider shall be bound by the Adequate Assurance Procedures.

11.    The Debtors are authorized to honor their prepetition obligations to NUS.

12.    To the extent the Debtors identify new or additional Utility Providers or discontinue services from existing Utility Providers, the Debtors are authorized to add or remove such parties from the Utility Providers List. For any Utility Provider that is subsequently added to the Utility

Providers List, the Debtors shall serve such Utility Provider a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures, and provide such Utility Provider two weeks' notice to object to the inclusion of such Utility Provider on the Utility Providers List. The terms of this order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

13.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are on deposit and standing in the Debtors'

credit in the applicable bank accounts to cover such payments, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

15.    Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

16.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2019
Poughkeepsie, New York                    _____
                                           THE HONORABLE CECELIA G. MORRIS
                                           UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

## **Utility Providers List**

**Utility Providers**

| Name of Utility Provider | Address | Services Provided | Last Four Digits of Account Number |
|---|---|---|---|
| Central Hudson Gas & Electric Corp. | 284 South Avenue Poughkeepsie, NY 12601 | Gas | 0008 |
| Central Hudson Gas & Electric Corp. | 284 South Avenue Poughkeepsie, NY 12601 | Gas | 0002 |
| City of Beverly Hills | 455 North Rexford Drive Beverly Hills, CA 30210 | Water | 5200 |
| City of Beverly Hills | 455 North Rexford Drive Beverly Hills, CA 30210 | Water | 5000 |
| City of Beverly Hills | 455 North Rexford Drive Beverly Hills, CA 30210 | Water | 5000 |
| City of Chicago Department of Finance-Water Division | City of Chicago-Department of Finance P.O. Box 6330 Chicago, IL 60680-6330 | Water | 5853 |
| City of Chicago Department of Finance-Water Division | City of Chicago-Department of Finance P.O. Box 6330 Chicago, IL 60680-6330 | Water | 5854 |
| City of Chicago Department of Finance-Water Division | City of Chicago-Department of Finance P.O. Box 6330 Chicago, IL 60680-6330 | Water | 5854 |
| City of Seattle | City of Seattle PO BOX 35177 Seattle, WA 98124-5177 | Electricity | 0000 |
| Consolidated Edison Co. (ConEdison) | Con Edison, JAF Station P.O. Box 1702 New York, NY 10116-1702 | Electricity | 0058 |
| Action Environmental Services | 194 Atlantic Avenue, Brooklyn, NY, 11201 | Rubbish | 5086 |

| Name of Utility Provider | Address | Services Provided | Last Four Digits of Account Number |
|---|---|---|---|
| City of Beverly Hills | 455 North Rexford Drive Beverly Hills, CA 30210 | Rubbish | 7400 |
| Consolidated Edison Co. (ConEdison) | Con Edison, JAF Station P.O. Box 1702 New York, NY 10116-1702 | Gas | 1000 |
| Consolidated Edison Co. (ConEdison) | Con Edison, JAF Station P.O. Box 1702 New York, NY 10116-1702 | Gas | 0058 |
| Consolidated Edison Co. (ConEdison) | Con Edison, JAF Station P.O. Box 1702 New York, NY 10116-1702 | Electricity | 0011 |
| Consolidated Edison Co. (ConEdison) | Con Edison, JAF Station P.O. Box 1702 New York, NY 10116-1702 | Electricity | 0010 |
| Consolidated Edison Co. (ConEdison) | Con Edison, JAF Station P.O. Box 1702 New York, NY 10116-1702 | Gas | 0003 |
| Constellation an Exelon Company | 750 East Pratt Street Baltimore, MD 21202 | Electricity | 4467 |
| Direct Energy Business | Direct Energy Business 194 Wood Avenue South, Suite 200 Iselin, NJ 08830 | Electricity | 9139 |
| Direct Energy Business | Direct Energy Business 194 Wood Avenue South, Suite 200 Iselin, NJ 08830 | Electricity | 5138 |
| Direct Energy Business | Direct Energy Business 194 Wood Avenue South, Suite 200 Iselin, NJ 08830 | Electricity | 0775 |
| Direct Energy Business | Direct Energy Business 194 Wood Avenue South, Suite 200 Iselin, NJ 08830 | Electricity | 0462 |

