**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) APPROVING THE BIDDING PROCEDURES, (II) SCHEDULING THE BID DEADLINES AND THE AUCTION, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"):  (a) authorizing and approving the bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures"),[2] (b) establishing certain dates and deadlines including the Bid Deadline and the date of the Auction, if any, (c) approving the manner of notice of the Auction, if any, and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Bidding Procedures.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

**THE COURT HEREBY FINDS THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      Good and sufficient notice of the Motion, the Bidding Procedures, and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.      The bases for the relief requested in the Motion are:  (i) sections 105, 363, 365, and 1146(a) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"); (ii) Rules 2002(a)(2), 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and Local Rules 2002-1, 6004-1, and 9006-1.

E.      The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures; and (ii) schedule the Auction and approve the manner of notice of the Auction.

F.      The proposed Expense Reimbursement, Work Fee, and Breakup Fee are reasonable and appropriate under the circumstances and on the terms set forth in the Bidding Procedures, including in light of the size and nature of a Transaction and comparable transactions, the commitments that will be made, and the efforts that have been and will be expended by the Acceptable Bidders, notwithstanding that a proposed Transaction may be subject to better or higher offers, and may be necessary to induce the Acceptable Bidders to pursue a Transaction, as determined by the Debtors in an exercise of their business judgment.

G.      The Bidding Procedures were negotiated by the parties at arms' length and in good faith.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

**I.      Important Dates and Deadlines.**

3.      **<u>Bid Deadline</u>**.  October 22, 2019, at 5:00 p.m. (prevailing Eastern Time), is the deadline by which bids for the Assets (as well as the deposit and all other documentation required

under the Bidding Procedures for Qualified Bidders) must be submitted in accordance with the terms of the Bidding Procedures.

4.    **<u>Stalking Horse Bid Deadline and Bid Protections</u>**.  The Debtors, at any time until two days prior to the Auction, may but are not obligated to, as an exercise of their business judgment, select one or more Stalking Horse Bidders with respect to the Assets and provide such Stalking Horse Bidder (whose bid may include a Credit Bid by the DIP Agent or the DIP Lenders) with Bid Protections, as defined in the Bidding Procedures.

5.    **<u>Auction</u>**.  No later than October 24, 2019, at 9:00 a.m. (prevailing Eastern Time), an Auction, if any, will be held at the offices of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022 (the "<u>Auction</u>").  The Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders no later than one business day before such Auction, and will post notice of the date, time, and place of the Auction no later than one business day before such Auction on the website of the Debtors' notice and claims agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto, at http://cases.stretto.com/barneys.

## II.    Auction, Bidding Procedures, and Related Relief.

6.    The Bidding Procedures, substantially in the form attached hereto as **<u>Exhibit 1</u>**, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any Transaction.  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

7.    If the Debtors receive only one Qualified Bid prior to the Bid Deadline, such Bid shall be the Winning Bid.  If the Debtors receive two or more Qualified Bids prior to the Bid Deadline, the Debtors will conduct the Auction to determine the Winning Bidder in accordance with the Bidding Procedures.  The Debtors and their professionals shall direct and preside over the

Auction.

8.     At the Auction, Qualified Bidders that have submitted Qualified Bids by the Bid Deadline will be entitled, but will not be obligated, to submit overbids, and the DIP Parties will be entitled in any such overbids to credit bid all or a portion of the value of the secured portion of their claims within the meaning of section 363(k) of the Bankruptcy Code, subject to the limits on credit bidding set forth in the Bidding Procedures.  Any Overbid to a Prevailing Highest Bid shall be in increments of no less than the value of the Bid Protections, if any, plus a value equal to $250,000.

9.     At the Auction, the Debtors may:  (a) select, in their business judgment (in consultation with the Consultation Parties), pursuant to the Bidding Procedures, the highest or otherwise best Bid and the Winning Bidder or Backup Bidder; and (b) reject any Bid (regardless of whether such Bid is a Qualified Bid) that, in the Debtors' business judgment (in consultation with the Consultation Parties), is (i) inadequate, insufficient, or not the highest or best Bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Bidding Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtors' estates, affected stakeholders, or other parties in interest.

10.     No person or entity, other than a Stalking Horse Bidder, is entitled to Expense Reimbursement, a Work Fee, or a Breakup Fee, in each case as determined by the Debtors in their business judgment (in consultation with the Consultation Parties) and discretion, and by submitting a bid, any person or entity (other than a Stalking Horse Bidder) is deemed to have waived their right to request or to file with this court any request for expense reimbursement or any fee of any nature, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

11.     The Expense Reimbursements and Work Fees are approved on the terms set forth in the Bidding Procedures and the Debtors are authorized, but not directed, to incur and pay the Expense Reimbursement and Work Fees in an exercise of their business judgment (in consultation with the Consultation Parties) without further action or order by the Court.  The Breakup Fee is approved on the terms set forth in the Bidding Procedures and the Debtors are authorized, but not directed, to incur and pay the Breakup Fee to any Stalking Horse Bidder, in an exercise of their business judgment without further action or order by the Court; *provided*, *that*, for the avoidance of doubt, the aggregate amount of the Breakup Fee, Expense Reimbursements, and Work Fees shall not exceed three percent of the Purchase Price proposed by such Stalking Horse Bidder.

