**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO ENTER
INTO AND PERFORM UNDER THE CONSULTANT AGREEMENT,
(II) APPROVING PROCEDURES FOR STORE CLOSING SALES, (III) APPROVING
THE CONTINUATION OF RELATED NON-INSIDER SEVERANCE PROGRAMS,
AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order"), (a) authorizing the Debtors to enter into and perform under the Consultant Agreement, (b) authorizing and approving the Store Closing Procedures, with such sales to be free and clear of all liens, claims and encumbrances, (c) approving the continuation of certain non-insider severance programs in connection with such store closings, and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177), and Barneys Asia Co. LLC (0819).   The location of the Debtors' service address is: 575 Fifth Avenue New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor, it is hereby:

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

1.      The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings

of fact constitute conclusions of law, they are adopted as such. To the extent any of the

following conclusions of law constitute findings of fact, they are adopted as such.

2.      The Debtors have advanced sound business reasons for seeking to enter into and

perform under the Consultant Agreement and adopt the Store Closing Procedures, as set forth in

the Motion and at the Hearing, and entering into the Consultant Agreement is a reasonable

exercise of the Debtors' business judgment and in the best interests of the Debtors and their

estates.

3.      The conduct of the Store Closings in accordance with the Store Closing

Procedures will provide an efficient means for the Debtors to dispose of the Store Closure

Assets.

4.      The Consultant Agreement was negotiated, proposed and entered into by the Consultant and the Debtors without collusion, in good faith and from arm's length bargaining positions.

5.      The entry into and performance under of the Consultant Agreement is a sound exercise of the Debtors' business judgment.

6.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and the Debtors have demonstrated good, sufficient and sound business purposes and justifications for the relief approved herein.

7.      The Store Closings are in the best interest of the Debtors' estates.

8.      The entry of this Order is in the best interest of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein.

**IT IS HEREBY ORDERED THAT:**

9.      The Motion is granted on a final basis as provided herein.

10.     The Debtors are authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Order.

11.     Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein, or authorizations contained hereunder, shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith. To the extent there is any inconsistency between such orders and any action taken or proposed to be taken hereunder, the terms of such orders and budgets shall control.

12.     To the extent of any conflict between this Order, the Interim Order, the Store Closing Procedures, and the Consultant Agreement, the terms of this Order shall control over all other documents and the Store Closing Procedures shall control over the Consultant Agreement.

13.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

## I.     Authority to Enter into and Perform under the Consultant Agreement.

14.     The Debtors are authorized to enter into and perform under the Consultant Agreement pursuant to section 363, including making payments required by the Consultant Agreement to the Consultant without the need for any application of the Consultant or a further order of the Court.

*14a.  The Consultant shall file Rule 2014 disclosures, as ordered upon the record of the September 4, 2019 hearing, within 14 days of the date of this Order.*

15.     Subject to the restrictions set forth in this Order and the Store Closing Procedures, the Debtors and the Consultant hereby are authorized to take any and all actions as may be necessary or desirable to implement the Consultant Agreement and the Store Closings; and each of the transactions contemplated by the Consultant Agreement, and any actions taken by the Debtors and the Consultant necessary or desirable to implement the Consultant Agreement and/or the Store Closings prior to the date of this Order, hereby are approved and ratified.

## II.     Authority to Engage in Store Closings.

16.     The Debtors are authorized pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to immediately continue and conduct the Store Closings in accordance with this Order, the Store Closing Procedures and the Consultant Agreement.

17.     The Store Closing Procedures are approved in their entirety on a final basis.

18.     The Debtors are authorized to discontinue operations at the Stores in accordance

with this Order and the Store Closing Procedures.

19.     All entities that are presently in possession of some or all of the Merchandise or FF&E in which the Debtors hold an interest that are or may be subject to the Consultant Agreement or this Order hereby are directed to surrender possession of such Merchandise or FF&E to the Debtors or the Consultant.

20.     Neither the Debtors nor the Consultant nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit (as defined in Bankruptcy Code section 101(27)) or landlord, to conduct the Sale and to take the related actions authorized herein.

**III.    Conduct of the Sale.**

21.     All newspapers and other advertising media in which the Store Closings may be advertised and all landlords are directed to accept this Order as binding authority so as to authorize the Debtors and the Consultant to conduct the Sale pursuant to the Consultant Agreement, including, without limitation, to conduct and advertise the sale of the Merchandise and FF&E in the manner contemplated by and in accordance with this Order, the Store Closing Procedures, and the Consultant Agreement.

22.     The Debtors and Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Consultant Agreement and to conduct the Store Closings without necessity of further order of this Court as provided in the Consultant Agreement or the Store Closing Procedures, including, but not limited to, advertising the sale as a "store closing sale", "sale on everything", "everything must go", or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall closing locations, and at enclosed mall closing locations to the extent the applicable closing location entrance does not require entry into the enclosed mall common area), use of sign-

walkers and street signage; *provided*, *however*, that only Merchant-approved terminology will be used at each Store in connection with the Store Closings.

