**Presentment Date: September 26, 2019 at 12:00 p.m. (Eastern Time)**
**Objection Deadline: September 25, 2019 at 4:00 p.m. (Eastern Time)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
John A. Morris, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile: (212) 561-7777

Maxim B. Litvak, Esq.
Shirley S. Cho, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF APPLICATION OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG**
**ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO AUGUST 15, 2019**

**PLEASE TAKE NOTICE** that upon the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to August 15, 2019* (the "Application"), the Official Committee of Unsecured Creditors of Barneys New York, Inc., *et al.*, will present to the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, for signature, on **September 26, 2019 at 12:00 p.m. (Eastern Time)**, the proposed *Order Authorizing and Approving the Employment of Pachulski*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

*Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtors Nunc Pro Tunc to August 15, 2019* attached to the Motion as __Exhibit A__.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, so as to be so filed and received no later than **September 25, 2019 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not filed and served by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated:  September 11, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
John A. Morris, Esq.
Colin R. Robinson, Esq.
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Maxim B. Litvak, Esq.
Shirley S. Cho, Esq.
10100 Santa Monica Blvd., 13th Floor

2

Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

DOCS_NY:39556.4 07982/002

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
John A. Morris, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

Maxim B. Litvak, Esq.
Shirley S. Cho, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Jointly Administered) |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO AUGUST 15, 2019

The Official Committee of Unsecured Creditors (the "Committee") of Barneys

New York, Inc., *et al.*, the above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby submits its application (the "Application") for the entry of an order, pursuant

to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"), authorizing and approving the employment of Pachulski Stang Ziehl &

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtors' jointly administered chapter 11 cases, *nunc pro tunc* to August 15, 2019.  In support of the Application, the Committee submits the declaration of Bradford J. Sandler (the "Sandler Declaration"), a partner of the Firm, attached hereto as Exhibit A and incorporated herein by reference and the declaration of the Committee Chair attached hereto as Exhibit B and incorporated herein by reference.  In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3.      On August 6, 2019 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

4.      On or about August 15, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of the following seven (7) members: (i) Simon Property Group, L.P.; (ii) Flagship 660 Owner LLC & Flagship Partners II LLC; (iii) PRADA USA Corp.; (iv) New York-New Jersey Regional Joint

2

Board, affiliated with Workers United; (v) Hilldun Corporation; (vi) Chloe, a division of Richemont North America, Inc.; and (vii) CSS Building Services.  *See Amended Appointment of Official Committee of Unsecured Creditors* [Docket No. 134].

5.      On August 15, 2019, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.

6.      The Firm's retention is requested as of August 15, 2019, insofar as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

7.      The Firm has approximately 67 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.   Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including Ditech Holding Corporation, BCBG Max Azria, Aéropostale, The Great Atlantic & Pacific Tea Company, Inc., Payless ShoeSource, ShopKo, The Sports Authority, Inc., Circuit City Stores, Inc., The Wet Seal, Ashley Stewart, Neff Corp, Salander O'Reilly Galleries, AMF Bowling Worldwide, and Fresh & Easy Neighborhood Market, Inc.  The Firm has also served as conflicts counsel to the official committees of unsecured creditors in Residential Capital and Old Carco LLC (f/k/a Chrysler LLC).  Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

## **RELIEF REQUESTED**

8.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit C</u>, pursuant to sections 328(a) and

3

1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these chapter 11 cases.

9.      The Committee has selected PSZJ as its counsel in furtherance of the efficient administration of the estates on behalf of the Committee.  The Committee seeks to retain the Firm *nunc pro tunc* to August 15, 2019 because the Firm began providing services to the Committee as of such date.  The Committee believes that such *nunc pro tunc* retention is appropriate in these chapter 11 cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these chapter 11 cases, and the Firm has been providing services to the Committee since August 15, 2019.

## <u>SERVICES TO BE RENDERED</u>

10.      Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

a.      Assisting, advising, and representing the Committee in its consultations with the Debtors regarding the administration of these cases;

b.      Assisting, advising, and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

c.      Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

d.      Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these cases or to the formulation of a plan;

4

e.      Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

f.      Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

g.      Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

h.      Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions and claims against directors and officers and any other party; and

i.      Providing such other services to the Committee as may be necessary in these cases.

## **NO ADVERSE INTEREST OF PROFESSIONALS**

11.    To the best of the Committee's knowledge, and based upon the Sandler Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Sandler Declaration.

12.    To the best of the Committee's knowledge, except as provided in the Sandler Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

13.    While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

DOCS_NY:39556.4 07982/002

14.     The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtors.

## PROFESSIONAL COMPENSATION

15.     Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ.  The Firm's current standard hourly rates are:

| Partners | $725.00 to $1,395.00 per hour |
|---|---|
| Counsel | $650.00 to $1,095.00 per hour |
| Associates | $575.00 to $695.00 per hour |
| Paralegals | $375.00 to $395.00 per hour |

16.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  PSZJ reviews and revises its billing rates on January 1 of each year.  Changes in applicable hourly rates will be noted on the invoices for the first period in which the revised rates became effective.

17.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including,

6

without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and within the guidelines set forth in Local Rule 2014-1, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## **NOTICE**

18.    Notice of this Application has been provided to: (i) the Debtors, Barneys New York, Inc., 575 Fifth Avenue, New York, New York 10017 (Attn: Grace Fu); (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Edward O. Sassower, P.C. and Joshua A. Sussberg, P.C.), Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Chad J. Husnick, P.C. and W. Benjamin Winger), and Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022 (Attn: Steven J. Reisman); (iii) the United States Trustee, 11A Clinton Avenue, Room 620, Albany, New York 12207 (Attn: Alicia Leonhard); (iv) counsel to the DIP Agent and the DIP Lenders, Jones Day, 250 Vesey Street, New York, New York 10281 (Attn: Sidney P. Levinson, Michael Schneidereit, and Jeremy Evans); and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19.    No previous request for the relief sought herein has been made to this or any other

Court.

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially

in the form attached hereto as <u>Exhibit C</u>, authorizing the Committee to employ and retain PSZJ

as counsel effective as of August 15, 2019, and granting such other and further relief as is just

and proper.

Date: September 10, 2019

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF BARNEYS
NEW YORK, INC.,** *et al.*

Simon Property Group, L.P.
By:  Ronald M. Tucker

Solely in its capacity as Chair of the Official
Committee of Unsecured Creditors of Barneys New
York, Inc., *et al.*, and not in any other capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

8

# EXHIBIT A

## Declaration of Bradford J. Sandler

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
John A. Morris, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Maxim B. Litvak, Esq.
Shirley S. Cho, Esq.
PACHULSKI STANG ZIEHL & JONES
LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Jointly Administered) |

**DECLARATION IN SUPPORT OF APPLICATION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO AUGUST 15, 2019**

I, Bradford J. Sandler, declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States

Bankruptcy Court for the Southern District of New York, that the following is true and correct:

1.      I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"

or the "Firm"), with offices located at 780 Third Avenue, 34th Floor, New York, New York

10017.  I am duly admitted to practice law in, among other places, states of Pennsylvania, New

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434);
BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is
575 Fifth Avenue, New York, New York 10017.

Jersey, Delaware, and New York and the United States District Court for the Southern District of New York.

2.      I am authorized to submit this declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to August 15, 2019*.

3.      The Firm has approximately 67 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including Ditech Holding Corporation, BCBG Max Azria, Aéropostale, The Great Atlantic & Pacific Tea Company, Inc., Payless ShoeSource, ShopKo, The Sports Authority, Inc., Circuit City Stores, Inc., The Wet Seal, Ashley Stewart, Neff Corp, Salander O'Reilly Galleries, AMF Bowling Worldwide, and Fresh & Easy Neighborhood Market, Inc.  The Firm has also served as conflicts counsel to the official committees of unsecured creditors in Residential Capital and Old Carco LLC (f/k/a Chrysler LLC).  Accordingly, the Firm is well-qualified to render the services described below.

4.      Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the United States Trustee (the "U.S. Trustee") or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as set forth herein.

DOCS_NY:39556.4 07982/002

### Disclosure of Connections

5.      The Debtors have retained various professionals. The Firm has previously worked with and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

6.      Section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a) on proposed counsel to an official committee of unsecured creditors.   However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, professionals, and the U.S. Trustee.

7.      The Firm has made the following investigation of its connections prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties in interest in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.   Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of parties provided by the Debtors through the Firm's database.  The categories of the parties entered in the Firm's database with respect to the Firm's conflicts check in these cases are set forth on **Schedule 1** annexed hereto.

8.      Based on the Firm's conflict check within its database, the Firm does not hold or represent any interest adverse to and has no connections with the Debtors herein, their creditors,

3

the U.S. Trustee or any party in interest herein in the matters upon which PSZJ is to be retained, other than as reflected below:

a.    TPG Specialty Lending, Inc. is the Debtors' prepetition term loan lender. In another wholly unrelated matter, PSZJ represents an affiliate of TPG Specialty Lending, Inc. However, the PSZJ does not represent either entity in this matter.

9.    PSZJ and certain of its attorneys have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. The Firm does not and will not represent any such creditors in these cases.

10.    PSZJ represented, represents, and in the future will likely represent committees in matters unrelated to the Debtors and these cases, whose members may be creditors and/or committee members in these cases. The Firm does not and will not represent any such creditors in these cases.

11.    PSZJ regularly appears in cases, proceedings, and transactions involving many attorneys, accountants, financial advisors, investment bankers, and other professionals some of which now or may in the future represent the Debtor, its creditors, the Committee, and other parties in interest in these Cases. Further, PSZJ may have represented, may currently represent, and in the future may represent professionals and advisors to members of the Committee in matters unrelated to the Debtors and these Cases. The Firm does not and will not represent any such entity in these Cases. The Firm does not have a relationship with any such parties that would be adverse to the Committee or the Debtor's estates.

## Compensation

12.    The Firm has not received any retainer or payment from the Debtors or the Committee. Nor has the Firm received any promise of payment in connection with these cases

4

during the one-year period prior to the filing of the Debtors' petitions.  No compensation has

been paid or promised to be paid from a source other than the Debtors' estates in these cases.  No

promises have been received by the Firm nor by any attorneys thereof as to compensation in

connection with these chapter 11 cases, other than in accordance with the provisions of the

Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity

any compensation received by the Firm in connection with these cases, except among the

partners, of counsel, and associates of the Firm.  Neither the Committee nor its members (or any

of their representatives) are or will be liable for fees or costs incurred by the Firm in its

representation of the Committee.

13.    The Firm intends to apply for compensation for professional services rendered in

connection with these cases subject to approval of this Court as stated in the Application, and in

compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by the Firm.  No

compensation will be paid to the Firm except upon compliance with the Bankruptcy Code,

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

The Firm's current standard hourly rates are:

| Partners | $725.00 to $1,395.00 per hour |
|---|---|
| Counsel | $650.00 to $1,095.00 per hour |
| Associates | $575.00 to $695.00 per hour |
| Paralegals | $375.00 to $395.00 per hour |

14.    The hourly rates set forth above are subject to periodic adjustments to reflect

economic and other conditions.  PSZJ reviews and revises its billing rates on January 1 of each

year.  Changes in applicable hourly rates will be noted on the invoices for the first period in

which the revised rates became effective.

5

15.    It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16.    Subject to Court approval, the Committee may seek to retain various professionals during the pendency of these cases.  PSZJ intends to work closely with any such professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtors' estates.

## U.S. Trustee Guidelines

17.    The Firm provides the following responses to the questions set forth in Part D of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"):

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary | No. | N/A |

6

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| billing arrangements for this engagement? | | |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | N/A | N/A |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | N/A | As Committee counsel, PSZJ anticipates that the budget for Committee professionals will be governed by the *Debtors' Motion for Entry of an Amended Interim DIP Order on Shortened Notice* [Docket No. 89], subject to any rights that the Committee may have to object if an agreement cannot be reached between the Debtors and the Committee. The Committee and its professionals reserve all rights to seek approval of Committee professional fees. |

18.    PSZJ intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in

7

connection with the Application and the interim and final fee applications to be filed by PSZJ in these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:    September 11, 2019                    */s/ Bradford J. Sandler*
                                                                        Bradford J. Sandler

8

## <u>Schedule 1</u>

**<u>Category</u>**
Debtors
Non-Debtor Affiliates
Shareholders
Directors and Officers
Former Directors and Officers
Bankruptcy Professionals
Banks/Lender/UCC Lien Parties/Administrative Agents
Insurance Providers
Landlords
Litigation Parties
Significant Contract Counterparties
Significant Vendors
Taxing Authorities
Letter of Credit Beneficiaries
Top 30 Unsecured Creditors
Unions
Utilities
Contract Counterparties
Surety Bondholders
DIP Parties
Reclamation Parties
2002 Parties

# <u>EXHIBIT B</u>

**Declaration of Committee Chair**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
John A. Morris, Esq.
Colin R. Robinson, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Maxim B. Litvak, Esq.
Shirley S. Cho, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF COMMITTEE CHAIR IN SUPPORT OF APPLICATION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG**
**ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO AUGUST 15, 2019**

RONALD M. TUCKER, as authorized representative of the Committee, declare

under penalty of perjury as follows:

1.    I, Ronald M. Tucker, am Vice President and Bankruptcy Counsel for Simon

Property Group, L.P. ("Simon").   Simon was elected Chair of the Official Committee of

Unsecured Creditors (the "Committee") appointed in the bankruptcy cases (the "Cases") of the

above-captioned debtors (collectively the "Debtors").  I am authorized to submit this declaration

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434);
BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is
575 Fifth Avenue, New York, New York 10017.

(the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to August 15, 2019* (the "Application") on behalf of the Committee.[2]

### The Committee's Selection of PSZJ as Counsel

2.      Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") is proposed to serve as counsel to the Committee.  The Committee recognizes that a review process is necessary in managing counsel to ensure that bankruptcy professionals are subject to the same scrutiny and accountability as professionals in non-bankruptcy engagements.  The review process utilized by the Committee here assessed potential committee counsel based on their expertise in the relevant legal issues and in similar proceedings.

3.      On or about August 15, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of the following seven (7) members: (i) Simon Property Group, L.P.; (ii) Flagship 660 Owner LLC & Flagship Partners II LLC; (iii) PRADA USA Corp.; (iv) New York-New Jersey Regional Joint Board, affiliated with Workers United; (v) Hilldun Corporation; (vi) Chloe, a division of Richemont North America, Inc.; and (vii) CSS Building Services.  *See Amended Appointment of Official Committee of Unsecured Creditors* [Docket No. 134].

4.      On August 15, 2019, the Committee held a meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.  The Committee believes that PSZJ's extensive experience in corporate reorganizations, both out of court and under chapter 11 of the Bankruptcy Code, makes it well qualified to represent the Committee in these Cases in an efficient and timely manner.  Thus, the Committee decided to continue to retain PSZJ as the Committee's counsel during these Cases.

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

## Rate Structure

5.      In my capacity as Committee Chair, I am responsible for supervising counsel. PSZJ has informed the Committee that its rates are consistent between bankruptcy representations, including related transactional and litigation services.  PSZJ has informed the Committee that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon.  The Firm does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas.  The Firm therefore does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for the Committee's engagement of PSZJ.

## Cost Supervision

6.      The Committee will approve any prospective budget and staffing plan that may be filed by PSZJ prior to it being filed, recognizing that, in the course of large chapter 11 cases like these Cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Committee and PSZJ.  We further recognize that it is the Committee's responsibility to closely monitor the billing practices of their professionals to ensure the fees and expenses paid by the estates remain consistent with the Committee's expectations and the exigencies of the Cases.  The Committee will review the invoices that PSZJ regularly submits, and, together with PSZJ, periodically amend any budget and staffing plans, as the case develops.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Date: September 10, 2019

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BARNEYS NEW YORK, INC.,** *et al.*

Simon Property Group, L.P.
By: Ronald M. Tucker

Solely in its capacity as Chair of the Official Committee of Unsecured Creditors of Barneys New York, Inc., *et al.*, and not in any other capacity

# EXHIBIT C

**Proposed Order**

DOCS_NY:39556.4 07982/002

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

---

### ORDER AUTHORIZING AND APPROVING
### THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES
### LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
### CREDITORS OF THE DEBTORS *NUNC PRO TUNC* TO AUGUST 15, 2019

Upon consideration of the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to August 15, 2019* (the "Application"),[2] pursuant to sections 328(a) and 1103(a) Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel for the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases; and upon consideration of the declarations of Bradford J. Sandler and the Committee Chair in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

<strong>IT IS HEREBY ORDERED THAT</strong>:

1.      The Application is **GRANTED**.

2.      The Committee is authorized to retain and employ PSZJ as counsel to the Committee *nunc pro tunc* to August 15, 2019.   Subject to Court approval, PSZJ may be compensated for services rendered and reimbursed for expenses incurred beginning on August 15, 2019.

3.      PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4.      The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these chapter 11 cases.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DOCS_NY:39556.4 07982/002

Dated: _____, 2019

_____

THE HONORABLE CECELIA G. MORRIS
CHIEF U.S. BANKRUPTCY JUDGE

DOCS_NY:39556.4 07982/002