Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*admitted pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF DEADLINE REQUIRING**
**SUBMISSION OF PROOFS OF CLAIM ON OR BEFORE**
**OCTOBER 17, 2019, AND RELATED PROCEDURES FOR SUBMITTING**
**PROOFS OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **11:59 p.m., prevailing Eastern Time, on the date that is twenty-eight days following date of this Bar Date Notice, *i.e.*, October 17, 2019** (the "General Claims Bar Date")[2], as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the Bar Dates or other claim submission requirements, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **August 6, 2019** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4] In addition, governmental units have until **11:59 p.m., prevailing Eastern Time, on the date that is 180 days following the Petition Date (*i.e.*, Monday, February 3, 2020)** to submit Proofs of Claim.

**A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

### Debtors in the Chapter 11 Cases

| Debtor Name | Tax Identification Number | Case Number |
|---|---|---|
| Barneys New York, Inc. | 13-4041818 | 19-36300 |
| Barney's Inc. | 13-4942980 | 19-36299 |
| BNY Catering, Inc. | 47-5494434 | 19-36301 |
| BNY Licensing Corp. | 22-3024177 | 19-36302 |
| Barneys Asia Co. LLC | 13-4040819 | 19-36303 |

### Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to be eligible to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims (and/or you are not one of the persons or entities) described under the heading "Who Need Not Submit a Proof of Claim" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Further, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3] Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4] "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

2

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**What To Submit**

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form also sets forth the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Stretto[5] (the "Notice and Claims Agent"), by calling (855) 202-8711 for callers in the United States or by calling (949) 346-3310 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://case.stretto.com/barneys.

The following procedures for the submission of Proofs of Claim against the Debtors in the chapter 11 cases shall apply:

a)   Each Proof of Claim must: (i) be written in English; (ii) be legible; (iii) include a Claim amount denominated in United States dollars; (iv) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) except for any Master Proof of Claim (as defined in the Bar Date Order) and/or Proof of Claim filed by any of the Prepetition Secured Parties (as defined in the Second Interim DIP Order (as defined below)), include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

b)   In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims.

---

[5]   Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

c)    Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim (i) a copy of their Proof of Claim and (ii) a self-addressed, stamped envelope.

d)    Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted. A Proof of Claim submitted under Case No. 19-36300 or that does not identify a Debtor will be deemed as submitted only against Barneys New York, Inc.. A Proof of Claim that names a subsidiary Debtor but is submitted under the Case No. 19-36300 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists. Notwithstanding anything to the contrary in this paragraph, any Master Proof of Claim, any other Proof of Claim and/or request for payment of an administrative expense that may be filed by any of the Prepetition Secured Parties shall be filed only in the Debtors' lead chapter 11 case, Case No. 19-36300, and only against Debtor Barneys New York, Inc., and such Master Proof of Claim, other Proof of Claim and/or request for payment of an administrative expense shall be deemed a valid, timely and properly filed Master Proof of Claim, Proof of Claim and/or request for payment of an administrative expense by each of the Prepetition Secured Parties against each applicable Debtor in these chapter 11 cases and/or in any Successor Case (as defined in the Second Interim DIP Order).

e)    If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Debtor (unless otherwise set forth in the Bar Date Order). Except for any Master Proof of Claim and/or any other Proof of Claim that may be filed by any of the Prepetition Secured Parties, to the extent more than one Debtor is listed on the Proof of Claim, such Claim will be treated as if submitted only against the first-listed Debtor.

### When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by either: (i) electronically using the interface available on the Notice and Claims Agent's website at http://case.stretto.com/barneys or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Barneys Claims Processing Center, c/o Stretto, 8269 East 23rd Avenue, Suite 275, Denver, Colorado 80238.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

### Who Need Not Submit a Proof of Claim

You do not need to submit a Proof of Claim on or prior to a Bar Date if you are:

a)    any person or entity that has already submitted a Proof of Claim against the Debtors with the Clerk of this Court or the Debtors' Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410;

b)    any person or entity whose Claim is listed on the Schedules filed by the Debtors, *provided* that (i) the Claim is **not** scheduled as "disputed,"

4

"contingent," or "unliquidated," (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules, and (iii) the claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

c) the Prepetition Secured Parties, the DIP Agent and/or the DIP Lenders; *provided* that any requirement that such parties file a Proof of Claim shall be governed by the *Second Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing the Debtors and Debtors in Possession to Obtain Post-petition Financing, (II) Granting Liens and Super-Priority Claims, (III) Authorizing Payment of Prepetition Secured Obligations, (IV) Granting Adequate Protection to Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 127] (the "Second Interim DIP Order") and/or any final order regarding the use of cash collateral or the approval of postpetition financing, and nothing in the proposed bar date order will modify, amend, or supersede the Second Interim DIP Order and/or any final order regarding the use of cash collateral or the approval of postpetition financing;[6]

d) any holder of a Claim previously allowed by order of this Court;

e) any holder of a Claim that has already been paid in full;

f) any holder of a Claim for which a specific deadline has previously been fixed by this Court or otherwise is fixed pursuant to the Bar Date Order;

g) any Debtor having a Claim against another Debtor or any of the non-debtor subsidiaries (whether direct or indirect) having a Claim against any of the Debtors;

h) any holder of an equity interest in the Debtors with respect to the ownership of such equity interest, *provided*, *however*, that any holder of an equity interest who wishes to assert a Claim against the Debtors, including a Claim relating to such equity interest or the purchase or sale of such interest, must file a Proof of Claim asserting such Claim on or prior to the General Claims Bar Date pursuant to procedures set forth herein;

i) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense incurred in the ordinary course, *provided*, *however*, that any person or entity asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such Claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

j) any current employee of the Debtors on account of any Claim the Court has authorized the Debtors to honor in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current or former employee

---

[6] Capitalized terms used in this paragraph shall have the meanings set forth in the Second Interim DIP Order.

5

    must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims, if any, for wrongful termination, discrimination, harassment, hostile work environment, and retaliation, Claims covered by the Debtors' workers' compensation insurance, claims arising under the WARN Act (or any similar state law worker notification statute);

k) any current officer or director for indemnification, contribution, or reimbursement;

l) any present or former employees of a Debtor whose employment is or was, as applicable, subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, spouses and beneficiaries of such employees) or any labor union representing such employees (collectively, "CBA Parties") with respect to prepetition claims based solely on the payment of wages, salaries, employee medical benefits, insurance benefits, or other benefits the Court has authorized the Debtors to honor in the ordinary course of business. CBA Parties need not submit Claims for such amounts unless the Debtors have provided written notice to certain CBA Parties and their unions, where applicable, that the Debtors do not intend to pay such Claims with respect to those certain CBA Parties, in which case those CBA Parties will have until the later of (i) the General Claims Bar Date and (ii) thirty-five days after the date of written notice to submit Proofs of Claim. Notwithstanding the foregoing, employees (present or former) or the labor unions must submit claims relating to grievances prior to the General Claims Bar Date to the extent the grounds for such grievances arose on or before the Petition Date; *provided* that labor unions may submit a claim itemizing such grievances on behalf of their respective members; and

m) any person or entity holding a Claim solely against the Debtors' non-debtor affiliates.

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THIS COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

    Except for those holders of the Claims listed above or in the Bar Date Order that are specifically excluded from filing a Proof of Claim, if you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, twenty-eight days after the date of entry of such order, (the "Rejection Bar Date"). The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

**Supplemental Bar Date**

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders (unless specifically excluded from filing a Proof of Claim) shall be afforded until the later of (a) the applicable General Claims Bar Date or the Governmental Bar Date, and (b) thirty-five days after the date on which such notice is given of such amendment or supplement to the Schedules, to submit a Proof of Claim or be forever barred from doing so.

**The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling (855) 202-8711 for callers in the United States or by calling (946) 346-3310 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://case.stretto.com/barneys or (b) for inspection on this Court's website at http://ecf.nysb.uscourts.gov. A login and password to this Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601-3315.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and classification of your Claim(s). If the Debtors believe that you hold Claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your Claim listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules; however, you may rely on the enclosed Proof of Claim form, which lists your Claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the Claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Reservation of Rights**

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Consequences of Failure To Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A PARTY EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**BY ORDER OF THE COURT**

Dated:  September 19, 2019
New York, New York

*/s/ Joshua A. Sussberg, P.C.*
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Proposed Co-Counsel for the Debtors and Debtors in Possession*