**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>Barneys New York, Inc.<br><br>　　　　　　　　　Debtor. | Chapter 11<br>Case No. 19-36300(cgm) |
| Montalbano Properties, Inc. d/b/a Peter's Fruit Co.,<br><br>　　　　　　　　　Plaintiff<br><br>　-against-<br><br>Barneys New York, Inc.,<br><br>　　　　　　　　　Defendant. | Adversary Proceeding No.:<br><br>**COMPLAINT IN AN ADVERSARY PROCEEDING** |

　　　　MONTALBANO PROPERTIES, INC. d/b/a PETER'S FRUIT CO. ("PETER'S FRUIT") as and for its complaint against the Debtor, alleges:

　　　　1.　　Plaintiff, PETER'S FRUIT is a New York corporation with its principal place of business at 52 Old Dock Road, Yaphank, New York, and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce.

　　　　2.　　Debtor, BARNEYS NEW YORK INC.("Barneys"), upon information and belief, is a New York corporation, which was a licensed dealer in perishable agricultural commodities, or, in the alternative, purchased produce in the aggregate sum of $230,000.00 annually or purchased 2000 pounds of perishable agricultural commodities on any one day and is subject to the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499 et seq. and purchased produce from PETER'S FRUIT.

1

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§157 and 1334 and Section 5(c)(4) of the Perishable Agricultural Commodities Act of 1930 as amended, 7 U.S.C.§499(c)(4) ("PACA"). This is a "core proceeding" pursuant to 28 U.S.C. §§157(b)(2)(A), (E), (F) and (O).

4. This is an adversary proceeding in which plaintiff seeks a determination that its PACA claims shall be paid in full.

5. The PACA imposed a fiduciary duty upon the defendant to pay the unpaid balance of the produce within ten (10) days from the date of delivery and not to otherwise dissipate or divert trust assets.

6. The plaintiff at the defendant's special instance and request, sold and delivered perishable agricultural commodities to the defendant at the agreed price and reasonable value of $21,356.82 and preserved its interest in and to the PACA trust. Copies of the invoices for the sales to the defendant are annexed hereto and made a part hereof, as Exhibit "A".

**FIRST CAUSE OF ACTION**
**(Failure to Maintain Statutory Trust)**

7. The plaintiff repeats and reallege the allegations set forth in paragraphs "1" through "6" as if fully set forth at length herein.

8. Plaintiff has, at all relevant times, engaged in the business of selling and/or shipping perishable agricultural commodities as defined by the PACA.

9. At all times relevant herein, defendant was engaged in the business of buying perishable agricultural commodities as a dealer and/or in the aggregate of $230,000.00 per annum or purchased 2000 pounds of perishable agricultural commodities on any one

2

day and is subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture pursuant to the PACA.

10.    The defendant has failed and refused and continues to fail and refuse to pay the balance of sums due and owing to the plaintiff for the transactions at issue herein, or any portion thereof, in the sum of TWENTY ONE THOUSAND THREE HUNDRED FIFTY-SIX and 82/100 ($21,356.82) DOLLARS.

11.    Pursuant to the statutory trust provision of the PACA, plaintiff has performed and fulfilled all duties required to preserve its trust benefits for the sums due from defendant for produce sold and shipped, in the sum of TWENTY ONE THOUSAND THREE HUNDRED FIFTY-SIX and 82/100 ($21,356.82) DOLLARS.

12.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon acceptance of plaintiff's produce by defendant, plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of defendant's perishable agricultural commodities, all inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products derived therefrom ("PACA Trust").

13.    In compliance with current statutory requirements, plaintiff preserved its status as beneficiary of the statutory trust and therefore remains a beneficiary until full payment is made for the perishable agricultural commodities.

14.    The PACA Trust requires the defendant to hold and preserve such good, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to plaintiff for the produce sold by plaintiff to defendant. Upon information and belief, plaintiff alleges that defendant has failed to maintain the trust assets and keep

3

them available to satisfy its obligations to plaintiff in that defendant is now insolvent, all in violation of the provisions of the PACA [7 U.S.C. §499(b)(4)] and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46.

15.   As a direct and proximate result of the wrongful acts and omissions of defendant, plaintiff has suffered losses in the amount of TWENTY ONE THOUSAND THREE HUNDRED FIFTY-SIX and 82/100 ($21,356.82) DOLLARS, all of which qualifies for protection under the PACA trust.

## SECOND CAUSE OF ACTION
### (Declaratory Relief)

16.   The plaintiff repeats and reallege the allegations set forth in paragraphs "1" through "15" as if fully set forth at length herein.

17.   The PACA trust requires the defendant to preserve the trust assets for the benefit of plaintiff until plaintiff is fully paid, which the defendant has failed or otherwise refused to do.

18.   Plaintiff seeks an order of this Court declaring that its PACA trust claim is superior to and have priority as against any and all claims against the accounts receivable, inventory, equipment and proceeds of defendant, to the extent such receivables, inventory, equipment and proceeds constitute the corpus of the PACA trust funds to which plaintiff is the beneficiary. Any perfected security interest which any third party might have in defendant's accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, in order to satisfy payments to PACA trust beneficiaries such as plaintiff.

19. Pursuant to 7 U.S.C. §499(e)(c)(4), the Federal Courts have exclusive jurisdiction of controversies arising under 7 U.S.C. §499(e)(c).

20. Plaintiff seeks a declaratory judgment from this Court establishing: (i) that the trust funds never became property of defendant or property of the estate in bankruptcy of said defendants under 11 U.S.C. §541(c); (ii) that plaintiff's trust claim under the PACA is superior to and takes priority over defendant's secured and unsecured claims, if any, to defendant's accounts receivable, inventory and the proceeds thereof; and (iii) that only funds in excess of the trust funds necessary to pay the trust claim is property of defendant or the estate of defendant; and (iv) that this Court has the jurisdiction to adjudicate the rights of the plaintiff under PACA.

### THIRD CAUSE OF ACTION
### (Failure to Account and Pay Trust Funds)

21. The plaintiff repeats and reallege the allegations set forth in paragraphs "1" through "20" as if fully set forth at length herein.

22. The defendant has failed and refused and continues to fail and refuse to pay plaintiff from the mandatory statutory trust fund, those sums which are owed to plaintiff for the commodities received by defendant from plaintiff.

23. The defendant's failure to make such payments to plaintiff from the trust to be maintained by the defendant is in violation of the PACA and the PACA regulations and is therefore unlawful conduct (7 U.S.C. §499b(4)).

24. As a proximate cause and result of the wrongful acts and omissions of the defendant as alleged above, plaintiff has suffered the loss of PACA trust funds in the amount of TWENTY ONE THOUSAND THREE HUNDRED FIFTY-SIX and 82/100

($21,356.82) DOLLARS, all of which qualifies for protection under the PACA trust, and all of which amounts are due and owing to plaintiff and wrongfully withheld from plaintiff or wrongfully diverted by defendant.

### FOURTH CAUSE OF ACTION
### (For Injunctive Relief to Compel the Setting Aside of
### All Amounts Subject to the PACA Trust)

25.    The plaintiff repeats and reallege the allegations set forth in paragraphs "1" through "24" as if fully set forth at length herein.

26.    Based upon the conduct of defendant as described above, plaintiff is entitled to a full and immediate accounting of all amounts and property subject to the trust of which it is beneficiary.

27.    The assets which comprise the PACA trust are not property of defendant's bankruptcy estate. As such, defendant should be ordered to immediately set aside for the benefit of the plaintiff all monies which comprise the PACA trust as set froth above (11 U.S.C. §541). Plaintiff claims equitable title (to the extent the amounts claimed belong to the PACA trust) to any proceeds resulting from the sale of perishable agricultural commodities or products thereof, as defined by the PACA and PACA trust regulations, which are presently in the hands of defendant and/or which are represented by defendant's accounts receivable, cash or inventory on hand or other similar assets.

28.    Plaintiff requests a preliminary and permanent injunction. In the absence of such injunctive relief, any PACA trust assets held by defendant of which plaintiff is beneficiary, will be dissipated by defendant. Plaintiff has no adequate remedy at law to protect them from such dissipation. Accordingly, plaintiff requests this Court to enter an

order granting such preliminary and permanent injunctive relief against defendant.

**WHEREFORE,** plaintiff prays for judgment against defendants as follows:

A. Finding that the assets which comprise the PACA trust established in favor of plaintiff are not property of the defendant's bankruptcy estate pursuant to §541 of the Bankruptcy Code, that plaintiff's trust claim under the PACA is superior to and takes priority over the defendant's secured and unsecured claims, if any, against defendant's accounts receivable, cash or inventory on hand and the proceeds thereof, and that only those funds in excess of the trust funds necessary to pay the PACA trust claim is property of defendant's estate;

B. Enjoining defendant from continuing to violate the PACA and PACA trust regulations;

C. Ordering defendant to immediately account for and segregate from the bankruptcy estate all of the PACA trust assets in the amount of plaintiff's claim, totaling the amount of TWENTY ONE THOUSAND THREE HUNDRED FIFTY-SIX and 82/100 ($21,356.82) DOLLARS, including all perishable agricultural commodities, all inventories of food or other products from the sale of such commodities or products in their possession, custody or control, and to maintain such trust assets in a manner in which they are freely available to satisfy defendant's obligations to pay plaintiff all amounts properly due and owing, together with interest (as allowed by law and ordered by this Court) until such time as plaintiff receives full payment from defendant;

D. Ordering defendant to pay to plaintiff all monies due and owing in the total amount of TWENTY ONE THOUSAND THREE HUNDRED FIFTY-SIX and 82/100 ($21,356.82) DOLLARS.

E. Granting plaintiff its reasonable fees and costs, including attorneys' fees incurred in this action, and that such fees be granted priority and trust protection;

F. Awarding plaintiff pre-judgment interest on all amounts awarded by the Court, as allowed by law;

G. Granting plaintiff such other and further relief as the Court deems just and proper, at law or in equity.

Dated: Westbury, New York
October 10, 2019

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
HOWARD ROSENBERG
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\General\Peter's Fruit (Montalbano)\v. Barneys NY Y19-45\Complaint.Adversary.wpd