**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THIRD AMENDMENT TO FINAL
ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 507 AND FED. R.
BANKR. P. 2002, 4001 AND 9014 (I) AUTHORIZING DEBTORS AND DEBTORS IN
POSSESSION TO OBTAIN POST-PETITION FINANCING, (II) GRANTING LIENS AND
SUPER-PRIORITY CLAIMS, (III) AUTHORIZING PAYMENT OF PREPETITION SECURED
OBLIGATIONS, (IV) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED
PARTIES, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL
HEARING, AND (VII) GRANTING RELATED RELIEF**

The Final DIP Order[2] is hereby further amended as follows:

1. Paragraph 65 of the Final DIP Order shall be amended to add the following subpart (*m*):

(*m*) the failure of the Debtors to execute and deliver a binding stalking horse asset purchase agreement, accompanied by no less than a five percent (5%) deposit (refundable only under circumstances customary and market for stalking horse agreements), that provides for payment in full in cash of all DIP Obligations, including, for the avoidance of doubt, the Original Exit Fee, the Additional Facility Fee, the Additional Exit Fee and all principal, interest, fees, expenses, and other amounts described in the DIP Credit Agreement and all other DIP Financing Agreements (but such agreement need not provide for payment of the Consent Fee (as defined below) and the Enhancement Fee to satisfy this milestone), on or before October 15, 2019 at 9:00 a.m. prevailing eastern time, as may be extended by the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] The Final DIP Order, as amended from time to time, refers to the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors and Debtors in Possession to Obtain Post-Petition Financing, (II) Granting Liens and Super-Priority Claims, (III) Authorizing Payment of Prepetition Secured Obligations, (IV) Granting Adequate Protection to Prepetition Secured Parties, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 222]. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Final DIP Order.

DIP Parties in their sole discretion in consultation with the Debtors and the Committee (the "**October 15 Milestone**").

2. Paragraph 66(e) of the Final DIP Order shall be amended as follows:

… (b) the failure of any Loan Party to comply with the ~~**September 25 Milestone**~~ **October 15 Milestone** or the October 24, 2019 Milestone under Section 14(h)(6), ~~**or (c) the failure of any Loan Party to obtain, on or before September 25, 2019 at 11:59 p.m. prevailing eastern time, approval of the DIP Agent or DIP Lenders of a revised budget as provided in Schedule 13(c) of the DIP Credit Agreement, or, as a consequence of such failure, the failure or inability of any Loan Party to comply with Section 14(g) of the DIP Credit Agreement,**~~ each Loan Party shall assist the Agent in effecting a sale or other disposition of the Collateral upon such terms as are designed to maximize the proceeds obtainable from such sale or other disposition, and the Loan Parties shall immediately commence all liquidation processes in the manner contemplated by the Store Closure Motion. ~~**; provided that, solely with respect to the September 25 Milestone or subclause (c) above, such obligations to assist with the disposition of the Collateral (x) shall arise automatically without the need for service of any DIP Remedies Notice and (y) shall not arise until October 3, 2019 at 5:00 p.m. prevailing eastern time; provided, further that the DIP Parties, in their reasonable discretion and in consultation with the Debtors and the Committee, may further extend the October 11th 3rd deadline set forth in the preceding paragraph proviso.**~~ **(revisions emphasized)**

3. A new **Section T** shall be added to the Final DIP Order as follows:

**T.    Rent Deferral and Milestone Extension**

96. Flagship Partners, LLC and Flagship Partners II, LLC, landlords for the Debtors' stores located, respectively, at 660 Madison Avenue, New York, New York and 9570-9684 Wilshire Boulevard, Beverly Hills, California (the "**Landlords**" and the "**Leases**"), shall defer payment of all rent pursuant to the Leases until the October 15 Milestone; *provided*, that if the Debtors satisfy the October 15 Milestone, such deferral shall automatically be extended until the earlier of (a) the closing date of any asset purchase agreement for the sale of substantially all of the Debtors' assets, or (b) the commencement of liquidation processes pursuant to Paragraph 66(e) of the Final DIP Order or otherwise (all such deferred rent, the "**Deferred Rent**"); *provided*, *further*, that any portion of the Landlords' October rent under the Leases that is not Deferred Rent as a result of subpart

(b) in the foregoing proviso shall, to the extent the Debtors or any purchaser of their assets continues to occupy and use the stores under the Leases and have not paid such non-Deferred Rent to the Landlords for such period, be senior to all DIP Obligations. The Deferred Rent shall remain an obligation of the Debtors, and shall be subordinated in priority to payment of outstanding principal and interest under the DIP Credit Agreement, but shall be senior in priority to the Original Exit Fee, the Additional Facility Fee, the Additional Exit Fee, the Consent Fee (as defined below), and the Enhancement Fee.

97. On October 11, 2019, the Debtors shall make a prepayment, to the DIP Parties, of outstanding principal in an amount equal to the amount of the rent, totaling approximately $4,022,000, that would have been payable to the Landlords but for the deferral of rent pursuant to Paragraph 96 hereunder. Upon such prepayment, the Additional Liquidity Credit (as defined in the DIP Credit Agreement) for each Friday of each week shall be reduced by the amount of the prepayment.

98. The DIP Lenders shall be entitled to a consent fee (the "**Consent Fee**") equal to two percent (2%) of the outstanding principal balance under the DIP Credit Agreement as of October 3, 2019. The Consent Fee shall be earned immediately, shall constitute a DIP Obligation, and shall be due and payable upon the closing date of an asset purchase agreement or, if no such closing occurs on or before the milestone deadline under Section 14(h)(8) of the DIP Credit Agreement, the Maturity Date, *provided*, that there shall be no right to credit bid the amount of the Consent Fee.

99. All Events of Default and DIP Order Events of Default that have occurred and are in existence as of October 10, 2019 (including the DIP Order Events of Default described in Paragraph 66(e) clause (c) or relating to the September 25 Milestone) shall be

deemed satisfied or irrevocably waived by the DIP Parties, without waiver of any Events of Default or DIP Order Events of Default that occur after October 10, 2019; *provided* that the Debtors shall, on or before October 15, 2019, deliver to the DIP Parties a revised Budget that, based upon the Debtors' recent financial performance, shall not result in an immediate inability to comply with Section 14(g) of the DIP Credit Agreement, and that is otherwise in form and substance mutually acceptable to the Debtors and the DIP Agent.

4.    All other terms of the Final DIP Order remain unchanged.

5.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of the Final DIP Order and this Third Order Amending Final DIP Order.



**Dated: October 11, 2019**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**