Richard A. Robinson
J. Cory Falgowski (admitted *pro hac vice*)
**BURR & FORMAN LLP**
1201 N. Market Street
Suite 1407
Wilmington, DE 19801
Telephone:    (302) 830-2312
Facsimile:    (302) 830-2301

*Counsel for Comenity Capital Bank*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| Debtors. | ) (Jointly Administered) |

**COMENITY CAPITAL BANK'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' SALE OF ASSETS [Dkt. No. 356]**

Comenity Capital Bank ("Comenity"), by and through its undersigned counsel, hereby submits its limited objection and reservation of rights (this "Limited Objection") with respect to the Debtors' proposed sale of certain of its assets, as set forth in the *Notice of Entry into Stalking Horse Purchase Agreement and Related Deadlines under the Bidding Procedures* (the "Stalking Horse Notice"), at 174 [Dkt. No. 356], and Exhibit A thereto (the "Stalking Horse Purchase Agreement"). For its Limited Objection, Comenity states as follows:

1.    Comenity does not object to the Debtors seeking to sell their assets in general. Comenity does object, however, to the Stalking Horse Purchase Agreement to the extent that it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. ("Barneys") (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).

42270547 v6

seeks to expand Comenity's contractual obligations to honor purchases beyond the limitations of the Program Agreement (as defined herein). Accordingly, Comenity requests that the Stalking Horse Purchase Agreement be modified to avoid prejudice to Comenity.

## RELEVANT BACKGROUND

2. Prior to the commencement of the above-captioned bankruptcy, Comenity and Barneys executed that certain Credit Card Program Agreement dated March 8, 2013, as amended (the "Program Agreement").[2] In accordance with the Program Agreement, Comenity has operated a private label credit card program with Barneys, involving, among other things, the issuance of private label credit cards to qualified customers of Barneys (the "Barneys Credit Card Program").

3. The Program Agreement grants Comenity rights in certain of the Debtors' intellectual property, including, but not limited to, certain trademarks, for the purposes of Comenity carrying out its rights and obligations under the Program Agreement (all intellectual property of the Debtors in which Comenity has rights and/or interests is referred to herein as the "Marks").

4. The Court previously entered the *Final Order (I) Authorizing the Debtors to Maintain and Administer their Existing Customer Programs and Honor Certain Prepetition Obligations Related thereto and (II) Granting Related Relief* [Dkt. No. 212] (the "Customer Program Order"). The Customer Program Order authorized the Debtors to continue the "Customer Programs," including Comenity's private label credit cards (the "Barneys Credit Card").

---

[2] The Program Agreement (with related information, the "Confidential Information") is confidential by its terms and contains confidential commercial information subject to protections in accordance with 11 U.S.C. § 107(b). The Program Agreement includes highly confidential economic terms, pricing, financial covenants, incentives and other sensitive information. In order to maintain the confidentiality of the Program Agreement and any Confidential Information, this Objection avoids, where possible, specifically describing the confidential terms of the Program Agreement, and Comenity reserves all rights with respect to the confidentiality of the Program Agreement and any Confidential Information.

5.      On October 16, 2019, the Debtors filed the Stalking Horse Notice, which included the Stalking Horse Purchase Agreement, specifying, without limitation, the terms and conditions under which ABG-Barneys, LLC and B. Riley Financial, Inc. (together, the "Stalking Horse Purchaser") agreed to purchase substantially all of the Debtors' assets.

## LIMITED OBJECTION

6.      Comenity objects to the Stalking Horse Notice to the extent it permits the use of the Barneys Credit Card for purchases outside of the scope authorized in the Program Agreement.

### Sale of Merchandise, Furnishings, Equipment, and Additional Agent Goods

7.      The Stalking Horse Purchase Agreement provides that "[t]he Debtors shall enter into an Agency Agreement pursuant to which B. Riley and/or Great American [Group, LLC ("Great American")] may undertake store closings and monetize inventory and other Acquired Assets[.]" Stalking Horse Purchase Agreement, at 3. The referenced agreement (the "Agency Agreement") is attached to the Stalking Horse Purchase Agreement and provides that "Agent shall sell all Furnishings and Equipment at the Closing Stores, the Distribution Centers, and the corporate offices (collectively, "Designated F&E")," Ex. E to the Stalking Horse Purchase Agreement, at 7, and that "Agent shall have the right to supplement the Merchandise in the Sale with additional goods procured by Agent which are of like kind, and no lesser quality to the Merchandise in the Sale ('Additional Agent Goods')." *Id.* at 11. The Agency Agreement states further that "[a]ll sales will be made only for cash, nationally recognized bank debit and credit cards, or Gift Certificates." *Id.* at 8–9. Comenity considers "nationally recognized bank debit and credit cards" to refer to credit cards that are commonly accepted by the majority of merchants throughout the United States. Comenity does not consider the Barneys Credit Card to fall within this scope, given the extremely limited approved use of the Barneys Credit Card at Barneys'

retailers and websites, and for the purchase of goods and services offered through Barneys' catalogs.

8. Even if the Barneys Credit Card were considered a nationally recognized credit card, use of the Barneys Credit Card for the purchase of Designated F&E and Additional Agent Goods would violate the terms of the Program Agreement. The Program Agreement is narrow and circumspect in what uses the Barneys Credit Card may be put to, and those uses are limited to the purchase of goods and services purchased and acquired for purpose of sale by Barneys.

9. Based upon the terms of the Agency Agreement, it does not appear that the Barneys Credit Cards may be used in connection with liquidation sales at Closing Stores. To the extent that the Debtors or purchaser are seeking authorization to use Barneys' Credit Cards in such sales, Comenity objects.

## RESERVATION OF RIGHTS

10. Comenity reserves all rights to raise additional objections to the proposed sale and any and all related matters. Comenity further reserves all rights it has under the Program Agreement, prior orders of this Court in these bankruptcy cases, and applicable law.

## CONCLUSION

**WHEREFORE,** Comenity respectfully requests that this Court enter an order:

a. Sustaining this Limited Objection;

b. Ordering the Revision of the Stalking Horse Purchase Agreement to provide that:

   i. The Barneys' Credit Cards offered by Comenity to qualifying Barneys' customers shall cease being accepted for the purchase of any Merchandise, any Additional Agent Goods, or any Designated F&E immediately following the Closing;

      ii. All of Comenity's rights, remedies, claims, defenses, and other relief arising from or related to the Program Agreement (including, but not limited to, those set forth above) are expressly preserved and reserved; and

  c. Granting such other, further, and different relief as this Court deems just and proper.

| | |
|---|---|
| Dated: October 29, 2019 | BURR & FORMAN LLP |
| | /s/ *J. Cory Falgowski*  _____ |
| | J. Cory Falgowski (No. 4546) |
| | 1201 N. Market Street, Suite 1407 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 830-2312 |
| | Email: jfalgowski@burr.com |
| | *Counsel for Comenity Bank* |

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on October 29, 2019, I electronically filed a true and correct copy of the foregoing with the Clerk of the United States Bankruptcy Court for the Southern District of New York by using the CM/ECF system and a copy of the foregoing document has been provided by electronic filing to all persons receiving notice by CM/ECF and on the parties below via electronic mail:

**Via Electronic Mail**

Barneys New York, Inc.,
575 Fifth Avenue
New York, NY 10017
Attn: Grace Fu
gfu@barneys.com

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
Kirkland & Ellis LLP,
601 Lexington Avenue
New York, NY 10022
Edward.sassower@kirkland.com
Joshua.sussberg@kirkland.com

Chad J. Husnick, P.C.
W. Benjamin Winger
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
chad.husnick@kirkland.com

Steven J. Reisman
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
sreisman@kattenlaw.com

Alicia Leonhard
United States Trustee
11A Clinton Avenue, Room 620
Albany, NY 12207
Alicia.m.leonhard@usdoj.gov

Sidney P. Levinson
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
slevinson@debevoise.com

Robert J. Feinstein
Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

           /s/ J. Cory Falgowski
           J. Cory Falgowski