Robert L. LeHane
Maeghan J. McLoughlin
Michael W. Reining
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 356** |
| | **Objection Deadline: October 30, 2019 at 8:00 a.m.** |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION
OF REGENCY CENTERS, L.P. REGARDING POTENTIAL
ASSUMPTION AND ASSIGNMENT OF LEASE**

Regency Centers, L.P. (the "Landlord"), by and through its undersigned counsel, Kelley Drye & Warren LLP, hereby submits this limited objection and reservation of rights (the "Objection") to certain terms of the asset purchase agreement (the "APA," and the transactions contemplated thereby, the "Sale Transaction") filed as an exhibit to the *Notice of Entry Into Stalking Horse Purchase Agreement and Related Deadlines Under the Bidding* Procedures (the "Stalking Horse Notice").[2] In support of this Objection, the Landlord respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of Debtors' service address is: 575 Fifth Avenue, New York, New York 10017.

[2] Docket No. 356.

**PRELIMINARY STATEMENT**

1. The APA authorizes the proposed purchaser, ABG-Barneys, LLC (the "Buyer"), or any other purchaser, to designate leases for assumption and assignment following the closing of the Sale Transaction. The Landlord has not received any evidence of adequate assurance of future performance from the Buyer. In the event that the Lease is designated for assumption and assignment, the Buyer (or any third party assignee) must provide the Landlord with adequate assurance of future performance as required by Bankruptcy Code section 365.

**BACKGROUND**

2. The Landlord is the owner, affiliate, or managing agent of the owner of the building located at 101 7th Avenue, New York, New York, where the Debtors lease retail space pursuant to a written lease (the "Lease").

3. On August 6, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtors have continued to manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On August 22, 2019, the Court entered the *Order (I) Approving the Bidding Procedures, (II) Scheduling the Bid Deadlines and the Auction, (III) Approving the Form and Manner of Notice Thereof, and (IV) Granting Related Relief* (the "Bidding Procedures Order").[3] The Bidding Procedures Order established, among other things,

---

[3]   Docket No. 156.

procedures for the assumption and assignment of unexpired leases of the Debtors, including the Lease.[4]

5. On August 29, 2019, the Debtors filed the *Notice of Cure Amounts and Potential Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* (the "Cure Notice"), listing the proposed cure amounts for the Lease and on October 24, 2019, the Landlord filed an objection (the "Cure Objection") to the Cure Notice.[5]

6. On October 16, 2019, the Debtors filed the Stalking Horse Notice, which provided notice of the APA entered into between the Debtors, the Buyer, and B. Riley Financial, Inc. Section 2.8(c) of the APA provides the Buyer with the right to designate leases for assumption and assignment or rejection following the closing of the Sale Transaction.

**ARGUMENT**

7. The Bankruptcy Code requires that a lease cannot be assigned unless the landlord is given adequate assurance of future performance under such lease. 11 U.S.C. § 365(b)(1)(C). Accordingly, in order to assume and assign the Lease to a proposed assignee, the Debtors, the Buyer, and/or any entity with the right to designate the assumption and assignment of the Lease must provide the Landlord with adequate assurance of future performance in order to comply with section 365 of the Bankruptcy Code. Such adequate assurance must contain sufficient information to allow the Landlord to assess the capability of future performance of any proposed assignee.

8. In order to determine whether the requirement of adequate assurance of future performance has been satisfied, the Landlord and its counsel must be provided, at a

---

[4] On September 3, 2019, the Debtors filed their *Notice of Filing of Revised Bidding Procedures* (Docket No. 200), which revised certain of the bidding procedures, but did not revise the assumption and assignment procedures.
[5] Docket Nos. 329, 405.

3

minimum, with adequate assurance information ("Adequate Assurance Information") containing the following:

(i) The exact name of the entity which is going to be designated as the proposed assignee of the Lease;

(ii) The proposed assignee's and/or any guarantor's audited financial statements (or un-audited, if audited financials are not available) and any supplemental schedules for the calendar or fiscal years ending 2016, 2017, and 2018;

(iii) The number of stores the proposed assignee operates and all trade names that the proposed assignee uses;

(iv) A statement setting forth the proposed assignee's intended use of the leased premises;

(v) The proposed assignee's retail experience and experience operating restaurants;

(vi) The proposed assignee's 2019 and 2020 business plans, including sales and cash flow projections;

(vii) Any financial projections, calculations, and/or financial pro-formas prepared in contemplation of purchasing the Lease; and

(viii) Evidence that the proposed assignee has obtained authorization or approval from its board of directors (of other comparable governing body).

9.  In addition to the above (i) the lease assignment must be subject to all of the provisions of the Lease, (ii) cure of defaults must include non-monetary defaults, and (iii) the order approving the assignment of the Lease (if any) must explicitly provide that either the Debtor or the proposed assignee are responsible for accrued but unbilled reconciliations and adjustments, including but not limited to, common area maintenance, real estate taxes, rent, percentage rent, and utilities.

## RESERVATION OF RIGHTS

10. The Landlord renews all of the arguments made and issues raised in the Cure Objection. The Landlord reserves its rights to amend and/or supplement the Cure Objection and/or this Objection.

## CONCLUSION

**WHEREFORE**, the Landlord reserves any and all of its rights regarding the potential assumption and assignment of its Lease, as set for herein, and requests that the Court: (i) conditions any assumption and/or assignment of the Lease on compliance with Bankruptcy Code section 365, and (ii) grants such other and further relief as the Court deems just and proper.

Dated: October 29, 2019
New York, New York

**KELLEY DRYE & WARREN LLP**

By: */s/ Robert LeHane*
Robert L. LeHane
Maeghan J. McLoughlin
Michael W. Reining
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Counsel to Regency Centers, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BARNEYS NEW YORK, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-36300 (CGM)<br><br>(Jointly Administered) |

# CERTIFICATE OF SERVICE

I, Michael W. Reining, hereby certify that on October 29, 2019, in addition to the notice and service provided through the Court's CM/ECF system, I caused to be served true and correct copies of the foregoing document upon the parties listed in the attached schedule in the manner indicated.

*/s/Michael W. Reining*
Michael W. Reining

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of Debtors' service address is: 575 Fifth Avenue, New York, New York 10017.

## SERVICE LIST

**Parties Served by Electronic Mail**

| | |
|---|---|
| Barneys New York, Inc.<br>575 Fifth Avenue<br>New York, New York 10017<br>Attn: Grace Fu<br>gfu@barneys.com | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn: Edward Sassower, P.C., and Joshua A. Sussberg, P.C.<br>edward.sassower@kirkland.com<br>joshua.sussberg@kirkland.com |
| Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Attn: Chad J. Husnick, P.C. and Benjamin Winger<br>chad.husnick@kirkland.com<br>benjamin.winger@kirkland.com | Katten Muchin Rosenman LLP<br>575 Madison Avenue<br>New York, New York 10022<br>Attn: Steven J. Reisman<br>sreisman@kattenlaw.com |
| United States Trustee<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn: Alicia Leonhard<br>alicia.m.leonhard@usdoj.gov | Pashulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn: Robert J. Feinstein, Bradford J. Sandler, John A. Morris, and Colin R. Robinson<br>Rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>jmorris@pszjlaw.com<br>crobinson@pszjlaw.com |
| Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022<br>Attn: Sidney P. Levinson and Daniel E. Stroik<br>slevinson@debevoise.com<br>destroik@debevoise.com | |