Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO PROVISIONS OF PROPOSED SALE
ORDER PURPORTING TO GRANT STANDING TO PURCHASERS TO
PURSUE AVOIDANCE ACTIONS AND GRANTING SUPERPRIORITY CLAIM**

The Official Committee of Unsecured Creditors (the "Committee") of Barneys New York, Inc., *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits this limited objection (the "Limited Objection") to the *Proposed Order Authorizing (I) Entry Into and Performance Under the Asset Purchase Agreement and Agency Agreement, (II) Sale of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 470] (the "Proposed Sale Order"),[2] to the extent that it seeks approval of provisions that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Proposed Sale Order.

DOCS_LA:325498.2 07982/002

grant standing to the Purchasers to pursue avoidance actions or provide superpriority claim status to the Agent. In support of the Limited Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. On August 9, 2019, the Debtors filed their *Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Scheduling the Bid Deadlines and the Auction, (III) Approving the Form and Manner of Notice Thereof, and (IV) Granting Related Relief* [Docket No. 91] (the "Sale Motion").

2. On October 28, 2019, the Debtors filed their *Notice of Filing of Order Authorizing (I) Entry Into and Performance Under the Asset Purchase Agreement and Agency Agreement, (II) Sale of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 470], attaching the Proposed Sale Order thereto as Exhibit A.

3. On October 30, 2019, the Committee filed its *Statement Regarding the Sale of Substantially All of the Debtors' Assets and Reservation of Rights* [Docket No. 480] (the "Statement"). This Limited Objection addresses specific objections to the Proposed Sale Order that were not previously addressed in the Statement.

4. Upon review of the Proposed Sale Order, the Committee raised with the Debtors and the Purchasers its objection to Paragraph 63 as it purports to grant standing to the Purchasers to pursue Causes of Actions, which include avoidance actions arising under chapter 5 of the United States Bankruptcy Code. In this regard, Paragraph 63 of the Proposed Sale Order provides as follows:

2

>   63. To the extent required and without further action or order of the Court, each of the Purchasers is hereby granted standing and authority (including derivative standing) to pursue the Causes of Action that vest in such Purchaser pursuant to the Agreements.

5. In addition, the Committee raised with the Debtors and the Purchasers its objection to certain provisions of Paragraph 56 as there is no legal basis for providing the Agent with a *superpriority* claim – as opposed to an administrative priority claim – for any amounts owing to the Agent in connection with the Agency Agreement. In this regard, Section 56 of the Proposed Sale Order provides as follows:

>   56. Upon the Closing and satisfaction of the conditions precedent in Section 10(b) of the Agency Agreement, until all Agency Agreement Assets have been sold or otherwise disposed of, and solely to the extent that any Agency Agreement Assets or Proceeds are, notwithstanding the provisions of this Order, subsequently determined to constitute property of the Debtors' estates, Agent shall have a *superpriority* administrative expense claim against the Debtors to the extent of any amounts owing from the Debtors to Agent in connection with the Agency Agreement until all such amounts have been indefeasibly paid in full. (Emphasis added).

6. While the Debtors agreed to eliminate the offending provisions of the Proposed Sale Order in response to the Committee's objections, the Purchasers (notwithstanding the lack of legal bases to include such provisions) refused to remove these provisions, thereby necessitating the filing of this Limited Objection.

7. The relief sought in Paragraphs 56 and 63 is objectionable, and the offending provisions should be stricken from the Proposed Sale Order. As a preliminary matter, this relief was not requested by way of the Sale Motion and is therefore inappropriate. In addition, as discussed herein, the granting of standing to the Purchasers as provided in Paragraph 63 is

3

contrary to applicable law.  Moreover, there is no statutory predicate for providing the Agent with superpriority status as provided in Paragraph 56 and this request should also be denied.

## **LIMTED OBJECTION**

8. The Committee objects to these provisions of the Proposed Sale Order on the following grounds:

9. *First*, such relief is inappropriate as it was not requested in the Sale Motion.  The Court should not grant substantive relief impacting parties' rights that has not been the subject of a noticed motion providing parties in interest an opportunity to object and be heard.  Nowhere in the Sale Motion was there a request made to grant standing to the Purchasers or superpriority status to the Agent that are now sought by way of the Proposed Sale Order.  Such requests are therefore improper and should be denied on procedural grounds.

10. *Second*, the relief sought by way of Paragraph 63 is substantively improper as it is directly contrary to applicable law which holds that purchasers of avoidance actions do *not* have standing to pursue such actions.

11. Courts have consistently denied standing to purchasers to pursue avoidance actions outside of the plan context.  In this regard, in *Fleet Nat'l Bank v. Doorcrafters (In re North Atlantic Millwork Corp.),* 155 B.R. 271 (Bankr. D. Mass. 1993), the court approved a sale of the debtor's assets under an asset purchase agreement.  The assets purchased included the avoidance actions, which were encumbered by a lien held by Fleet.  Fleet had been authorized to commence and prosecute avoidance actions for itself and on behalf of the debtor's estate.

4

Following the filing of preference complaints, one of the preference targets filed a motion to dismiss based on Fleet's lack of standing. The court granted the motion to dismiss, holding that, absent the appointment of a third party to commence a preference action pursuant to a plan under section 1123(b)(3)(B), no other statutory authority existed to enable Fleet to bring such action. In this regard, the court held as follows:

> [I]t follows that the Sale order explicitly approved what upon due consideration were inappropriate assignments of the right to bring preference claims first to [the Purchaser] and then to Fleet. Since neither the statutory scheme nor the rationale of the line of cases under section 1123(b)(3)(B) permitting appointed representatives of the estate to bring preference claims pursuant to plans of reorganization applies, the motions to dismiss are meritorious with respect to Fleet's lack of standing to prosecute preference claims. Although this Court's Sale Order expressly authorized Fleet to commence and prosecute preference claims, the Sale Order did not address, let alone purport to bar, the rights of preference defendants to contest Fleet's standing. Moreover, the Sale Order did not contain a guarantee that Fleet's prosecution of preference claims would be successful or that its security interest in the preference recoveries would have value.

*North Atlantic Millwork*, 155 B.R. at 284.

12. Likewise, in *Met-Al, Inc. v. Gabor (In re Metal Brokers Int'l, Inc.)*, 225 B.R. 920, 922-23 (Bankr. E.D. Wisc. 1998), the trustee sold the rights to preference claims. The assignee then filed a preference action against one of the targets who filed a motion to dismiss based on the assignee's lack of standing. The court dismissed the adversary proceeding, holding that the assignee did not have standing to pursue the action. Responding to the argument that the court had already effectively ruled that the assignment could be made by way of the sale order (and implicitly that it would be effective), the court distinguished its ruling allowing the transfer of the cause of action, holding that the preference target's due process rights to challenge standing could not be waived by the bankruptcy court. While the court could allow the trustee to

5

sell the litigation rights, it could not prevent the preference target from raising the assignee's lack of standing as part of its defense. The court held that it "aligns itself with the holding reached in *North Atlantic Millwork Corp*. The assignment [of the claims] was ineffective. [Purchaser] lacks standing to pursue any fraudulent conveyance and/or preference action against [the defendants]." *Id.* at 923.

13. Similarly, in *Consolidated Pet Foods, Inc. v. Millard Refrigerated Services, Inc. (In re S & D Foods, Inc.)*, 110 B.R. 34 (Bankr. D. Colo. 1990), the court approved a sale of all of the debtor's assets, including all avoidance actions under Sections 544 through 549. Preference complaints were thereafter brought by the debtor and the purchaser of the preference claims. The court dismissed the purchaser as an improper plaintiff, holding that "[c]ourts have consistently held that only the trustee, the debtor in possession or other representative of the estate under § 1123(b)(9)(B), may enforce the avoidance powers under §§ 547 and 548. It is clear beyond cavil that [the purchaser] cannot assert these avoidance actions."). *Id.* at 36. *See also Miller v. Stone (In re Waterford Funding, LLC),* 2017 Bankr. LEXIS 274 (Bankr. D. Utah Feb. 1, 2017); *Cataldi v. Olo Corp. (In re County Seat Stores, Inc.),* 2007 Bankr. LEXIS 2163. *27-28 (Bankr. N.D. Tex. 2007).

14. A grant of standing would be especially inappropriate in this case, where the Purchasers are buying the assets "as-is, where-is," with no representations or warranties, as it would provide the Purchasers with more than their bargained-for rights. *See* Asset Purchase Agreement, § 3.18.

15. *Third*, the request for superpriority status in Paragraph 56 is without a basis in law. The Purchaser has provided no basis for such relief and, in fact, there is no statutory predicate for granting the Agent a superpriority claim. The Agent would be entitled to an administrative claim for any amounts that are not paid. It is entitled to no more than the priority provided by the Bankruptcy Code. Thus, the provisions of the Proposed Sale Order that purport to grant the Agent rights to which it is not entitled should be eliminated.

16. Based on the foregoing, the Committee respectfully requests that Paragraph 63 of the Proposed Sale Order be stricken in its entirety, and that the reference to superpriority status in Paragraph 56 be eliminated.

Dated: October 30, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Official Committee of Unsecured Creditors*

DOCS_LA:325498.2 07982/002