**Hearing Date:  November 20, 2019, at 10:30 a.m. (prevailing Eastern Time)**
**Objection Deadline:  November 18, 2019, at 4:00 p.m. (prevailing Eastern Time)**

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:      (212) 940-8800
Facsimile:       (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEBTORS' MOTION TO EXTEND THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on November 5, 2019, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion to Extend the*

*Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
     number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY
     Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575
     Fifth Avenue, New York, New York 10017.

*to Section 1121 of the Bankruptcy Code*.  A hearing on the motion will be held before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 20, 2019, at 10:30 a.m. (prevailing Eastern Time)**.

 **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 207] (the "Case Management Order") approved by the Bankruptcy Court; (c) be filed electronically with the Bankruptcy Court on the docket of *In re Barneys New York, Inc.*, Case 19-30366 (CGM) by registered users of the Bankruptcy Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Bankruptcy Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **November 18, 2019, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at http://case.stretto.com/barneys) and (ii) any person or entity with a particularized interest in the subject matter of the motion.

 **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the motion, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the hearing.  The Debtors will file an agenda before the hearing, which may modify or supplement the motion to be heard at the hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Stretto at http://case.stretto.com/barneys.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated:  November 5, 2019<br>New York, New York | */s/ Joshua A. Sussberg, P.C.*<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900 |

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

**Hearing Date:  November 20, 2019, at 10:30 a.m. (prevailing Eastern Time)**
**Objection Deadline:  November 18, 2019, at 4:00 p.m. (prevailing Eastern Time)**

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:      (212) 940-8800
Facsimile:      (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION TO EXTEND THE DEBTORS' EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

Barneys New York, Inc. and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion.[2]

### **Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, extending the Debtors' exclusive right to file a chapter 11 plan by 120 days through and including April 2, 2020 (the "<u>Filing Exclusivity Period</u>"), and to solicit votes thereon by approximately 180 days through and including June 1, 2020 (the "<u>Soliciting Exclusivity Period</u>," and together with the Filing Exclusivity Period, the "<u>Exclusivity Periods</u>"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods.

### **Preliminary Statement**

2.      In three months since the Petition Date, the Debtors have secured $257 million in debtor-in-possession financing, stabilized their business operations, undertaken an extensive sale process for substantially all of their assets, and entered into a related stalking horse purchase agreement against which higher or better transaction alternatives were aggressively pursued.  On October 31, 2019, the Court approved the stalking horse purchase agreement and related transactions. On November 1, 2019, the Debtors consummated the sale transaction.  The Debtors now intend to bring these chapter 11 cases to conclusion in an orderly, efficient manner.  To that end, the Debtors request an extension of the Exclusivity Periods.

---

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed on August 6, 2019 (the "<u>Petition Date</u>").  Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

3.    The Debtors have taken a number of key steps in these chapter 11 cases, including, among other things:

- obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- closing, or have nearly completed the process of closing, 15 unprofitable store locations and otherwise stabilizing the Debtors' business operations following their transition into chapter 11;

- obtaining $257 million in debtor-in-possession financing, paid down all of of the Debtors' prepetition secured obligations, and ensuring consensual use of cash collateral to address the Debtors' liquidity needs during these chapter 11 cases and to provide access to funding to conduct a full and fair marketing process;

- preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs and established and administered the general claims bar date process;

- responding to diligence requests from the creditors committee and the Debtors' key stakeholder groups;

- marketing, negotiating, and entering into a stalking horse asset purchase agreement for the sale of substantially all of the Debtors' assets;

- addressing numerous diligence requests, questions, concerns, and issues raised by employees, vendors, customers, and other parties in interest; and

- obtaining Court approval of and consummating the stalking horse sale transaction.

4.    Despite these efforts, more work remains.  The wind-down process and transition of certain operations to the purchasers, for example, likely will continue into the first quarter of 2020.  Meanwhile, the Debtors have begun developing the terms of a chapter 11 plan that could serve as a vehicle to conclude these chapter 11 cases.  The Debtors therefore believe it is prudent to seek a 120-day extension of the filing exclusivity period.

5.    The Debtors' progress to date has been achieved in part because of the breathing room provided by the various protections under the Bankruptcy Code.  The Debtors believe that

3

maintaining their exclusive right to file and solicit votes on a plan is critical to their ability to continue and complete this process in an orderly, efficient manner.  Accordingly, the Debtors request an extension of the Exclusivity Periods to allow the Debtors to undertake a plan confirmation process without the costly disruption that would occur if competing plans were to be proposed.

### Jurisdiction and Venue

6.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 9006, and rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

9.      As of the Petition Date, the Debtors comprised a world-renowned luxury specialty retailer with twenty-two stores across the United States, including flagships in New York City and Beverly Hills, and a highly curated, shopper-friendly e-commerce platform.  Founded as a men's retailer in 1923 in downtown Manhattan, the Debtors sell the most intriguing fashion offering from the world's top designers, including women's and men's clothing, accessories, shoes, jewelry,

cosmetics, fragrances, and gifts for the home.  The Debtors reported revenues of approximately $800 million for 2018.  As of the Petition Date, the Debtors had approximately 2,300 employees and funded debt obligations of approximately $200 million.

10.     On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On November 1, 2019, the Debtors sold substantially all of their assets to ABG-Barneys, LLC and B. Riley Financial, Inc.  The Debtors are in the process of winding down their business and remaining properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On August 15, 2019 the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 131].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Basis for Relief**

11.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations that are not relevant here.  Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."  Although the term "cause" is not defined by the Bankruptcy Code, such term has been construed broadly "to allow the debtor to reach an agreement."  H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 533—34 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to afford maximum flexibility").  Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate information

concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

12.    Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g., In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986).  In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy").  In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.  *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664 (identifying the below factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended).  These factors include the following:

(a)    the size and complexity of the case;

(b)    the existence of good faith progress toward reorganization;

(c)    the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(d)     whether the debtor is paying its debts as they become due;

(e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)     whether the debtor has made progress negotiating with creditors;

(g)     the amount of time which has elapsed in the case;

(h)     whether the debtor is seeking an extension to pressure creditors; and

(i)     whether an unresolved contingency exists.

13.     Not all of these factors are relevant to every case and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity). For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231-232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

19-36300-cgm    Doc 509    Filed 11/05/19    Entered 11/05/19 19:28:32    Main Document
Pg 11 of 20

14.     Since the Petition Date, the Debtors have engaged with the creditors' committee, their lenders, potential purchasers, landlords, merchandise suppliers, unions, and additional key stakeholders in an effort to maximize the value of their assets through a competitive sale process. While the Debtors have begun a dialogue to build consensus around the Debtors' ultimate conclusion of these chapter 11 cases, discussions are still in the preliminary stages due to the prior focus on the sale process. An extension of the Exclusivity Periods will thus provide the Debtors with the necessary time and breathing space required to efficiently negotiate a plan and take the necessary steps toward concluding these chapter 11 cases.

15.     As set forth below, the Debtors submit that they satisfy the relevant factors and, thus, sufficient "cause" exists to extend the Exclusivity Periods as provided herein. There is ample precedent in this district and others for an initial extension of exclusivity as the Debtors seek here. *See*, *e.g.*, *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y., Jun. 20, 2019) [Docket No. 699] (extending the debtors' exclusive periods by 180 days); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y., Aug. 10, 2018) [Docket No. 573] (extending the debtors' exclusive periods by 41 days); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. March 8, 2018) [Docket No. 248] (extending the debtors' exclusive periods by 120 days); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. May 25, 2017) [Docket No. 673] (same); *In re Filmed Entertainment Inc.*, Case No. 15-12244 (SCC) (Bankr. S.D.N.Y. Dec. 29, 2015) [Docket No. 184] (extending the debtors' exclusive periods by 60 days).[3]

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' counsel.

I.    **The Debtors' Chapter 11 Cases Are Large and Complex.**

16.    These chapter 11 cases involve several affiliated-Debtors, which had, at the outset of these cases, over 2,300 employees across 22 flagship stores and warehouse locations, and maintained active operations in 9 states in the highly competitive retail industry.  Additionally, the Debtors had more than $200 million in funded debt obligations.

17.    Moreover, the Debtors have a wide variety of parties in interest, from landlords and trade vendors to local, state, and federal agencies—many of whom have been active in these cases. All of the Debtors' store locations, distribution centers, corporate headquarters, and other office space are leased from third-party landlords and must be assumed and assigned or rejected as part of these chapter 11 cases.  The Debtors also have a myriad of reporting obligations with respect to local, state, and federal taxing and regulatory agencies that the Debtors have continued to comply with, to the extent required by the Bankruptcy Code.

18.    Accordingly, the size and complexity of these chapter 11 cases weigh in favor of extending the Exclusivity Periods.

II.    **The Debtors Have Made Good Faith Progress in These Cases and Have Demonstrated Reasonable Prospects for Filing a Viable Plan.**

19.    During their short time in chapter 11, the Debtors have already made progress toward concluding their chapter 11 plan process, including the preparation and filing of their schedules of assets and liabilities and statements of financial affairs, the establishment of bar dates, the negotiation, marketing, and commencement of a sale of substantially all of their assets, and ongoing dialogue with the creditors' committee and other creditor constituencies regarding their winddown.  Moreover, the Debtors have negotiated, marketed, and now consummated the sale transaction.

9

20.     In the weeks ahead, the Debtors intend to build consensus with their stakeholders on the path toward concluding these chapter 11 cases in an orderly and efficient manner.  The Debtors' efforts in marketing their assets for a sale, coupled with the need to resolve the many remaining contingencies in these chapter 11 cases, all weigh in favor of a further extension of the Exclusive Periods.

## III.     The Debtors' Winddown Budget is Sufficient.

21.     Since the Petition Date, the Debtors generally paid their vendors in the ordinary course of business or as otherwise provided by orders of the Court.  Importantly, while it is unclear at this time whether the Debtors will be able to pay in full all administrative claims, the Debtors have available liquidity inside the winddown budget to facilitate bringing these chapter 11 cases to conclusion.

## IV.     Relatively Little Time Has Elapsed in These Chapter 11 Cases.

22.     This request for an extension of the Exclusivity Periods is the Debtors' first and comes approximately three months into these chapter 11 cases.  As described above, courts routinely grant a debtor's request for an initial extension.  The fact that these cases remain at a relatively early stage in the chapter 11 process and the Debtors have accomplished much in a short amount of time further supports the requested extension.

## V.     An Extension of the Exclusivity Periods Will Not Pressure or Prejudice Creditors.

23.     The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders.  On the contrary, the Debtors seek to maintain exclusivity to focus their efforts on finalizing the sale transaction and continue to work with their creditors to develop a consensual resolution to these complex chapter 11 cases.  Extending the Exclusivity Periods will benefit creditors by avoiding a drain on estate assets relating to the potential competing chapter 11 plans without any benefit associated with doing so.  All stakeholders benefit

10

from that continued stability and predictability that comes only with the Debtors being the sole plan proponent. Moreover, even if the Court approves an extension of the Exclusivity Periods, nothing prevents parties in interest from later appearing before the Court to assert that cause supports termination of the Debtors' exclusivity. Accordingly, the relief requested herein is without prejudice to the Debtors' creditors and will instead benefit the Debtors' estates, their creditors, and all other key parties in interest.

24.     Accordingly, the Debtors respectfully submit that ample cause exists to extend the Exclusivity Periods as provided herein.

## Motion Practice

25.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

26.     The Debtors have provided notice of this motion to: (a) the United States Trustee for the Southern District of New York; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP agent; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for all states in which the Debtors conduct business; (h) counsel to the Committee; (i) counsel to the Purchasers; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully requests that the Court enter the order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated:  November 5, 2019          /s/ Joshua A. Sussberg, P.C.
New York, New York               Edward O. Sassower, P.C.
                                 Joshua A. Sussberg, P.C.
                                 **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 601 Lexington Avenue
                                 New York, New York 10022
                                 Telephone:    (212) 446-4800
                                 Facsimile:    (212) 446-4900

                                 -and-

                                 Chad J. Husnick, P.C.
                                 W. Benjamin Winger (admitted *pro hac vice*)
                                 **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 300 North LaSalle Street
                                 Chicago, Illinois 60654
                                 Telephone:    (312) 862-2000
                                 Facsimile:    (312) 862-2200

                                 -and-

                                 Steven J. Reisman
                                 **KATTEN MUCHIN ROSENMAN LLP**
                                 575 Madison Avenue
                                 New York, New York 10022
                                 Telephone:    (212) 940-8800
                                 Facsimile:    (212) 940-8776

                                 *Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CMG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of this order (a) extending the Filing Exclusivity Period through and including April 2, 2020, and the Soliciting Exclusivity Period through and including June 1, 2020, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any responses or objections to the Motion that have not been previously withdrawn or otherwise resolved are hereby overruled and denied.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including April 2, 2020.

4.      Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including June 1, 2020.

5.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
Poughkeepsie, New York

                          _____
                          THE HONORABLE CECELIA G. MORRIS
                          UNITED STATES BANKRUPTCY JUDGE