Steven J. Reisman
Theresa A. Foudy
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:      (212) 940-8800
Facsimile:      (212) 940-8776

John P. Sieger (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, Illinois 60661
Telephone:      (312) 902-5455
Facsimile:      (312) 902-1061

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF
KATTEN MUCHIN ROSENMAN LLP, AS CONFLICTS COUNSEL FOR
DEBTORS, FOR THE PERIOD FROM AUGUST 6, 2019 THROUGH AND
INCLUDING SEPTEMBER 30, 2019**

In accordance with the Local Rules for the Southern District of New York, Katten Muchin Rosenman LLP ("Katten"), conflicts counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which this Summary is attached (the "Fee Application") for the period from August 6, 2019 through and including September 30, 2019 (the "Fee Period").

Katten submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, entered on September 20, 2019 [Dkt No. 272] (the "Interim Compensation Order").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

| General Information | |
|---|---|
| Name of Applicant: | Katten Muchin Rosenman LLP |
| Authorized to Provide Services to: | Barneys New York Inc., *et al.*, as Debtors and Debtors in Possession |
| Petition Date: | August 6, 2019 |
| Retention Date: | August 6, 2019 |
| Date of Order Approving Employment: | September 19, 2019 |
| **Summary of Fees and Expenses Sought in the Fee Application** | |
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | August 6, 2019 through September 30, 2019 |
| Voluntary Fee Waiver in this Fee Period: | Fees voluntarily reduced by $3,703.00[2] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $77,025.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $579.69 |
| Total Amount of Compensation and Expense Reimbursement Sought for the Fee Period: | $77,605.19 |
| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |

---

[2]    As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

| *Total Fees and Expenses Paid to Application Pursuant to Monthly Statements/Interim Compensation Order*[3] | |
|---|---|
| Total Compensation Sought and Paid Pursuant to Monthly Fee Statements and Interim Compensation Order: | $0.00 |
| Total Expenses Sought and Paid Pursuant to Monthly Fee Statements and Interim Compensation Order: | $0.00 |
| Total Compensation Held Back Pursuant to Interim Compensation Order: | $16,145.70 |
| *Blended Rates and Other Related Information for this Fee Period*[4] | |
| Blended Rate in this Application for All Attorneys: | $736.00 |
| Blended Rate in this Application for All Timekeepers: | $728.00 |
| Number of Professionals Included in the Fee Application: | 8 (7 attorneys; 1 paraprofessional) |
| Number of Attorneys in this Fee Application Not Included in Staffing Plan Discussed with Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for the Fee Period: | Fees were less than amount budgeted. |
| Number of Professionals Billing Fewer Than 15 Hours During the Fee Period: | 7 (6 attorneys; 1 paraprofessional)[5] |
| Are any rates higher than those approved or disclosed at retention? | No |

---

[3]  On October 28, 2019, Katten filed monthly fee statements for the periods of August 6 through August 31, 2019 [Dkt No. 467] and September 1 through September 30, 2019 [Dkt. No. 468] (collectively, the "Monthly Fee Statements").  In accordance with the Interim Compensation Order, parties had until November 13, 2019 to object to these Monthly Fee Statements.  No objections were filed and Katten submitted invoices to the Debtors seeking 80% of the total amount of compensation for actual and necessary legal services that Katten rendered and 100% of the actual and necessary expenses that Katten incurred in connection with such services during the Fee Period (in the aggregate amount of $65,162.49).  As of November 14, 2019, the Debtors have not paid these invoices.

[4]  The blended hourly rates detailed in this section do not reflect fees written off for time incurred by attorneys and paraprofessionals during the Fee Period.

[5]  *See* Footnote 2, *supra*.

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Monthly Fee Statements
for the Time Period of August 6, 2019 through September 30, 2019**

| Date Filed [Dkt. No.] | Period Covered | Total Compensation Incurred for Period Covered | | Total Amount Previously Requested with Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (80%) | Expenses (100%) | Fees (20%) |
| October 28, 2019 [Dkt. No. 467] | August 6, 2019 – August 31, 2019 | $ 63,494.00 | $ 12.00 | $ 50,795.20 | $ 12.00 | $ 0.00 | $ 0.00 | $ 12,698.80 |
| October 28, 2019 [Dkt. No. 468] | September 1, 2019 – September 30, 2019 | 17,234.50 | 567.69 | 13,787.60 | 567.69 | 0.00 | 0.00 | 3,446.90 |
| **Total for First Interim Fee Application[1]** | **August 6, 2019 – September 30, 2019** | **$ 80,728.50** | **$ 579.69** | **$ 64,582.80** | **$ 579.69** | **$ 0.00** | **$ 0.00** | **$ 16,145.70** |

---

[1]   The summary of Monthly Fee Statements detailed in this section does not reflect fees written off for time incurred by attorneys and paraprofessionals during the Fee Period (in the aggregate amount of $3,703).

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Attorney Timekeepers**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Attorney | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Steven J. Reisman | Partner | 1991 | Restructuring | $ 1,220 | 10.60 | $ 12,932.00 |
| Theresa A. Foudy | Partner | 1994 | Restructuring | 1,050 | 9.10 | 9,555.00 |
| John P. Sieger | Partner | 1997 | Restructuring | 975 | 12.70 | 12,382.50 |
| Geoffrey King[1] | Partner | 2009 | Restructuring | 895 | 1.80 | 1,611.00 |
| Allison Arotsky[1] | Associate | 2012 | Restructuring | 730 | 2.40 | 1,752.00 |
| Lindsay C. Lersner | Associate | 2018 | Restructuring | 605 | 61.20 | 37,026.00 |
| Grace A. Thompson | Associate | 2019 | Restructuring | 450 | 11.40 | 5,130.00 |
| **Totals for Attorneys** | | | | | **109.20** | **$ 80,388.50** |
| **Minus Voluntary Discount for De Minimis Time[1]** | | | | | | **$ (3,363)** |
| **Grand Total for Attorneys** | | | | | | **$ 77,025.50** |

---

[1]  As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Paraprofessional Timekeepers**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Paraprofessional | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Marie Siena | Paralegal | 12 | Restructuring | 200 | 1.70 | $ 340.00 |
| **Totals for Paraprofessionals** | | | | | **1.70** | **$ 340.00** |
| **Minus Voluntary Discount for De Minimis Time[1]** | | | | | | **$ (340.00)** |
| **Grand Total for Paraprofessionals** | | | | | | **$ 0.00** |

---

[1]   As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**<u>Blended Hourly Rates for the Time Period of August 6, 2019 through September 30, 2019</u>**

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners (4) | $        1,066.68 | 34.20 | $        36,480.50 |
| Associates (3) | 585.44 | 75.00 | 43,908.00 |
| Paraprofessionals (1) | 200.00 | 1.70 | 340.00 |
| Blended Attorney Rate | 736.16 | 109.20 | 80,388.50 |
| Blended Timekeepers Rate | 727.94 | 110.90 | 80,728.50 |
| **Total**[1] | | **110.90** | **$        80,728.50** |

---

1    The blended hourly rates detailed in this section do not reflect fees written off for time incurred by attorneys and paraprofessionals during the Fee Period.

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Fees and Expenses**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Matter Number | Matter Description | Hours | Fees Requested | Expenses Requested | Total Fees and Expenses Requested |
|---|---|---|---|---|---|
| 1 | General Administration | 12.40 | $ 8,235.50 | $ 0.00 | $ 8,235.50 |
| 2 | Retention and Fee Applications | 56.30 | 38,549.50 | 0.00 | 38,549.50 |
| 19 | Hearings | 28.40 | 22,921.50 | 0.00 | 22,921.50 |
| 29 | Use, Sale, and Lease of Property | 13.80 | 11,022.00 | 0.00 | 11,022.00 |
| 32 | Expenses | | 0.00 | 579.69 | 579.69 |
| **Totals** | | **110.90** | **$ 80,728.50** | **$ 579.69** | **$ 81,308.19** |
| **Minus Voluntary Discount for De Minimis Time**[1] | | | **$ (3,703.00)** | | |
| **Grand Total** | | | **$ 77,025.50** | **$ 579.69** | **$ 77,605.19** |

---

[1]   As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Actual and Necessary Expenses**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Expenses by Categories[1] | Amount |
|---|---|
| After Hours Meals | $          20.00 |
| Binding | 12.00 |
| Court Costs | 480.90 |
| Out of Town Travel[2] | 66.79 |
| **Total** | **$          579.69** |

---

[1]   Expenses were charged in accordance with the U.S. Dep't of Justice, U.S. Trustee Program, Appendix B–Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases., 78 Fed. Reg. 116 (June 17, 2013) and Amended Guidelines for Fees and Disbursements for Professions in Southern District of New York Bankruptcy Cases, S.D.N.Y. Bankr., General Order 447 (February 5, 2013).

[2]   Out of town travel charges relate to transportation to and from the United States Bankruptcy Court for the Southern District of New York Courthouse in Poughkeepsie, NY.  Where possible, Katten attorneys participated in Bankruptcy Court hearings by telephone.

This is a(n): ___ monthly; _X_ interim; ____ final application.


Dated: November 14, 2019          */s/ Steven J. Reisman*
      New York, NY                  Steven J. Reisman
                                    Theresa A. Foudy
                                    **KATTEN MUCHIN ROSENMAN LLP**

575 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8876
Email:          sreisman@katten.com
                  tfoudy@katten.com

-and-

John P. Sieger (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:     (312) 902-5455
 Facsimile:     (312) 902-1061
Email:          john.sieger@katten.com

*Co-Counsel for the Debtors and Debtors in Possession*

Steven J. Reisman
Theresa A. Foudy
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8776

John P. Sieger (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, Illinois 60661
Telephone:     (312) 902-5455
Facsimile:     (312) 902-1061

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Jointly Administered) |

**FIRST INTERIM FEE APPLICATION OF KATTEN MUCHIN ROSENMAN LLP, AS
CONFLICTS COUNSEL FOR DEBTORS, FOR THE PERIOD FROM AUGUST 6, 2019
THROUGH AND INCLUDING SEPTEMBER 30, 2019**

Katten Muchin Rosenman LLP ("Katten"), conflicts counsel to the debtors and debtors in

possession (collectively, the "Debtors" or "Barneys") in the above-captioned chapter 11 cases (the

"Chapter 11 Cases"), hereby submits its first interim fee application (the "Fee Application") for

interim allowance of compensation for professional services provided in the amount of $77,025.50

and reimbursement of actual and necessary expenses in the amount of $579.69 that Katten incurred

for the period from August 6, 2019 through and including September 30, 2019 (the "Fee Period").

In support of this Fee Application, Katten submits the declaration of Steven J. Reisman, a partner

at Katten (the "Reisman Declaration"), which is attached as **Exhibit A** and incorporated by

reference. In further support of this Fee Application, Katten respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY
Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575
Fifth Avenue, New York, New York 10017.

**Preliminary Statement**

1.     During the Fee Period, Katten professionals diligently and efficiently monitored Debtors' Chapter 11 Cases and prepared for potential conflicts matters by:

    a.   attending all hearings in these Chapter 11 Cases;

    b.   analyzing all pleadings;

    c.   coordinating with Debtors' Co-Counsel, Kirkland & Ellis LLP, regarding representation coordination and cohesion; and

    d.   securing a Retention Order.

2.     With respect to each of these matters and as described in further detail below, the professional services rendered by Katten were reasonable, necessary and appropriate.  In light of the complexity of the issues involved and the time constraints imposed in Debtors' Chapter 11 Cases, Katten maintained a team of highly-qualified attorneys and paraprofessionals that completed their tasks in an efficient and effective manner.  Accordingly, Katten requests that the Bankruptcy Court grant the relief requested herein.

**Jurisdiction and Bases for Relief**

3.     The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  Debtors consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Fee Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 330-331 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), standing General Order M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (Bankr. S.D.N.Y. Jan. 23, 2013) (the "Local Guidelines"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Interim Compensation Order") [Dkt. No. 272] and the *Order Granting the Retention and Employment of Katten Muchin Rosenman LLP as Conflicts Counsel for Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Retention Order") [Dkt No. 271].

## Background

**A.      The Bankruptcy Filing and General Case Background.**

6.      As of August 6, 2019 (the "Petition Date"), Barneys—the iconic luxury retailer and Manhattan staple operating since 1923—had severe liquidity constraints.  Barneys, like many other retail and apparel-focused companies, has suffered as of late from adverse macro-trends as well as certain operational shortfalls.  More specifically, the general shift from brick-and-mortar retail has been further exacerbated by sharp increases in Barneys' lease obligations, including over ten million dollars in rent increases on an annualized basis and corresponding letter of credit obligations, which severely decreased EBITDA and significantly constrained liquidity. Due to these pressures, Barneys operated without sufficient liquidity throughout the summer of 2019. Cash-on-delivery demands paralyzed the inventory stream.  Efforts to raise incremental liquidity or implement an actionable holistic solution to these issues, in each case on an out-of-court basis, did

not bear fruit. As a result, Barneys was unable to procure necessary inventory for sale or otherwise fund its operations.

7.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances surrounding these Chapter 11 Cases is set forth in the *Declaration of Mohsin Y. Meghji, Chief restructuring Officer of Barneys New York, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 22].

8.      The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Dkt No. 41]. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 15, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases [Dkt No. 131] to represent the interests of the Debtors' unsecured creditors. On August 16, 2019, the U.S. Trustee filed the *Amended Appointment of Official Committee of Unsecured Creditors* [Dkt No. 134].

9.      On September 20, 2019, the Bankruptcy Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all estate professionals in these Chapter 11 Cases.

10.     On October 16, 2019, the Debtors filed a *Statement / Notice of Entry into Stalking Horse Purchase Agreement and Related Deadlines Under the Bidding Procedures* announcing a Stalking Horse Purchase Agreement by and among the Debtors, and ABG-Barneys, LLC and B. Riley Financial, Inc. [Dkt. No. 356]. On November 1, 2019, the Bankruptcy Court entered the *Order Authorizing (I) Entry Into and Performance Under the Asset Purchase Agreement and*

4

*Agency Agreement, (II) Sale of the Debtors' Assets, and (III) Granting Related Relief* (the "Sale Order") [Dkt. No. 494] approving the transaction.

**B.     The Debtors' Retention of Katten.**

11.     On August 27, 2019, the Debtors filed the *Application for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Conflicts Counsel for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Retention Application") [Dkt. No. 176].  On September 19, 2019, the Bankruptcy Court entered the Retention Order, which is attached hereto as **Exhibit B**.

12.     The Retention Order authorizes Katten to provide the Debtors with the professional services as described in the Retention Application and the terms of Katten's engagement letter between Katten and the Debtors (the "Engagement Letter"), which is dated as of July 29, 2019 and attached to the Retention Order as Exhibit 1.  Specifically, but without limitation, the Retention Order authorizes Katten to render the following legal services where Kirkland and Ellis LLP ("K&E") has an actual or perceived conflict of interest or where the Debtors believe it would be more efficient or economical for Katten to handle the matter:

> a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;
>
> b. advising and consulting on their conduct during these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;
>
> c. attending meetings and negotiating with representatives of creditors and other parties in interest;
>
> d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.  preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.  representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.  advising the Debtors in connection with any potential sale of assets;

h.  appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.  advising the Debtors regarding tax matters;

j.  taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.  performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

*See* Retention Order ¶ 3.

**C.     Disinterestedness of Katten.**

13.     As disclosed in the *Declaration of Steven J. Reisman in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Conflicts Counsel for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date*, attached as Exhibit B to the Retention Application (the "Declaration of Disinterestedness"), (a) Katten is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Katten has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Declaration of Disinterestedness.

14.    Katten may have in the past represented, may currently represent and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases.  In the Declaration of Disinterestedness, Katten disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  Katten disclosed additional connections to parties in interest in the *First Supplemental Declaration of Steven J. Reisman in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Conflicts Counsel for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "<u>Supplemental Declaration of Disinterestedness</u>") [Dkt. No. 469], filed on October 28, 2019.  Katten will update the Declaration of Disinterestedness, as appropriate, if Katten becomes aware of relevant and material new information.

15.    Katten performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

16.    Katten has received no payment and no promises for payment from any source other than the Debtors for services provided in any capacity whatsoever in connection with these Chapter 11 Cases.

17.    Pursuant to Bankruptcy Rule 2016(b), Katten has not shared, nor has Katten agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Katten or (b) any compensation another person or party has received or may receive.

**<u>Summary of Compliance with Interim Compensation Order and Fee Examiner Protocol</u>**

18.    This Fee Application has been prepared in accordance with the Interim Compensation Order.

19.     Katten seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $77,025.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $579.69. Additionally, Katten seeks approval and authorization for payment of amounts held back from payment in accordance with the Interim Compensation Order.  During the Fee Period, Katten attorneys and paraprofessionals expended a total of 109.20 hours for which compensation is requested.[2]

20.     In accordance with the Interim Compensation Order, as of the date hereof, Katten has requested payment for 80% of its fees for legal services provided and reimbursements for 100% of its incurred expenses.[3]  Additionally, in accordance with the Interim Compensation Order, Katten has not requested or received payment for 20% of its fees for legal services provided.  Accordingly, by this Fee Application, Katten seeks authorization for payment of $16,145.70 which amount represents 20% of Katten's fees for legal services provided between August 6, 2019 and September 30, 2019 (the "Holdback Amounts").

## Fees and Expenses Incurred During Fee Period

**A.     Customary Billing Disclosures**.

21.     Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Katten in these Chapter 11 Cases are equivalent to

---

[2]    As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

[3]    On October 28, 2019, Katten filed Monthly Fee Statements for the periods of August 6 through August 31, 2019 [Dkt No. 467] and September 1 through September 30, 2019 [Dkt. No. 468].  In accordance with the Interim Compensation Order, parties had until November 13, 2019 to object to these Monthly Fee Statements.  No objections were filed and Katten submitted invoices to the Debtors seeking 80% of the total amount of compensation for actual and necessary legal services that Katten rendered and 100% of the actual and necessary expenses that Katten incurred in connection with such services during the Fee Period (in the aggregate amount of $65,162.49).

the hourly rates and corresponding rate structure used by Katten for other restructuring matters, as well as similar complex corporate and litigation matters whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and significant time pressures. For the convenience of the Bankruptcy Court and all parties in interest, attached as **Exhibit C** is a summary of blended hourly rates for all timekeepers in Katten's New York and Chicago offices who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period, and attached as **Exhibit D** is Katten's budget and staffing plan for the Fee Period.

**B.      Customary Billing Disclosures**.

22.     In the ordinary course of Katten's practice, Katten maintains computerized records of the time expended to render the professional services required by its clients. For the convenience of the Bankruptcy Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

a.   the name of each attorney and paraprofessional for whose work on these Chapter 11 Cases compensation is sought;

b.   each attorney's year of bar admission and area of practice concentration;

c.   the hourly billing rate for each attorney and each paraprofessional;

d.   the total hours billed by each attorney and each paraprofessional during the Fee Period; and

e.   a calculation of total compensation requested using the rates disclosed in the Fee Application.

**C.      Expenses Incurred During Fee Period**.

23.     In the ordinary course of Katten's practice, Katten maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and for which reimbursement is sought. Katten currently charges $0.10 per page for standard black and white

9

duplication and $0.25 per page for color duplication.  Katten does not charge its clients for incoming facsimile transmissions.

24.    For the convenience of the Bankruptcy Court and all parties in interest, attached hereto as **Exhibit F** is a summary setting forth the total amount of reimbursement sought with respect to each category of expenses for which Katten is seeking reimbursement.

**Summary of Legal Services Rendered During the Fee Period**

25.    As discussed above, during the Fee Period, Katten provided extensive and important professional services to the Debtors in connection with these Chapter 11 Cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these Chapter 11 Cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

26.    To provide a meaningful summary of the services rendered by Katten to the Debtors and their estates, Katten has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these Chapter 11 Cases. A schedule setting forth a description of the Matter Categories utilized in these Chapter 11 Cases, the number of hours expended by Katten partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.  Katten's computerized records of time expended providing professional services to the Debtors and expenses, separated by Matter Category, are attached as **Exhibit H**.

27.    The following is a summary of the most significant professional services provided by Katten in each Matter Category organized in accordance with Katten's internal system of matter numbers for these Chapter 11 Cases.

       (a)       Retention and Fee Applications [Matter No. 2]
                Total Fees: $38,549.50
                Total Hours: 56.30

28.      This Matter Category includes time spent by Katten attorneys and paraprofessionals related to the retention of Katten as the Debtors' conflicts counsel, including (i) preparing pleadings and a comprehensive conflicts analysis necessary to obtain the Retention Order, (ii) preparing Katten's monthly fee statements in accordance with the Interim Compensation Order, and (iii) reviewing all time entries to ensure compliance with the Interim Compensation Order, the Local Rules, the U.S. Trustee Guidelines, and applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

       (b)       Hearings [Matter No. 19]
                Total Fees: $22,921.50
                Total Hours: 28.40

29.      This Matter Category includes time spent by Katten attorneys and paraprofessionals providing services related to preparing for and attending several hearings during the Fee Period (each, a "Hearing" and collectively, the "Hearings"). Katten attorneys prepared for and attended each Hearing during the Fee Period in order to be at the ready for any conflict issues that could arise. Katten attorneys attended all but two Hearings telephonically, in order to stay fully informed about the Chapter 11 Cases, but also minimize the expense to the Debtors' estates. As part of this process, Katten attorneys analyzed and prepared for potential conflicts issues and had subsequent discussions with K&E.

       (C)       Use, Sale, and Lease of Property [Matter No. 29]
                Total Fees: $11,022
                Total Hours: 13.80

30.      This Matter Category includes time spent by Katten attorneys and paraprofessionals providing services related to the sale of the Debtors' assets. Katten attorneys review all pleadings

including, but not limited to, those regarding postpetition financing, store closings and asset sales, with careful attention to potential conflicts issues.

## Actual and Necessary Expenses Incurred by Katten

31.     In the ordinary course of Katten's practice, Katten maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and for which reimbursement is sought.  In connection with these Chapter 11 Cases, Katten charges $0.10 per page for standard black and white duplication and $0.25 per page for color duplication. Katten does not charge its clients for incoming facsimile transmissions.  Additionally, Katten negotiated a discounted rate for Westlaw computer-assisted legal research.

32.     As detailed in **Exhibit F** attached, Katten seeks reimbursement of a total of $579.69 for expenses incurred on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse Katten's direct operating costs, which are not incorporated into Katten's hourly billing rates. Katten charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit F** of this Fee Application are separately charged for such services.  Including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

## Reasonable and Necessary Services Provided by Katten

A.     **Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

33.     The foregoing professional services provided by Katten on behalf of the Debtors during the Fee Period were reasonable, necessary and appropriate in these Chapter 11 Cases.

34.     The services performed by partners, associates and paraprofessionals of Katten were provided by Katten's Insolvency and Restructuring Practice.  Katten has a prominent practice in this area and enjoys a national reputation for its specialized expertise.  The attorneys at Katten have

extensive experience acting as estate professionals in many large chapter 11 cases. Overall, Katten brings to these Chapter 11 Cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

35.      Consistent with firm policy, and as further disclosed in the Retention Application, Katten attorneys and other Katten employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal costs. Katten's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services. However, Katten wrote off portions of these meal and transportation costs during the Fee Period as an accommodation to the Debtors' estates. Among other things, Katten makes sure that all overtime meals and travel expenses are reasonable and appropriate expenses for which to seek reimbursement.

36.      Katten regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. In that regard, Katten will waive certain fees and reduce its expenses if necessary. Consequently, Katten does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

<u>**Katten's Requested Compensation and Reimbursement Should be Allowed**</u>

37.      Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for awarding such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

13

a.      the time spent on such services;

b.      the rates charged for such services;

c.      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d.      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

e.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11. U.S.C. § 330(a)(3).

38.     Katten respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Katten further believes that it performed the services for the Debtors economically, effectively and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. Katten further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties-in-interest.

39.     During the Fee Period, Katten's hourly billing rates for attorneys ranged from $450 to $1,220.  The hourly rates and corresponding rate structure utilized by Katten in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Katten for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Katten strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes and severe time pressures—all of which were present in these Chapter 11 Cases.

40.     Moreover, Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine

overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.
These hourly rates are subject to periodic adjustments to reflect economic and other conditions and
are consistent with the rates charged elsewhere.

41.     In sum, Katten respectfully submits that the professional services provided by Katten
on behalf of the Debtors and their estates during these Chapter 11 Cases were necessary and
appropriate given the complexity of these Chapter 11 Cases, the time expended by Katten, the
nature and extent of Katten's services provided, the value of Katten's services, and the cost of
comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330
of the Bankruptcy Code.   Accordingly, Katten respectfully submits that approval of the
compensation sought herein, including approval and payment of the Holdback Amounts, is
warranted and should be approved.

### Reservation of Rights

42.     It is possible that some professional time expended or expenses incurred during this
Fee Period are not reflected in this Fee Application. Katten reserves the right to include such
amounts in future fee applications.

### Notice

43.     Notice of this Fee Application will be provided in accordance with the procedures set
forth in the Interim Compensation Order.

### No Prior Request

44.     No prior application for the relief requested herein has been made to this or any other
court.

WHEREFORE, Katten respectfully requests that the Bankruptcy Court enter an order,
substantially in the form attached hereto as **Exhibit I**, (a) awarding Katten interim compensation for
professional and paraprofessional services rendered during the Fee Period in the amount of

$77,025.50 and reimbursement of actual, reasonable and necessary expenses incurred in the Fee

Period in the amount of $579.69; (b) authorizing and directing the Debtors to remit payment to

Katten for such amounts, including the Holdback Amounts, which have not yet been paid in

accordance with the Interim Compensation Order; and (c) granting such other relief as is

appropriate under the circumstances.

Dated: November  14, 2019      */s/ Steven J. Reisman*
        New York, NY          Steven J. Reisman
                                Theresa A. Foudy
                                **KATTEN MUCHIN ROSENMAN LLP**
                                575 Madison Avenue
                                New York, NY 10022
                                Telephone:      (212) 940-8800
                                Facsimile:      (212) 940-8876
                                Email:          sreisman@katten.com
                                                  tfoudy@katten.com

                                -and-

                                John P. Sieger (admitted *pro hac vice*)
                                **KATTEN MUCHIN ROSENMAN LLP**
                                525 W. Monroe Street
                                Chicago, IL 60661
                                Telephone:      (312) 902-5455
                                Facsimile:      (312) 902-1061
                                Email:          john.sieger@katten.com

                                *Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit A

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Reisman Declaration**

Steven J. Reisman
Theresa A. Foudy
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

John P. Sieger (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, Illinois 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF STEVEN J. REISMAN IN SUPPORT OF THE FIRST INTERIM
FEE APPLICATION OF KATTEN MUCHIN ROSENMAN LLP, AS CONFLICTS
COUNSEL FOR DEBTORS, FOR THE PERIOD FROM AUGUST 6, 2019 THROUGH
AND INCLUDING SEPTEMBER 30, 2019**

I, Steven J. Reisman being duly sworn, state the following under penalty of perjury to the

best of my knowledge and belief:

1.    I am a partner in the law firm of Katten Muchin Rosenman LLP ("Katten"),

located at 575 Madison Avenue, New York, New York 10022 with responsibility for the Chapter

11 Cases of the Debtors.  I am the Chair of the New York Insolvency and Restructuring Practice

at Katten.  I am a member in good standing of the Bar of the State of New York, and I have been

admitted to practice in the United States District Courts for the Southern District of New York

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY
Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575
Fifth Avenue, New York, New York 10017.

and Eastern District of New York and the United States Courts of Appeals for the Second

Circuit.  There are no disciplinary proceedings pending against me.

2.    I have read the foregoing fee application of Katten, conflicts counsel for the

Debtors, for the Fee Period (the "Fee Application").[2]  To the best of my knowledge, information

and belief, the statements contained in the Fee Application are true and correct. In addition, I

believe that the Fee Application complies with Local Rule 2016-1 and the Local Guidelines.

3.    In connection therewith, I certify that:

a)    to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions;

b)    the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Katten and generally accepted by Katten's clients.  In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)    the total fees sought do not exceed those budgeted;

d)    Katten did not increase its hourly rates during the Fee Period;

e)    Katten is seeking compensation with respect to approximately 2.60 hours and $1,087 in fees spent reviewing and revising time records, preparing, reviewing and revising invoices, and redacting privileged and confidential information from time records;[3]

f)    in providing a reimbursable expense, Katten does not make a profit, whether the service is performed by Katten or through a third party;

g)    in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Katten and any other person for the sharing of compensation to be received in connection with the Debtors' Chapter 11 Cases except as authorized

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

[3]  This is limited to work involved preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing this Fee Application.

pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

h)    all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

4.    The U.S. Trustee and the Debtors have been provided statements of all Katten's fees and disbursements and are being provided with a copy of the Fee Application.

5.    **Exhibit C** to the Fee Application compares the blended hourly rates billed by attorneys and paraprofessionals in Katten's New York and Chicago offices (excluding for bankruptcy work) for the previous 12-month period ending September 30, 2019 with the blended hourly rates billed by attorneys and paraprofessionals to the Debtors in connection with these Chapter 11 Cases from August 6, 2019 through September 30, 2019. Katten does not charge a premium for bankruptcy related services as compared to other services.

6.    **Exhibit D** to the Fee Application shows Katten's budget and staffing plan. Katten discussed its rates, fees, and staffing with the Debtors at the outset of these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  November 14, 2019
        New York, NY

Respectfully submitted,

*/s/ Steven J. Reisman*
_____
Steven J. Reisman
Partner, Katten Muchin Rosenman LLP

## Exhibit B

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Katten Muchin Rosenman LLP ("Katten") as their conflicts counsel effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of Steven J. Reisman, a partner of Katten (the "Reisman Declaration"), and the declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Barneys New York, Inc. (the "Meghji Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Reisman Declaration that (a) Katten does not hold or represent an interest adverse to the Debtors' estates and (b) Katten is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized to retain and employ Katten as their conflicts counsel *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3.      Katten is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.  Specifically, but without limitation, Katten will render the following legal services where Kirkland has an actual or perceived conflict of interest or where the Debtors believe it would be more appropriate for Katten to handle the matter:

a.    advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b.    advising and consulting on their conduct during these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c.    attending meetings and negotiating with representatives of creditors and other parties in interest;

d.    taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.    preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.    representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.    advising the Debtors in connection with any potential sale of assets;

h.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.    advising the Debtors regarding tax matters;

j.    taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.    performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.    Katten shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

3

Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Katten's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

6.      Katten shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Katten to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7.      Katten shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.      Katten shall not withdraw as Debtors' conflicts counsel before the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

4

9.      The Debtors and Katten are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11.      To the extent the Application, the Reisman Declaration, the Meghji Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

No Objection:  9/17/2019

*/s/ Alicia M. Leonhard*
Alicia M. Leonhard
Trial Attorney, UST, SDNY



**Dated: September 19, 2019**
      **Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

**Exhibit 1**

**Engagement Letter**

# Katten

KattenMuchinRosenman LLP

575 Madison Avenue
New York, NY  10022-2585
212.940.8800 tel
www.kattenlaw.com

STEVEN J. REISMAN
sreisman@katten.com
212.940.8700 direct

Dated as of July 29, 2019

***VIA EMAIL: gfu@barneys.com***

Grace Fu, Esq.
Executive Vice President and General Counsel
Barney's New York, Inc.
575 Fifth Avenue, 11th Floor
New York, NY 10017

Re: **Engagement Agreement**

Dear Ms. Fu:

We are very pleased that you have asked us to represent Barney's New York, Inc., Barney's, Inc., BNY Catering, Inc., BNY Licensing Corporation, and Barney's Asia Co. LLC (collectively, "Client") in connection with a potential restructuring and such other matters as the Client may request and the Firm may agree to handle (the "Matter"). The Firm will act as co-counsel to Client's lead counsel, Kirkland & Ellis LLP and Kirkland & Ellis International LLP. Please note, the Firm's representation is only of Client; the Firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of Client or of any other entity. This letter and the enclosed Terms of Engagement, which contains a provision on conflicts of interest, describe the basis on which the Firm provides legal services.

I will be the lawyer at the Firm with the primary responsibility for the Matter and understand that it is your expectation, as well as my own intention, that I be involved in managing all aspects of this engagement. I will be assisted by such other partner(s), associate(s), and other member(s) of the Firm as appropriate. As indicated in the Terms of Engagement, our fees are based upon our hourly rates unless otherwise noted herein.

Please review the Terms of Engagement, with the assistance of independent counsel if you wish, and let me know if you have any questions about them. If all the terms are satisfactory, please indicate your consent by signing this letter and returning it to me. However, your continuing instructions in this matter will amount to your acceptance of the terms of this letter, including the Terms of Engagement (collectively the "Terms"). All parties to this agreement agree that a digital signature shall be effective to prove each party's agreement to the Terms. Furthermore, the parties agree that the Terms may be proven through an electronic copy in digital format, and that no "original" hard-copy document need be retained to prove the Terms.

AUSTIN    CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    HOUSTON    LOS ANGELES
NEW YORK    ORANGE COUNTY    SAN FRANCISCO BAY AREA    SHANGHAI    WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations



Dated as of July 29, 2019
Page 2

     Upon your commencement of a restructuring case under Chapter 11 of the U.S. Bankruptcy Code, your ongoing employment of the Firm will be subject to the approval of the court with jurisdiction over the bankruptcy petition.  If necessary, the Firm will take steps to prepare the disclosure materials required in connection with the Firm's retention as restructuring counsel.  If necessary, the Firm will prepare a preliminary draft of a schedule describing the Firm's relationships with certain interested parties.  The Firm will then give you a draft of this schedule once it is available.  Even if the Firm does not believe that these relationships constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain the Firm.  If in the Firm's determination a conflict of interest arises in your Chapter 11 case requiring separate conflicts counsel, then you will be required to use separate conflicts counsel in those matters.  Further, you understand, acknowledge, and agree that in connection with a Chapter 11 case, if you have not objected to the payment of a Firm invoice or to a Firm fee and expense application, have in fact paid such invoice, or have approved such fee and expense application, then you waive your right to subsequently object to the payment of fees and expenses covered by such invoice or fee application.

     You should also be aware that, under applicable law, in the event a trustee or examiner is appointed in any Chapter 11 case or a trustee is appointed in a superseding Chapter 7 case, the trustee or examiner may waive the attorney-client privilege as to otherwise privileged communications between the Firm and your representatives.

     Upon your commencement of a restructuring case under Chapter 11 of the Bankruptcy Code, the Firm will comply with the United States Trustee's guidelines for fees and expenses, notwithstanding any terms herein to the contrary.  In the event of a bankruptcy filing, the Bankruptcy Code will rule and override Section VIII of the Terms of Engagement regarding arbitration.

     To the extent the Firm is owed any fees or expenses by Client upon Client's commencement of a restructuring case under Chapter 11 of the Bankruptcy Code (collectively, "Pre-Petition Fees and Expenses"), the Firm will waive all such Pre-Petition Fees and Expenses.

     A schedule of the Firm's standard hourly rates is annexed as Exhibit A.  The Firm's disbursements that are billed on a per-unit basis are annexed as Exhibit B.  The Firm's wiring instructions are annexed as Exhibit C and the Firm's W-9 Taxpayer Certification is annexed as Exhibit D.



Dated as of July 29, 2019
Page 3

   Thank you for allowing us the privilege of this representation.  We value and appreciate the trust and confidence you have placed in us and we assure you we will do our best to see that your expectations are satisfied.

   My best.

             Sincerely,

             Steven J. Reisman

attachment

cc:  John P. Sieger, Esq. (w/attachment, john.sieger@kattenlaw.com)
    Katten Muchin Rosenman LLP
   Joshua A. Sussberg, Esq. (w/attachment, jsussberg@kirkland.com)
   Chad J. Husnick, Esq.  (w/attachment, chusnick@kirkland.com)
    Kirkland & Ellis LLP

3



575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
www.kattenlaw.com

STEVEN J. REISMAN
sreisman@katten.com
212.940.8700 direct

This letter and the Terms of Engagement are agreed to:

**BARNEY'S NEW YORK, INC., BARNEY'S, INC., BNY CATERING, INC., BNY LICENSING CORPORATION, AND BARNEY'S ASIA CO. LLC**

By:_____

Name: Grace Fu, Esq.

Title: Executive Vice President and General Counsel

Dated as of July 29, 2019

AUSTIN    CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    HOUSTON    LOS ANGELES
NEW YORK    ORANGE COUNTY    SAN FRANCISCO BAY AREA    SHANGHAI    WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations

**KATTEN MUCHIN ROSENMAN LLP**
**TERMS OF ENGAGEMENT**

The information below describes the terms that apply to the legal services provided for you by Katten Muchin Rosenman LLP (the "Firm"). We encourage you to discuss any of these Terms with us at any time. If modifications to the Terms are needed, you should discuss that with us so that agreement on changes can be reached and reduced to writing. All references to "you" or "your" means only the client or clients identified in our engagement letter. **Individuals or entities that are related to or affiliated with you, such as partners, officers, directors, stockholders, parent companies, related companies, or family members, are not clients, unless we otherwise agree in writing.**

I.      **Scope of Representation.** The scope of the work we will do for you is limited to the description stated in our engagement letter. Any changes or additions to the scope of our work, which we would be pleased to consider, must be agreed to and memorialized by letter or email. Unless that description states otherwise, **our engagement does not include responsibility for:** (1) review of your insurance policies to determine the possibility of coverage for our fees and costs or for the claim asserted against you, (2) notification of your insurance carriers about a matter, (3) advice to you about your disclosure obligations concerning a matter under the federal securities laws or any other applicable law, or (4) advice to you about tax issues that relate to a matter. If we agree to represent you in additional matters, we will do so in writing by letter or email, and the Terms of our engagement will remain the same for these additional matters unless changed by agreement in writing.

Additionally, if in response to your request or by requirement of lawful process we: testify; gather and/or produce documents; respond to document hold or production requests; or respond to any other requests in connection with possible, threatened or actual proceedings commenced by third parties that relate to our representation of you, you agree to pay us our reasonable fees and costs incurred.

II.     **Staffing.** Steven J. Reisman will have the primary responsibility for our relationship. We assign additional lawyers and other personnel when needed based upon the type of work and the appropriate experience level required.

III.    **Client Responsibilities.** You agree to provide us with all information that we believe is necessary or appropriate to fulfill our professional responsibilities in this matter and to cooperate with us in matters such as fact investigation, preparation of pleadings, discovery responses, settlement conferences, etc. You will designate one or more persons to give us instructions and authority to receive our requests and inquiries. You further agree that without our express written consent, you will not use our name or the fact of your engagement of us in any form of advertising or solicitation of business.

IV.     **Financial Arrangements.**

        A.      Fees and Expenses. Our fees are based primarily upon the hourly rates of our lawyers and other personnel in effect when the services are performed. These rates change periodically based upon economic factors and the experience level of our

1

personnel.  In determining the amount of our fee, we may also consider and adjust our total fee based on other factors, including the novelty and difficulty of the issues involved, the amount involved and the results obtained, and the time limits, if any, imposed by you or by the circumstances of the engagement.  We are affiliated with Katten Muchin Rosenman UK LLP of London, England, and if we obtain advice or services on your behalf from that firm, we will include their time and expenses on our bill.

Expenses include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., LEXIS), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging.  Certain of these charges are adjusted to include administrative and overhead expenses incurred by the Firm to provide the billed service.  With respect to costs incurred and payable to third parties, such as court reporters or experts, it is our usual policy to forward those bills to you for payment directly to the third party, and you agree to pay those fees directly to the provider.  As an accommodation to you, however, we may advance those costs on your behalf and include them in our monthly bills.  Some large disbursements may be forwarded to you for direct payment.  Some charges may not be in the system at the time of monthly billing and will appear on a later bill.

B.      Billing and Payment.  We generally forward our statements monthly.  The statements will include a brief description of the work performed, the date the work was performed, the time required to do the work, and the expenses incurred.  Payment is due promptly upon receipt of our statement.  We reserve the right to terminate our representation of clients who do not pay promptly.  We do not and cannot guarantee the outcome of any matter, and payment of our fees and disbursements is not conditioned on any particular outcome.

V.      **Electronic Communication.**  The use of email can be an efficient means of communication, and we use it often in communicating with clients.  Some clients also use instant messaging as a means of communication.  However, these electronic communications can be delayed or blocked (for example, by anti-spam software) or otherwise not transmitted.  You must not assume that an email or instant message sent to us was actually opened and read by us unless you receive a non-automated reply message indicating that we have read your message.

VI.     **Responses to Auditors' Inquiries.**  We are frequently asked to provide information to auditing firms regarding client legal matters and we respond to those inquiries with the same level of care and professionalism used to handle the client's other legal work.  We will accordingly charge for those services at the same rates.  When you make a written request that we provide information to an auditing firm, we will deem your request to be your consent for us to disclose the requested information on your behalf.  Additionally, when an auditing firm makes a written request for information on your behalf, that request will be deemed to be your consent for us to disclose that information to the auditing firm.

VII.    **Conflicts of Interest Issues.**  As you know, we are a large general services law firm with

many clients and with offices located in Austin, Texas; Charlotte, North Carolina; Chicago, Illinois; Dallas, Texas; Houston, Texas; Los Angeles, California (Century City and Downtown); New York, New York; Orange County, California; San Francisco Bay Area, California; Washington D.C.; and Shanghai, China, and we have an affiliate in London, England. It is possible that, during the course of our engagement, an existing or future client may seek to hire the Firm in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such other client's interests are or potentially may become adverse to your interests.

Because the duty of loyalty would otherwise prevent the Firm from being adverse to a current client, rules of professional conduct prevent the Firm from accepting such engagements during the Firm's representation of you absent informed consent by you and the waiver of the duty of loyalty. In particular, the Firm often represents parties in restructuring and insolvency matters, both in- and out-of-court. By agreeing to these Terms of Engagement, you waive the duty of loyalty insofar as it would be applicable and agree that, even while the Firm is representing you, and at all times thereafter, the Firm may represent existing or new clients in any matter that is not substantially related to our work for you, even if the interests of such clients are adverse to yours (whether or not you are then represented by the Firm), or any of your affiliates, including litigation in which you or any of your affiliates are parties. This waiver also is intended to allow the Firm to examine or cross-examine you (and/or your employees and agents) on behalf of existing or new clients in other proceedings (including but not limited to proceedings to which you are not a party) provided the other matter is not substantially related to our representation of you. Notwithstanding this consent and waiver, the Firm will not undertake such representation unless we first reasonably determine that we will be able to provide competent and diligent representation to both of the affected clients. We also will continue to maintain the confidentiality of the confidential information you provide to us in the course of the Firm's engagement by you, and will not use such information for any purpose except for the benefit of, and on behalf of, you without your written consent.

Potential adverse consequences may result from the Firm's representing parties that are adverse to you. These may include a perception that the Firm's loyalty and independence of judgment with respect to you are impaired. Also, the Firm's representation of parties adverse to you may come at a time when it would harm your interests to terminate the services of the Firm, or after expenditures of fees and costs to the Firm that might need to be replicated by new counsel. The Firm encourages you to have this conflicts waiver reviewed by independent counsel acting on your behalf before agreeing to these Terms of Engagement.

Further, in the course of our representation of you, it may be necessary for our lawyers to analyze or address their professional duties or responsibilities or those of the Firm, and to consult with the Firm's General Counsel, Deputy General Counsel, Conflicts Counsel, or other lawyers in doing so. To the extent we are addressing our duties, obligations or responsibilities to you in those consultations, it is possible that a conflict of interest might be deemed to exist as between our Firm and you. As a condition of this engagement, you waive any conflict of interest that might be deemed to arise out of any such consultations. You further agree that these consultations are protected from disclosure by the Firm's attorney-client privilege. Nothing in the foregoing shall diminish or otherwise affect our obligation to keep you informed of material

3

developments in your representation, including any conclusions arising out of such consultations to the extent that they affect your interests.

**VIII.    Arbitration of Disputes.**    You acknowledge having reviewed a copy of Part 137 of the Rules of the Chief Administrator of the Courts of New York (available at http://www.courts.state.ny.us/admin/feedispute/137.pdf or upon request from us) which provides a mechanism for resolution of fee disputes between us using a particular arbitration procedure and forum; you have a right to select this mechanism for the resolution of fee disputes between us under this letter agreement unless you waive that right.    You hereby waive that right, and you and we instead agree upon the following:  If any dispute, controversy or claim directly or indirectly relating to or arising out of this agreement, work we perform for you or the fees charged by us or your failure to pay such fees you agree that such dispute shall be submitted to binding arbitration with JAMS in New York, New York under the JAMS Comprehensive Arbitration Rules and Procedures.    The arbitrator shall have no authority to award punitive damages or to treble or otherwise multiply actual damages.    The award in the arbitration shall be final and binding and judgment thereon may be entered and enforced in any court of competent jurisdiction.    The costs and expenses (including reasonable attorney's fees of the prevailing party) shall be borne and paid by the party that the arbitrator, or arbitrators, determine is the non-prevailing party.    You agree and consent to personal jurisdiction, service of process and venue in any federal or state court within the State of New York in connection with any action brought to enforce an award in arbitration. You further agree that service of process may be made upon you by Katten Muchin Rosenman LLP by causing process to be delivered to you at the above address (or such other address of which you hereafter shall advise us in writing) by registered or certified mail, return receipt requested.

**IX.    Conclusion of Representation.**    Our representation of you will terminate when we send you our final statement for services rendered in this matter.    We may also terminate our representation for any reason consistent with rules of professional responsibility, including conflicts of interest or your failure to pay our fees and expenses.    Our representation may also be terminated upon your request.    Following termination, any nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional responsibility.    Once our representation is concluded, we will not be obligated to take any steps such as keeping track of deadlines, filing papers, pursuing appeals, or monitoring or advising you about changes in the law or circumstances that might bear upon the concluded matter.

4

**X.**     **Disposition of Client Files.**   Upon conclusion of your representation, we may return to you your original papers, documents and/or other property that you provided to the Firm during our engagement. You agree to accept the return of such documents and/or property.   If you so request, we will also provide to you, at your expense, copies or originals of your complete file.   We reserve the right to make, at our expense, copies of all documents generated or received by us in the course of our representation of you.   The Firm will not provide copies or originals of the Firm Administrative or Matter Administration files pertaining to the matter, which will be retained by the Firm.   All such documents retained by the Firm, including client files (including any original documents and/or property that we attempted unsuccessfully to return to you) and Firm Administrative or Matter Administration files, will be transferred to the person responsible for administering our records retention program.   For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time, but not less than seven (7) years after the matter is closed.   We will not destroy, discard or otherwise dispose of any such documents without first providing you with thirty (30) days' prior written notice.

**EXHIBIT A**
**RATES**

| PROFESSIONALS | STANDARD RANGE |
|---|---|
| Partner | $785 - $1,430 |
| Associate | $450 - $930 |
| Counsel and Special Staff | $665 - $1,035 |
| Of Counsel | $865 - $1,205 |
| Paralegal | $190 - $545 |

**EXHIBIT B**
**PER UNIT EXPENSES**

| Description | Cost per page |
|---|---|
| Fax | $1.60 |
| Photocopy Costs | $ .20 |
| Photocopy – Wide Format | $1.00 |
| Color Printing / Copies | $ .25 |

EXHIBIT C

KATTEN MUCHIN ROSENMAN LLP

**WIRE INSTRUCTIONS**

| | |
|---|---|
| Bank: | JP Morgan Chase Bank<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Attn: Mindy Drogos<br>Phone 1-847-398-4102 |
| Account Name: | Katten Muchin Rosenman LLP<br>Operating Account |
| Bank ABA#: | 021000021 |
| Account Number: | 967343933 |
| SWIFT Code: | CHASUS33 |
| Ref: | Barney's New York, Inc. |

8

**EXHIBIT D**
**FIRM'S W-9 TAXPAYER CERTIFICATION**

## Form W-9 (Rev. November 2017)

**Request for Taxpayer Identification Number and Certification**

Department of the Treasury
Internal Revenue Service

▶ Go to www.irs.gov/FormW9 for instructions and the latest information.

**Give Form to the requester. Do not send it to the IRS.**

1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
Katten Muchin Rosenman LLP

2 Business name/disregarded entity name, if different from above

3 Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC  ☐ C Corporation  ☐ S Corporation  ☒ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶

☐ Other (see instructions) ▶

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

5 Address (number, street, and apt. or suite no.) See instructions.
525 West Monroe Street, Suite 1900

6 City, state, and ZIP code
Chicago, Illinois 60661-3693

Requester's name and address (optional)

7 List account number(s) here (optional)

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN, later.

Note: If the account is in more than one name, see the instructions for line 1. Also see What Name and Number To Give the Requester for guidelines on whose number to enter.

Social security number: [ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]

or

Employer identification number: 3 6 - 2 7 9 6 5 3 2

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

Sign Here   Signature of U.S. person ▶ _____   Date ▶ 1/2/19

### General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to www.irs.gov/FormW9.

### Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.

Cat. No. 10231X    Form W-9 (Rev. 11-2017)

9

**<u>Exhibit C</u>**

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Voluntary Rate Disclosures**

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Voluntary Rate Disclosures**

- The blended hourly rate for Katten timekeepers in Katten's New York and Chicago offices (including both professionals and paraprofessionals) who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters")[1] during the period beginning on October 1, 2018 and ending on September 30, 2019 (the "Comparable Period") was, in the aggregate, approximately $610 per hour (the "Non-Bankruptcy Blended Hourly Rate").[2]

- The blended hourly rate for all Katten timekeepers (including both professionals and paraprofessionals) who billed to the Debtors during the Fee Period was approximately $728 per hour (the "Debtor Blended Hourly Rate").[3]

- A detailed comparison of these rates is as follows:

| Position at Katten | Debtor Blended Hourly Rate for this Fee Application[4] | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Partners | $ 1,066.68 | $ 802.00 |
| Counsel | N/A | 695.00 |
| Associates | 585.44 | 494.00 |
| Paraprofessionals | 200.00 | 257.00 |
| **Total Combined Blended Rate** | **$ 728.00** | **$ 610.00** |

---

[1]  It is the nature of Katten's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Katten's Insolvency and Restructuring Practice. Accordingly, "Non-Bankruptcy Matters" consist of matters for which Katten's domestic timekeepers represented a client in a matter other than an in-court bankruptcy proceeding.  Moreover, the Non-Bankruptcy Matters may include time billed by Katten domestic timekeepers who work primarily within Katten's Insolvency and Restructuring Practice.

[2]  Katten calculated the blended rate for Non-Bankruptcy Matters by dividing the *total dollar amount billed* by Katten timekeepers in the New York and Chicago offices to the Non-Bankruptcy Matters during the Comparable Period by the *total number of hours* billed by Katten timekeepers in the New York and Chicago offices to the Non-Bankruptcy Matters during the Comparable Period.

[3]  Katten calculated the blended rate for timekeepers who billed to the Debtors by dividing the *total dollar amount billed* by such timekeepers during the Fee Period, prior to voluntary deductions, by the *total number of hours billed* by such timekeepers during the Fee Period.

[4]  These amounts do not reflect fees written off for time incurred by attorneys and paraprofessionals during the Fee Period.

**<u>Exhibit D</u>**

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Budget and Staffing Plan for the Time Period
of August 6, 2019 through September 30, 2019**

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Budget for the Time Period of August 6, 2019 through September 30, 2019**

| Time Period | Budgeted Hours | Budgeted Fees | Actual Hours | Actual Fees |
|---|---|---|---|---|
| Partners | 65.50 | $ 69,125.00 | 34.20 | $36,480.50 |
| Associates | 55.00 | 30,175.00 | 75.00 | 43,908.00 |
| Paraprofessionals | 3.50 | 700.00 | 1.70 | 340.00 |
| **Total** | **124.00** | **$ 100,000.00** | **110.90** | **$ 80,728.50** |

**Staffing Plan for the Time Period of August 6, 2019 through September 30, 2019**

Katten's core team for these Chapter 11 Cases consists of four partners, two associates, and one paraprofessional.  Katten will supplement this team as conflict matters arise to meet client needs under the changing circumstances of these Chapter 11 Cases.

**Exhibit E**

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Attorney and Paraprofessional Timekeepers**
**for the Time Period of August 6, 2019 through September 30, 2019**

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Attorney and Paraprofessional Timekeepers**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Attorney | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Steven J. Reisman | Partner | 1991 | Restructuring | $    1,220 | 10.60 | $    12,932.00 |
| Theresa A. Foudy | Partner | 1994 | Restructuring | 1,050 | 9.10 | 9,555.00 |
| John P. Sieger | Partner | 1997 | Restructuring | 975 | 12.70 | 12,382.50 |
| Geoffrey King[1] | Partner | 2009 | Restructuring | 895 | 1.80 | 1,611.00 |
| Allison Arotsky[1] | Associate | 2012 | Restructuring | 730 | 2.40 | 1,752.00 |
| Lindsay C. Lersner | Associate | 2018 | Restructuring | 605 | 61.20 | 37,026.00 |
| Grace A. Thompson | Associate | 2019 | Restructuring | 450 | 11.40 | 5,130.00 |
| **Totals for Attorneys** | | | | | **109.20** | **$    80,388.50** |
| **Minus Voluntary Discount for De Minimis Time[1]** | | | | | | **$    (3,363)** |
| **Grand Total for Attorneys** | | | | | | **$    77,025.50** |

---

[1]    As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Paraprofessional Timekeepers**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Paraprofessional | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Marie Siena | Paralegal | 12 | Restructuring | 200 | 1.70 | $      340.00 |
| **Totals for Paraprofessionals** | | | | | **1.70** | **$      340.00** |
| **Minus Voluntary Discount for De Minimis Time[1]** | | | | | | **$      (340.00)** |
| **Grand Total for Paraprofessionals** | | | | | | **$      0.00** |

---

[1]    As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

## Exhibit F

**In re Barneys New York, Inc., et al.**
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Actual and Necessary Expenses**
**for the Time Period of August 6, 2019 through September 30, 2019**

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Actual and Necessary Expenses**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Expenses by Categories[1] | Amount |
|---|---|
| After Hours Meals | $ 20.00 |
| Binding | 12.00 |
| Court Costs | 480.90 |
| Out of Town Travel[2] | 66.79 |
| **Total** | **$ 579.69** |

---

[1] Expenses were charged in accordance with the U.S. Dep't of Justice, U.S. Trustee Program, Appendix B– Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases., 78 Fed. Reg. 116 (June 17, 2013) and Amended Guidelines for Fees and Disbursements for Professions in Southern District of New York Bankruptcy Cases, S.D.N.Y. Bankr., General Order 447 (February 5, 2013).

[2] Out of town travel charges relate to transportation to and from the United States Bankruptcy Court for the Southern District of New York Courthouse in Poughkeepsie, NY. Where possible, Katten attorneys participated in Bankruptcy Court hearings by telephone.

**Exhibit G**

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Fees and Expenses by Matter Category**
**for the Time Period of August 6, 2019 through September 30, 2019**

*In re Barneys New York, Inc., et al.*
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Summary of Fees and Expenses by Matter Category**
**for the Time Period of August 6, 2019 through September 30, 2019**

| Matter Number | Matter Description | Hours | Fees Requested | Expenses Requested | Total Fees and Expenses Requested |
|---|---|---|---|---|---|
| 1 | General Administration | 12.40 | $      8,235.50 | $      0.00 | $      8,235.50 |
| 2 | Retention and Fee Applications | 56.30 | 38,549.50 | 0.00 | 38,549.50 |
| 19 | Hearings | 28.40 | 22,921.50 | 0.00 | 22,921.50 |
| 29 | Use, Sale, and Lease of Property | 13.80 | 11,022.00 | 0.00 | 11,022.00 |
| 32 | Expenses | | 0.00 | 579.69 | 579.69 |
| **Totals** | | **110.90** | **$      80,728.50** | **$      579.69** | **$      81,308.19** |
| **Minus Voluntary Discount for De Minimis Time[1]** | | | **$      (3,703.00)** | | |
| **Grand Total** | | | **$      77,025.50** | **$      579.69** | **$      77,605.19** |

---

[1]    As a courtesy to the Debtors' estates, Katten voluntarily wrote off the time incurred by attorneys and paraprofessionals billing less than three hours during the Fee Period and consequently does not seek payment of these fees (in the aggregate amount of $3,703) in this Fee Application.

**<u>Exhibit H</u>**

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Detailed Description of Services Provided and**
**Detailed Description of Expenses and Disbursements**
**for the Time Period of August 6, 2019 through September 30, 2019**

# Katten

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

**575 Madison Avenue**
**New York, NY  10022-2585**

September 24, 2019

Grace Fu, Esq.
Executive Vice President and General Counsel
Barneys New York, Inc.
575 Fifth Avenue
11th Floor
New York, NY 10017

Invoice No. 1301571640
Client No. 393094
Matter No. 00001

FEIN: 36-2796532

**Re: General Administration**  (393094.00001)

For legal services rendered through August 31, 2019 ........................................................... $7,193.50

**CURRENT INVOICE TOTAL:** **$7,193.50**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301571640
Invoice Date: September 24, 2019

## PROFESSIONAL SERVICES
Matter 00001: General Administration

| Date | Attorney or Assistant | Description | Hours |
|------|----------------------|-------------|-------|
| 06 Aug 19 | Sieger, John P. | Review petitions and resolutions (.30) | 0.30 |
| 06 Aug 19 | Thompson, Grace | Draft case calendar (.30); read First Day filings (.70) | 1.00 |
| 06 Aug 19 | Reisman, Steven | Review petitions filed by Barneys debtors and related Board resolutions regarding filing of chapter 11 cases (.30) | 0.30 |
| 06 Aug 19 | King, Geoffrey | Review first day pleadings (1.00) | 1.00 |
| 06 Aug 19 | Lersner, Lindsay | Review First Day Filings and draft email to team regarding same (.50); review and summarize first day filings, focusing on DIP Motion (3.10); attend to correspondence regarding hearing and preparation regarding same (.40); monitor docket, review petitions and draft email to team regarding same (.60) | 4.60 |
| 09 Aug 19 | Sieger, John P. | Review second-day filings (.50) | 0.50 |
| 15 Aug 19 | Sieger, John P. | Review notice of committee formation and committee-counsel appearance (.20) | 0.20 |
| 15 Aug 19 | Reisman, Steven | Review update regarding formation of Official Committee of Unsecured Creditors and appointment of professionals (.40) | 0.40 |
| 15 Aug 19 | Lersner, Lindsay | Review Barneys docket and draft update based on same, focusing on Committee appointment and professionals (.50) | 0.50 |
| 22 Aug 19 | Lersner, Lindsay | Review recently filed pleadings, including Bar Date Motion, Assumption and Rejection Procedures Motion and OCP Retention Motion and prepare update regarding same (.80) | 0.80 |
| 30 Aug 19 | Thompson, Grace | Review and analyze recent objections to pleadings (.60); draft email to Katten team on the same (.40) | 1.00 |
| | | **TOTALS:** | **10.60** |

## SUMMARY OF PROFESSIONAL SERVICES
Matter 00001: General Administration

| | Attorney or Assistant | Hours | Rate | Amount |
|------|----------------------|-------|------|--------|
| 44879 | King, Geoffrey | 1.00 | 895.00 | $895.00 |
| 44932 | Lersner, Lindsay | 5.90 | 605.00 | $3,569.50 |
| 44842 | Reisman, Steven | 0.70 | 1,220.00 | $854.00 |
| 32703 | Sieger, John P. | 1.00 | 975.00 | $975.00 |
| 44616 | Thompson, Grace | 2.00 | 450.00 | $900.00 |
| | **TOTAL:** | **10.60** | | **$7,193.50** |

# Katten

**575 Madison Avenue**
**New York, NY  10022-2585**

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

September 24, 2019

Grace Fu, Esq.                                        Invoice No. 1301571645
Executive Vice President and General Counsel          Client No. 393094
Barneys New York, Inc.                                Matter No. 00002
575 Fifth Avenue
11th Floor
New York, NY 10017

FEIN: 36-2796532

**Re: Retention and Fee Applications** (393094.00002)

For legal services rendered through August 31, 2019 .......................................................... $27,473.00

**CURRENT INVOICE TOTAL:**              **$27,473.00**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301571645
Invoice Date: September 24, 2019

## PROFESSIONAL SERVICES

Matter 00002: Retention and Fee Applications

| Date | Attorney or Assistant | Description | Hours |
|---|---|---|---|
| 12 Aug 19 | Sieger, John P. | Reviewed retention application disclosure detail (.30) | 0.30 |
| 12 Aug 19 | Lersner, Lindsay | Review correspondence with Kirkland and prepare Retention Application (2.70); begin to prepare schedules to same (1.40) | 4.10 |
| 13 Aug 19 | Thompson, Grace | Proofread and edit retention application (.30) | 0.30 |
| 26 Aug 19 | Thompson, Grace | Discussions with L. Lersner regarding Barneys Retention Application (.20); review and edit Retention Application (.30); review and reconcile Retention Application schedules against Kirkland schedules with L. Lersner (2.70) | 3.20 |
| 26 Aug 19 | Reisman, Steven | Attend to correspondence regarding Katten Retention Application (.40); follow-up with E. Kehoe of Kirkland regarding Katten Engagement Letter (.20); review and comment on Katten retention application papers, including my Declaration in support retention (1.40) | 2.00 |
| 26 Aug 19 | Foudy, Theresa | Reviewing and revising draft retention application papers, including notice of hearing, application, Reisman Declaration in support of retention, and Company Declaration in support of retention (3.80) | 3.80 |
| 26 Aug 19 | Lersner, Lindsay | Review Kirkland draft Retention Application (.40); review updated interested parties list and reconcile with list of interested parties already reviewed (3.40); review and revise retention application (4.50) | 8.30 |
| 27 Aug 19 | Thompson, Grace | Review and edit Katten Retention Application (.80); review Katten budget and staffing plan (.30); discuss with L. Lersner (.10); review schedules for Retention Application per L. Lersner (.70); discuss Retention Application edits with L. Lersner (.10); final review and edit of Retention Application (.40) | 2.40 |
| 27 Aug 19 | Reisman, Steven | Finalize and sign-off on Declaration in support of filing (.50); attend to correspondence regarding Katten retention application, including status of Katten engagement letter and preparation of Katten budget and staffing plan (.60) | 1.10 |
| 27 Aug 19 | Foudy, Theresa | Review, edit, and sign-off on latest drafts of retention application papers (1.50); confer with L. Lersner on open issues in regards to disclosures and budget (.30); review and provide comments on draft budget (.20); call with Kirkland's E. Kehoe on application (.20) | 2.20 |
| 27 Aug 19 | Lersner, Lindsay | Review conflicts results and update Schedules to Retention Application based on same (1.70); review conflicts results for additional interested parties run and revise Schedules to reflect all results (2.30); call with E. Kehoe and T. Foudy to discuss Retention Application (.20); revise Retention Application based on same (1.20); prepare staffing plan and budget (.80); review and further revise Retention Application (1.80); review comments from Kirkland to Retention Application and revise based on same (2.10); attend to | 11.30 |

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301571645
Invoice Date: September 24, 2019

## PROFESSIONAL SERVICES

Matter 00002: Retention and Fee Applications

| Date | Attorney or Assistant | Description | Hours |
|---|---|---|---|
| | | correspondence with Kirkland regarding Retention Application and filing of same (.80); attend to filing of Retention Application (.40) | |
| 28 Aug 19 | Foudy, Theresa | Review filed application, objection and presentment dates (.10) | 0.10 |
| | | **TOTALS:** | **39.10** |

## SUMMARY OF PROFESSIONAL SERVICES

Matter 00002: Retention and Fee Applications

| | Attorney or Assistant | Hours | Rate | Amount |
|---|---|---|---|---|
| 44843 | Foudy, Theresa | 6.10 | 1,050.00 | $6,405.00 |
| 44932 | Lersner, Lindsay | 23.70 | 605.00 | $14,338.50 |
| 44842 | Reisman, Steven | 3.10 | 1,220.00 | $3,782.00 |
| 32703 | Sieger, John P. | 0.30 | 975.00 | $292.50 |
| 44616 | Thompson, Grace | 5.90 | 450.00 | $2,655.00 |
| | **TOTAL:** | **39.10** | | **$27,473.00** |

# Katten

**575 Madison Avenue**
**New York, NY  10022-2585**

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

September 24, 2019

Grace Fu, Esq.                                               Invoice No. 1301571646
Executive Vice President and General Counsel                 Client No. 393094
Barneys New York, Inc.                                       Matter No. 00019
575 Fifth Avenue
11th Floor
New York, NY 10017

FEIN: 36-2796532

**Re: Hearings**  (393094.00019)

For legal services rendered through August 31, 2019 ..........................................................   $17,805.50

**CURRENT INVOICE TOTAL:**   **$17,805.50**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

19-36300-cgm    Doc 524    Filed 11/14/19    Entered 11/14/19 20:19:15    Main Document
Pg 69 of 86

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301571646
Invoice Date: September 24, 2019

## PROFESSIONAL SERVICES
Matter 00019: Hearings

| Date | Attorney or Assistant | Description | Hours |
|------|----------------------|-------------|-------|
| 06 Aug 19 | Sieger, John P. | Participate telephonically in first-day hearing (4.70) | 4.70 |
| 06 Aug 19 | Reisman, Steven | Participate telephonically in first day hearing (4.70) | 4.70 |
| 06 Aug 19 | Lersner, Lindsay | Travel to hearing in Poughkeepsie, while reviewing documents regarding same (2.20); attend First Day hearing (4.70); travel back from First Day Hearing, while reviewing related notes and documents (2.20) | 9.10 |
| 13 Aug 19 | Sieger, John P. | Review hearing agenda and docket in preparation for tomorrow's hearing (.30) | 0.30 |
| 14 Aug 19 | Sieger, John P. | Attend telephonic hearing on financing and GOB-sale motions (.70) | 0.70 |
| 21 Aug 19 | Sieger, John P. | Participate in telephonic hearing (.60) | 0.60 |
| 21 Aug 19 | Lersner, Lindsay | Attend (telephonically) hearing on Bidding Procedures Motion (.70) | 0.70 |
| | | **TOTALS:** | **20.80** |

## SUMMARY OF PROFESSIONAL SERVICES
Matter 00019: Hearings

| | Attorney or Assistant | Hours | Rate | Amount |
|------|----------------------|-------|------|--------|
| 44932 | Lersner, Lindsay | 9.80 | 605.00 | $5,929.00 |
| 44842 | Reisman, Steven | 4.70 | 1,220.00 | $5,734.00 |
| 32703 | Sieger, John P. | 6.30 | 975.00 | $6,142.50 |
| | **TOTAL:** | **20.80** | | **$17,805.50** |

# Katten

**575 Madison Avenue**
**New York, NY  10022-2585**

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

September 24, 2019

Grace Fu, Esq.                                          Invoice No. 1301571648
Executive Vice President and General Counsel            Client No. 393094
Barneys New York, Inc.                                  Matter No. 00029
575 Fifth Avenue
11th Floor
New York, NY 10017

FEIN: 36-2796532

**Re: Use, Sale, and Lease of Property** (393094.00029)

For legal services rendered through August 31, 2019 ........................................................... $11,022.00

**CURRENT INVOICE TOTAL:** $11,022.00

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301571648
Invoice Date: September 24, 2019

## PROFESSIONAL SERVICES
Matter 00029: Use, Sale, and Lease of Property

| Date | Attorney or Assistant | Description | Hours |
|------|----------------------|-------------|-------|
| 07 Aug 19 | Sieger, John P. | Review selected first-day orders (.30); calls from potential GOB bidders (.30) | 0.60 |
| 07 Aug 19 | Reisman, Steven | Review selected first day orders, including DIP financing order and related materials (.80) | 0.80 |
| 07 Aug 19 | King, Geoffrey | Review DIP financing order and related materials (.80) | 0.80 |
| 07 Aug 19 | Lersner, Lindsay | Review newly filed DIP Agreement (1.50); discuss hearing with S. Reisman (.10); review DIP Agreements regarding fees (.50) | 2.10 |
| 12 Aug 19 | Sieger, John P. | Review store-closing, bid-procedures and amended DIP financing motions (1.50) | 1.50 |
| 14 Aug 19 | Sieger, John P. | Review revised draft of proposed second interim financing order and draft bid-procedures order (.40) | 0.40 |
| 14 Aug 19 | Reisman, Steven | Update regarding Barney's hearing today on interim Debtor in Possession financing and approval of same as well as going forward with store closing sale transaction and update from L. Lersner regarding today's hearing (1.30) | 1.30 |
| 14 Aug 19 | Lersner, Lindsay | Review and organize materials for Second Interim DIP Hearing, including review of revised Store Closing Order and Revised Second Interim DIP Order (.80); travel to and from Barneys hearing while reviewing related materials (2.10); attend Barneys hearing regarding Store Closing Motion and Second Interim DIP (1.20); prepare high level summary of same (.60) | 4.70 |
| 19 Aug 19 | Sieger, John P. | Review sale objection (.20) | 0.20 |
| 23 Aug 19 | Sieger, John P. | Review scheduling order regarding sale-motion presentations (.20) | 0.20 |
| 23 Aug 19 | Thompson, Grace | Read Motion and Order Approving Bidding Procedures (.30); draft summary to internal team (.40) | 0.70 |
| 30 Aug 19 | Sieger, John P. | Review UST and UCC objections to DIP motion (.50) | 0.50 |
| | | **TOTALS:** | **13.80** |

## SUMMARY OF PROFESSIONAL SERVICES
Matter 00029: Use, Sale, and Lease of Property

| | Attorney or Assistant | Hours | Rate | Amount |
|------|----------------------|-------|------|--------|
| 44879 | King, Geoffrey | 0.80 | 895.00 | $716.00 |
| 44932 | Lersner, Lindsay | 6.80 | 605.00 | $4,114.00 |
| 44842 | Reisman, Steven | 2.10 | 1,220.00 | $2,562.00 |
| 32703 | Sieger, John P. | 3.40 | 975.00 | $3,315.00 |
| 44616 | Thompson, Grace | 0.70 | 450.00 | $315.00 |
| | **TOTAL:** | **13.80** | | **$11,022.00** |

2

# Katten

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

**575 Madison Avenue**
**New York, NY  10022-2585**

September 24, 2019

Grace Fu, Esq.
Executive Vice President and General Counsel
Barneys New York, Inc.
575 Fifth Avenue
11th Floor
New York, NY 10017

Invoice No. 1301571643
Client No. 393094
Matter No. 00032

FEIN: 36-2796532

**Re:** **Expenses**  (393094.00032)

Disbursements and other charges.................................................................................... $12.00

**CURRENT INVOICE TOTAL:**                          **$12.00**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301571643
Invoice Date: September 24, 2019

## DISBURSEMENTS
Matter 00032: Expenses

| Date | Description | Amount |
|------|-------------|--------|
| 30 Aug 19 | Binding:8/6/19 | 12.00 |
| | **TOTAL:** | **$12.00** |

## SUMMARY OF DISBURSEMENTS
Matter 00032: Expenses

| | |
|---|---|
| Binding | $12.00 |
| **TOTAL:** | **$12.00** |

2

# Katten

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

**575 Madison Avenue**
**New York, NY  10022-2585**

October 24, 2019

Grace Fu, Esq.                                      Invoice No. 1301579439
Executive Vice President and General Counsel        Client No. 393094
Barneys New York, Inc.                              Matter No. 00001
575 Fifth Avenue
11th Floor
New York, NY 10017

FEIN: 36-2796532

**Re:** **General Administration**  (393094.00001)

For legal services rendered through September 30, 2019 ....................................................  $1,042.00

**CURRENT INVOICE TOTAL:**          **$1,042.00**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301579439
Invoice Date: October 24, 2019

## PROFESSIONAL SERVICES

Matter 00001: General Administration

| Date | Attorney or Assistant | Description | Hours |
|------|----------------------|-------------|-------|
| 05 Sep 19 | Siena, Marie | E-file pro hac vice application on court's docket (.50) | 0.50 |
| 06 Sep 19 | Sieger, John P. | Reviewed final orders regarding financing and critical vendors (.30) | 0.30 |
| 24 Sep 19 | Lersner, Lindsay | Attend to follow-up regarding J. Sieger pro hac vice admission (.50) | 0.50 |
| 25 Sep 19 | Foudy, Theresa | Review information on status conference regarding DIP milestones (.10) | 0.10 |
| 25 Sep 19 | Lersner, Lindsay | Review Notice of Status Conference and draft update to team regarding same (.40) | 0.40 |
| | | **TOTALS:** | **1.80** |

## SUMMARY OF PROFESSIONAL SERVICES

Matter 00001: General Administration

| | Attorney or Assistant | Hours | Rate | Amount |
|------|----------------------|-------|------|--------|
| 44843 | Foudy, Theresa | 0.10 | 1,050.00 | $105.00 |
| 44932 | Lersner, Lindsay | 0.90 | 605.00 | $544.50 |
| 32703 | Sieger, John P. | 0.30 | 975.00 | $292.50 |
| 41782 | Siena, Marie | 0.50 | 200.00 | $100.00 |
| | **TOTAL:** | **1.80** | | **$1,042.00** |

2

# Katten

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

**575 Madison Avenue**
**New York, NY  10022-2585**

October 24, 2019

Grace Fu, Esq.
Executive Vice President and General Counsel
Barneys New York, Inc.
575 Fifth Avenue
11th Floor
New York, NY 10017

Invoice No. 1301579440
Client No. 393094
Matter No. 00002

FEIN: 36-2796532

**Re:** **Retention and Fee Applications**  (393094.00002)

For legal services rendered through September 30, 2019 .................................................... $11,076.50

**CURRENT INVOICE TOTAL:**    **$11,076.50**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301579440
Invoice Date: October 24, 2019

## PROFESSIONAL SERVICES

Matter 00002: Retention and Fee Applications

| Date | Attorney or Assistant | Description | Hours |
|------|----------------------|-------------|-------|
| 03 Sep 19 | Arotsky, Allison | Draft First Supplemental Reisman Declaration in support of Katten retention (1.50) | 1.50 |
| 04 Sep 19 | Lersner, Lindsay | Review and revise Barneys supplemental declaration (1.30) | 1.30 |
| 04 Sep 19 | Arotsky, Allison | Confer with L. Lersner regarding changes to Supplemental Reisman Declaration (.20) | 0.20 |
| 05 Sep 19 | Foudy, Theresa | Review and edit draft supplemental Reisman Declaration in support of retention (1.40) | 1.40 |
| 05 Sep 19 | Arotsky, Allison | Update and revise First Supplemental Reisman Declaration (.50) | 0.50 |
| 06 Sep 19 | Foudy, Theresa | Review and edit latest draft of supplemental disclosures (.40) | 0.40 |
| 06 Sep 19 | Lersner, Lindsay | Review and revise Barneys supplemental declaration (.50) | 0.50 |
| 08 Sep 19 | Foudy, Theresa | Exchange emails regarding status of supplemental disclosure in support of Katten's retention (.10) | 0.10 |
| 12 Sep 19 | Arotsky, Allison | Email Katten team regarding First Supplemental Reisman Declaration (.10) | 0.10 |
| 13 Sep 19 | Foudy, Theresa | Review emails regarding objection deadline for retention application and next steps in terms of presentment of proposed order (.10) | 0.10 |
| 13 Sep 19 | Lersner, Lindsay | Prepare draft Retention Order for submission to Chambers (.40); draft email to E. Kehoe regarding same (.20); follow-up regarding same (.20) | 0.80 |
| 16 Sep 19 | Thompson, Grace | Draft Katten August Monthly Fee Statement (.50); coordinate with M. Siena and L. Lersner regarding billing procedures, matter number setup and Judge Morris proposed order rules (.30) | 0.80 |
| 16 Sep 19 | Foudy, Theresa | Review emails regarding UST sign-off on draft proposed retention orders and preparation of fee applications (.20); review and provide comments on draft supplemental disclosure in support of retention (.30) | 0.50 |
| 16 Sep 19 | Lersner, Lindsay | Review and revise draft retention order for submission to Chambers (.20); calls with E. Kehoe regarding status of retention order and next steps (.20); attend to related correspondence (.40); review August invoices for privilege purposes (.60) | 1.40 |
| 16 Sep 19 | Arotsky, Allison | Update first supplemental Reisman declaration (.10) | 0.10 |
| 17 Sep 19 | Foudy, Theresa | Review emails concerning UST review of retention order and finalization of same and preparation of fee applications (.20) | 0.20 |
| 17 Sep 19 | Lersner, Lindsay | Attend to follow-up regarding Retention Order (.30); review and revise Barneys August Fee Statement (.90) | 1.20 |
| 19 Sep 19 | Foudy, Theresa | Review email regarding fee application (.10) | 0.10 |
| 19 Sep 19 | Lersner, Lindsay | Review and edit invoices for privilege purposes (.80) | 0.80 |
| 20 Sep 19 | Thompson, Grace | Review and revise August Monthly Fee Statement (.30); coordinate with M. Siena on the same (.20) | 0.50 |
| 20 Sep 19 | Foudy, Theresa | Review emails in regards to timing of filing of fee | 0.10 |

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301579440
Invoice Date: October 24, 2019

## PROFESSIONAL SERVICES
Matter 00002: Retention and Fee Applications

| Date | Attorney or Assistant | Description | Hours |
|---|---|---|---|
| | | applications (.10) | |
| 23 Sep 19 | Siena, Marie | Review August invoices and fee statement for confidential information (1.20) | 1.20 |
| 23 Sep 19 | Thompson, Grace | Revise August monthly fee statement (.80); discussions with L. Lersner on the same (.20); discussions with M. Siena on the same (.20) | 1.20 |
| 23 Sep 19 | Lersner, Lindsay | Review and revise Barneys fee statement (.60); discussion with G. Thompson on the same (.20) | 0.80 |
| 24 Sep 19 | Thompson, Grace | Revise August Monthly Fee statement (.30) | 0.30 |
| 24 Sep 19 | Lersner, Lindsay | Review and revise August Fee Statement (1.10) | 1.10 |
| | | **TOTALS:** | **17.20** |

## SUMMARY OF PROFESSIONAL SERVICES
Matter 00002: Retention and Fee Applications

| | Attorney or Assistant | Hours | Rate | Amount |
|---|---|---|---|---|
| 44935 | Arotsky, Allison | 2.40 | 730.00 | $1,752.00 |
| 44843 | Foudy, Theresa | 2.90 | 1,050.00 | $3,045.00 |
| 44932 | Lersner, Lindsay | 7.90 | 605.00 | $4,779.50 |
| 41782 | Siena, Marie | 1.20 | 200.00 | $240.00 |
| 44616 | Thompson, Grace | 2.80 | 450.00 | $1,260.00 |
| | **TOTAL:** | **17.20** | | **$11,076.50** |

# Katten

**575 Madison Avenue**
**New York, NY  10022-2585**

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

October 24, 2019

Grace Fu, Esq.

Executive Vice President and General Counsel

Barneys New York, Inc.

575 Fifth Avenue

11th Floor

New York, NY 10017

Invoice No. 1301579441

Client No. 393094

Matter No. 00019

FEIN: 36-2796532

**Re: Hearings**  (393094.00019)

For legal services rendered through September 30, 2019 ..................................................... $5,116.00

**CURRENT INVOICE TOTAL:**    **$5,116.00**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Client: 393094 – Barneys New York, Inc.

Invoice No. 1301579441
Invoice Date: October 24, 2019

## PROFESSIONAL SERVICES

Matter 00019: Hearings

| Date | Attorney or Assistant | Description | Hours |
|------|----------------------|-------------|-------|
| 04 Sep 19 | Sieger, John P. | Attend (in part) in telephonic hearing (.70) | 0.70 |
| 04 Sep 19 | Lersner, Lindsay | Attend (telephonically) Barneys second day hearing (2.00) | 2.00 |
| 18 Sep 19 | Sieger, John P. | Attend (in part)  in telephonic hearing (.50) | 0.50 |
| 18 Sep 19 | Lersner, Lindsay | Attend (telephonically) Barneys hearing on various motions, including the Sale Maximization Incentive Plan Motion (2.50); prepare summary of same (.70) | 3.20 |
| 27 Sep 19 | Sieger, John P. | Review update on today's status hearing and extension of DIP order deadline (.20) | 0.20 |
| 27 Sep 19 | Lersner, Lindsay | Attend (telephonically) status conference (.20); prepare summary of same and general update for team (.80) | 1.00 |
| | | **TOTALS:** | **7.60** |

## SUMMARY OF PROFESSIONAL SERVICES

Matter 00019: Hearings

| | Attorney or Assistant | Hours | Rate | Amount |
|------|----------------------|-------|------|--------|
| 44932 | Lersner, Lindsay | 6.20 | 605.00 | $3,751.00 |
| 32703 | Sieger, John P. | 1.40 | 975.00 | $1,365.00 |
| | **TOTAL:** | **7.60** | | **$5,116.00** |

# Katten

Direct Billing Inquiries to:
**Carla Harmon**
212-940-6512
carla.harmon@katten.com

**575 Madison Avenue**
**New York, NY  10022-2585**

October 24, 2019

Grace Fu, Esq.
Executive Vice President and General Counsel
Barneys New York, Inc.
575 Fifth Avenue
11th Floor
New York, NY 10017

Invoice No. 1301579442
Client No. 393094
Matter No. 00032

FEIN: 36-2796532

**Re: Expenses** (393094.00032)

Disbursements and other charges.....................................................................        $567.69

**CURRENT INVOICE TOTAL:**        **$567.69**

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected
to be governed by the Illinois Uniform Partnership Act  (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

Invoice No. 1301579442
Invoice Date: October 24, 2019

## DISBURSEMENTS
Matter 00032: Expenses

| Date | Description | Amount |
|------|-------------|-------:|
| 06 Sep 19 | VENDOR: SeamlessWeb Professional Solutions, Inc. INVOICE#: 3182917 DATE: 9/1/2019   Food service ordered on 08/27/2019 by Lersner, Lindsay, OrderID: 2017112748 | 20.00 |
| 09 Sep 19 | VENDOR: Lersner, Lindsay INVOICE#: 3590977509091631 DATE: 9/9/2019 Attend court hearing in Poughkeepsie cab from court to train station Date Incurred: 08/06/19 | 6.79 |
| 09 Sep 19 | VENDOR: Lersner, Lindsay INVOICE#: 3590977509091631 DATE: 9/9/2019 Attend court hearing in Poughkeepsie cab from train station to courthouse Date Incurred: 08/06/19 | 7.00 |
| 09 Sep 19 | VENDOR: Lersner, Lindsay INVOICE#: 3590977509091631 DATE: 9/9/2019 Attend court hearing in Poughkeepsie Amtrak from Poughkeepsie to Penn Station NY Date Incurred: 08/06/19 | 53.00 |
| 09 Sep 19 | VENDOR: U.S. Bankruptcy Court; INVOICE#: A13404159; DATE: 9/5/2019  -  Tracking ID# A13404159 dated 9/5/19; Filing fee for John Sieger's Pro Hac Vice application | 200.00 |
| 09 Sep 19 | VENDOR: Arotsky, Allison INVOICE#: 3607222609091631 DATE: 9/9/2019 Telephonic appearance at court hearing Date Incurred: 08/06/19 | 70.00 |
| 09 Sep 19 | VENDOR: Lersner, Lindsay INVOICE#: 3590977509091631 DATE: 9/9/2019 Telephonic appearance at court hearing Date Incurred: 08/14/19 | 70.00 |
| 09 Sep 19 | VENDOR: Lersner, Lindsay INVOICE#: 3590977509091631 DATE: 9/9/2019 Telephonic appearance at court hearing Date Incurred: 08/21/19 | 70.00 |
| 10 Sep 19 | VENDOR: Reisman, Steven J. INVOICE#: 3599570309101626 DATE: 9/10/2019 Court Solutions Charge for client Barneys Court Solutions Conference Call Service Charge for 2nd Day Hearing Date Incurred: 09/04/19 | 70.00 |
| 12 Sep 19 | VENDOR: Pacer Service Center; INVOICE#: KM3279-AUG19-CHI; DATE: 9/12/2019  -  Acct #KM3279; Pacer court cost incurred in August 2019, Chicago. | 0.90 |
| | **TOTAL:** | **$567.69** |

## SUMMARY OF DISBURSEMENTS
Matter 00032: Expenses

| | |
|---|---:|
| Out of Town Travel | $66.79 |
| After Hours Meals Expense | $20.00 |
| Court Costs | $480.90 |
| **TOTAL:** | **$567.69** |

**Exhibit I**

***In re Barneys New York, Inc., et al.***
**Bankruptcy Case No. 19-36300 (CGM) (Jointly Administered)**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING FIRST INTERIM FEE APPLICATION OF KATTEN MUCHIN**
**ROSENMAN LLP, AS CONFLICTS COUNSEL FOR DEBTORS, FOR THE PERIOD**
**FROM AUGUST 6, 2019 THROUGH AND INCLUDING SEPTEMBER 30, 2019**

Upon consideration of the First Interim Fee Application of Katten Muchin Rosenman
LLP, as Conflicts Counsel for the Debtors, for the Period from August 6, 2019 through and
including September 30, 2019 (the "Application") for compensation for professional services and
expenses incurred during the Fee Period; and a hearing having been heard before this Court to
consider the Application on [December __, 2019] and proper notice having been given; and due
consideration having been given to the Application and any responses thereto; and sufficient
cause having been shown therefor, it is HEREBY ORDERED THAT:

1.    The Application is granted to the extent set forth in the attached schedule.

2.    Upon entry of this Order, the Debtors are directed and authorized to remit
payment to Katten in the amount set forth in Schedule A hereto, less all amounts previously paid
on account of such fees and expenses.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include:  Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY
Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575
Fifth Avenue, New York, New York 10017.

     3.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

## Schedule A

Case No. 19-36300 (CGM) (Jointly Administered)

Case Name: *Barneys New York, Inc.*, *et al.*

### First Interim Fee Application Totals for the Period
### of August 6, 2019 through September 30, 2019

| (1)<br>Applicant | (2)<br>Date/Document Number of Application | (3)<br>Total Fees Requested | (4)<br>Total Fees Allowed | (5)<br>Total Expenses Requested | (6)<br>Total Expenses Allowed |
|---|---|---|---|---|---|
| Katten Muchin Rosenman LLP | November 14, 2019 [Docket No. __] | $77,025.50 | | $579.69 | |