Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
 Facsimile: (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

**NOTICE OF DEBTORS' MOTION FOR
ENTRY OF AN ORDER APPROVING (I) THE
ADEQUACY OF THE DISCLOSURE STATEMENT;
(II) SOLICITATION AND NOTICE PROCEDURES;
(III) FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH; AND (IV) CERTAIN DATES WITH RESPECT THERETO**

**PLEASE TAKE NOTICE** that on November 15, 2019, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order*

*Approving (I) the Adequacy of the Disclosure Statement; (II) Solicitation and Notice Procedures;*

*(III) Forms of Ballots and Notices in Connection Therewith; and (IV) Certain Dates with Respect*

*Thereto* (the "Motion," a copy of which is attached hereto).  A hearing (the "Hearing") on the

Motion will be held before the Honorable Cecelia G. Morris of the United States Bankruptcy Court

for the Southern District of New York (the "Court"), 355 Main Street, Poughkeepsie, New York

12601, on **December 18, 2019, at 9:00 a.m., (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections

(each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall

conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the *Final Order Establishing Certain Notice, Case*

*Management, and Administrative Procedures* [Docket No. 207] (the "Case Management Order"),

shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with

the Court electronically in accordance with General Order M-399 by registered users of the Court's

case filing system (the User's Manual for the Electronic Case Filing System can be found at

http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered

directly to chambers pursuant to Local Rule 9070-1 and served so as to be actually received no

later than **December 12, 2019, at 4:00 p.m. (prevailing Eastern Time)**

(the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case

Management Order), including, without limitation:

    a.   Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, (Attn: Edward O. Sassower, P.C., and Joshua A. Sussberg, P.C.) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Chad J. Husnick, P.C. and W. Benjamin Winger), co-counsel for the Debtors;

    b.   Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, (Attn: Steven J. Reisman), co-counsel for the Debtors;

    c.   The Office of The United States Trustee for Region 2, 11A Clinton Avenue, Room 620, Albany, New York 12207 (Attn: Alicia Leonhard); and

    d.   Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899-8705 (Attn: Robert J. Feinstein and Bradford Sandler), counsel for the Official Committee of Unsecured Creditors.

    **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served

with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the

Court an order substantially in the form annexed as **<u>Exhibit A</u>** to the Motion, which order the

Court may enter with no further notice or opportunity to be heard.

    **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned

thereafter from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing. The Debtors will file an agenda before the Hearing, which may

modify or supplement the Motion to be heard at the Hearing.

    **PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free

of charge by visiting the website of Stretto at http://case.stretto.com/barneys. You may also obtain

copies of any pleadings by visiting the Court's website at <u>http://www.nysb.uscourts.gov</u> in

accordance with the procedures and fees set forth therein.

Dated:  November 15, 2019
New York, New York

/s/ Joshua A. Sussberg, P.C.
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
 Facsimile: (212) 940-8776

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger *(admitted pro hac vice)*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-220*0*

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER APPROVING (I) THE
ADEQUACY OF THE DISCLOSURE STATEMENT;
(II) SOLICITATION AND NOTICE PROCEDURES;
(III) FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH; AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Barneys New York, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion:

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the following relief and such other relief as is just and proper:

     a.    ***Disclosure Statement.***  Approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

     b.    ***Solicitation and Voting Procedures.***  Approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan"), (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as **Exhibit 1**;

     c.    ***Ballots.***  Approving the Class 3 Ballot and Class 4 Ballot (the "Ballots"), substantially in the form attached to the Order as **Exhibits 2a and 2b**, respectively;

     d.    ***Non-Voting Status Notices.***  Approving (i) the form of notice applicable to Holders of Allowed Claims[2] or Allowed Interests that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (ii) the form of notice applicable to Holders of Claims or Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; and (iii) the form of notice applicable to Holders

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in either the Disclosure Statement or the Plan, as applicable.

of Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim (each, a "<u>Non-Voting Status Notice</u>"), substantially in the forms attached to the Order as **Exhibit 3**, **Exhibit 4**, and **Exhibit 5**, respectively;

e.   ***Solicitation Packages.***   Finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with Bankruptcy Rules 3017(d) and 2002(b);

f.   ***Cover Letter.***   Approving the form of letter (the "<u>Cover Letter</u>") that the Debtors will send to Holders of Allowed Claims or Allowed Interests entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as **Exhibit 6**;

g.   ***Confirmation Hearing Notice.***   Approving the form and manner of notice of the hearing to consider Confirmation of the Plan (the "<u>Confirmation Hearing</u>," and the notice thereof, the "<u>Confirmation Hearing Notice</u>"), substantially in the form attached to the Order as **Exhibit 7**;

h.   ***Plan Supplement Notice.***   Approving the notice related to the filing of the Plan Supplement (the "<u>Plan Supplement Notice</u>"), substantially in the form attached to the Order as **Exhibit 8**;

i.   ***Assumption and Rejection Notices.***   Approving the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan, (the "<u>Assumption Notice</u>" and the "<u>Rejection Notice</u>," respectively) substantially in the forms attached to the Order as **Exhibit 9** and **Exhibit 10**, respectively; and

j.   ***Confirmation Timeline.***   Establishing the following dates and deadlines, subject to modification as necessary:

   i.   ***Voting Record Date.*** **December 11, 2019** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "<u>Voting Record Date</u>");

ii.     ***Disclosure Statement Hearing.***  **December 18, 2019**, or as soon thereafter as the Debtors may be heard as the date for the hearing at which the Court will consider approval of the Disclosure Statement;

iii.    ***Solicitation Launch Date.***  **December 20, 2019** as the outside date to commence distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Launch Date");

iv.     ***Publication Deadline.***  **December 23, 2019** as the outside date by which the Debtors will submit the Confirmation Hearing Notice for publication in a format modified for publication (the "Publication Notice");

v.      ***Voting Deadline.***  **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by Stretto[3] (the "Voting and Claims Agent");

vi.     ***Plan Objection Deadline.***  **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline"); and

vii.    ***Deadline to File Voting Report.***  **January 20, 2020, at 4:00 p.m.** prevailing Eastern Time as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court;

viii.   ***Confirmation Hearing Date.***  **January 24, 2020**, or as soon thereafter as the Debtors may be heard as the date for the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing Date").

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

---

[3]     Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

*District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The statutory bases for the relief requested herein are sections 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

## **<u>Background</u>**

5.        The Debtors commenced these chapter 11 cases to obtain postpetition financing necessary to fund their business and these chapter 11 cases while they pursue and implement a value-maximizing restructuring transaction.    Consummation of the Sale Transaction on November 1, 2019, was a critical step in that process.  This restructuring, and the Debtors' ultimate exit from chapter 11, will be finally implemented through the Plan, which contemplates the distribution of available proceeds, in accordance with relative Claim priorities, after giving effect to the Sale Transaction.  The Plan maximizes stakeholder recoveries in these Chapter 11 Cases and is the best available alternative to conclude the process.  To solicit acceptances for the Plan, the Debtors will provide voting creditors the Disclosure Statement.  By this motion, the Debtors seek approval of the Disclosure Statement and related relief.

6.      The Plan classifies Holders of Claims or Interests into certain Classes for all purposes, including with respect to voting on the Plan, pursuant to section 1126 of the Bankruptcy Code.  The following chart represents the Classes of Claims or Interests under the Plan:[4]

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Priority Claims | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept / Reject) |
| 3 | Prepetition Secured Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 6 | Intercompany Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Interests in Barneys | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

7.      Holders of Claims in Class 3 and Class 4 are impaired under the Plan.  The Debtors propose to solicit votes to accept or reject the Plan from Holders of Claims in such classes (the "Voting Classes").  The Debtors do not propose to solicit votes from Holders of Claims or Interests in Classes 1, 2, 5, 6, 7, and 8 (collectively, the "Non-Voting Classes").[5]

---

[4]    The Plan constitutes a separate chapter 11 plan for each Debtor.  The classifications set forth in Classes 1, 2, 3, 4, 5, 6, 7, and 8 shall be deemed to apply to each Debtor.

[5]    If the Debtors amend the Plan prior to the hearing to consider approval of the Disclosure Statement such that any Non-Voting Class is no longer either unimpaired or fully impaired, the Debtors would propose to solicit votes from Holders of Claims or Interests in such Class and treat it as a Voting Class.

## Basis for Relief

### I.    The Court Should Approve the Disclosure Statement.

#### A.    The Standard of Approval for a Disclosure Statement.

8.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to Holders of impaired claims and interests entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the Holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

9.    A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest Holders, if applicable, to vote on a plan.[6]  "Adequate information" is a flexible standard, based on the facts and circumstances of each case.[7]  Both this Court and others acknowledge that determining what

---

[6]    *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties" (internal citation omitted)); *see also In re Amfesco Indus., Inc.*, No. CV-88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security Holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); *BSL Operating Corp. v. 125 E Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how-to-inform' section . . . .  A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by Holders of claims or interests."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negation process between informed interested parties.").

[7]    11 U.S.C. § 1125(a)(1) ("'adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and

constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy

Code resides within the broad discretion of the court.[8]

10.    In making a determination as to whether a disclosure statement contains adequate

information as required by section 1125 of the Bankruptcy Code, courts typically look for

disclosures related to topics such as:

    a.    the events that led to the filing of a bankruptcy petition;

    b.    the relationship of the debtor with its affiliates;

    c.    a description of the available assets and their value;

    d.    the company's anticipated future;

    e.    the source of information stated in the disclosure statement;

    f.    the debtors' condition while in chapter 11;

    g.    claims asserted against the debtor;

    h.    the estimated return to creditors under a chapter 7 liquidation;

    i.    the future management of the debtor;

---

records"); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("the information required will necessarily be governed by the circumstances of the case").

[8]    *See*, *e.g.*, *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case.'" (*quoting* H.R. Rep. No. 595, at 408–09 (1977))); *see also In re River Village Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (same); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) (internal citations omitted) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case.").

j. the chapter 11 plan or a summary thereof;

k. financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l. information relevant to the risks posed to creditors under the plan;

m. the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n. litigation likely to arise in a nonbankruptcy context; and

o. tax attributes of the debtor.[9]

11. Disclosure regarding all topics is not necessary in every case.[10]

**B. The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.**

12. The Disclosure Statement provides "adequate information" to allow Holders of Allowed Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including:

a. ***The Debtors' Corporate History, Structure, and Business Overview.*** An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure, which are described in detail in Article V of the Disclosure Statement;

b. ***Events Leading to the Chapter 11 Filings.*** An overview of the Debtors' events leading to the commencement of the Debtors' chapter 11 cases, which are described in detail in Article VI of the Disclosure Statement;

---

[9] *See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).

[10] *See In re U.S. Brass Corp.*, 194 B.R. at 424; *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

c.     ***Risk Factors.***  Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement, which are described in Article VIII of the Disclosure Statement;

d.     ***Solicitation and Voting Procedures.***  A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan including a copy of the Order once entered, which are described in Article IX of the Disclosure Statement;

e.     ***Confirmation of the Plan.***  Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan, which are described in Article X of the Disclosure Statement;

f.     ***Certain United States Federal Income Tax Consequences of the Plan.***  A description of certain U.S. federal income tax law consequences of the Plan, which are described in Article XI of the Disclosure Statement; and

g.     ***Recommendation.***  A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan, stated in Article XII of the Disclosure Statement.

13.     Based on the foregoing, the Debtors submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan.  Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and therefore should be approved.

**C.     The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan.**

14.     Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.

15.     Article IV of the Disclosure Statement describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  Further, the relevant

language in the Plan is in bold font, making it conspicuous to anyone who reads it.  Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan.

## II.    The Court Should Approve the Disclosure Statement Hearing Notice.

16.    Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest, and Bankruptcy Rule 2002(b) requires 28 days' notice for filing objections to the Disclosure Statement.[11]  Pursuant to Bankruptcy Rule 9006, the Debtors request that the Court approve the reduction of the Bankruptcy Rule 2002(b) notice period by *one day*.[12]  The facts and circumstances of these Chapter 11 Cases, including the Debtors' wind down budget, support such de minimis shortening of the relevant period(s).

17.    The Debtors will serve all known creditors with notice of the Disclosure Statement hearing (the "Disclosure Statement Hearing Notice").  The Disclosure Statement Hearing Notice identifies the following:  (a) the date, time, and place of the Disclosure Statement Hearing; (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; (c) the deadline and procedures for filing objections to the approval of the Disclosure Statement; and (d) a copy of this motion and proposed order (excluding the exhibits).  Additionally, the Debtors will distribute copies of the Disclosure Statement, including exhibits, to parties on the list of all parties who have requested notice under Bankruptcy Rule 2002 (the "2002 List").

---

[11]    *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice thereof); *see also* Fed. R. Bankr. P. 2002(b) (requiring not less than 28 days' notice by mail of the time for filing objections and the hearing to consider the approval of a disclosure statement).

[12]    Pursuant to Bankruptcy Rule 9006, a court may reduce the notice period in its discretion for cause.  *See* Fed. R. Bankr. P. 9006(c).

Accordingly, the Debtors submit that the Disclosure Statement Hearing Notice should be approved as appropriate and in compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

### III.    The Court Should Approve the Confirmation Timeline and Related Forms.

#### A.    The Court Should Approve the Voting Record Date, Solicitation Launch Date, and Voting Deadline.

18.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security Holders shall include Holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."   Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.   Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the Holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan.

19.    The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **December 20, 2019** as the Solicitation Launch Date, **December 11, 2019** as the Voting Record Date, and **January 17, 2020, at 4:00 p.m.** as the Voting Deadline.   Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim **only if**:   (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a

12

sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

20.     The Debtors request that, after the Debtors distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan as part of the Solicitation Launch Date, the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots so that they are **actually** **received** by the Voting and Claims Agent on or before the Voting Deadline.

21.     The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan at least 28 days, within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules.[13]  Accordingly, the Debtors request that the Court approve the form of, and the Debtors' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes.

---

[13] *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain Holders of claims).

**B.  The Court Should Approve the Forms of the Ballots.**

22.  In accordance with Bankruptcy Rule 3018(c), the Debtors prepared and customized the Ballots.  Although based on Official Form No. 314, the Ballots have been modified to (a) address the particular circumstances of these chapter 11 cases and (b) include certain additional information that are relevant and appropriate for Claims in the Voting Classes.  The proposed Ballots for the Voting Classes are annexed as **Exhibits 2a and 2b** to the Order, respectively.  The Debtors respectfully submit that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**C.  The Court Should Approve the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

23.  Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed.  The Debtors propose to send the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan.  Specifically, on the Solicitation Launch Date, the Debtors will cause the Solicitation Packages to be distributed through their Voting and Claims Agent (by first-class U.S. mail) to those Holders of Claims in each of the Voting Classes.  Each Solicitation Package will include the following materials:

a.  a copy of the Solicitation and Voting Procedures;

b.  a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

c.  the Cover Letter;

d.  the Disclosure Statement (and exhibits thereto, including the Plan);

e.  the Order (without exhibits, except the Solicitation and Voting Procedures);

14

    f.  the Confirmation Hearing Notice; and

    g.  such other materials as the Court may direct.

  24.  The Debtors request that they be authorized to distribute the Plan, the Disclosure Statement, and the Order (without exhibits except the Solicitation and Voting Procedures) to Holders of Claims entitled to vote on the Plan in electronic format (CD-ROM or flash drive). **Only** the Ballot, the Cover Letter, and the Confirmation Hearing Notice will be provided in paper format. Given the length of the Plan, the Disclosure Statement, and the proposed Order, distribution in this manner will translate into significant monetary savings for the Debtors' estates.

  25.  Additionally, the Debtors will provide complete Solicitation Packages (excluding the Ballots) to the U.S. Trustee and all parties on the 2002 List as of the Voting Record Date. Any party that receives the material in electronic format but would prefer paper format may contact the Voting and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). The Debtors will not mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

  26.  The Debtors respectfully request that the Voting and Claims Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting

to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

27.    In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic transmissions. Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots.  For the avoidance of doubt, Ballots submitted via electronic means shall be deemed to contain an original signature.

### D.    The Court Should Approve the Notice of Confirmation Hearing.

28.    The Debtors will serve the Confirmation Hearing Notice on all known Holders of Claims or Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) by no later than **December 20, 2019**.  The Confirmation Hearing Notice will include the following:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Voting and Claims Agent and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.

29.    Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice one time within seven days of the Solicitation Launch Date in the national edition of *USA Today*.  The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by

mail. Additionally, service and publication of the Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

### E.    The Court Should Approve the Plan Supplement Notice.

30.    The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, schedules, and exhibits to the Plan to be filed by the Debtors no later than five days before the Voting Deadline.[14] The Plan Supplement will include the following materials in connection with confirmation: (a) Schedule of Assumed Executory Contracts and Unexpired Leases; (b) Schedule of Retained Causes of Action; (c) the identity and terms of compensation of the Plan Administrator; (d) any transition services agreement between the Purchasers and the Debtors; and (e) any other necessary documentation related to the Sale Transaction or other Restructuring Transactions.

31.    To ensure that all Holders of Claims or Interests receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter.    Accordingly, the Plan Supplement Notice should be approved.

### F.    The Court Should Approve the Form of Notices to Non-Voting Classes.

32.    As discussed above, the Non-Voting Classes are **not** entitled to vote on the Plan. As a result, they will **not** receive Solicitation Packages and, instead, the Debtors propose that such parties receive a Non-Voting Status Notice.    Specifically, in lieu of solicitation materials, the Debtors propose to provide the following to Holders of Claims or Interests in Non-Voting Classes:

    a.    ***Not Impaired Claims—Conclusively Presumed to Accept.*** Holders of Claims in Class 1 which are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.    As such, Holders of such

---

[14]    *See* Plan at Art. I.A.

Claims will receive a notice, substantially in the form attached to the Order as **Exhibit 3**, in lieu of a Solicitation Package.

b. ***Other Interests and Claims—Deemed to Reject.*** Holders of Claims or Interests in Classes 2, 5, 6, 7, and 8 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to the Order as **Exhibit 4**, in lieu of a Solicitation Package.

c. ***Disputed Claims.*** Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claim. As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as **Exhibit 5**.

33. Each of the Non-Voting Status Notices will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Voting and Claims Agent and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date.

34. The Debtors believe that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes.

35. The Debtors further request that they not be required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims or Interests that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

### G.    The Court Should Approve the Forms of Notice to Contract and Lease Counterparties.

36.    Article V.A of the Plan provides that each of the Debtors' Executory Contracts and Unexpired Leases not previously assumed or rejected will be deemed rejected as of the Effective Date, other than:  (1) those that are identified on the Schedule of Assumed Executory Contracts and Unexpired Leases; (2) those that have been previously assumed by a Final Order; (3) those that are the subject of a motion to assume that is pending on the Confirmation Date; (4) those that are a contract, release, or other agreement or document entered into in connection with the Plan; or (5) those that are an insurance policy.  Additionally, Article V.F of the Plan provides that the Debtors will provide notice of proposed assumption and proposed cure amounts to the applicable contract and lease counterparties, together with procedures for objecting thereto and resolution of disputes by the Court.

37.    To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption or rejection of their Executory Contract or Unexpired Lease (and any corresponding cure claim) pursuant to the Plan, the Debtors may mail an Assumption Notice or a Rejection Notice, as appropriate, within the time periods specified in the Plan to relevant counterparties.

## IV.    The Court Should Approve the Solicitation and Voting Procedures.

### A.    The Standard for Approval of Solicitation and Voting Procedures.

38.    Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the plan.

39.    Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security Holder or an authorized agent and conform to the appropriate Official Form."  Consistent with these requirements, the Debtors propose to use the Solicitation and Voting Procedures.  The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as described below.

**B.      Completion of Ballots.**

40.    To ease and clarify the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Solicitation and Voting Procedures provide that the Debtors not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim or Interest that is not entitled to vote on the Plan, unsigned, or not clearly marked.  Further, the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

**C.      General Ballot Tabulation and Voting Procedures.**

41.    The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes.  The Debtors believe that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code.  Accordingly, the Debtors submit that the Solicitation and Voting Procedures are in the best interests of the Debtors' estates,

Holders of Claims or Interests, and other parties in interest, and that good cause supports the relief requested herein.

**V.    The Court Should Approve the Procedures for Confirming the Plan.**

**A.    The Confirmation Hearing Date.**

42.    Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation. Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan.  In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish **January 24, 2020** as the Confirmation Hearing Date.  The Debtors further request that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with the Court and served on the 2002 List.

**B.    The Court Should Approve the Procedures for Filing Objections to the Plan.**

43.    Bankruptcy Rules 2002(b) and (d) require no less than 28 days' notice to all Holders of Claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  The Debtors request that the Court establish **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time as the Plan Objection Deadline.

44.    The Debtors also request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  The Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

        a.    be in writing;

21

b.      conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

c.      state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

d.      be filed with the Court (contemporaneously with a proof of service) upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

45.      The Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

**C.      The Court Should Approve the Consequences of Not Confirming or Consummating the Plan.**

46.      The Debtors reserve the right to revoke or withdraw the Plan before the Confirmation Hearing and to file subsequent plans of reorganization.  If Consummation or Confirmation of the Plan does not occur for any reason, (a) the Plan shall be null and void in all respects other than as set forth therein, (b) the Plan shall serve as a motion seeking dismissal of these Chapter 11 Cases in accordance with the Bankruptcy Code, and (c) nothing contained in the Plan or the Disclosure Statement shall:  (1) constitute a waiver or release of any Claims by the Debtors, any Holders, or any other Entity; (2) prejudice in any manner the rights of the Debtors, any Holders, or any other Entity; or (3) constitute an admission, acknowledgment, offer or undertaking by the Debtors, any Holders, or any other Entity in any respect.

**Non-Substantive Modifications**

47.      The Debtors request authorization to make non-substantive changes to the Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballot, Publication Notice, Cover Letter,

Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Rejection Notices, Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

## **Motion Practice**

48.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## **Notice**

49.     The Debtors will provide notice of this motion to:  (a) the Master Service List; (b) the 2002 List; and (c) any Affected Entity (each as defined in the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 207]).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

50.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief

as the Court deems appropriate.

Dated:  November 15, 2019        */s/ Joshua A. Sussberg, P.C.*
New York, New York               Edward O. Sassower, P.C.
                              Joshua A. Sussberg, P.C.
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              601 Lexington Avenue
                              New York, New York 10022
                              Telephone:    (212) 446-4800
                              Facsimile:    (212) 446-4900

                              -and-

                              Chad J. Husnick, P.C.
                              W. Benjamin Winger (*pro hac vice* pending)
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              300 North LaSalle Street
                              Chicago, Illinois 60654
                              Telephone:    (312) 862-2000
                              Facsimile:    (312) 862-2200

                              *Co-Counsel for the Debtors and Debtors in Possession*

                              -and-

                              Steven J. Reisman
                              **KATTEN MUCHIN ROSENMAN LLP**
                              575 Madison Avenue
                              New York, New York 10022
                              Telephone: (212) 940-8800
                              Facsimile: (212) 940-8776

                              *Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING (I) THE**
**ADEQUACY OF THE DISCLOSURE STATEMENT;**
**(II) SOLICITATION AND NOTICE PROCEDURES;**
**(III) FORMS OF BALLOTS AND NOTICES IN CONNECTION**
**THEREWITH; AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Local Rules 3017-1, 3018-1, and 3020-1 approving: (a) the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>"); (b) the Disclosure Statement Hearing Date and Disclosure Statement Hearing Notice; (c) the Disclosure Statement Objection Deadline and Disclosure Statement Objection Response Deadline; (d) the Voting Record Date, Solicitation Launch Date, and Voting Deadline; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the Non-Voting Status Notices; (h) the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan; (i) the Solicitation and Voting Procedures; (j) the Plan Objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Deadline, Confirmation Hearing Date, and Confirmation Hearing Notice; and (k) the dates and deadlines related thereto, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012 and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as provided herein.

**I.    Approval of the Disclosure Statement.**

2.    The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides

Holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction,

exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the

requirements of Bankruptcy Rule 3016(c).

**II.      Approval of the Disclosure Statement Hearing Notice.**

4.      The Disclosure Statement Hearing Notice, filed by the Debtors and served upon

parties in interest in these chapter 11 cases, constitutes adequate and sufficient notice of the

hearings to consider approval of the Disclosure Statement, the manner in which a copy of the

Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time

fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions

of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**III.     Approval of the Materials and Timeline for Soliciting Votes.**

   **A.      Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure
            Statement.**

5.      The following dates are hereby established (subject to modification as necessary)

with respect to the solicitation of votes to accept, and voting on, the Plan:

   a.      **December 11, 2019** as the date for determining (i) which Holders of Claims
           in the Voting Classes are entitled to vote to accept or reject the Plan and
           receive Solicitation Packages in connection therewith and (ii) whether
           Claims have been properly assigned or transferred to an assignee pursuant
           to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder
           of the respective Claim (the "Voting Record Date");

   b.      the Debtors shall distribute Solicitation Packages to Holders of Claims
           entitled to vote on the Plan by **December 20,    2019**
           (the "Solicitation Launch Date"); and

   c.      all Holders of Allowed Claims entitled to vote on the Plan must complete,
           execute, and return their Ballots so that they are **actually received** by the
           Voting and Claims Agent pursuant to the Solicitation and Voting
           Procedures, on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern
           Time (the "Voting Deadline").

**B.**      **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.      In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on the Solicitation Launch Date to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.      an appropriate form of Ballot attached hereto as **Exhibits 2a and 2b**, respectively;[3]

b.      the Cover Letter attached hereto as **Exhibit 6**; and

c.      the Confirmation Hearing Notice attached hereto as **Exhibit 7**.

7.      The Solicitation Packages provide the Holders of Allowed Claims or Allowed Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.      The Debtors shall distribute Solicitation Packages to all Holders of Allowed Claims or Allowed Interests entitled to vote on the Plan on the Solicitation Launch Date.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this order to Holders of Claims entitled to vote on the Plan in electronic format  (*i.e.*, on a CD-ROM or flash drive).  **Only** the Ballots as well as the Cover Letter and the Confirmation Hearing Notice will be provided in paper form.  On the Solicitation Launch Date, the Debtors (through their Voting and Claims Agent) shall provide complete Solicitation Packages

---

[3]      The Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

(other than Ballots) to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10.     Any party that receives the materials in electronic format but would prefer to receive materials in paper format, may contact the Voting and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.     The Voting and Claims Agent is authorized to assist the Debtors in:  (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

12.     The Voting and Claims Agent is also authorized to accept Ballots via electronic transmission.  Ballots submitted via electronic means shall be deemed to contain an original signature.

**C.     Approval of the Confirmation Hearing Notice.**

13.     The Confirmation Hearing Notice, in the form attached hereto as **<u>Exhibit 7</u>** filed by the Debtors and served upon parties in interest in these chapter 11 cases on the Solicitation Launch Date constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Debtors shall publish the Confirmation Hearing

Notice (in a format modified for publication) one time on or before **December 23, 2019** in the national edition of *USA Today*.

### D. Approval of Notice of Filing of the Plan Supplement.

14. The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served at least five days prior to the Plan Objection Deadline, substantially in the form attached hereto as **Exhibit 8**, on the date the Plan Supplement is filed or as soon as reasonably practicable thereafter.

### E. Approval of the Form of Notices to Non-Voting Classes.

15. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. Instead, on the Solicitation Launch Date, the Voting and Claims Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

    a. ***Not Impaired Claims—Conclusively Presumed to Accept.*** Holders of Claims in Class 1 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan. As such, Holders of such Claims will receive a notice, substantially in the form attached to this Order as **Exhibit 3**, in lieu of a Solicitation Package.

    b. ***Other Interests and Claims—Deemed to Reject.*** Holders of Claims or Interests in Classes 2, 5, 6, 7, and 8 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this Order as **Exhibit 4**, in lieu of a Solicitation Package.

    c. ***Disputed Claims.*** Absent a Resolution Event (as defined in Exhibit 1), Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Launch Date are not entitled to vote the disputed portion of their claim. As such, Holders of such Claims will receive a notice, substantially in the form attached to this Order as **Exhibit 5**.

16.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

17.     The Debtors will not provide the Holders of Class 5 Intercompany Claims or Class 6 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

#### F.     Approval of Notices to Contract and Lease Counterparties.

18.     The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding cure claims), in the forms attached hereto as **Exhibit 9** and **Exhibit 10** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

### IV.     Approval of the Solicitation and Voting Procedures.

19.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

### V.     Approval of Procedures for Confirming the Plan.

#### A.     Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan.

20.     The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

a.    **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time shall be date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "Plan Objection Deadline");

b.    notwithstanding anything to the contrary in Local rule 3018-1(a), **January 20, 2020, at 4:00 p.m.** shall be the date by which the voting certification must be filed with the Court; and

c.    the Court shall consider Confirmation of the Plan at the hearing to be held on **January 24, 2020** (the "Confirmation Hearing Date").

**B.    Approval of the Procedures for Filing Objections to the Plan.**

21.    Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the **January 17, 2020, at 4:00 p.m.**  prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

**C.    Approval of Consequences of Not Confirming or Consummating the Plan**

22.    If the Plan is not Consummated or Confirmed for any reason, (a) the Plan shall be null and void in all respects other than as set forth therein, (b) the Plan shall serve as a motion seeking dismissal of these chapter 11 cases in accordance with the Bankruptcy Code, and (c) nothing contained in the Plan or the Disclosure Statement shall:  (1) constitute a waiver or release of any Claims by the Debtors, any Holders, or any other Entity; (2) prejudice in any manner the rights of the Debtors, any Holders, or any other Entity; or (3) constitute an admission,

acknowledgment, offer or undertaking by the Debtors, any Holders, or any other Entity in any respect.

## VI.    Miscellaneous.

23.    The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

24.    Nothing in this order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

25.    All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

27.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

28.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

29.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

Dated: _____, 2019
Poughkeepsie, New York                    _____
                                                           THE HONORABLE CECELIA G. MORRIS
                                                           UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Solicitation and Voting Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## <u>SOLICITATION AND VOTING PROCEDURES</u>

**PLEASE TAKE NOTICE THAT** on [●], the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order (the "<u>Disclosure Statement Order</u>"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A.   The Voting Record Date.

The Court has approved **December 11, 2019**, as the record date for purposes of determining which Holders of Claims in Classes 3 and 4 are entitled to vote on the Plan (the "<u>Voting Record Date</u>").

### B.   The Voting Deadline.

The Court has approved **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time as the voting deadline (the "<u>Voting Deadline</u>") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots sent to registered Holders of Claims (each, a "<u>Ballot</u>") must be properly executed, completed, and returned in the pre-paid, pre-addressed return envelope included in the Solicitation Package or delivered by: (1) first class mail; (2) overnight courier; (3) personal delivery; or (4) electronic mail, so that they are **actually received**, in any case, no

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

later than the Voting Deadline by Stretto (the "Voting and Claims Agent").[3]  All Ballots should be sent to:  (1) if by mail, Stretto Re: Barneys New York, Inc., et al., 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; (2) if by hand delivery or overnight courier, Stretto Re: Barneys New York, Inc., et al., 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; or (3) if via electronic mail, Barneys@stretto.com.  Delivery of a Ballot to the Voting and Claims Agent by facsimile shall not be valid.

### C.    Form, Content, and Manner of Notices.

### 1.    The Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    a copy of these Solicitation and Voting Procedures;

b.    the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors And Related Voting And Objection Deadlines*, in substantially the form annexed as **Exhibit 7** to the Disclosure Statement Order (the "Confirmation Hearing Notice");

c.    a cover letter, in substantially the form annexed as **Exhibit 6** to the Disclosure Statement Order describing the contents of the Solicitation Package and urging the Holders of Claims in the Voting Classes to vote to accept the Plan;

d.    the applicable form of Ballot, in substantially the form annexed as **Exhibits 2a and 2b** to the Disclosure Statement Order, including a pre-paid, pre-addressed return envelope;

e.    the approved Disclosure Statement (and exhibits thereto, including the Plan);

f.    the Disclosure Statement Order (without exhibits); and

g.    any additional documents that the Court has ordered to be made available.

### 2.    Distribution of the Solicitation Package.

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures) in electronic format (CD-ROM or flash drive), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format.  Any party that receives the materials in

---

[3]    For any Ballot cast via electronic mail, the format of the attachment must be found in the common workplace and industry standard format (*i.e.*, industry-standard PDF file) and the received date and time in the Voting and Claims Agent's inbox will be used as the timestamp for receipt.

electronic format but would prefer paper format may contact the Voting and Claims Agent by: (a) calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: http://case.stretto.com/barneys; (c) writing to Stretto, Attn: Barneys New York, Inc., Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; and/or (d) emailing Barneys@stretto.com and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims in the Voting Classes on or before **December 20, 2019** who are entitled to vote, as described in section D below.

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.    **Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

a.    Absent a further order of the Court, the Holder of a Claim or Interest in the Voting Classes that is the subject of a pending objection filed with the Court by the Debtor on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

b.    If a Claim or Interest in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court by the Debtor no later than the Solicitation Launch Date: (i) the Debtors shall cause the applicable Holder to be served with a Disputed Claim Notice substantially in the form annexed as **Exhibit 5** to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

c.    If a Claim or Interest in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court by the Debtors after the Solicitation Launch Date, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

d.    A "Resolution Event" means the occurrence of one or more of the following events no later than three business days prior to the Voting Deadline:

i.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

ii.     an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

iv.     the pending objection is voluntarily withdrawn by the Debtors.

e.     No later than one business day following the occurrence of a Resolution Event, the Debtors shall cause the Voting and Claims Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder.

**4.     Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.**

Certain Holders of Claims or Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as **Exhibit 3** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Equity Interests Deemed to Reject the Plan*, substantially in the form annexed as **Exhibit 4** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

**5.     Notices in Respect of Executory Contracts and Unexpired Leases.**

Counterparties to Executory Contracts and Unexpired Leases that receive a Notice of Assumption of Executory Contracts and Unexpired Leases or Notice of Rejection of Executory Contracts and Unexpired Leases substantially in the forms attached as **Exhibit 9** and **Exhibit 10** to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption, rejection, and/or cure amount, as applicable.  Such objections must be **actually received** by the Voting and Claims Agent by **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time.

**D.     Voting and Tabulation Procedures.**

**1.     Holders of Claims entitled to Vote.**

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.     holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Court by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; <u>provided</u> that a Holder of a Claim or Interest that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.     holders of Claims that are listed in the Schedules; <u>provided</u> that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00;

c.     holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.     holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.     with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; <u>provided</u> that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.     <u>Establishing Claim Amounts for Voting Purposes.</u>

<u>Class 3 Claims</u>.  The Claims amount of Class 3 Claims for voting purposes only will be established based on the amount of the applicable positions held by such Holder of Class 3 Claims, as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the list of record Holders maintained by the DIP Loan Agent as of the Voting Record Date.

<u>Class 4 Claims</u>.  The Claims amount of Class 4 Claims for voting purposes only will be established based on the amount of the applicable positions held by such Holder of Class 4 Claims, as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the list of record Holders maintained by such Prepetition Agent as of the Voting Record Date.

If a Proof of Claim is amended, the last filed claim shall be subject to these rules and will supersede any earlier filed claim, and any earlier filed claim will be disallowed for voting purposes.

**File/Scheduled Claims**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Voting and Claims Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.     the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b.     the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in the Solicitation and Voting Procedures;

c.     the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; provided, that Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent Claim or in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; provided, further, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

d.     the Claim amount listed in the Schedules; provided that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; provided, further, that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; and

e.     in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

### 3.     Voting and Ballot Tabulation Procedures.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors or by order of the Court), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.      the Voting and Claims Agent will date-stamp all Ballots when received. The Voting and Claims Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court. The Voting and Claims Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

c.      the Debtors will file with the Court, not later than **January 20, 2020, at 4:00 p.m.**, prevailing Eastern Time a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of allowed claims or allowed interests of each class accepting or rejecting the plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile, or damaged (each, an "Irregular Ballot"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee;

d.      the method of delivery of Ballots to be sent to the Voting and Claims Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Voting and Claims Agent actually receives the executed Ballot;

e.      an executed Ballot is required to be submitted by the Entity submitting such Ballot. Subject to the other procedures and requirements herein, completed, executed Ballots may be submitted via electronic mail, in PDF format, to the Voting and Claims Agent at Barneys@Stretto.com. However, Ballots submitted by facsimile, or any electronic means other than as expressly provided in these Solicitation and Voting Procedures, will not be valid;

f.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Voting and Claims Agent), the Debtors' financial or legal advisors, and if so sent will not be counted;

g.      if multiple Ballots are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

h.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the Voting Class, the Debtor may, in its discretion, aggregate the Claims of any particular Holder for the purpose of counting votes;

i.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Interest must indicate such capacity when signing;

j.      the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.      neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.      unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.      if a Claim or Interest has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

o.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

p.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any

Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; **provided** that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via electronic mail will be deemed to be an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

r.      the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes; and

s.      where any portion of a single Claim has been transferred to a transferee, the all Holders of any portion of such single Claim will be: (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that:  (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

### E.      Amendments to the Plan and Solicitation and Voting Procedures

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Rejection Notices, Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

*       *       *       *       *

**<u>Exhibit 2a</u>**

**Class 3 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT CHAPTER 11 PLAN OF BARNEYS NEW YORK, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 3 BALLOT FOR HOLDERS OF PREPETITION SECURED CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE VOTING AND CLAIMS AGENT BY <u>JANUARY 17, 2020, AT 4:00 P.M.</u>, PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2019 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement.

You are receiving this Class 3 Ballot (this "<u>Class 3 Ballot</u>") because you are a Holder of a Claim or Interest in Class 3 as of **<u>December 11, 2019</u>** (the "<u>Voting Record Date</u>"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "<u>Solicitation Package</u>") you are receiving with this Class 3 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Stretto (the "<u>Voting and Claims Agent</u>") at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/barneys; (ii) writing to Barneys New York, Inc. Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; (iii) calling the Voting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

and Claims Agent at 866-296-8019 (toll free) or 212-771-1128 (international); or (iv) emailing Barneys@stretto.com; or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Class 3 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 3 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting and Claims Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3, Prepetition Secured Claims, under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Prepetition Secured Claims in the following aggregate unpaid amount (insert amount in box below):



**Item 2. Vote on Plan.**

The Holder of the Class 3 Prepetition Secured Claim against the Debtors set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| --- | --- |

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3. Important information regarding the Third-Party Release.**

The Holder of the Class 3 Prepetition Secured Claims set forth in Item 1 elects to:

> ☐ **Opt Out** of the Below Third Party Release (note that opting out of the release will result in you not being included in the definition of "Released Party" under the Plan.)

**Article VIII.D of the Plan contains the following provision:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed released by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Wind-Down Debtors, or their Estates or affiliates would have been legally entitled to assert in**

their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Prepetition Credit Documents, the Restructuring Transactions, the sale and marketing process, the Store Closing Sales, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Facilities, the DIP Credit Agreement, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided that any right to enforce the Plan and Confirmation Order is not so released. Without limiting the foregoing, neither the Debtors nor the Wind-Down Debtors, as applicable, shall pursue any claims against the Released Parties other than those incurred in the ordinary course of business.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

<u>**Article VIII.E of the Plan contains the following provision:**</u>

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor, Wind-Down Debtor, and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Prepetition Credit Documents, the Restructuring Transactions, the sale and marketing process, the Store Closing Sales, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Facilities, the DIP Credit Documents, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facilities, the DIP Credit Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided that any right to enforce the Plan and Confirmation Order is not so released.

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.E, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article VIII.E is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.**

\* \* \*

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, (A) THE DIP PARTIES; (B) THE COMMITTEE AND EACH OF ITS MEMBERS; (C) THE PLAN ADMINISTRATOR; (D) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT OR ARE DEEMED TO ACCEPT THE PLAN; (E) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE APPLICABLE FORM INDICATING THAT THEY OPT NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE APPLICABLE FORM INDICATING THAT THEY OPT NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN; AND (G) WITH RESPECT TO EACH OF THE DEBTORS, THE WIND-DOWN DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (F), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, SHAREHOLDERS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLES VIII.D AND VIII.E OF THE PLAN, AS SET FORTH ABOVE.

**Item 4.**  **Certifications.**

By signing this Class 3 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)  that, as of the Voting Record Date, either:  (i) the Entity is the Holder of the Prepetition Secured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Prepetition Secured Claims being voted;

(b)  that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)  that the Entity has cast the same vote with respect to all Prepetition Secured Claims in a single Class; and

(d)  that no other Class 3 Ballots with respect to the amount of the Prepetition Secured Claims identified in Item 1 have been cast or, if any other Class 3 Ballots have been cast with respect to such Prepetition Secured Claims, then any such earlier Class 3 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

5

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN
IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA FIRST CLASS MAIL (OR THE
ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Stretto<br>**Re: Barneys New York, Inc.**<br>Attn: Voting Department<br>8269 E. 23rd Avenue, Suite 275<br>Denver, CO 80238 | Stretto<br>**Re: Barneys New York, Inc.**<br>Attn: Voting Department<br>8269 E. 23rd Avenue, Suite 275<br>Denver, CO 80238 |

**OR**

**COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT *PROMPTLY* VIA ELECTRONIC MAIL
TO BARNEYS@STRETTO.COM WITH "BARNEYS NEW YORK, INC. VOTE" IN THE SUBJECT LINE**

**Holders of Claims who cast a ballot via electronic mail to Barneys@Stretto.com with "Barneys New York, Inc."
in the subject line should NOT also submit a paper Ballot.**

**FOR ANY BALLOT CAST VIA ELECTRONIC MAIL, A FORMAT OF THE ATTACHMENT MUST BE
FOUND IN THE COMMON WORKPLACE AND INDUSTRY STANDARD FORMAT
(*I.E.*, INDUSTRY-STANDARD PDF FILE) AND THE RECEIVED DATE AND TIME IN THE VOTING
AND CLAIMS AGENT'S INBOX WILL BE USED AS A TIMESTAMP FOR RECEIPT.**

| |
|---|
| IF THE VOTING AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 3 BALLOT ON **OR BEFORE <u>JANUARY 17, 2020, AT 4:00 P.M.</u>,** PREVAILING EASTERN TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 3 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS. |

| Class 3—Prepetition Secured Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS CLASS 3 BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Class 3 Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Disclosure Statement, a copy of which also accompanies the Class 3 Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  To ensure that your Class 3 Ballot is counted, you *must* complete and submit this Class 3 Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4.  **Use of Ballot.** To ensure that your Class 3 Ballot is counted, you must: (a) complete your Class 3 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3 Ballot; and (c) clearly sign and submit your Class 3 Ballots instructed herein.

5.  Your Class 3 Ballot *must* be returned to the Voting and Claims Agent so as to be *actually received* by the Voting and Claims Agent on or before the Voting Deadline. **The Voting Deadline is January 17, 2020, at 4:00 p.m.**, prevailing Eastern Time. For any ballot cast via electronic mail, the received date and time in the Voting and Claims Agent's inbox will be used as a timestamp for receipt.

6.  If a Class 3 Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following** Class 3 Ballot**s will *not* be counted**:

    (a)  any Class 3 Ballot that partially rejects and partially accepts the Plan;
    (b)  Class 3 Ballots sent to the Debtors, the Debtors' agents (other than the Voting and Claims Agent), or the Debtors' financial or legal advisors;
    (c)  Class 3 Ballots sent by facsimile;
    (d)  any Class 3 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (e)  any Class 3 Ballot cast by an Entity that does not hold a Claim in such Class;
    (f)  any Class 3 Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g)  any unsigned Class 3 Ballot;
    (h)  any non-original Class 3 Ballot; and/or
    (i)  any Class 3 Ballot not marked to accept or reject the Plan or any Class 3 Ballot marked both to accept and reject the Plan.

7.  The method of delivery of Class 3 Ballot to the Voting and Claims Agent is at the election and risk of each Holder of a Prepetition Secured Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent *actually receives* the originally executed Class 3 Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

8.  If multiple Class 3 Ballots are received from the same Holder of a Prepetition Secured Claim with respect to the same Prepetition Secured Claim prior to the Voting Deadline, the latest, timely received, and properly completed Class 3 Ballot will supersede and revoke any earlier received Class 3 Ballots.

9.  You must vote all of your Prepetition Secured Claims within Class 3 either to accept or reject the Plan and may **not** split your vote.  Further, if a Holder has multiple Prepetition Secured Claims within Class 3, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Prepetition Secured Claims within Class 3 for the purpose of counting votes.

10. This Class 3 Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11. **Please be sure to sign and date your Class 3 Ballot**.  If you are signing a Class 3 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3 Ballot.

12. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims indicated on that ballot, so please complete and return each ballot that you received.

### PLEASE SUBMIT YOUR CLASS 3 BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (855) 276-9008 (TOLL FREE) OR EMAIL: BARNEYS@STRETTO.COM.**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON JANUARY 17, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**<u>Exhibit 2b</u>**

**Class 4 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE**
**JOINT CHAPTER 11 PLAN OF BARNEYS NEW YORK, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 4 BALLOT  FOR HOLDERS OF GENERAL UNSECURED CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE VOTING AND CLAIMS AGENT BY <u>JANUARY 17, 2020, AT 4:00 P.M.</u>, PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates*  (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates*  (the "<u>Disclosure Statement</u>").  The Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2019 (the "<u>Disclosure Statement Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement.

You are receiving this Class 4 Ballot (this "<u>Class 4 Ballot</u>") because you are a Holder of a Claim or Interest in Class 4 as of **December 11, 2019** (the "<u>Voting Record Date</u>").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "<u>Solicitation Package</u>") you are receiving with this Class 4 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Stretto (the "<u>Voting and Claims Agent</u>") at no charge by:  (i) accessing the Debtors' restructuring website at https://cases.stretto.com/barneys; (ii) writing to Barneys New York, Inc. Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; (iii) calling the Voting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

and Claims Agent at 866-296-8019 (toll free) or 212-771-1128 (international); or (iv) emailing Barneys@stretto.com; or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Class 4 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Class 4 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting and Claims Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4, General Unsecured Claims, under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of General Unsecured Claims in the following aggregate unpaid amount (insert amount in box below):



**Item 2**.  **Vote on Plan.**

The Holder of the Class 4 General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check one):

| | | | |
|---|---|---|---|
| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3**.  **Important information regarding the Third-Party Release.**

The Holder of the Class 4 General Unsecured Claims set forth in Item 1 elects to:

> ☐    **Opt Out** of the Below Third Party Release (note that opting out of the release will result in you not being included in the definition of "Released Party" under the Plan.)

**Article VIII.D of the Plan contains the following provision:**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed released by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Wind-Down Debtors, or their Estates or affiliates would have been legally entitled to assert in**

their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Prepetition Credit Documents, the Restructuring Transactions, the sale and marketing process, the Store Closing Sales, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Facilities, the DIP Credit Agreement, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided that any right to enforce the Plan and Confirmation Order is not so released. Without limiting the foregoing, neither the Debtors nor the Wind-Down Debtors, as applicable, shall pursue any claims against the Released Parties other than those incurred in the ordinary course of business.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

<u>Article VIII.E of the Plan contains the following provision:</u>

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor, Wind-Down Debtor, and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Prepetition Credit Documents, the Restructuring Transactions, the sale and marketing process, the Store Closing Sales, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Facilities, the DIP Credit Documents, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facilities, the DIP Credit Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided that any right to enforce the Plan and Confirmation Order is not so released.

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.E, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article VIII.E is:  (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.**

*        *        *

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, (A) THE DIP PARTIES; (B) THE COMMITTEE AND EACH OF ITS MEMBERS; (C) THE PLAN ADMINISTRATOR; (D) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT OR ARE DEEMED TO ACCEPT THE PLAN; (E) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE APPLICABLE FORM INDICATING THAT THEY OPT NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN <u>AND</u> WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN BY CHECKING THE BOX ON THE APPLICABLE FORM INDICATING THAT THEY OPT NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN; AND (G) WITH RESPECT TO EACH OF THE DEBTORS, THE WIND-DOWN DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (F), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, SHAREHOLDERS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES

CONTAINED IN ARTICLES VIII.D AND VIII.E OF THE PLAN, AS SET FORTH ABOVE.

**Item 4.  Certifications.**

By signing this Class 4 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(e) that, as of the Voting Record Date, either:  (i) the Entity is the Holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the General Unsecured Claims being voted;

(f) that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(g) that the Entity has cast the same vote with respect to all General Unsecured Claims in a single Class; and

(h) that no other Class 4 Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Class 4 Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Class 4 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT
(WITH AN ORIGINAL SIGNATURE)** *PROMPTLY* **VIA FIRST CLASS MAIL (OR THE
ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| <u>If by First Class Mail:</u> | <u>If by Hand Delivery or Overnight Mail:</u> |
|---|---|
| Stretto<br>**Re: Barneys New York, Inc.**<br>Attn: Voting Department<br>8269 E. 23rd Avenue, Suite 275<br>Denver, CO 80238 | Stretto<br>**Re: Barneys New York, Inc.**<br>Attn: Voting Department<br>8269 E. 23rd Avenue, Suite 275<br>Denver, CO 80238 |

**OR**

**COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT** *PROMPTLY* **VIA ELECTRONIC MAIL
TO BARNEYS@STRETTO.COM WITH "BARNEYS NEW YORK, INC. VOTE" IN THE SUBJECT LINE**

**Holders of Claims who cast a ballot via electronic mail to Barneys@Stretto.com with "Barneys New York, Inc."
in the subject line should NOT also submit a paper Ballot.**

**FOR ANY BALLOT CAST VIA ELECTRONIC MAIL, A FORMAT OF THE ATTACHMENT MUST BE
FOUND IN THE COMMON WORKPLACE AND INDUSTRY STANDARD FORMAT
(*I.E.*, INDUSTRY-STANDARD PDF FILE) AND THE RECEIVED DATE AND TIME IN THE VOTING
AND CLAIMS AGENT'S INBOX WILL BE USED AS A TIMESTAMP FOR RECEIPT.**

> IF THE VOTING AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS **CLASS 4 BALLOT** ON **OR
> BEFORE** <u>JANUARY 17, 2020, AT 4:00 P.M.,</u> PREVAILING EASTERN TIME, (AND IF THE VOTING
> DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 4 BALLOT MAY BE
> COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

| Class 4 —General Unsecured Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS CLASS 4 BALLOT

13. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Class 4 Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Disclosure Statement, a copy of which also accompanies the Class 4 Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

14. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

15. To ensure that your Class 4 Ballot is counted, you *must* complete and submit this Class 4 Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

16. **Use of Ballot.** To ensure that your Class 4 Ballot is counted, you must: (a) complete your Class 4 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 4 Ballot; and (c) clearly sign and submit your Class 4 Ballots instructed herein.

17. Your Class 4 Ballot *must* be returned to the Voting and Claims Agent so as to be *actually received* by the Voting and Claims Agent on or before the Voting Deadline. **The Voting Deadline is January 17, 2020, at 4:00 p.m.,** prevailing Eastern Time. For any ballot cast via electronic mail, the received date and time in the Voting and Claims Agent's inbox will be used as a timestamp for receipt.

18. If a Class 4 Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following** Class 4 Ballot**s will** *not* **be counted**:

    (a) any Class 4 Ballot that partially rejects and partially accepts the Plan;
    (b) Class 4 Ballots sent to the Debtors, the Debtors' agents (other than the Voting and Claims Agent), or the Debtors' financial or legal advisors;
    (c) Class 4 Ballots sent by facsimile;
    (d) any Class 4 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (e) any Class 4 Ballot cast by an Entity that does not hold a Claim in such Class;
    (f) any Class 4 Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g) any unsigned Class 4 Ballot;
    (h) any non-original Class 4 Ballot; and/or
    (i) any Class 4 Ballot not marked to accept or reject the Plan or any Class 4 Ballot marked both to accept and reject the Plan.

19. The method of delivery of Class 4 Ballot to the Voting and Claims Agent is at the election and risk of each Holder of a General Unsecured Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent *actually receives* the originally executed Class 4 Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

20. If multiple Class 4 Ballots are received from the same Holder of a General Unsecured Claim with respect to the same General Unsecured Claim prior to the Voting Deadline, the latest, timely received, and properly completed Class 4 Ballot will supersede and revoke any earlier received Class 4 Ballots.

21. You must vote all of your General Unsecured Claims within Class 4 either to accept or reject the Plan and may **not** split your vote.  Further, if a Holder has multiple General Unsecured Claims within Class 4, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple General Unsecured Claims within Class 4 for the purpose of counting votes.

22. This Class 4 Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

23. **Please be sure to sign and date your Class 4 Ballot**.  If you are signing a Class 4 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 4 Ballot.

24. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims indicated on that ballot, so please complete and return each ballot that you received.

### PLEASE SUBMIT YOUR CLASS 4 BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 4 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: (855) 276-9008 (TOLL FREE) OR EMAIL: BARNEYS@STRETTO.COM.**

---

**IF THE VOTING AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 4 BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON JANUARY 17, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

## **Exhibit 3**

**Non-Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is not impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **January 24, 2020, at   :   .m.** prevailing Eastern Time, before the Honorable Cecelia G. Morris, in the United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601-3315.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Barneys New York, Inc.<br>660 Madison Avenue, 9th Floor<br>New York, New York 10065<br>Attn.:  Grace Fu | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Edward O. Sassower, P.C.<br>          Joshua A. Sussberg, P.C.<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Chad Husnick, P.C.<br>          W. Benjamin Winger |
| United States Trustee | Counsel to the Committee |
| The United States Trustee for Region 2<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn.:  Alicia Leonhard | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn:   Bradford Sandler<br>          Robert Feinstein |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 276-9008;        (b) visiting        the        Debtors'        restructuring        website        at: https://cases.stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys' Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.  You may also obtain copies of any   pleadings   filed   in   these   chapter   11   cases   for   a   fee   via   PACER   at: http://www.nysb.uscourts.gov.

**Article VIII** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article VIII.E contains a Third-Party Release.**

**Pursuant to the Plan, you are deemed to accept the Plan and therefore are deemed to have consented to the Releases set forth in Article VIII. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Voting and Claims Agent.**

[*Remainder of page intentionally left blank*]

Dated: [●], 2019          */s/ DRAFT*
New York, New York        Edward O. Sassower, P.C.
                     Joshua A. Sussberg, P.C.
                     **KIRKLAND & ELLIS LLP**
                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                     601 Lexington Avenue
                     New York, New York 10022
                     Telephone:     (212) 446-4800
                     Facsimile:     (212) 446-4900

                     -and-

                     Chad J. Husnick, P.C.
                     W. Benjamin Winger (*pro hac vice* pending)
                     **KIRKLAND & ELLIS LLP**
                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                     300 North LaSalle Street
                     Chicago, Illinois 60654
                     Telephone:     (312) 862-2000
                     Facsimile:     (312) 862-2200

                     *Co-Counsel for the Debtors and Debtors in Possession*

                     -and-

                     Steven J. Reisman
                     **KATTEN MUCHIN ROSENMAN LLP**
                     575 Madison Avenue
                     New York, New York 10022
                     Telephone: (212) 940-8800
                     Facsimile: (212) 940-8776

                     *Co-Counsel for the Debtors and Debtors in Possession*

## __Exhibit 4__

**Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) |
| | ) Case No. 19-36300 (CGM) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS AND EQUITY INTERESTS DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **January 24, 2020, at __:__ _.m.** prevailing Eastern Time, before the Honorable Cecelia G. Morris, in the United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601-3315.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Barneys New York, Inc.<br>660 Madison Avenue, 9th Floor<br>New York, New York 10065<br>Attn.:  Grace Fu | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Edward O. Sassower, P.C.<br>           Joshua A. Sussberg, P.C.<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Chad Husnick, P.C.<br>           W. Benjamin Winger |
| **United States Trustee** | **Counsel to the Committee** |
| The United States Trustee for Region 2<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn.:  Alicia Leonhard | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn:   Bradford Sandler<br>           Robert Feinstein |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: https://stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys' Ballot Processing, c/o Barneys, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

**Article VIII** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article VIII.E contains a Third-Party Release**.

**Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only.  If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Voting and Claims Agent.**

---

*[Remainder of page intentionally left blank]*

Dated: [●], 2019
New York, New York

*/s/ DRAFT*

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

## <u>Exhibit 5</u>

**Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | )    Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | )    Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

  **PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

  **PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package, except ballots, may be obtained at no charge from Stretto, the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent") by: (a) calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys' Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors.  **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is three business days before the Voting Deadline** (each, a "Resolution Event"):

1.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.    an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4.    the pending objection to such Claim is voluntarily withdrawn by the Debtors.

Accordingly, this notice and the *Notice of Entry of Order Approving (I) Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) Form of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one business day thereafter, the Voting and Claims Agent shall distribute a ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Voting and Claims Agent no later than the Voting Deadline, which is on **January 17, 2020, at 4:00 p.m.**, prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Voting and Claims Agent in accordance with the instructions provided above.

*[Remainder of page intentionally left blank]*

2

Dated: [●], 2019          */s/ DRAFT*
New York, New York        Edward O. Sassower, P.C.
                          Joshua A. Sussberg, P.C.
                          **KIRKLAND & ELLIS LLP**
                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
                          601 Lexington Avenue
                          New York, New York 10022
                          Telephone:     (212) 446-4800
                          Facsimile:     (212) 446-4900

                          -and-

                          Chad J. Husnick, P.C.
                          W. Benjamin Winger (*pro hac vice* pending)
                          **KIRKLAND & ELLIS LLP**
                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
                          300 North LaSalle Street
                          Chicago, Illinois 60654
                          Telephone:     (312) 862-2000
                          Facsimile:     (312) 862-2200

                          *Co-Counsel for the Debtors and Debtors in Possession*

                          -and-

                          Steven J. Reisman
                          **KATTEN MUCHIN ROSENMAN LLP**
                          575 Madison Avenue
                          New York, New York 10022
                          Telephone: (212) 940-8800
                          Facsimile: (212) 940-8776

                          *Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit 6</u>**

**Cover Letter**

[LETTERHEAD]

[DATE]

<u>Via First Class Mail</u>

<u>RE</u>:    **In re Barneys New York, Inc., *et al*.,
Chapter 11 Case No. 19-36300 (CGM)**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") on August 6, 2019.

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>").[2] On [●], 2019, the Court entered an order (the "<u>Disclosure Statement Order</u>"), (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

> **You are receiving this letter because you are entitled to vote on the Plan. Therefore, you should read this letter carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan. The Solicitation Package consists of the following:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement.

a.      a copy of the Solicitation and Voting Procedures;

b.      a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

c.      this letter;

d.      the Disclosure Statement (and exhibits thereto, including the Plan);

e.      the Order (without exhibits, except the Solicitation and Voting Procedures);

f.      the Confirmation Hearing Notice; and

g.      such other materials as the Court may direct.

Barneys New York, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims, and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in these chapter 11 cases.

> **The Debtors strongly urge you to properly and timely submit your Ballot casting a vote to accept the Plan in accordance with the instructions in your Ballot.**
>
> **The Voting Deadline is January 17, 2020, at 4:00 p.m. Prevailing Eastern Time.**

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Stretto the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent"), by:  (a) calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: https://case.stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys' Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  Please be advised that the Voting and Claims Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but **may** **not** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____
Barneys New York, Inc on its own behalf
and for each of the other four other Debtors

**<u>Exhibit 7</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE**
**DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

> **PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **January 24, 2020, at ___: ___ .m.** prevailing Eastern Time, before the Honorable Chief Judge Cecelia G. Morris, in the United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601-3315.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

---

**Please be Advised**:  **The Confirmation Hearing may be continued from time to time by the Court or the Debtors <u>without further notice</u> other than by such adjournment being announced in open court or by a Notice of Adjournment Filed with the Court and served on all parties entitled to notice.**

---

## <u>CRITICAL INFORMATION REGARDING VOTING ON THE PLAN</u>

**Voting Record Date**.  The voting record date is **December 11, 2019** (the "<u>Voting Record Date</u>"), which is the date for determining which Holders of Claims in the Voting Classes are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "<u>Voting Deadline</u>").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' voting and claims agent, Stretto (the "<u>Voting and Claims Agent</u>") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## <u>CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN</u>

---

**Article VIII** **of the Plan contains Release, Exculpation, and Injunction provisions, and Article VIII.E contains a Third-Party Release.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

---

---

**<u>Binding nature of the Plan</u>**:

**If confirmed, the Plan will bind all Holders of Claims or Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 Cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.**

---

**Plan Objection Deadline**.  The deadline for filing objections to the Plan is **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "<u>Plan Objection Deadline</u>").  All objections to the relief sought at the Confirmation Hearing **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Barneys New York, Inc.<br>660 Madison Avenue, 9th Floor<br>New York, New York 10065<br>Attn.:  Grace Fu | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Edward O. Sassower, P.C.<br>           Joshua A. Sussberg, P.C.<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Chad Husnick, P.C.<br>           W. Benjamin Winger |
| **United States Trustee** | **Counsel to the Committee** |
| The United States Trustee for Region 2<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn.:  Alicia Leonhard | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn:   Bradford Sandler<br>           Robert Feinstein |

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM or flash drive), please feel free to contact the Debtors' Voting and Claims Agent, by:  (a)  calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/barneys; and/or (c) writing to Stretto, Attn:  Barneys Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  Please be advised that the Voting and Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) no later than five days prior to the Voting Deadline and will serve notice on all Holders of Claims entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

## RELEASES AND EXCULPATION

**Releases and Exculpation.**   Article VIII of the Plan contains release, exculpation, and injunction provisions, and Article VIII.E contains a Third-Party Release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

### Article VIII.D of the Plan provides for a Debtor Release (the "Debtor Release"):

Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed released by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Wind-Down Debtors, or their Estates or affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Prepetition Credit Documents, the Restructuring Transactions, the sale and marketing process, the Store Closing Sales, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Facilities, the DIP Credit Agreement, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facilities, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided that any right to enforce the Plan and Confirmation Order is not so released. Without limiting the foregoing, neither the Debtors nor the Wind-Down Debtors, as applicable, shall pursue any claims against the Released Parties other than those incurred in the ordinary course of business.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article VIII.D is:  (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and

made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

**Article VIII.E of the Plan provides for a Third Party Release (the "Third Party Release"):**

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor, Wind-Down Debtor, and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Prepetition Credit Documents, the Restructuring Transactions, the sale and marketing process, the Store Closing Sales, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the DIP Facilities, the DIP Credit Documents, the Sale Transaction, the Plan (including, for the avoidance of doubt, the Plan Supplement) or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facilities, the DIP Credit Documents, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided that any right to enforce the Plan and Confirmation Order is not so released.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.E, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article VIII.E is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Wind-Down Debtors or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

**Article VIII.F of the Plan provides for an Exculpation (the "Exculpation"):**

Notwithstanding anything herein to the contrary, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is released and exculpated from, any liability to any Holder of a Cause of Action, Claim, or Interest for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, consummation of the Sale Transaction, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Disclosure Statement, the Plan, the DIP Facilities, the DIP Credit Documents, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan or the distribution of property under the Plan or any other related agreement (whether or not such issuance or distribution occurs following the Effective Date), negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed hereunder, except for actions determined by Final Order to have constituted actual fraud or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Article VIII.G of the Plan provides for an Injunction (the "Injunction"):**

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.F of the Plan.

[*Remainder of page intentionally left blank*]

Dated:  [●], 2019

*/s/ DRAFT*
_____

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit 8**

**Plan Supplement Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order approving the Disclosure Statement, the Debtors filed the Plan Supplement with the Court on [●], 2019 [Docket No. [●]]. The Plan Supplement will include the following materials in connection with confirmation (each as defined in the Plan): (a) Schedule of Assumed Executory Contracts and Unexpired Leases; (b) Schedule of Retained Causes of Action; (c) the identity and terms of compensation of the Plan Administrator; (d) the Wind Down Budget; (e) any transition services agreement between the Purchasers and the Debtors; and (f) any other necessary documentation related to the Sale Transaction or other Restructuring Transactions.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **January 24, 2020, at   :  .m.** prevailing Eastern Time, before the Honorable Chief Judge Cecelia G. Morris, in the United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601-3315.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** **received** on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Barneys New York, Inc.<br>660 Madison Avenue, 9th Floor<br>New York, New York 10017<br>Attn.:  Grace Fu | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Edward O. Sassower, P.C.<br>          Joshua A. Sussberg, P.C.<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Chad Husnick, P.C.<br>          W. Benjamin Winger |
| **United States Trustee** | **Counsel to the Committee** |
| The United States Trustee for Region 2<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn.:  Alicia Leonhard | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn:   Bradford Sandler<br>          Robert Feinstein |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 276-9008;    (b) visiting    the    Debtors'    restructuring    website    at: https://cases.stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238.  You may also obtain copies of any    pleadings    filed    in    these    chapter    11    cases    for    a    fee    via    PACER    at: http://www.nysb.uscourts.gov.

**Article VIII** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article VIII.E contains a Third-Party Release**.

**Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only.  If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Voting and Claims Agent.**

[*Remainder of page intentionally left blank*]

Dated:  [●], 2019  
New York, New York

*/s/ DRAFT* _____

Edward O. Sassower, P.C.  
Joshua A. Sussberg, P.C.  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.  
W. Benjamin Winger (*pro hac vice* pending)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

-and-

Steven J. Reisman  
**KATTEN MUCHIN ROSENMAN LLP**  
575 Madison Avenue  
New York, New York 10022  
Telephone: (212) 940-8800  
Facsimile: (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit 9**

**Notice of Assumption of Executory Contracts and Unexpired Leases**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF (A) EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED
## BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS,
## IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* (the "Assumption Schedule") with the Court as part of the Plan Supplement on [●], 2019, as contemplated under the Plan.  The determination to assume the agreements identified on the Assumption Schedule was made as of [November ●], 2019 and is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **January 24, 2020, at   :   .m.** prevailing Eastern Time, before the Honorable Chief Judge Cecelia G. Morris, in the United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed on **Exhibit A**, attached hereto, to which you are a party.[3]

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed on Exhibit A attached hereto. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in cash on the Effective Date. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. Any objection by a contract or lease counterparty to a proposed assumption or related Cure Cost must be filed, served, and actually received by the Debtors by the date on which objections to confirmation are due (or such other date as may be provided in the applicable assumption notice). Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or Cure Cost will be deemed to have assented to such assumption or Cure Cost. Any objection to a proposed assumption or cure amount will be scheduled to be heard by the Bankruptcy Court at the Wind-Down Debtors' first scheduled omnibus hearing after which such objection is timely filed. If an objection to the proposed assumption or related cure amount is sustained by the Court, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it. The Debtors, in consultation with the Requisite Lenders, may settle any dispute regarding the amount of any Cure Cost without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Wind-Down Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Barneys New York, Inc.<br>660 Madison Avenue, 9th Floor<br>New York, New York 10065<br>Attn.:  Grace Fu | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Edward O. Sassower, P.C.<br>            Joshua A. Sussberg, P.C.<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Chad Husnick, P.C.<br>            W. Benjamin Winger |
| **United States Trustee** | **Counsel to the Committee** |
| The United States Trustee for Region 2<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn.:  Alicia Leonhard | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn:    Bradford Sandler<br>            Robert Feinstein |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date of the Debtors or Wind-Down Debtors assume such Executory Contract or Unexpired Lease.  Any Proofs of Claim Filed with respect to an**

**Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys Ballot Processing, c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

**Article VIII of the Plan contains Release, Exculpation, and Injunction Provisions, and Article VIII.E contains a Third-Party Release.**

**Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Voting and Claims Agent.**

---

*[Remainder of page intentionally left blank]*

Dated: [●], 2019      /s/ DRAFT
New York, New York    Edward O. Sassower, P.C.
                      Joshua A. Sussberg, P.C.
                      **KIRKLAND & ELLIS LLP**
                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                      601 Lexington Avenue
                      New York, New York 10022
                      Telephone:    (212) 446-4800
                      Facsimile:    (212) 446-4900

                      -and-

                      Chad J. Husnick, P.C.
                      W. Benjamin Winger (*pro hac vice* pending)
                      **KIRKLAND & ELLIS LLP**
                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                      300 North LaSalle Street
                      Chicago, Illinois 60654
                      Telephone:    (312) 862-2000
                      Facsimile:    (312) 862-2200

                      *Co-Counsel for the Debtors and Debtors in Possession*

                      -and-

                      Steven J. Reisman
                      **KATTEN MUCHIN ROSENMAN LLP**
                      575 Madison Avenue
                      New York, New York 10022
                      Telephone: (212) 940-8800
                      Facsimile: (212) 940-8776

                      *Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit A**

| Counterparty Name | Description of Contract | Amount Required to Cure Default Thereunder, If Any |
|---|---|---|
|  |  |  |

## **Exhibit 10**

**Notice of Rejection of Executory Contracts and Unexpired Leases**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

  **PLEASE TAKE NOTICE THAT** on **[●], 2019**, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Barneys New York, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

  **PLEASE TAKE FURTHER NOTICE THAT** pursuant to Article V.A of the Plan each of the Debtors' Executory Contracts and Unexpired Leases not previously assumed or rejected will be deemed rejected as of the Effective Date, other than:  (1) those that are identified on the Schedule of Assumed Executory Contracts and Unexpired Leases; (2) those that have been previously assumed by a Final Order; (3) those that are the subject of a motion to assume that is pending on the Confirmation Date; (4) those that are a contract, release, or other agreement or document entered into in connection with the Plan; or (5) those that are an insurance policy.  The Schedule of Assumed Executory Contracts and Unexpired Leases is subject to ongoing review and revision.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement.

> **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be rejected pursuant to the Plan. Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **January 24, 2020,   :   .m.** prevailing Eastern Time, before the Honorable Chief Judge Cecelia G. Morris, in the United States Bankruptcy Court for the Southern District of New York, located at 355 Main Street, Poughkeepsie, New York 12601-3315.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within **30 days** after the date of service of the order of the Bankruptcy Court (including the Confirmation Order) approving such rejection. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Wind-Down Debtors, their Estates, or their property without the need for any objection by the Wind-Down Debtors or further notice to, or action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **January 17, 2020, at 4:00 p.m. /** prevailing Eastern Time:

---

[3] Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Wind-Down Debtor has any liability thereunder. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

| Debtors | Counsel to the Debtors |
|---|---|
| Barneys New York, Inc.<br>660 Madison Avenue, 9th Floor<br>New York, New York 10065<br>Attn.:  Grace Fu | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Edward O. Sassower, P.C.<br>            Joshua A. Sussberg, P.C.<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Chad Husnick, P.C.<br>            W. Benjamin Winger |
| **United States Trustee** | **Counsel to the Committee** |
| The United States Trustee for Region 2<br>11A Clinton Avenue, Room 620<br>Albany, New York 12207<br>Attn.:  Alicia Leonhard | Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Attn:   Bradford Sandler<br>            Robert Feinstein |

      **PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, the voting and claims agent retained by the Debtors in these chapter 11 cases (the "Voting and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 276-9008; (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/barneys; and/or (c) writing to Stretto, Attn: Barneys Ballot Processing, c/o Stretto, 6201 15th Avenue, Brooklyn, New York 11219. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

**Article VIII of the Plan contains Release, Exculpation, and Injunction Provisions, and Article VIII.E contains a Third-Party Release.**

**Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Voting and Claims Agent.**

---

*[Remainder of page intentionally left blank]*

4

Dated: [●], 2019              */s/ DRAFT*
New York, New York           Edward O. Sassower, P.C.
                             Joshua A. Sussberg, P.C.
                             **KIRKLAND & ELLIS LLP**
                             **KIRKLAND & ELLIS INTERNATIONAL LLP**
                             601 Lexington Avenue
                             New York, New York 10022
                             Telephone:    (212) 446-4800
                             Facsimile:    (212) 446-4900

                             -and-

                             Chad J. Husnick, P.C.
                             W. Benjamin Winger (*pro hac vice* pending)
                             **KIRKLAND & ELLIS LLP**
                             **KIRKLAND & ELLIS INTERNATIONAL LLP**
                             300 North LaSalle Street
                             Chicago, Illinois 60654
                             Telephone:    (312) 862-2000
                             Facsimile:    (312) 862-2200

                             *Co-Counsel for the Debtors and Debtors in Possession*

                             -and-

                             Steven J. Reisman
                             **KATTEN MUCHIN ROSENMAN LLP**
                             575 Madison Avenue
                             New York, New York 10022
                             Telephone: (212) 940-8800
                             Facsimile: (212) 940-8776

                             *Co-Counsel for the Debtors and Debtors in Possession*