| | |
|---|---|
| Edward O. Sassower, P.C. | Steven J. Reisman |
| Joshua A. Sussberg, P.C. | **KATTEN MUCHIN ROSENMAN LLP** |
| **KIRKLAND & ELLIS LLP** | 575 Madison Avenue |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | New York, New York 10022 |
| 601 Lexington Avenue | Telephone:   (212) 940-8800 |
| New York, New York 10022 | Facsimile:   (212) 940-8776 |
| Telephone:   (212) 446-4800 | |
| Facsimile:   (212) 446-4900 | |

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' (I) OMNIBUS RESPONSE TO PENDING MOTIONS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES, (II) JOINT**
**REQUEST FOR SCHEDULING ORDER, AND (III) RESERVATION OF RIGHTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully submit this (i) omnibus response to the *Motion for Allowance and Payment of Chapter 11 Administrative Expense Claim Pursuant to Section 503(a) and (b)(1)* [Docket No. 538] (the "FedEx Motion" and the movant thereunder, "FedEx"), the *Request for Payment of an*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

*Administrative Expense Claim* [Docket No. 542] (the "SKLO Motion" and the movant thereunder, "SKLO"), and the *Motion of Ovative Group, LLC for Allowance and Payment of Post-Petition Administrative Expense Claim* [Docket No. 559] (the "Ovative Motion," the movant thereunder, "Ovative" and, the Ovative Motion collectively with the FedEx Motion and the SKLO Motion, the "Administrative Claims Motions"), (ii) related request to adjourn the Administrative Claims Motions until at least January 24, 2020, pursuant to the Administrative Bar Date Order (as defined herein), or such later date as agreed to by the Debtors, FedEx, SKLO, and Ovative, and (iii) request for entry of the scheduling order attached hereto as **Exhibit A** (the "Scheduling Order").

**Response**

1. On November 15, 2019, the Debtors filed the Plan,[2] Disclosure Statement,[3] and the *Debtors' Motion for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claim Bar Date, and (V) Granting Related Relief* [Docket No. 530] (the "Administrative Bar Date Motion").

2. On November 25, 2019, the Court entered an order approving the Bar Date Motion.[4] More specifically, this Court set January 10, 2020 at 4:00 p.m., prevailing Eastern

---

[2] *Joint Chapter 11 Plan of Barneys New York, Inc. and its Debtor Affiliates* [Docket No. 527].

[3] *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* [Docket No. 528].

[4] *Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claim Bar Date, and (V) Granting Related Relief* [Docket No. 551] (the "Administrative Bar Date Order"). Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan, Disclosure Statement, and the Administrative Bar Date Order, as applicable.

2

Time, as the last day to file Administrative Claims arising through December 15, 2019 (the "<u>Administrative Bar Date</u>") and established certain procedures for filing proofs of Administrative Claims.

3. The Debtors have engaged each of the movants and informed them of the Administrative Bar Date Order. Each of FedEx, Ovative, and SKLO have agreed to adjourn their respective motions until at least January 24, 2020—the date the Debtors have requested the Court consider confirmation of the Plan. Each of FedEx, Ovative, and SKLO have also had the opportunity to review and comment on the Scheduling Order.

4. In addition, the Administrative Bar Date Order provides that:

> all requests for the payment of postpetition claims (including any administrative claim allowable under 11 U.S.C. § 503(b) and entitled to priority pursuant to 11 U.S.C. § 507, other than 503(b)(9) claims, (which are subject to the Prepetition Bar Date Order), should be filed pursuant to this Administrative Claims Procedures Order, and ***the Debtors and other parties in interest shall not be required to respond to any motions, applications, or other requests for allowance and payment of such claims, and any hearings with respect to such motions, applications, and requests that have been or may be filed shall be adjourned***.

Administrative Bar Date Order ¶ 13 (emphasis added).

5. The Administrative Bar Date Order further provides that "[t]he Debtors, in consultation with the Committee, may request separate relief with respect to the adjudication and allowance of Administrative Claims, which may be part of the Plan confirmation process. All other requests for payment of administrative expenses, now or hereafter asserted, shall be held in abeyance pending such process." Administrative Bar Date Order ¶ 15.

6. On December 3, 2019, the Debtors filed the *Notice of Filing Wind Down Budget and Related Matters* [Docket No. 571] (the "<u>Wind Down Budget</u>"). As set forth in the Plan, Holders of Administrative Claims will receive Distributable Cash remaining in the Estate after

3

completion of the wind-down process and payment of related expenses. Further, as set forth in the Disclosure Statement, the amount of Cash remaining is likely to be insufficient to pay all Allowed Administrative Claims in full.

7.      In addition to this Court's final, nonappeallable order, there is ample precedent for such relief. *See e.g*. *In re Toys "R" Us, Inc*., Case No. 17-34665 (KLP) (Bankr. E.D. Va. May 25, 2018) (approving similar administrative claims procedures); *In re Blockbuster Inc*., Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Mar. 17, 2011) (granting a three-month injunction on collection efforts of administrative claims related from the period between the petition date and the sale transaction); *In re Caldor's, Inc*., No. 95 B 44080 (Bankr. S.D.N.Y. Jan. 22, 1999) (affirmed 266 B.R. 575 (S.D.N.Y. 2001)) (granting similar relief).

8.      Moreover, the Bankruptcy Code does not require immediate payment of allowed administrative expenses prior to confirmation of a debtor's chapter 11 plan. The decision regarding whether to restrict the payment of allowed administrative claims during a debtor's chapter 11 cases is left to the discretion of the Court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1384 (11th Cir. 1994) (holding that the bankruptcy court did not abuse its discretion by exercising its discretion to find that the debtor should not pay a creditor's administrative expenses in the middle of debtor's chapter 11 cases because there were other significant claims against the estate that held a potentially higher priority or importance in the case); *In re Modern Metal Prod. Co.*, 2009 WL 1362632, at *2 (Bankr. N.D. Ill. May 13, 2009) (finding that timing of the payment of an administrative claim is within the discretion of the bankruptcy court); *In re Bookbinders' Rest., Inc.*, 2006 WL 3858020, at *7 (Bankr. E.D. Pa. Dec. 28, 2006) (same); *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005) (same); *In re Glob. Home Prod., LLC*, 2006 WL 3791955, at *5 (Bankr. D. Del. Dec. 21, 2006) (denying the creditor's request for

4

immediate payment on account of its administrative expense claim). This is especially appropriate where, as here, there are substantial concerns regarding the estate's administrative solvency. *See, e.g.*, *In re Microvideo Learning Systems, Inc.*, 232 B.R. 602, 610 (Bankr. S.D.N.Y. 1999), *aff'd*, 227 F.3d 474 (2nd Cir. 2000) (denying landlord's request for immediate payment of postpetition, pre-rejection rent).

9. Accordingly, in order to avoid disruption of the wind-down process, extra confusion amongst each of FedEx, Ovative, and SKLO, and a rush to the courthouse by other creditors holding Administrative Claims (who may be monitoring the docket), the Debtors submit that it is necessary and appropriate for the Court to enter the Scheduling Order. Consequently, the Debtors respectfully submit that each Administrative Claims Motion should be held in abeyance pursuant to the Administrative Bar Date Order.

### **Reservation of Rights**

10. Nothing contained herein shall be construed as a waiver of the Debtors' rights to contest the extent, validity, or allowance of any such claims asserted against the Debtors' Estates, and the Debtors reserve all rights to supplement this response and the record at any time before the adjudication of such claims.

[*Remainder of page intentionally left blank*]

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter the Scheduling Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: December 10, 2019<br>New York, New York | */s/ Joshua A. Sussberg, P.C.*<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>-and-<br><br>Chad J. Husnick, P.C.<br>W. Benjamin Winger (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>-and-<br><br>Steven J. Reisman<br>**KATTEN MUCHIN ROSENMAN LLP**<br>575 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 940-8800<br>Facsimile: (212) 940-8776<br><br>*Co-Counsel for the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) ) ) | Case No. 19-36300 (CMG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**SCHEDULING ORDER REGARDING**
**PENDING ADMINISTRATIVE CLAIMS MOTIONS**

**WHEREAS**, each of the FedEx Motion, Ovative Motion, and SKLO Motion were filed with this Court and set to be heard on December 18, 2019; and

**WHEREAS**, each of FedEx, Ovative, and SKLO have agreed with the Debtors to adjourn the hearing on their respective motions to January 24, 2020, or such later date as agreed to amongst the parties, in accordance with the Administrative Claims Bar Date Order.

**THEREFORE, IT IS HEREBY ORDERED**:

1. The pending Administrative Claims Motions shall be heard on January 24, 2020 or such later date as agreed between the Debtors, FedEx, Ovative, and SKLO, in accordance with the Administrative Claims Bar Date Order (such hearing date, the "Administrative Claims Hearing").

2. The deadline to respond to the Administrative Claims Motions shall be seven (7) days prior to the Administrative Claims Hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

3. The terms and conditions of this Scheduling Order shall be immediately effective and enforceable upon entry of this Scheduling Order.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Scheduling Order.

Dated: _____, 2019
Poughkeepsie, New York

_____
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE