**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING (I) THE
ADEQUACY OF THE DISCLOSURE STATEMENT;
(II) SOLICITATION AND NOTICE PROCEDURES;
(III) FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH; AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Local Rules 3017-1, 3018-1, and 3020-1 approving: (a) the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and Its Debtor Affiliates* (the "Disclosure Statement"); (b) the Disclosure Statement Hearing Date and Disclosure Statement Hearing Notice; (c) the Disclosure Statement Objection Deadline and Disclosure Statement Objection Response Deadline; (d) the Voting Record Date, Solicitation Launch Date, and Voting Deadline; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the Non-Voting Status Notices; (h) the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan; (i) the Solicitation and Voting Procedures; (j) the Plan Objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819). The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, NY 10065.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Deadline, Confirmation Hearing Date, and Confirmation Hearing Notice; and (k) the dates and deadlines related thereto, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012 and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as provided herein.

**I.    Approval of the Disclosure Statement.**

2.  The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.     Approval of the Disclosure Statement Hearing Notice.**

4. The Disclosure Statement Hearing Notice, filed by the Debtors and served upon parties in interest in these chapter 11 cases, constitutes adequate and sufficient notice of the hearings to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**III.    Approval of the Materials and Timeline for Soliciting Votes.**

**A.    Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

5. The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

  a. **December 11, 2019** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

  b. the Debtors shall distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan by **December 20, 2019** (the "Solicitation Launch Date"); and

  c. all Holders of Allowed Claims entitled to vote on the Plan must complete, execute, and return their Ballots so that they are **actually received** by the Voting and Claims Agent pursuant to the Solicitation and Voting Procedures, on or before **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time (the "Voting Deadline").

3

**B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.    In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on the Solicitation Launch Date to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

    a.    an appropriate form of Ballot attached hereto as **Exhibits 2a and 2b**, respectively;[3]

    b.    the Cover Letter attached hereto as **Exhibit 6**; and

    c.    the Confirmation Hearing Notice attached hereto as **Exhibit 7**.

7.    The Solicitation Packages provide the Holders of Allowed Claims or Allowed Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.    The Debtors shall distribute Solicitation Packages to all Holders of Allowed Claims or Allowed Interests entitled to vote on the Plan on the Solicitation Launch Date.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.    The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this order to Holders of Claims entitled to vote on the Plan in electronic format (*i.e.*, on a CD-ROM or flash drive).  **Only** the Ballots as well as the Cover Letter and the Confirmation Hearing Notice will be provided in paper form.  On the Solicitation Launch Date, the Debtors (through their Voting and Claims Agent) shall provide complete Solicitation Packages

---

[3]    The Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

4

(other than Ballots) to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10. Any party that receives the materials in electronic format but would prefer to receive materials in paper format, may contact the Voting and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11. The Voting and Claims Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

12. The Voting and Claims Agent is also authorized to accept Ballots via electronic transmission. Ballots submitted via electronic means shall be deemed to contain an original signature.

C. **Approval of the Confirmation Hearing Notice.**

13. The Confirmation Hearing Notice, in the form attached hereto as **Exhibit 7** filed by the Debtors and served upon parties in interest in these chapter 11 cases on the Solicitation Launch Date constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtors shall publish the Confirmation Hearing

19-36300-cgm    Doc 612    Filed 12/19/19    Entered 12/19/19 11:41:51    Main Document
Pg 6 of 10

Notice (in a format modified for publication) one time on or before **December 23, 2019** in the national edition of *USA Today*.

### D. Approval of Notice of Filing of the Plan Supplement.

14. The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served at least five days prior to the Plan Objection Deadline, substantially in the form attached hereto as **Exhibit 8**, on the date the Plan Supplement is filed or as soon as reasonably practicable thereafter.

### E. Approval of the Form of Notices to Non-Voting Classes.

15. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. Instead, on the Solicitation Launch Date, the Voting and Claims Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

    a. ***Not Impaired Claims—Conclusively Presumed to Accept.*** Holders of Claims in Class 1 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan. As such, Holders of such Claims will receive a notice, substantially in the form attached to this Order as **Exhibit 3**, in lieu of a Solicitation Package.

    b. ***Other Interests and Claims—Deemed to Reject.*** Holders of Claims or Interests in Classes 5, 6, 7, and 8 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this Order as **Exhibit 4**, in lieu of a Solicitation Package.

    c. ***Disputed Claims.*** Absent a Resolution Event (as defined in Exhibit 1), Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Launch Date are not entitled to vote the disputed portion of their claim. As such, Holders of such Claims will receive a notice, substantially in the form attached to this Order as **Exhibit 5**.

    d.  ***Other Priority Claims—Consent to Plan Treatment***. Holders of Claims in Class 2 are unlikely to receive payment in full in Cash on account of such Allowed Claims under the Plan and, therefore, are being asked to agree to different treatment under the Plan. As such, Holders of such Claims will receive the Confirmation Hearing Notice which sets forth the process for providing such agreement.

16. The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

17. The Debtors will not provide the Holders of Class 5 Intercompany Claims or Class 6 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

  **F.** **Approval of Notices to Contract and Lease Counterparties.**

18. The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding cure claims), in the forms attached hereto as **Exhibit 9** and **Exhibit 10** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

  **G.** **Approval of the the Additional Administrative and Priority Claim Notice.**

19. The Debtors are authorized to serve the Additional Administrative and Priority Claim Notice, in the form attached hereto as **Exhibit 11** upon known Holders of Administrative, Priority Tax, and Other Priority Claims on the Solicitation Launch Date. For the avoidance of doubt, such Holders shall also receive the Confirmation Hearing Notice.

**IV.     Approval of the Solicitation and Voting Procedures.**

20.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

**V.      Approval of Procedures for Confirming the Plan.**

   **A.     Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan.**

21.     The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

   a.  **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time shall be date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "Plan Objection Deadline");

   b.  notwithstanding anything to the contrary in Local rule 3018-1(a), **January 20, 2020, at 4:00 p.m.** shall be the date by which the voting certification must be filed with the Court; and

   c.  the Court shall consider Confirmation of the Plan at the hearing to be held on **January 24, 2020** (the "Confirmation Hearing Date").

   **B.     Approval of the Procedures for Filing Objections to the Plan.**

22.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be

8

**actually received** on or before the **January 17, 2020, at 4:00 p.m.** prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

23. The process for Holders of Allowed Administrative Claims, Priority Tax Claims, and Other Priority Claims to object to the proposed treatment of their respective Allowed Claims under the Plan is set forth in the Confirmation Hearing Notice and the Additional Administrative and Priority Claim Notice and is hereby approved.

    **C.  Approval of Consequences of Not Confirming or Consummating the Plan**

24. If the Plan is not Consummated or Confirmed for any reason, (a) the Plan shall be null and void in all respects other than as set forth therein, (b) the Plan shall serve as a motion seeking dismissal of these chapter 11 cases in accordance with the Bankruptcy Code, and (c) nothing contained in the Plan or the Disclosure Statement shall:  (1) constitute a waiver or release of any claims by the Debtors, any Holders, or any other Entity; (2) prejudice in any manner the rights of the Debtors, any Holders, or any other Entity; or (3) constitute an admission, acknowledgment, offer or undertaking by the Debtors, any Holders, or any other Entity in any respect.

**VI. Miscellaneous.**

25. The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

26. Nothing in this order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

27. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

29. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

30. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

31. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.



**Dated: December 19, 2019**
       **Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**