WHITE AND WILLIAMS LLP
James Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036-6524
Telephone: (212) 244-9500
vandermarkj@whiteandwilliams.com

*Attorneys for Creditor, Google LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| | Jointly Administered |
| Debtors. | Re: Docket No. 612 |

**OBJECTION OF GOOGLE LLC TO JOINT CHAPTER 11 PLAN OF
BARNEY'S NEW YORK, INC. AND ITS DEBTOR AFFILIATES**

Google LLC ("**Google**"), by and through its undersigned counsel, objects to the Joint Chapter 11 Plan of Barney's New York, Inc. and its Debtor Affiliates (as the same may be amended from time to time, the "**Plan**")[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**"), as follows:

**BACKGROUND**

1. On August 9, 2019 (the "**Petition Date**"), each of Debtors filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Barneys New York, Inc. (1818); Barney's, Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819) The location of the Debtors' service address is: 575 Fifth Avenue, New York, New York 10017.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Plan.

23995329v.1

2. Prior to the Petition Date, Google and Barneys New York, Inc. (**"Barneys"**) entered into a Google Advertising Service Agreement (the **"ASA"**) pursuant to which Google provides advertising services to and for the benefit of Barneys (and possibly other Debtors), including without limitation Google Ads services. The Google Ads program, formerly known as AdWords, is an online advertising program that, among other things, allows advertisers to reach potential customers as they search the web or browse websites. The Google Ads program enables advertisers to set a budget for advertising and control their ad traffic and targeting decisions. The ASA is a click-to-accept agreement that incorporates Google's Advertising Program Terms (collectively with the ASA, the **"Contract"**). To date, the Contract has not been designated for assumption by the Purchasers.

3. According to Google's records, as of the Petition Date, a balance of $2,120,976.72 remained due and owing for Google Ads services rendered by Google to Debtors under the Contract. On September 16, 2019, Google filed a Proof of Claim against Barneys in the amount of $2,120,976.72 for unpaid invoices relating to services provided pursuant to the Contract prior to the Petition Date, which was designated Claim No. 571 on Barneys claims register (**"Claim No. 571"**).[3]

4. In addition, Google has not yet received payment for $975,311.60 on account of services provided to Barneys pursuant to the Contract after the Petition Date in the ordinary course of business. On January 8, 2020, Google filed a Proof of Administrative Claim against Barneys in the amount of $975,311.60 on account unpaid invoices relating to the post-Petition Date services, which was designated Claim No. 5040 on Barneys Claims register. The post-

---

[3] On January 13, 2020, Google amended Claim No. 571 solely to change the address where payments should be sent due to a staffing change at Google. The amended claim was designated Claim No. 5191 on Barneys claims register.

Petition Date services constituted actual, necessary costs of preserving Barneys' bankruptcy estate and conferred a direct and substantial benefit on the estate and creditors by helping them operate until such time as they were able to find a buyer for substantially all of Debtors' assets and liquidate their inventory.

5. On December 19, 2019, the Bankruptcy Court entered an order [Docket No. 612] approving the Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and its Debtor Affiliates (the **"Disclosure Statement"** or **"D.S."**) and authorizing the Debtors to solicit acceptances for the Plan.

6. In the Disclosure Statement, Debtors concede that 11 U.S.C. § 1129(a)(9) requires all administrative claims to be paid in full in cash as a prerequisite to confirmation of the Plan but that "[i]t is likely there will not be enough Distributable Cash to satisfy all remaining Allowed Administrative Claims in full in Cash." D.S. at 9. In an attempt to overcome this hurdle, Debtors ask Holders of Administrative Claims (other than Professional Fee Claims) to consent and agree – either expressly or by acquiescence – to receive different, less favorable treatment from that set forth in section 1129(a)(9). "[P]otential, illustrative recoveries for Allowed Administrative Claims" range from 15% to 30%, although Debtors caution that "**ACTUAL RECOVERIES COULD MATERIALLY AND/OR SUBSTANTIALLY DIFFER,**" D.S. at 10 (emphasis in the original), suggesting that Holders of Administrative Claims may face even more dismal recoveries.

7. Meanwhile, notwithstanding that Allowed Professional Fee Claims are of equal priority to other Administrative Claims under the Bankruptcy Code, "the Plan provides that Allowed Professional Fee Claims will be paid in full in Cash from the Professional Fee Escrow Account without regard to the date incurred." D.S. at 9. By way of justification for this

disparate treatment, Debtors contend that the $10,929,848 held in the professional fee escrow account is not property of the estate because it was funded as part of the Sale Order and DIP Order for the "exact purpose" of paying professional fees. *See* D.S. at 2, 9.

## OBJECTIONS TO PLAN CONFIRMATION

8. The Plan must satisfy all the requirements of 11 U.S.C. § 1129(a) to be confirmable. Alternatively, a plan may be "crammed down" pursuant to 11 U.S.C. § 1129(b), but only "if all the applicable requirements of subsection (a) … other than paragraph (8) are met" and the plan is "fair and equitable" and "does not discriminate unfairly." 11 U.S.C. § 1129(b)(1). The plan proponent has the burden of proving by a preponderance of the evidence that each of the requirements of § 1129(a) is met. *In re Residential Capital, LLC*, 2013 Bankr. LEXIS 5683, *10 (Bankr. S.D.N.Y. 2013). The Bankruptcy Court also has a mandatory, independent, duty to determine whether the Plan and its proponents have met all confirmation requirements. *In re Young Broad, Inc.*, 430 B.R. 99, 128 (Bankr. S.D.N.Y. 2010). *See also Williams v. Hibernia Nat'l Bank (In re Williams)*, 850 F.2d 250, 253 (5th Cir. 1988).

9. Google does not consent to receive treatment that differs from 11 U.S.C. § 1129(a)(9) on account of its Administrative Claim. Accordingly, the Plan does not comply with 11 U.S.C. § 1129(a)(9) and cannot be confirmed.

10. The Holders of Allowed Professional Fee Claims are apparently unwilling to consent to receive less than full payment of their Allowed Professional Fee Claims pursuant to the Plan, notwithstanding that they were in a better position than post-petition vendors like Google to recognize Debtors' impending administrative insolvency. Even if the Cash in the Professional Fee Escrow Account is not property of Debtors' estate, nothing prevents the Holders of Allowed Professional Fee Claims from gifting a portion of those funds to the estate to

-4-

23995329v.1

equalize the recovery among all Holders of Administrative Claims. Under the present circumstances, however, Google is unwilling to consent to the Plan's proposed treatment of its Administrative Claim.

## **RESERVATION OF RIGHTS**

11. Google reserves its right to supplement, amend, and/or withdraw this objection and to introduce evidence at any hearing related to the Plan. Google also expressly reserves the right to adopt any other confirmation objections filed by any other party.

## **CONCLUSION**

For the reasons set forth above, the Plan does not satisfy the requirements of 11 U.S.C. § 1129, and should not be confirmed.

Dated: January 17, 2020

WHITE AND WILLIAMS LLP

By:  */s/ James C. Vandermark*
Steven E. Ostrow (*pro hac vice* admission pending)
James C. Vandermark
7 Times Square, Suite 2900
New York, NY 10036-6524
Telephone: (212) 244-9500
ostrows@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

- and -

Amy E. Vulpio
PA ID No. 84477
1650 Market Street, Suite 1800
Philadelphia, PA  19103
Telephone:  (215) 864-6250
vulpioa@whiteandwilliams.com

*Attorneys for Google LLC*

23995329v.1

## **CERTIFICATE OF SERVICE**

I, James C. Vandermark, Esq., hereby certify that on January 17, 2020, I caused a true and correct copy of the foregoing to be served upon all parties that have requested notice in these Chapter 11 cases through the Court's CM/ECF system.

By: */s/ James C. Vandermark*
James C. Vandermark

23995329v.1