Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS

> **THIS OBJECTION SEEKS TO DENY AND DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR CLAIMS IDENTIFIED ON <u>SCHEDULES 1–5</u> TO THE PROPOSED ORDER ATTACHED AS EXHIBIT B TO THIS OBJECTION.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, New York 10065.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this omnibus objection (this "Objection") with respect to each of the claims set forth on **Schedules 1–5** to **Exhibit B** attached hereto (each, a "Disputed Claim," each claimant thereunder, a "Claimant," and collectively, the "Disputed Claims" and "Claimants," respectively) pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Objection Procedures (as defined herein).  In support of this Objection, the Debtors submit the declaration of Christopher A. Good, a Director at M-III Advisors, LP, financial advisor to the Debtors ("M-III"), attached hereto as **Exhibit A** (the "Good Declaration").  In further support of this Objection, the Debtors respectfully state as follows.

### Relief Requested

1.      The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures (as defined herein), denying, disallowing and expunging, reclassifying, or modifying, as the case may be, the claims identified on:

    a.    **Schedule 1** to the Proposed Order because such claims fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim (the "Insufficient Claims");

    b.    **Schedule 2** to the Proposed Order because such claims seek recovery of certain amounts for which the Debtors are not liable (the "No Liability Claims");

    c.    **Schedule 3** to the Proposed Order because such claims are incorrectly or improperly classified (the "Improperly Classified Claims");

    d.    **Schedule 4** to the Proposed Order because such claims are inconsistent with the Debtors' books and records (the "Inconsistent Claims"); and

    e.    **Schedule 5** to the Proposed Order because such claims are filed against multiple Debtors (the "Multiple Debtor Claims").

## Jurisdiction, Venue, Background

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 502(b), 503, and 507 of the Bankruptcy Code, and Bankruptcy Rule 3007.

5.      On August 6, 2019, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  On August 7, 2019, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].  On August 15, 2019, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 131].

## The Claims Reconciliation Process

6.      On September 4, 2019, the Court entered an *Order (A) Setting Bar Date for Submitting Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim, (C) Approving Notice Thereof, and (D) Granting Related Relief* [Docket No. 214]

(the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, "Proofs of Claims") in these chapter 11 cases. Among other things, the Bar Date Order established: (a) 11:59 p.m., prevailing Eastern Time, on the date that was twenty-eight days following completion of service of the Bar Date Notice (as defined in the Bar Date Order) as set forth therein, *i.e.*, October 17, 2019 (the "General Claims Bar Date") as the last date and time for certain creditors (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, the file Proofs of Claims based on prepetition claims, including claims arising under section 503(b)(9) of the Bankruptcy Code, against any Debtor and (b) the later of (i) the General Claims Bar Date or (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty-five days after the date on which the Debtors provide notice of an amendment.

7.    On September 17, 2019, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities (collectively, the "Schedules"), as required by section 521 of the Bankruptcy Code pursuant to Bankruptcy Rule 1007 and the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief* [Docket No. 48].

8.    On November 25, 2019, the Court entered an *Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 551] (the "Administrative Bar Date Order") establishing certain dates, deadlines, and procedures for filing proofs of administrative claims (collectively, "Proofs of

Administrative Claims") in these chapter 11 cases.  Among other things, the Administrative Bar

Date Order established:  January 10, 2020, at 4:00 p.m., prevailing Eastern Time, as the last date

and time for certain creditors (including, without limitation, individuals, partnerships, joint

ventures, and trusts) to file Proofs of Administrative Claims (such date, the "Administrative

Claims Bar Date") based on claims entitled to administrative priority (other than claims arising

under section 503(b)(9) of the Bankruptcy Code) (each, an "Administrative Claim") arising on or

prior to December 15, 2019 at 11:59 p.m., prevailing Eastern Time.

9.    Due to the large volume of claims in these cases, the Court authorized the Debtors

to file omnibus objections to certain claims in accordance with the procedures set forth in the *Order*

*(I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction*

*Procedures, (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims*

*Pursuant to Bankruptcy Rule 3007(c), (d), and (III) Waiving the Requirement of Bankruptcy Rule*

*3007(e)(6)* [Docket No. 665] (such procedures thereunder, the "Objection Procedures").[2]

10.    Following a thorough review of the Proofs of Claims and Administrative Proofs of

Claims by M-III, the Debtors have determined that the Disputed Claims should be denied,

disallowed and expunged, reclassified, or modified, as the case may be, for the reasons described

herein and on **Schedules 1–5** to the Proposed Order.  To ease the administrative burden on the

Court and the Debtors' estates during the claims reconciliation process, the Debtors submit this

Objection in an omnibus fashion, in accordance with the Bankruptcy Rules and the Objection

Procedures.  If the Disputed Claims are not denied, disallowed and expunged, reclassified, or

modified, as applicable, the potential exists for the relevant Claimants to receive an unwarranted

---

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection
Procedures.

recovery against the Debtors, to the detriment of other similarly-situated creditors.  Accordingly,
the Debtors seek the entry of the Proposed Order denying, disallowing and expunging,
reclassifying, or modifying, as the case may be, the Disputed Claims.

## Objection

11.      Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim filed under
section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects.[3]  Pursuant
to Bankruptcy Rule 3007 and the Objection Procedures, the Debtors file this Objection to the
Disputed Claims on the grounds set forth herein and in **Schedules 1–5** to the Proposed Order.[4]
The Debtors and their advisors have reviewed the Proofs of Claim and Proofs of Administrative
Claim filed in these Chapter 11 Cases and have identified the Disputed Claims that are subject to
this Objection.  After reviewing the Disputed Claims, the Debtors do not believe that such amounts
accurately represent the potential liability, if any, of the Debtors or their estates for the Disputed
Claims asserted therein.

### A.      Insufficient Claims

12.      As set forth in more detail on **Schedule 1** to the Proposed Order, the Debtors object
to the Insufficient Claims because the Debtors have determined that the Insufficient Claims fail to
sufficiently specify the basis for the claim or provide sufficient supporting documentation in
support of such claim.[5]  Accordingly, the Debtors request that the Court disallow and expunge the
Insufficient Claims from the Claims Register.

---

[3]    *See* 11 U.S.C. § 502(a).  Certain of the Disputed Claims assert entitlement to priority as Administrative Claims.
As more fully set forth below, requests for payment of administrative expenses pursuant to section 503(b) of the
Bankruptcy Code are ***not*** entitled to presumptive validity under section 502(a) of the Bankruptcy Code, and the
claimant bears the initial burden of proof with respect to such claims.

[4]    *See* Fed. R. Bankr. P. 3007(d)(1)–(6); Objection Procedures ¶ 1.

[5]    *See* Objection Procedures ¶ 1(c).

### i.    Insufficient Administrative Claims

13.    The Insufficient Claims are asserted as Administrative Claims against the Debtors

pursuant to section 503(b) of the Bankruptcy Code.   Section 503(b) of the Bankruptcy Code

provides special priority for "actual, necessary costs and expenses of preserving the estate,

including wages, salaries, or commission for services rendered after the commencement of the

case."  11 U.S.C. § 503(b)(1)(A).  This priority is meant to facilitate a debtor's reorganization

efforts and encourage third parties that would otherwise be reluctant to transact business with the

debtor in possession.  *See*, *e.g.*, *In re ASARCO LLC*, 441 B.R. 813, 824 (S.D. Tex. 2010)*, aff'd, In

re ASARCO, L.L.C.*, 650 F.3d 593 (5th Cir. 2011) ("The award of administrative expenses for

'actual and necessary' costs . . . provides 'third parties who lend goods or services necessary to the

successful reorganization of the debtor's estate' with priority claims over those of unsecured

creditors.") (internal citations omitted); *Trs. of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789

F.2d 98, 101 (2d Cir. 1986) ("Congress granted priority to administrative expenses in order to

facilitate the efforts of the trustee or debtor in possession to rehabilitate the business for the benefit

of all the estate's creditors."); *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) ("The policies

underlying the provisions of § 503 . . . are not hard to discern.  If a reorganization is to succeed,

creditors asked to extend credit after the petition is filed must be given priority so they will be

moved to furnish the necessary credit to enable the bankrupt to function."); *Cramer v. Mammoth

Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976) ("When third parties are

induced to supply goods or services to the debtor-in-possession . . . the purposes of [§ 503] plainly

require that their claims be afforded priority.").

14.    Not all of a debtor's postpetition expenses or obligations warrant administrative

priority; rather, administrative priority applies only to a select subset of a debtor's overall

expenses, and such expenses must be both "actual" and "necessary."    *See* 11 U.S.C.

§ 503(b)(1)(A). "The words 'actual' and 'necessary' have been construed narrowly: the debt must benefit [the] estate and its creditors." *Toma Steel Supply, Inc. v. TransAmerican Nat. Gas Corp. (In re TransAmerican Nat. Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992) (internal citations omitted). Indeed, "[t]here must be an actual concrete benefit to the estate before a claim is allowable as an administrative expense." *Broadcast Corp. of Ga. v. Broadfoot (In re Subscription Television of Greater Atlanta)*, 789 F.2d 1530, 1532 (11th Cir. 1986). In order to be entitled to administrative priority status under section 503(b)(1)(A) of the Bankruptcy Code, an expense "must have been of benefit to the estate and its creditors." *Texas v. Lowe (In re H.L.S. Energy Co., Inc.)*, 151 F.3d 434, 437 (5th Cir. 1998) (internal citations omitted); *see also*, *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir. 1991) (claimants can recover administrative expense claims only if they can prove prove that this expense was an "actual, necessary cost[ ] . . . of preserving the estate.") (internal quotations and citations omitted); *In re Chateaugay Corp.*, 102 B.R. 335, 353–54 (Bankr. S.D.N.Y. 1989) (explaining that, for equitable considerations between parties, priorities are to be narrowly construed, and "if one claimant is to be preferred over others, the purpose should be clear") (internal quotations and citations omitted).

15.    Section 502(a) of the Bankruptcy Code, which affords *prima facie* validity to proofs of claim filed pursuant to section 501 of the Bankruptcy Code, is inapplicable to claims asserted for administrative expenses under section 503(b) of the Bankruptcy Code: Instead, "[i]n an application for administrative expense, the burden of proof by a preponderance of the evidence is on the movant." *In re New WEI, Inc.*, 2018 WL 1115200, *3 (Bankr. N.D. Ala. 2018); *see also*, *e.g.*, *Woods v. City Nat. Bank & Trust Co. of Chicago*, 312 U.S. 262, 268 (1941) (explaining that claims for "expenses in connection with the reorganization . . . may be allowed," but that "[t]he claimant . . . has the burden of proving [such claims'] worth"); *Matter of TransAmerican Nat. Gas*

8

*Corp.*, 978 F.2d at 1416 (finding that the burden of proof rests with the claimant, "[m]ere allegations, unsupported by evidence, are insufficient to rebut the movant's prima facie case.") (internal citations omitted); *Woodburn Assocs. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it.") (internal citations omitted); *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 91 (Bankr. S.D. Fla. 2000) (same); *In re Bridgeport Plumbing Products, Inc.*, 178 B.R. 563, 569 (Bankr. M.D. Ga. 1994) (same).

16.     Accordingly, with respect to the Insufficient Claims, the Debtors object on the basis that such asserted claims are Insufficient Claims because, as the case may be:  (a) the relevant Proofs of Administrative Claim do not meet the burden of demonstrating, by a preponderance of the evidence, that such claims are entitled to priority treatment under section 503(b) of the Bankruptcy Code or (b) the relevant Proofs of Administrative Claim do not comply with the procedures required under the Administrative Bar Date Order, such as by failing to be asserted via the Court-approved Proof of Administrative Claim Form (as defined in the Administrative Bar Date Order).

### B.     No Liability Claims

17.     The Debtors object to the No Liability Claims for the reasons set forth below and in more detail on **Schedule 2** to the Proposed Order.  All of the No Liability Claims are asserted as Administrative Claims against the Debtors.  But the No Liability Claims—all of which are asserted as "actual, necessary costs and expenses of preserving the estate" pursuant to section 503(b) of the Bankruptcy Code—seek recovery of certain amounts for which the Debtors are not liable.  For example, the Debtors believe they may have valid defenses, such as setoff, that would reduce or even fully offset certain of the No Liability Claims, and other of the No Liability Claims demand payment for which the Debtors are not liable in ***any*** event.  Accordingly, to prevent

an unwarranted recovery by the Claimants asserting the No Liability Claims to the detriment of other creditors, the Debtors request that the Court deny or disallow, as the case may be, and expunge the No Liability Claims from the Claims Register.

### i.    The Debtors Are Not Liable for Unredeemed Gift Cards.

18.    Certain of the No Liability Claims are based on gift cards and are asserted as either an Administrative Claim or entitled to priority pursuant to section 507(a)(7) of the Bankruptcy Code, and the Debtors have no liability—administrative or otherwise—on these claims.  Pursuant to the Debtors' card services agreement (the "CardFact Agreement") with CardFact XXXII ("CardFact"), CardFact assumed liability to consumers for all gift cards, including liability for any unredeemed gift cards.  *See* CardFact Agreement §§ 1.01, 3.05.  The applicable gift cards, as evidenced by the Proofs of Administrative Claims filed and based thereon, demonstrate that the Debtors properly and adequately disclaimed this fact.  Moreover, per this Court's order at Docket No. 494 (the "Sale Order"), gift cards and returns were only required to be honored for a period of seven days following the commencement of the store closing sales.  In spite of this, certain Claimants filed claims asserting an entitlement to priority status for gifts cards.  As a result of the Sale Order, the value of any gift card (and, thus, any supposed liability of the Debtors on account thereof) as of the date hereof is zero, and the No Liability Claims based on gift cards should be denied, disallowed, and expunged.  Nevertheless, as detailed below, to the extent the Debtors are liable for any gift card claims, these claims are Improperly Classified and should be reclassified as general unsecured claims.

### ii.   The Debtors Are Not Liable for Unreturned Merchandise under Any Circumstances.

19.    At least one No Liability Claim asserts an Administrative Claim based on unreturned merchandise.  The Claimant retains possession of the goods, and, consequently, has

not provided **any** concrete benefit to the Debtors' estates. Moreover, to the extent the Debtors may have caused any damages to a customer as a result of their refusal to accept or exchange such goods, the customer has a duty to mitigate. "Under New York law, the party that is injured by a breach of contract has 'the duty of making reasonable exertions to minimize the injury.'" *LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, 2018 WL 2192186, at *8 (S.D.N.Y. May 14, 2018), *appeal dismissed*, 764 F. App'x 105 (2d Cir. 2019) (internal citations omitted). The Claimant has not shown that she has conferred any actual or necessary benefit to the estate or made any effort to mitigate her damages, and, therefore, has not established any basis for an Administrative Claim. Accordingly, the No Liability Claim based on unreturned merchandise should be denied, disallowed, and expunged.

### iii. The Debtors Are Not Liable for Unsubstantiated Claims Based on Damaged Goods, Which Are Not Entitled to Administrative Priority in Any Event.

20.     Finally, at least one No Liability Claim asserts an Administrative Claim based on "damaged goods." However, the Claimant thereunder has not set forth any evidence of damage to the goods, let alone any evidence that the Debtors are responsible for damage to the goods. Moreover, goods in the Claimant's possession—damaged or otherwise—cannot have represented "the actual, necessary costs of preserving the estate" and, therefore, could not result in an Allowed Administrative Claim. Based on the foregoing, the Claimant has not established any liability of the Debtors for the asserted Administrative Claim. Accordingly, the No Liability Claim based on supposedly damaged goods should be denied, disallowed, and expunged.

### iv. The Debtors Have No Liability for the Putative Class Claim Asserted by Corey Davis, and the Corey Davis Claims Contravene the Bankruptcy Rules, the Federal Rules, and Applicable Law.

21.     In contravention of the Bankruptcy Rules, the Federal Rules of Civil Procedure, and applicable law, Corey Davis asserts a variety of Claims against the Debtors—some of which

he further asserts are entitled to some unspecified priority under section 507(a) of the Bankruptcy Code—on behalf of a putative class of current and former employees of the Debtors (collectively, the "Corey Davis Claims").  No court to date has found the Debtors liable for the Corey Davis Claims, the Debtors have denied and continue to vehemently deny liability for the claims brought by Corey Davis.  Moreover, Corey Davis has not been authorized by *any* court to represent *any* class of the Debtors' current and former employees in *any* capacity.  On that basis alone, the Corey Davis Claims should be denied, disallowed, and expunged.

22.    Even assuming, *arguendo*, that Corey Davis *had* been appointed as a representative of the alleged class, Corey Davis has "utterly failed to move under Rule 9014 to make Rule 23 applicable in this bankruptcy case, despite having more than" four months to do so, and the Court should not "permit [him] to contravene the federal rules, and to operate as though his class were certified without a Court having made that determination."  *In re Dynegy Inc.*, 770 F.3d 1064, 1067 (2d Cir. 2014) (affirming bankruptcy court denial of putative class representative's standing to assert claims and otherwise act on behalf of a putative class where class representative failed to request class representative status under Bankruptcy Rule 9014). Accordingly, the Court should deny, disallow, and expunge the Corey Davis Claims.

### C.    Improperly Classified Claims

23.    As set forth in more detail on **Schedule 3** to the Proposed Order, the Debtors object to the Improperly Classified Claims because the Debtors have determined that the Improperly Classified Claims showed a record of indebtedness or asserted a priority that is not reflected on the Debtors' books and records or asserted a priority that is not supported under the Bankruptcy Code.[6]  Failure to disallow and expunge, reclassify, or modify, as the case may be, the Improperly

---

[6]    *See* Objection Procedures ¶ 1(g).

Classified Claims could result in the relevant Claimant receiving an unwarranted recovery against the Debtors. Accordingly, the Debtors respectfully request entry of an order disallowing and expunging the Improperly Classified Claims from the Claims Register and/or reclassifying or modifying the Improperly Classified Claim with the priority identified in the column labeled "Reclassified Priority," as applicable, on **Schedule 3** to the Proposed Order.

### i.  Claims Asserted Based on Gift Cards Are Not Entitled to Any Priority.

24.    Certain of the Improperly Classified Claims are based on gift cards and are asserted as either an Administrative Claim or entitled to priority pursuant to section 507(a)(7) of the Bankruptcy Code. Unredeemed gift card claims are, at best, general unsecured claims not entitled to any administrative or other priority. *See In re City Sports Inc.*, 554 B.R. 329, 333 (Bankr. D. Del. 2016) ("[T]he plain words of the [Bankruptcy Code], as well as its legislative history, show that gift card holders are not one of the select group of claimants who receive priority . . . "). In reaching this conclusion, courts have recognized, among other things, the limits of the transaction, noting that the "purchase of a gift card is a short transaction, without a temporal relationship . . . Whether the consumer uses the gift card in a future transaction, or gives the card to another party and that party uses it in a future transaction, is beyond the scope of the inquiry." *Id*. at 335-36. Accordingly, the receipt of the gift card by the purchaser completes the transaction, and does not provide any further concrete benefit to the Debtors' estates. While the Debtors do not believe that they have liability to the gift card claims, nevertheless, to the extent any liability is attributable to the Debtors, such claims are Improperly Classified as either Administrative Claims or priority unsecured claims, rather than general unsecured claims.

### ii. Payment Incident to Termination Is Not Entitled to Administrative Expense Priority.

25.      Certain of the Improperly Classified Claims assert that the Debtors' obligations to pay employees for severance and earned-but-unused "paid time off" are entitled to priority as administrative expenses.  But the Second Circuit has consistently held to the contrary:  Such payments are entitled to an administrative expense priority only to the extent they are earned by the employees during the postpetition period.  *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) (Sotomayor, J.) ("In determining whether a payment incident to termination is entitled to priority as an administrative expense, the key inquiry is whether it represents a new benefit earned at termination or an acceleration of a benefit the employee earned over the course of his or her employment."); *accord Food Employers Labor Relations Ass'n v. Great Atl. & Pac. Tea. Co.*, 620 F. App'x 31, 33 (2015) (suggesting that withdrawal liability may be entitled to administrative expense priority only to the extent attributable to postpetition operations); *Straus-Duparquet Inc. v. Local Union No. 3 Int'l Brotherhood of Electrical Workers, A F of L, CIO*, 386 F.2d 649, 650 (holding that vacation pay is entitled to administrative expense priority only to the extent earned postpetition).  Accordingly, claims for severance, vacation pay, and other benefits incident to termination are Improperly Classified Claims to the extent such claims include amounts not attributable to the Debtors' postpetition operations.

### D.    Inconsistent Claims

26.      As set forth in more detail on **Schedule 4** to the Proposed Order, the Debtors object to the Inconsistent Claims because the Debtors have determined that the Inconsistent Claims are

inconsistent with the Debtors' books and records.[7]  Accordingly, the Debtors request that the Court disallow and expunge or reduce the Inconsistent Claims from the Claims Register.

### E.    Multiple Debtor Claims

27.    As set forth in more detail on **Schedule 5** to the Proposed Order, the Debtors object to the Multiple Debtor Claims because the Multiple Debtor Claims are improperly filed.[8] Accordingly, the Debtors request that the Court disallow and expunge or reduce the Multiple Debtor Claims from the Claims Register.

### Reservation of Rights

28.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any party in interest's rights to dispute and/or contest any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim.

### Compliance with the Objection Procedures and the Bankruptcy Rules

29.    The Debtors respectfully state that the content of this Objection is in full compliance with the Objection Procedures and the Bankruptcy Rules.

---

[7]    *See* Objection Procedures ¶ 1(a).

[8]    *See* Objection Procedures ¶ 1(i).

30.     The Debtors further respectfully state that notice and service of this Objection will be in full compliance with the Objection Procedures and the Bankruptcy Rules for the following reasons:

a.      This Objection will be filed with the Court and served upon (i) the affected Claimant set forth on each Proof of Claim subject to this Objection or their respective attorney of record, (ii) the U.S. Trustee, and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002; and

b.      With respect to service on Claimants affected by this Objection, the Debtors will also serve each such Claimant with a customized Objection Notice tailored, as appropriate, to address the particular creditor, claim, and objection in accordance with the Objection Procedures.

## Separate Contested Matter

31.     To the extent that a response is filed regarding any Disputed Claim and the Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures.  Further, the Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Proof of Claim.

## Notice

32.     Notice of this Objection will be provided in accordance with the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 207] and the Objection Procedures.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

33.     No prior request for the relief sought in this Objection has been made to this or any other court.

16

New York, New York
Dated:  January 27, 2020

/s/ Joshua A. Sussberg
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

-and-

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Good Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) |
| | ) Case No. 19-36300 (CGM) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

### DECLARATION OF CHRISTOPHER A. GOOD
### IN SUPPORT OF DEBTORS' OBJECTION TO CERTAIN CLAIMS

I, Christopher A. Good, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.     I submit this declaration in support of the *Debtors' First Omnibus Objection to Certain Claims* (the "Objection").[2]   I am a Director at M-III Advisors, LP ("M-III") and have served as financial advisor to Barneys New York, Inc. and its affiliates since June 26, 2019.  I have over 10 years of experience in financial restructuring, investment banking, private equity, interim management, turnaround, and management consulting across a wide variety of industries, including, but not limited to, the retail and real-estate industries.

2.     The statements in this declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors, or employees of M-III working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection.

1

their business.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.  I am authorized to submit this declaration on behalf of the Debtors.

3.    I have reviewed the Disputed Claims and also reviewed and consulted with certain of the Debtors' current employees, advisors and professionals who have reviewed the Debtors' Schedules and/or books and records with respect to the Disputed Claims.  For the reasons set forth in the Objection and Schedules 1–5 to the Proposed Order, I have determined that the Disputed Claims fail to comport with the Debtors' books and records and thus should not be allowed in the amounts asserted.  I therefore believe the Disputed Claims should instead be reclassified, reduced, or disallowed, consistent with the treatment for each such Disputed Claim set forth on Schedules 1–5 to the Proposed Order, which are more reflective of the Debtors' books and records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  January 27, 2020            */s/ Christopher A. Good*
New York, New York                 Christopher A. Good
                                   Director
                                   M-III Advisors, LP

**<u>EXHIBIT B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | Case No. 19-36300 (CGM) |
| Debtors. | (Jointly Administered) |

### ORDER GRANTING DEBTORS'
### OMNIBUS OBJECTION TO CERTAIN CLAIMS

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") reclassifying, reducing, or disallowing each of the Disputed Claims, in accordance with the treatment for each Disputed Claim as described in **Schedules 1–5** to this Order, all as more fully set forth in the Objection; and upon the Good Declaration filed in support of the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      Each Insufficient Claim identified on **Schedule 1** attached hereto is denied and disallowed in its entirety.

3.      Each No Liability Claim identified on **Schedule 2** attached hereto is denied and disallowed in its entirety.

4.      Each Improperly Classified Claim identified on **Schedule 3** to this Order is modified and reclassified and/or denied and disallowed in its entirety, as the case may be; *provided* that the Debtors reserve the right to later object to any such reclassified claim on any applicable grounds.

5.      Each Inconsistent Claim on **Schedule 4** attached hereto is denied and disallowed in its entirety.

6.      Each Multiple Debtor Claim identified on **Schedule 5** attached hereto is denied and disallowed in its entirety.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim;

(d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by this Order as related to the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8.      To the extent a response is filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures.  This Order will be deemed a separate order with respect to each Disputed Claim.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

10.      Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

11.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

13.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2020

_____
THE HONORABLE CECILIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

**SCHEDULES**

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)

Schedule 1 - Insufficient Documentation Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | ASSERTED UNSECURED CLAIM AMOUNT | REASONING |
|---|---|---|---|---|---|---|---|
| 1 | A N Barnes<br>170-30 130th Ave #7D<br>Jamaica, NY 11434 | 12/18/2019 | Barneys New York, Inc. | 4213 | $ 554.18 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 2 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 966 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 3 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 997 | $ 2,375,800.00 | $ 88,529,000.00 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 4 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 998 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 5 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 999 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 6 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 1000 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 1011 | $ 23,758,000.00 | $ 67,146,800.00 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 8 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 1/10/2020 | Barneys New York, Inc. | 5158 | $ 23,758,000.00 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 9 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 1/10/2020 | Barneys New York, Inc. | 5162 | $ 10,846,610.06 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 10 | Ilana Makovoz<br>13344 Ventura Blvd.<br>Sherman Oaks, CA 91423 | 11/25/2019 | Barneys New York, Inc. | 2540 | $ 903.37 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 11 | Lucia Katz<br>743 Ridge Road Terrace<br>Kinnelon, NJ 07405 | 1/6/2020 | Barneys New York, Inc. | 4993 | $ 633.43 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 12 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 568 | $ 1,874.35 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 13 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 2900 | $ 1,874.35 | | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 1 - Insufficient Documentation Claims

| | | | | | |
|---|---|---|---|---|---|
| 14 | Melissa Morton<br>4519 Toucan Street<br>Torrance, CA 90503 | 12/31/2019 | Barneys New York, Inc. | 4823 | $ 750.00 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 15 | Phillip Rhee<br>14634 Magnolia Blvd.<br>Unit 3<br>Sherman Oaks, CA 91403 | 1/5/2020 | Barneys New York, Inc. | 4939 | $ 600.00 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 16 | Rhonda Ramsey<br>375 Cumberland Street<br>Apartment 1<br>Brooklyn, NY 11238 | 12/2/2019 | Barneys New York, Inc. | 3055 | $ 87.85 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 17 | Renata Gar<br>67 Mott Street, Apt. 8<br>New York, NY 10013 | 11/11/2019 | Barneys New York, Inc. | 1278 | $ 2,057.75 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |
| 18 | Renata Gar<br>67 Mott Street, Apt. 8<br>New York, NY 10013 | 12/11/2019 | Barneys New York, Inc. | 3796 | $ 2,057.75 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-16 for more detail. |

**Total:**   $104,135,689.15   $417,701,430.44

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 2 - No Liability Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | PRIORITY OR ADMINISTRATIVE AMOUNT | ASSERTED UNSECURED CLAIM AMOUNT | REASONING |
|---|---|---|---|---|---|---|---|
| 1 | A N Barnes 170-30 130th Ave 7b Jamaica, NY 11434 | 12/18/2019 | Barneys New York, Inc. | 4213 | $ 554.18 | | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |
| 2 | Corey Davis c/o Protection Law Group, LLP 136 Main Street Suite A El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 966 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim. See paragraphs 21 and 22 for more detail. |
| 3 | Corey Davis c/o Protection Law Group, LLP 136 Main Street Suite A El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 997 | $ 2,375,800.00 | $ 88,529,000.00 | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim. See paragraphs 21 and 22 for more detail. |
| 4 | Corey Davis c/o Protection Law Group, LLP 136 Main Street Suite A El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 998 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim. See paragraphs 21 and 22 for more detail. |
| 5 | Corey Davis c/o Protection Law Group, LLP 136 Main Street Suite A El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 999 | $ 10,846,610.06 | $ 65,506,407.61 | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim. See paragraphs 21 and 22 for more detail. |

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 2 - No Liability Claims

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 1000 | $ | 10,846,610.06 | $ | 65,506,407.61 | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim.  See paragraphs 21 and 22 for more detail. |
| 7 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 1011 | $ | 23,758,000.00 | $ | 67,146,800.00 | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim.  See paragraphs 21 and 22 for more detail. |
| 8 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 1/10/2020 | Barneys New York, Inc. | 5158 | $ | 23,758,000.00 | | | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim.  See paragraphs 21 and 22 for more detail. |
| 9 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 1/10/2020 | Barneys New York, Inc. | 5162 | $ | 10,846,610.06 | | | The Claim is improperly asserted on behalf of a class for which the Debtors have not been found liable.  As such, the Debtors have no liability for this Claim.  See paragraphs 21 and 22 for more detail. |
| 10 | Ilana Makovoz<br>13344 Ventura Blvd.<br>Sherman Oaks, CA 91423 | 11/25/2019 | Barneys New York, Inc. | 2540 | $ | 903.37 | | | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)

Schedule 2 - No Liability Claims

| | Name / Address | Date | Debtor | Claim # | | Amount | Notes |
|---|---|---|---|---|---|---|---|
| 11 | Lucia Katz<br>743 Ridge Road Terrace<br>Kinnelon, NJ 07405 | 1/6/2020 | Barneys New York, Inc. | 4993 | $ | 633.43 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |
| 12 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 568 | $ | 1,874.35 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |
| 13 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 2900 | $ | 1,874.35 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |
| 14 | Melissa Morton<br>4519 Toucan Street<br>Torrance, CA 90503 | 12/31/2019 | Barneys New York, Inc. | 4823 | $ | 750.00 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |
| 15 | Phillip Rhee<br>14634 Magnolia Blvd.<br>Unit 3<br>Sherman Oaks, CA 91403 | 1/5/2020 | Barneys New York, Inc. | 4939 | $ | 600.00 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019.  See paragraphs 18-20 for more detail. |
| 16 | Renata Gar<br>67 Mott Street, Apt. 8<br>New York, NY 10013 | 11/11/2019 | Barneys New York, Inc. | 1278 | $ | 2,057.75 | The Debtors are not liable for purportedly damaged goods or unreturned merchandise. See paragraph 20 for more detail. |
| 17 | Renata Gar<br>67 Mott Street, Apt. 8<br>New York, NY 10013 | 12/11/2019 | Barneys New York, Inc. | 3796 | $ | 2,057.75 | The Debtors are not liable for purportedly damaged goods or unreturned merchandise. See paragraph 20 for more detail. |
| 18 | Rhonda Ramsey<br>375 Cumberland Street<br>Apartment 1<br>Brooklyn, NY 11238 | 12/2/2019 | Barneys New York, Inc. | 3055 | $ | 87.85 | The Debtors are not liable for purportedly damaged goods or unreturned merchandise. See paragraph 20 for more detail. |

**Totals:**                    $    104,136,243.33   $  417,701,430.44

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 3 - Improperly Clasified Claims

| NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|
| 1 A N Barnes<br>170-30 130th Ave 7b<br>Jamaica, NY 11434 | 12/18/2019 | Barneys New York, Inc. | 4213 | $ 554.18 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |
| 2 Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 997 | $ 2,375,800.00 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 3 Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 998 | $ 10,846,610.06 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 4 Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 999 | $ 10,846,610.06 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 5 Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 1000 | $ 10,846,610.06 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 3 - Improperly Clasified Claims

| | | | | | |
|---|---|---|---|---|---|
| 6 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 1011 | $ 23,758,000.00 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 7 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 1/10/2020 | Barneys New York, Inc. | 5158 | $ 23,758,000.00 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 8 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 1/10/2020 | Barneys New York, Inc. | 5162 | $ 10,846,610.06 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 9 | Corey Davis<br>c/o Protection Law Group, LLP<br>136 Main Street<br>Suite A<br>El Segunto, CA 90245 | 10/17/2019 | Barneys New York, Inc. | 966 | $ 10,846,610.06 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraph 25 for more detail. |
| 10 | Ilana Makovoz<br>13344 Ventura Blvd.<br>Sherman Oaks, CA 91423 | 11/25/2019 | Barneys New York, Inc. | 2540 | $ 903.37 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |
| 11 | Lucia Katz<br>743 Ridge Road Terrace<br>Kinnelon, NJ 07405 | 1/6/2020 | Barneys New York, Inc. | 4993 | $ 633.43 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 3 - Improperly Clasified Claims

| # | Name/Address | Date | Debtor | Claim # | | Amount | Reason |
|---|---|---|---|---|---|---|---|
| 12 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 568 | $ | 1,874.35 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |
| 13 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 2900 | $ | 1,874.35 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |
| 14 | Melissa Morton<br>4519 Toucan Street<br>Torrance, CA 90503 | 12/31/2019 | Barneys New York, Inc. | 4823 | $ | 750.00 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |
| 15 | Phillip Rhee<br>14634 Magnolia Blvd.<br>Unit 3<br>Sherman Oaks, CA 91403 | 1/5/2020 | Barneys New York, Inc. | 4939 | $ | 600.00 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 23 and 24 for more detail. |

**Total:**      $      **104,132,039.98**

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 4 - Inconsistent with Debtors' Books and Records

| | NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|---|
| 1 | Ilana Makovoz<br>13344 Ventura Blvd.<br>Sherman Oaks, CA 91423 | 11/25/2019 | Barneys New York, Inc. | 2540 | $ 903.37 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |
| 2 | Lucia Katz<br>743 Ridge Road Terrace<br>Kinnelon, NJ 07405 | 1/6/2020 | Barneys New York, Inc. | 4993 | $ 633.43 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |
| 3 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 568 | $ 1,874.35 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |
| 4 | Mary Ann Warrington<br>308 Locust Street<br>San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 2900 | $ 1,874.35 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |
| 5 | Phillip Rhee<br>14634 Magnolia Blvd.<br>Unit 3<br>Sherman Oaks, CA 91403 | 1/5/2020 | Barneys New York, Inc. | 4939 | $ 600.00 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |
| 6 | Renata Gar<br>67 Mott Street, Apt. 8<br>New York, NY 10013 | 11/11/2019 | Barneys New York, Inc. | 1278 | $ 2,057.75 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |

19-36300-cgm    Doc 732    Filed 01/27/20    Entered 01/27/20 20:47:15    Main Document
Pg 36 of 37
in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 4 - Inconsistent with Debtors' Books and Records

| | | | | | |
|---|---|---|---|---|---|
| 7 | Renata Gar<br>67 Mott Street, Apt. 8<br>New York, NY 10013 | 12/11/2019 | Barneys<br>New York,<br>Inc. | 3796 | $ 2,057.75 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |
| 8 | Rhonda Ramsey<br>375 Cumberland Street<br>Apartment 1<br>Brooklyn, NY 11238 | 12/2/2019 | Barneys New<br>York, Inc. | 3055 | $ 87.85 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 26 for more details. |

Total:         $         10,088.85

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 5 - Multiple Debtor Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|---|
| 1 | Mary Ann Warrington 308 Locust Street San Francisco, CA 94118 | 12/2/2019 | Barneys New York, Inc. | 2900 | $ 1,874.35 | The Claim asserted liabilities against Multiple Debtors, according to paragraph 1(i) of the Objection Procedures, the Debtors have no liability for claims asserted against Multiple Debtors. See paragraph 27 for more detail. |
| 2 | Mary Ann Warrington 308 Locust Street San Francisco, CA 94118 | 12/2/2019 | Barney's, Inc. | 568 | $ 1,874.35 | The Claim asserted liabilities against Multiple Debtors, according to paragraph 1(i) of the Objection Procedures, the Debtors have no liability for claims asserted against Multiple Debtors. See paragraph 27 for more detail. |
| | | | Total: | | $ 3,748.70 | |