Steven J. Reisman
Cindi M. Giglio
Lindsay C. Lersner
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

## DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

---

**THIS OBJECTION SEEKS TO DENY AND DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR CLAIMS IDENTIFIED ON <u>SCHEDULE 1</u> TO THE PROPOSED ORDER ATTACHED AS EXHIBIT A TO THIS OBJECTION.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") file

this omnibus objection (this "<u>Objection</u>") with respect to each of the claims set forth on **<u>Schedule 1</u>**

to **<u>Exhibit A</u>** attached hereto (each, a "<u>Disputed Claim</u>," each claimant thereunder, a "<u>Claimant</u>,"

and collectively, the "<u>Disputed Claims</u>" and "<u>Claimants</u>," respectively) pursuant to section 502(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, New York 10065.

of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Objection Procedures (as defined herein).  In support of this Objection, the Debtors submit the declaration of Christopher A. Good, a Director at M-III Advisors, LP, financial advisor to the Debtors ("M-III"), attached hereto as **Exhibit B** (the "Good Declaration").  In further support of this Objection, the Debtors respectfully state as follows.

### Relief Requested

1.    The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures (as defined herein), disallowing and expunging the claims identified on **Schedule 1** to the Proposed Order because such claims fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim (the "Insufficient Claims").

### Jurisdiction, Venue, Background

2.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

143098328_393094-00001

4.      The statutory bases for the relief requested herein are sections 105(a), 502(b), 503, and 507 of the Bankruptcy Code, and Bankruptcy Rule 3007.

5.      On August 6, 2019, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  On August 7, 2019, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].  On August 15, 2019, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 131].

### The Claims Reconciliation Process

6.      On September 4, 2019, the Court entered an *Order (A) Setting Bar Date for Submitting Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim, (C) Approving Notice Thereof, and (D) Granting Related Relief* [Docket No. 214] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (the "Proofs of Claims") in these chapter 11 cases.  Among other things, the Bar Date Order established 11:59 p.m., prevailing Eastern Time, on the date that was twenty-eight days following completion of service of the Bar Date Notice (as defined in the Bar Date Order) as set forth therein, *i.e.*, October 17, 2019 (the "General Claims Bar Date") as the last date and time for certain creditors (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, to file Proofs of Claims based on prepetition claims, including claims arising under section 503(b)(9) of the Bankruptcy Code, against any Debtor.

7.      On September 17, 2019, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities (collectively, the "Schedules"), as required by section 521

3

of the Bankruptcy Code, Bankruptcy Rule 1007 and the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief* [Docket No. 48].

8.      On November 25, 2019, the Court entered an *Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 551] (the "Administrative Bar Date Order") establishing certain dates, deadlines, and procedures for filing proofs of administrative claims (collectively, "Proofs of Administrative Claims") in these chapter 11 cases. Among other things, the Administrative Bar Date Order established January 10, 2020, at 4:00 p.m., prevailing Eastern Time, as the last date and time for certain creditors (including, without limitation, individuals, partnerships, joint ventures, and trusts) to file Proofs of Administrative Claims (such date, the "Administrative Claims Bar Date") based on claims entitled to administrative priority (other than claims arising under section 503(b)(9) of the Bankruptcy Code) (each, an "Administrative Claim") arising on or prior to December 15, 2019 at 11:59 p.m., prevailing Eastern Time.

9.      Due to the large volume of claims in these cases, the Court authorized the Debtors to file omnibus objections to certain claims in accordance with the procedures set forth in the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), (d), and (III) Waiving the Requirement of*

143098328_393094-00001

*Bankruptcy Rule 3007(e)(6)* [Docket No. 665] (such procedures thereunder, the "Objection Procedures").[2]

      10.     Following a thorough review of the Proofs of Claims and Administrative Proofs of Claims by M-III, the Debtors have determined that the Disputed Claims should be disallowed and expunged for the reasons described herein and on **Schedule 1** to the Proposed Order. To ease the administrative burden on the Court and the Debtors' estates during the claims reconciliation process, the Debtors submit this Objection in an omnibus fashion, in accordance with the Bankruptcy Rules and the Objection Procedures. If the Disputed Claims are not disallowed and expunged, the potential exists for the relevant Claimants to receive an unwarranted recovery against the Debtors, to the detriment of other similarly-situated creditors. Accordingly, the Debtors seek the entry of the Proposed Order disallowing and expunging the Disputed Claims.

## Objection

      11.     Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects.[3] Pursuant to Bankruptcy Rule 3007 and the Objection Procedures, the Debtors file this Objection to the Disputed Claims on the grounds set forth herein and in **Schedule 1** to the Proposed Order.[4] The Debtors and their advisors have reviewed the Proofs of Claim and Proofs of Administrative Claim filed in these chapter 11 cases and have identified the Disputed Claims that are subject to

---

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection Procedures.

[3]    *See* 11 U.S.C. § 502(a). Certain of the Disputed Claims assert entitlement to priority as Administrative Claims. As more fully set forth below, requests for payment of administrative expenses pursuant to section 503(b) of the Bankruptcy Code are ***not*** entitled to presumptive validity under section 502(a) of the Bankruptcy Code, and the claimant bears the initial burden of proof with respect to such claims.

[4]    *See* Fed. R. Bankr. P. 3007(d)(1)–(6); Objection Procedures ¶ 1.

5

this Objection.  After reviewing the Disputed Claims, the Debtors do not believe that such

amounts accurately represent the potential liability, if any, of the Debtors or their estates for the

Disputed Claims asserted therein.

### A.  Insufficient Claims

12.      As set forth in more detail on **Schedule 1** to the Proposed Order, the Debtors object

to the Insufficient Claims because the Debtors have determined that the Insufficient Claims fail to

sufficiently specify the basis for the claim or provide sufficient supporting documentation in

support of such claim.[5]  Accordingly, the Debtors request that the Court disallow and expunge the

Insufficient Claims from the Claims Register.  All of the Insufficient Claims are asserted as

Administrative Claims against the Debtors pursuant to section 503(b) of the Bankruptcy Code.

Section 503(b) of the Bankruptcy Code provides special priority for "actual, necessary costs and

expenses of preserving the estate, including wages, salaries, or commission for services rendered

after the commencement of the case."  11 U.S.C. § 503(b)(1)(A).

13.      However, not all of a debtor's postpetition expenses or obligations warrant

administrative priority; rather, administrative priority applies only to a select subset of a debtor's

overall expenses, and such expenses must be both "actual" and "necessary."  *See* 11 U.S.C.

§ 503(b)(1)(A).  "The words 'actual' and 'necessary' have been construed narrowly: the debt

must benefit [the] estate and its creditors." *Toma Steel Supply, Inc. v. TransAmerican Nat. Gas

Corp. (In re TransAmerican Nat. Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992) (internal

quotations and citations omitted).  Indeed, "[t]here must be an actual concrete benefit to the estate

before a claim is allowable as an administrative expense." *Broadcast Corp. of Ga. v. Broadfoot

(In re Subscription Television of Greater Atlanta)*, 789 F.2d 1530, 1532 (11th Cir. 1986) (internal

---

[5]      *See* Objection Procedures ¶ 1(c).

143098328_393094-00001

quotations and citations omitted).  In order to be entitled to administrative priority status under section 503(b)(1)(A) of the Bankruptcy Code, an expense "must have been of benefit to the estate and its creditors."  *Texas v. Lowe (In re H.L.S. Energy Co., Inc.)*, 151 F.3d 434, 437 (5th Cir. 1998) (internal citations omitted); *see also*, *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir. 1991) (claimants can recover administrative expense claims only if they can prove that this expense was an "actual, necessary cost[ ] . . . of preserving the estate.") (internal quotations and citations omitted); *In re Chateaugay Corp.*, 102 B.R. 335, 353–54 (Bankr. S.D.N.Y. 1989) (explaining that, for equitable considerations between parties, priorities are to be narrowly construed, and "if one claimant is to be preferred over others, the purpose should be clear.") (internal quotations and citation omitted).

14.  Section 502(a) of the Bankruptcy Code, which affords *prima facie* validity to proofs of claim filed pursuant to section 501 of the Bankruptcy Code, is inapplicable to claims asserted for administrative expenses under section 503(b) of the Bankruptcy Code.  Instead, "[i]n an application for administrative expense, the burden of proof by a preponderance of the evidence is on the movant."  *In re New WEI, Inc.*, 2018 WL 1115200, *3 (Bankr. N.D. Ala. 2018); *see also*, *e.g.*, *Woods v. City Nat. Bank & Tr. Co. of Chicago*, 312 U.S. 262, 268 (1941) (explaining that claims for expenses in connection with the reorganization may be allowed, but that "[t]he claimant . . . has the burden of proving [such claims'] worth"); *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d at 1416 (explaining that the burden of proof rests with the claimant) (internal citations omitted); *Woodburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it.") (internal citations omitted); *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 92 (Bankr. S.D. Fla. 2000) (explaining that the burden of

7

establishing whether an expense is entitled to administrative priority falls on the party requesting administrative priority); *In re Bridgeport Plumbing Prods., Inc.*, 178 B.R. 563, 569 (Bankr. M.D. Ga. 1994) (same).

15.    Accordingly, with respect to the Insufficient Claims, the Debtors object on the basis that such asserted claims are Insufficient Claims because the relevant Proofs of Administrative Claim do not meet the burden of demonstrating, by a preponderance of the evidence, that such claims are entitled to priority treatment under section 503(b) of the Bankruptcy Code.

16.    All of the Insufficient Claims were filed by Oracle America, Inc., successor in interest to MICROS Systems, Inc., Taleo & Responsys ("Oracle").[6] The Insufficient Claims arise from the alleged use of services by the Debtors from a series of contracts (the "Oracle Contracts") by and between the Debtors and Oracle.  But Oracle fails to provide sufficient evidence that it provided any actual and necessary benefit to the Debtors' estates, especially with respect to the amount it has asserted in the Insufficient Claims.

17.    Although a contract rate is the presumptive benefit to the Debtors' estates, it is not dispositive.  "In order for the creditor's claim to be considered a 'benefit' to the estate for purposes of section 503(b), '[t]here must be a concrete, discernible benefit from actual use because a speculative benefit or the mere potential for benefit is not enough to warrant an administrative claim priority.'"  *In re Adelphia Bus. Sols., Inc.*, 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003) (quoting *In re Enron Corp.*, 279 B.R. 695, 706 (Bankr. S.D.N.Y. 2002)).  The Debtors may refute such a presumption by a showing that the contract rate is not the reasonable value of services provided.  *See In re ID Liquidation One, LLC*, 503 B.R. 392, 400–01  (Bankr. D. Del. 2013)

---

[6]    Oracle filed Proofs of Administrative Claim Nos. 737 and 5151.

(finding that objectors had presented sufficient evidence to rebut the presumption that the contract rate represented the reasonable value of services provided); *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 315 (Bankr. D. Del. 2009) (noting that "the debtor can submit evidence that the benefit to the estate is lower than the contract rate."). Here, the Debtors can easily rebut such a presumption. While the Debtors may have used some of Oracle's services, the Debtors have not used all of the specified services of the Oracle Contracts. Further, Oracle has made no concrete showing as to which services of the Oracle Contracts the Debtors did use.

18.    Importantly, while the Oracle Contracts and the rates therein were negotiated at a time when the Debtors operated approximately 22 retail stores, during the applicable period those circumstances have substantially changed. Immediately after the Petition Date, the Debtors closed 15 of those stores. Following entry of the *Order Authorizing (I) Entry Into and Performance Under the Asset Purchase Agreement and Agency Agreement, (II) Sale of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 494], the Debtors began an enterprise-wide store closure. Further, the Debtors do not intend to operate retail locations after the effective date (the "Effective Date") of the *Joint Chapter 11 Plan of Barneys New York, Inc. and its Debtor Affiliates* [Docket No. 611] (the "Plan"). In other words, even assuming the Debtors obtained fair value when the Oracle Contracts were negotiated, it is beyond doubt that those circumstances were fundamentally altered during the applicable period. Oracle has made no concrete showing that the contract rates are the appropriate measure of the Debtors' benefit from the Oracle Contracts given the substantial reduction in the Debtors' operations.

19.    Additionally, the Insufficient Claims assert liability against the Debtors for services which Oracle has not provided and likely will never provide. For instance, in Proof of Administrative Claim No. 5151, Oracle is asserting postpetition invoices for $30,356.16,

143098328_393094-00001

$18,406.89, and $19,999.46.  These invoices are for services which will allegedly be provided until May 8, 2020, August 2, 2020, and July 30, 2020, respectively.  As discussed, the Debtors do not anticipate operating retail locations after the Effective Date.

20.    Accordingly, the Debtors request that the Court disallow and expunge the Insufficient Claims as such claims fail to sufficiently specify the basis for the claim to provide sufficient evidence that Oracle provided any actual and necessary benefit to the Debtors' estates, especially with respect to the amount Oracle has asserted in the Insufficient Claims.

## Reservation of Rights

21.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any party in interest's rights to dispute and/or contest any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim.

## Compliance with the Objection Procedures and the Bankruptcy Rules

22.    The Debtors respectfully state that the content of this Objection is in full compliance with the Objection Procedures and the Bankruptcy Rules.

23.    The Debtors further respectfully state that notice and service of this Objection will be in full compliance with the Objection Procedures and the Bankruptcy Rules for the following reasons:

      a.    This Objection will be filed with the Court and served upon (i) the affected Claimant set forth on each Proof of Claim subject to this Objection or their

respective attorney of record, (ii) the U.S. Trustee, and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002; and

b.    With respect to service on Claimants affected by this Objection, the Debtors will also serve each such Claimant with a customized Objection Notice tailored, as appropriate, to address the particular creditor, claim, and objection in accordance with the Objection Procedures.

## Separate Contested Matter

24.    To the extent that a response is filed regarding any Disputed Claim and the Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures.  Further, the Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Proof of Claim.

## Notice

25.    Notice of this Objection will be provided in accordance with the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 207] and the Objection Procedures.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank.*]

## No Prior Request

26.     No prior request for the relief sought in this Objection has been made to this or

any other court.

New York, New York                          /s/ Steven J. Reisman
Dated:  January 27, 2020                     Steven J. Reisman
                                            Cindi M. Giglio
                                            Lindsay C. Lersner
                                            **KATTEN MUCHIN ROSENMAN LLP**
                                            575 Madison Avenue
                                            New York, New York 10022
                                            Telephone:     (212) 940-8800
                                            Facsimile:     (212) 940-8776

                                            *Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Proposed Order**

143098328_393094-00001

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### ORDER GRANTING DEBTORS' SECOND
### OMNIBUS OBJECTION TO CERTAIN CLAIMS

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") expunging and disallowing each of the Disputed Claims, in accordance with the treatment for each Disputed Claim as described in **Schedule 1** to this Order, all as more fully set forth in the Objection; and upon the Good Declaration filed in support of the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      Each Insufficient Claim identified on **Schedule 1** attached hereto is denied and disallowed in its entirety.

3.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by this Order as related to the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4.      To the extent a response is filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures.  This Order will be deemed a separate order with respect to each Disputed Claim.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

6.      Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2020

_____
THE HONORABLE CECILIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

3

## **SCHEDULE 1**

In re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 1 - Insufficient Claims

| | Claimant Name | Claim No. | Date Filed | Debtor | Asserted Administrative or Priority Claim Amount | Basis for Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|---|---|
| 1 | Oracle America, Inc., successor in interest to MICROS Systems Inc., Taleo & Responsys c/o Shawn M. Christianson, Esq. Buchalter, P.C. 55 Second Street, 17th Floor San Francisco, CA 94105 | 737 | 1/10/2020 | Barney's, Inc. | $ 361,433.39 | The claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-20 of the Objection for more detail. | Disallowed and expunged | N/A |
| 2 | Oracle America, Inc., successor in interest to MICROS Systems Inc., Taleo & Responsys c/o Shawn M. Christianson, Esq. Buchalter, P.C. 55 Second Street, 17th Floor San Francisco, CA 94105 | 5151 | 1/10/2020 | Barneys New York, Inc. | $ 69,334.10 | The claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status.  See paragraphs 12-20 of the Objection for more detail. | Disallowed and expunged | N/A |

Total:        $430,767.49

## **EXHIBIT B**

**Good Declaration**

143098328_393094-00001

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) ) Case No. 19-36300 (CGM) |
| Debtors. | ) ) (Jointly Administered) |
| | ) |

## DECLARATION OF CHRISTOPHER A. GOOD IN SUPPORT
## OF DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

I, Christopher A. Good, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury as follows:

1.      I submit this declaration in support of the *Debtors' Second Omnibus Objection to*

*Certain Claims* (the "Objection").[2]  I am a Director at M-III Advisors, LP ("M-III") and have

served as financial advisor to Barneys New York, Inc. and its affiliates since June 26, 2019.  I

have over 10 years of experience in financial restructuring, investment banking, private equity,

interim management, turnaround, and management consulting across a wide variety of industries,

including, but not limited to, the retail and real-estate industries.

2.      The statements in this declaration are, except where specifically noted, based on

my personal knowledge or opinion, on information that I have received from the Debtors'

employees or advisors, or employees of M-III working directly with me or under my supervision,

direction, or control, or from the Debtors' books and records maintained in the ordinary course

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 575 Fifth Avenue, New York, New York 10017.

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection.

6

of their business.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.  I am authorized to submit this declaration on behalf of the Debtors.

3.      I have reviewed the Disputed Claims and also reviewed and consulted with certain of the Debtors' current employees, advisors and professionals who have reviewed the Debtors' Schedules and/or books and records with respect to the Disputed Claims.  For the reasons set forth in the Objection and **Schedule 1** to the Proposed Order, I have determined that the Disputed Claims fail to comport with the Debtors' books and records and thus should not be allowed in the amounts asserted.  I therefore believe the Disputed Claims should instead be disallowed and expunged, consistent with the treatment for each such Disputed Claim set forth on **Schedule 1** to the Proposed Order, which is more reflective of the Debtors' books and records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  January 27, 2020           */s/ Christopher A. Good*
New York, New York                 Christopher A. Good
                                   Director
                                   M-III Advisors, LP

7

143098328_393094-00001