| Name of Utility Provider | Address | Services Provided | Last Four Digits of Account Number |
|---|---|---|---|
| E.J. Harrison & Sons Inc. | 5275 Colt Street Suite 1 Ventura, CA 93003 | Rubbish | 5819 |
| Eversource Energy | Eversource P.O. Box 56007 Boston, MA 02205-6007 | Electricity | 0016 |
| Eversource Energy | Eversource P.O. Box 56007 Boston, MA 02205-6007 | Electricity | 0023 |
| Filco Carting Corp. | 197 Snediker Avenue Brooklyn, NY 11207 | Rubbish | 8085 |
| Florida Power & Light (FPL) | FPL General Mail Facility Miami, FL 33188-0001 | Electricity | 3438 |
| Hawaiian Electric Co., Inc. | 1001 Bishop Street* 1st Floor Lobby Honolulu, HI 96813 | Electricity | 0560 |
| Keter Environmental Services, Inc. | 4 High Road Park #202 Stamford, CT 06905 | Rubbish | 1005 |
| Los Angeles Department of Water & Power (LADWP) | 4030 Crenshaw Blvd. Los Angeles, CA 90008 | Electricity | 0000 |
| Nationalgrid | National Grid P.O. Box 11741 Newark, NJ 07101-4741 | Gas | 1041 |
| Nationalgrid | National Grid P.O. Box 11741 Newark, NJ 07101-4741 | Gas | 2006 |
| Nationalgrid | National Grid P.O. Box 11741 Newark, NJ 07101-4741 | Gas | 7002 |
| Pacific Gas & Electric (PG&E) | PG&E P.O. Box 997300 Sacramento, CA 95899-7300 | Electricity | 1629 |
| Pacific Gas & Electric (PG&E) | PG&E P.O. Box 997300 Sacramento, CA 95899-7300 | Electricity | 6151 |
| Pacific Gas & Electric (PG&E) | PG&E P.O. Box 997300 Sacramento, CA 95899-7300 | Electricity | 5165 |

| Name of Utility Provider | Address | Services Provided | Last Four Digits of Account Number |
|---|---|---|---|
| Pacific Gas & Electric (PG&E) | PG&E P.O. Box 997300 Sacramento, CA 95899-7300 | Gas | 1103 |
| Pacific Gas & Electric (PG&E) | PG&E P.O. Box 997300 Sacramento, CA 95899-7300 | Electricity | 8883 |
| Peoples Gas | PO Box 644760 Pittsburgh, PA 15264-4760 | Gas | 0001 |
| Public Service Electric & Gas (PSE&G) | 2600 Penhorn Avenue Secaucus, NJ 07094 | Electricity | 2102 |
| Public Service Electric & Gas (PSE&G) | 2600 Penhorn Avenue Secaucus, NJ 07094 | Electricity | 0306 |
| Public Service Electric & Gas (PSE&G) | 2600 Penhorn Avenue Secaucus, NJ 07094 | Gas | 2103 |
| Public Service Electric & Gas (PSE&G) | 2600 Penhorn Avenue Secaucus, NJ 07094 | Electricity | 2906 |
| Recology Golden Gate | 900 7th Avenue San Francisco, CA 94107 | Rubbish | 3207 |
| Republic Services | Republic Services PO Box 9001099 Louisville, KY 40290-1099 | Rubbish | 9039 |
| Rockland Electric Co | 1 Lethbridge Plaza Suite 32 Mahwah, NJ 07430 | Electricity | 6033 |
| Rockland Electric Co | 1 Lethbridge Plaza Suite 32 Mahwah, NJ 07430 | Electricity | 6006 |
| San Diego Gas & Electric (SDG&E) | SDG&E P.O. Box 25111 Santa Ana, CA 92799-5111 | Electricity | 0553 |
| San Diego Gas & Electric (SDG&E) | SDG&E P.O. Box 25111 Santa Ana, CA 92799-5111 | Electricity | 1366 |
| San Diego Gas & Electric (SDG&E) | SDG&E P.O. Box 25111 Santa Ana, CA 92799-5111 | Electricity | 2915 |

4

| Name of Utility Provider | Address | Services Provided | Last Four Digits of Account Number |
|---|---|---|---|
| San Francisco Water, Power & Sewer | PO Box 7369 San Francisco, CA 94120-7369 | Water | 0000 |
| San Francisco Water, Power & Sewer | PO Box 7369 San Francisco, CA 94120-7369 | Water | 0000 |
| San Francisco Water, Power & Sewer | PO Box 7369 San Francisco, CA 94120-7369 | Water | 0000 |
| Southern California Edison Company (SCE) | Southern California Edison P.O. Box 300 Rosemead, CA 91772-0001 | Electricity | 9876 |
| Southern California Edison Company (SCE) | Southern California Edison P.O. Box 300 Rosemead, CA 91772-0001 | Electricity | 1596 |
| Southern California Edison Company (SCE) | Southern California Edison P.O. Box 300 Rosemead, CA 91772-0001 | Electricity | 8050 |
| The Gas Co. A Sempra Energy Utility | PO BOX 1626 Monterey Park, CA 91754-8626 | Gas | 9009 |
| The Gas Company | PO BOX 1626 Monterey Park, CA 91754-8626 | Gas | 5468 |
| The Gas Company | PO BOX 1626 Monterey Park, CA 91754-8626 | Gas | 3416 |
| Waste Connections f/k/a Iesi NY Corp. | 2630 Park Avenue Bronx, NY 10451 | Rubbish | 5219 |