12.     Notwithstanding anything to the contrary contained herein or in the Bidding Procedures, each of the DIP Parties shall be Acceptable Bidders and Qualified Bidders and shall have the right to credit bid, as part of an initial bid or an overbid, all or any portion of the aggregate amount of their applicable outstanding secured obligations, including with respect to the DIP Agent on behalf of the DIP Parties, any Enhancement Fee that would be payable upon the closing of any Sale (as defined in paragraph 16 of the Second Interim DIP Order) (if and to the extent the Enhancement Fee is approved by the Court in the final DIP order), pursuant to section 363(k) of the Bankruptcy Code, and any such credit bid will be considered a Qualified Bid to the extent such bid is received by the Bid Deadline.  The DIP Parties, or any of them, in their sole discretion, are authorized to submit a joint bid among themselves, which joint bid may be comprised of or include a Credit Bid.

13.     Any Bid for Assets that constitute DIP Collateral or Reorganized Debtors' equity interests (under a chapter 11 plan) must (a) provide for payment solely in cash, unless and until the DIP Obligations (as defined in the Second Interim DIP Order), including any Enhancement

Fee that would be payable upon the closing of any Sale (as defined in paragraph 16 of the Second

Interim DIP Order) (if and to the extent approved by the Court in the final DIP order), have been,

or, pursuant to such Bid, will be, indefeasibly paid in cash in full or (b) have the consent of the

DIP Parties.

**III.    Approval of the Assumption and Assignment Procedures.**

14.    No later than October 10, 2019, the Debtors shall file a cure notice (the

"Cure Notice") and service such notice (a) by overnight delivery service upon the applicable

contract counterparties (the "Contract Counterparties") at the address set forth in the notice

provision of the applicable contract (and their counsel, if known) and (b) by first class mail, email,

or fax upon the Notice Parties.  The Cure Notice shall notify the Contract Counterparties that the

applicable executory contracts and unexpired leases are subject to potential assumption and

assignment and of the Debtors' proposed cure amounts relating to such executory contracts and

unexpired leases.

15.    Following the Bid Deadline, upon request by any contract counterparty of the

Debtors, the Debtors will send such party evidence that any Qualified Bidder that included such

contract or lease in its Bid has the ability to perform thereunder and otherwise complies with the

requirements of adequate assurance of future performance under section 365(b)(1) on a

confidential basis for all nonpublic information.  No later than October 25, 2019, the Debtors will

serve a notice of successful bidder (the "Successful Bidder Notice") or notice of cancellation, as

applicable, (a) by overnight delivery service upon the Contract Counterparties at the address set

forth in the notice provision of the applicable contract (and their counsel, if known) and (b) by first

class mail, email, or fax upon the Notice Parties.

16.    Parties objecting to a proposed assumption and assignment (other than with respect

to cure amounts) and/or to the proposed form of adequate assurance of future performance must

file a written objection with the Court by October 29, 2019, at 12:00 pm Eastern Standard Time, and serve such objection on the Notice Parties.  Parties objecting to a proposed cure amount shall file a written objection with the Court by fourteen (14) days after serving the Cure Notice, and serve such objection on the Notice Parties.

17.    If an objection to the Debtors' proposed cure amounts is timely filed and not withdrawn or resolved by the Confirmation / Sale Hearing, such cure objections will not be heard at the Confirmation / Sale Hearing but will be heard at a subsequent hearing later set by the Court. The Debtors shall proceed with the assumption and assignment of a particular contract at the Confirmation / Sale Hearing, and the pendency of a dispute relating to cure amounts shall not prevent or delay the assumption and assignment of a contract.  Any dispute regarding the cure amounts will either be resolved consensually, if possible, or, if the parties are unable to resolve, at a later date as set by the Court.  To the extent an objection relates solely to a disputed cure amount, the Court may approve the assumption and assignment subject to (a) the Contract Counterparty's right to be heard at a later hearing date on the cure and (b) the below requirements regarding payment of the cure amount.  The Debtors shall file and serve a notice for a hearing for the Court to consider the unresolved cure objection(s) at the next scheduled omnibus hearing which shall be set fourteen days after the Confirmation / Sale Hearing, subject to Court availability, unless the Debtors and the objecting parties agree to a different time and subject to the Court's schedule.  The Debtors reserve the right to reject, and not assume and assign, any contract depending on the ultimate resolution of any cure amount dispute; *provided* that, in the case of an unexpired lease of non-residential real property, such determination shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code Upon the effective date of the assumption and assignment of the contract (the "Assignment Date"),

the Successful Bidder shall pay all undisputed cure amounts (excepting any undisputed amounts already paid) pending resolution of the dispute, and any disputed cure amounts shall be reserved pending the subsequent hearing to resolve same.

18.     If no objection to the assumption of any contract is timely filed, each contract shall be assumed as of the Assignment Date set forth in the applicable Successful Bidder Notice or such other date as the Debtors and the Contract Counterparty agree and the proposed cure amount shall be binding on all Contract Counterparties and the Contract Counterparties will be forever barred from asserting any other claims related to the contract against the Debtors.

19.     The inclusion of a contract on the Successful Bidder Notice shall not:  (a) obligate the Debtors to assume or assign any contracts listed thereon or (b) constitute any admission or agreement of the Debtors that such contract is an executory contract.  Only those contracts that are included on a schedule of assumed and acquired contracts attached to a final asset purchase agreement will be assumed and assigned.

**IV.     Miscellaneous.**

20.     The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

21.     In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.    To the extent the dates and deadlines herein are modified pursuant to the Bidding Procedures and such modification is inconsistent with the requirements of Local Rule 9006-1(b), such requirements shall be deemed satisfied.

24.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

25.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

26.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  This Court has the authority to fashion appropriate relief, on an emergency basis or otherwise, for any violations of this Order or the Bidding Procedures.



**Dated: August 22, 2019**
     **Poughkeepsie, New York**

/s/ **Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**