23.    Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the sale of the Merchandise and FF&E, to the extent that, prior to the Final Hearing, disputes arise during the course of such sale regarding laws regulating the use of sign-walkers, banners, or other advertising and the Debtors and the Consultant are unable to resolve the matter consensually, any party may request an immediate telephonic hearing with this Court pursuant to these provisions. Such hearing will, to the extent practicable, be scheduled initially no later than the earlier of (i) the Final Hearing or (ii) within two business days of such request. This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

24.    Except as expressly provided in the Consultant Agreement, the sale of the Merchandise and FF&E shall be conducted by the Debtors and the Consultant notwithstanding any restrictive provision of any lease, sublease, or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sale, the rejection of leases, abandonment of assets, or "going dark" provisions. The Debtors and landlords of the closing locations are authorized to enter into agreements ("Side Letters") between themselves modifying the Store Closing Procedures without further order of the Court, and such Side Letters shall be binding as among the Debtors and any such landlords. In the event of any conflict between the Store Closing Procedures and any Side Letter, the terms of such Side Letter shall control.

25.    Except as expressly provided for herein or in the Store Closing Procedures, no person or entity, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise

hinder consummation of the Sale or the sale of Merchandise or FF&E, or the advertising and promotion (including the posting of signs and exterior banners or the use of sign-walkers) of such sales, and all such parties and persons of every nature and description, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor and all those acting for or on behalf of such parties, are prohibited and enjoined from (i) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Store Closings and/or (ii) instituting any action or proceeding in any court (other than in the Bankruptcy Court) or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the closing locations that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sale or sale of the Merchandise or FF&E or other liquidation sales at the closing locations and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

26.    In accordance with and subject to the terms and conditions of the Consultant Agreement, the Consultant shall have the right to use the Stores and all related Store services, furniture, fixtures, equipment, and other assets of the Debtors for the purpose of conducting the Sale, free of any interference from any entity or person, subject to compliance with the Store Closing Procedures and this Order.

27.    All sales of Store Closure Assets shall be "as is" and final. However, as to the Stores, all state and federal laws relating to implied warranties for latent defects shall be complied with and are not superseded by the sale of said goods or the use of the terms "as is" or "final sales."

28.     The Consultant shall not be liable for sales taxes except as expressly provided in the Consultant Agreement and the payment of any and all sales taxes is the responsibility of the Debtors. The Debtors are directed to remit all taxes arising from the Sale to the applicable Governmental Units as and when due, provided that in the case of a bona fide dispute the Debtors are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit. For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected. The Consultant shall collect, remit to the Debtors and account for sales taxes as and to the extent provided in the Consultant Agreement. This Order does not enjoin, suspend, or restrain the assessment, levy or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state law.

29.     Pursuant to section 363(f) of the Bankruptcy Code, the Consultant, on behalf of the Debtors, is authorized to sell and all sales of Store Closure Assets, whether by the Consultant or the Debtors, shall be free and clear of any and all of any liens, claims, encumbrances, and other interests; provided, however, that any such liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale of the Store Closure Assets with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Store Closure Assets, subject to any claims and defenses that the Debtors may possess with respect thereto and the Consultant's fees and expenses (as provided in the Consultant Agreement).

30.     To the extent that the Debtors propose to sell or abandon FF&E which may contain personal and/or confidential information about the Debtors' employees and/or customers

9

(the "<u>Confidential Information</u>"), the Debtors shall remove the Confidential Information from such items of FF&E before such sale or abandonment.

31.    The Debtors and/or the Consultant (as the case may be) are authorized and empowered to transfer Store Closure Assets among the Stores. The Consultant is authorized to sell the Debtors' FF&E and abandon the same, in each case, as provided for and in accordance with the terms of the Consultant Agreement.

32.    Notwithstanding this or any other provision of this Order, nothing shall prevent or be construed to prevent the Consultant (individually, as part of a joint venture, or otherwise) or any of its affiliates from bidding on the Debtors' assets not subject to the Consultant Agreement pursuant to a consultant agreement or otherwise ("<u>Additional Assets</u>"). The Consultant is hereby authorized to bid on and guarantee or otherwise acquire such Additional Assets notwithstanding anything to the contrary in the Bankruptcy Code or other applicable law, provided that such guarantee, transaction or acquisition is approved by separate order of this Court.

**IV.    Additional Store Closing Procedures.**

1.    To the extent that the Debtors seek to conduct Store Closing Sales at any Additional Closing Store, the Sale Guidelines and this Interim Order, subject to the DIP Order, the DIP Documents and the DIP Claims, shall apply to the Additional Closing Stores.

2.    Prior to conducting Store Closing Sales at any Additional Closing Store, the Debtors will (a) first consult with DIP Agent and the DIP Lenders, (b) file a list of such Additional Closing Stores with the Court (the "<u>Additional Closing Store List</u>"), and serve a notice of their intent to conduct Store Closing Sales at the Additional Closing Stores on the applicable landlords (the "<u>Additional Closing Store Landlords</u>") and interested parties,  including the U.S. Trustee, the DIP Agent and the DIP Lenders, any statutory committee of creditors appointed in the Debtors' bankruptcy case, and any counsel who has entered an appearance on

behalf of an Additional Closing Store Landlord, by email (to the extent available to the Debtors) or overnight mail. With respect to Additional Closing Store Landlords, the Debtors shall mail such notice to the notice address set forth in the lease for such Additional Closing Store (or, if none, at the last known address available to the Debtors).

33.     The Additional Closing Store Landlords and any interested parties shall have 7 days after service of the applicable Additional Closing Store List to object to the application of the Interim Order or the Final Order. If no timely objections are filed with respect to the application of the Interim Order or the Final Order to an Additional Closing Store, the Debtors should be authorized, pursuant to sections 105(a), and 363(b) and (f) of the Bankruptcy Code, to proceed with conducting a Store Closing Sale at the Additional Closing Store in accordance with this Interim Order or the Final Order, as applicable, the Sale Guidelines, and the Consulting Agreement. If any objections are filed with respect to the application of this Interim Order or the Final Order, as applicable, to an Additional Closing Store, and such objections are not resolved, the objections and the application of this Interim Order or the Final Order, as applicable, to the Additional Closing Store shall be considered by the Court at the next regularly scheduled omnibus hearing, or at an earlier hearing to the extent Ordered by the Court.

34.     Within five business days of entry of this Order, the Debtors shall serve a copy of this Order on any of the Landlords that could be subject to Additional Store Closing Procedures.

**V.     Dispute Resolution Procedures with Governmental Units.**

35.     Nothing in this Order, the Consultant Agreement or the Store Closing Procedures, releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property after the date of entry of this Order. Nothing contained in this Order,

the Consultant Agreement, or the Store Closing Procedures shall in any way (a) diminish the

obligation of any entity to comply with environmental laws or (b) diminish the obligations of the

Debtors to comply with environmental laws consistent with its rights and obligations as debtor in

possession under the Bankruptcy Code. The Store Closings shall not be exempt from laws of

general applicability, including, without limitation, public health and safety, criminal, tax, labor,

employment, environmental, antitrust, fair competition, traffic and consumer protection laws,

including consumer laws regulating deceptive practices and false advertising (collectively,

"General Laws"). Nothing in this Order, the Consultant Agreement or the Store Closing

Procedures, shall alter or affect obligations to comply with all applicable federal safety laws and

regulations. Nothing in this Order shall be deemed to bar any Governmental Unit (as such term

is defined in section 101(47) of the Bankruptcy Code) from enforcing General Laws in the

applicable non-bankruptcy forum, subject to the Debtors' rights to assert in that forum or before

this Court that any such laws are not in fact General Laws or that such enforcement is

impermissible under the Bankruptcy Code, this Order, or otherwise, pursuant to paragraph 31

herein. Notwithstanding any other provision in this Order, no party waives any rights to argue

any position with respect to whether the conduct was in compliance with this Order and/or any

applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.

Nothing in this Order shall be deemed to have made any rulings on any such issues.

36.     To the extent that the sale of Store Closure Assets is subject to any Applicable

Sale Laws, including any federal, state, or local statute, ordinance, or rule, or licensing

requirement directed at regulating "going out of business," "store closing," similar inventory

liquidation sales, or bulk sale laws, including laws restricting safe, professional, and non-

deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-

walkers solely in connection with the sale and including ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions that would otherwise apply solely to the sale of the Store Closure Assets, or any similar laws, the dispute resolution procedures in this section shall apply.

(i)    Provided that the Store Closings are conducted in accordance with the terms of this Order and the Store Closing Procedures, and in light of the provisions in the laws of many Governmental Units that exempt court-ordered sales from their provisions, the Debtors shall be presumed to be in compliance with any Applicable Sale Laws and, subject to Paragraph 35 hereof, are authorized to conduct the Store Closings in accordance with the terms of this Order and the Sale Guidelines without the necessity of further showing compliance with any Applicable Sale Laws.

(ii)    Within two business days after entry of this Interim Order, the Debtor shall serve copies of this Interim Order, the Consultant Agreement and the Store Closing Procedures via email, facsimile, or regular mail, on the following: (i) the United States Trustee, (ii) the state attorney general's office for each state where the Store Closings are being held, (iii) the county consumer protection agency or similar agency for each county where the Store Closings will be held, (iv) the division of consumer protection for each state where the Store Closings will be held, (v) the chief legal counsel for the local jurisdiction, and (vi) the landlords for the Stores.

(iii)    To the extent there is a dispute arising from or relating to the Store Closings, this Order, the Consultant Agreement, or the Store Closing Procedures, which dispute relates to any Applicable Sale Laws (a "Reserved Dispute"), this Court shall retain exclusive jurisdiction to resolve the Reserved Dispute. Any time within ten days following entry of this Order, any Governmental Unit may assert that a Reserved Dispute exists by serving written notice of such Reserved Dispute to counsel for the Debtors so as to ensure delivery thereof within one business day thereafter. If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within 15 days after service of the notice, the aggrieved party may file a motion with this Court requesting that this Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

(iv)    In the event a Dispute Resolution Motion is filed, nothing in this Order shall preclude the Debtors, a landlord, or other interested party from asserting (i) that the provisions of any Applicable Sale Laws are preempted by the Bankruptcy Code, or (ii) that neither the terms of this Order nor the conduct of the Debtors pursuant to this Order, violates such Applicable Sale Laws. Filing a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of any Order or to limit or interfere with the Debtors' or the Consultant's ability to conduct or to continue to conduct the Store Closings pursuant to this Order,

absent further order of this Court. This Court grants authority for the Debtors and the Consultant to conduct the Store Closings pursuant to the terms of this Order, the Consultant Agreement, and/or the Store Closing Procedures and to take all actions reasonably related thereto or arising in connection therewith. The Governmental Unit shall be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Applicable Sale Laws or the lack of any preemption of such Applicable Sale Laws by the Bankruptcy Code. Nothing in this Order shall constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

(v)     If, at any time, a dispute arises between the Debtors and/or the Consultant and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in this Order related to the Applicable Sale Laws, then any party to that dispute may utilize the provisions hereunder by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo*.

37.     Except as expressly provided for herein or in the Store Closing Procedures, and except with respect to any Governmental Unit (as to which paragraphs 35 and 36 shall apply), no person or entity, including but not limited to any landlord, licensor, or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Store Closings, or the advertising and promotion (including the posting of signs or the use of sign walkers) of the Store Closings, and all such parties and persons of every nature and description, including landlords, licensors, creditors and utility companies and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, or otherwise impeding, the conduct of the Store Closings and/or (b) instituting any action or proceeding in any court or administrative body seeking an order or judgment against, among others, the Debtors, Consultant, or the landlords at the Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Store Closings and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease or license based upon any relief authorized herein.

38.     Any restrictions in any lease agreement, restrictive covenant, or similar documents purporting to limit, condition, or impair the Debtors' ability to conduct the Store Closings shall not be enforceable, nor shall any breach of such provisions in these chapter 11 cases constitute a default under a lease or provide a basis to terminate the lease; provided, the Store Closings are conducted in accordance with the terms of this Order and the Store Closing Procedures.

39.     Subject to Paragraphs 32 and 33 above, each and every federal, state, or local agency, departmental or governmental unit with regulatory authority over the Store Closings and all newspapers and other advertising media in which the Store Closings are advertised shall consider this Order as binding authority that no further approval, license, or permit of any governmental unit shall be required, nor shall the Debtors be required to post any bond, to conduct the Store Closings.

**VI.     Store Closing Severance Programs.**

40.     The Debtors are authorized to continue and honor obligations related to the Store Closing Severance Programs; *provided*, *however*, that such authority shall not extend to any Insider without further order of this Court.

**VII.     Other Provisions.**

41.     The Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Consultant, in each case, other than as expressly provided for in the Consultant Agreement.

42.     To the extent the Debtors are subject to any state "fast pay" laws in connection with the Store Closings, the Debtors shall be presumed to be in compliance with such laws to the extent, in applicable states, such payroll payments are made by the later of (a) the Debtors' next regularly scheduled payroll and (b) seven calendar days following the termination date of the

relevant employee, and in all such cases consistent with, and subject to, any previous orders of this Court regarding payment of same.

43.    This Court shall retain exclusive jurisdiction with regard to all issues or disputes relating to this Order or the Consultant Agreement, including, but not limited to, (i) any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit banner and sign-walker advertising, including with respect to any allegations that such advertising is not being conducted in a safe, professional, and non-deceptive manner, (ii) any claim of the Debtors, the landlords and/or the Consultant for protection from interference with the Sale, (iii) any other disputes related to the Sale, and (iv) to protect the Debtors and/or the Consultant against any assertions of of any liens, claims, encumbrances, and other interests. No such parties or person shall take any action against the Debtors, the Consultant, the landlords or the Sale until this Court has resolved such dispute. This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.



Dated: September 4, 2019
      Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge