Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

-and-

Chad J. Husnick, P.C.
W. Benjamin Winger (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone:      (212) 940-8800
Facsimile:       (212) 940-8776

*Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DEBTORS' THIRD OMNIBUS OBJECTION TO CERTAIN CLAIMS

---

**THIS OBJECTION SEEKS TO DENY AND DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR CLAIMS IDENTIFIED ON <u>SCHEDULES 1–6</u> TO THE PROPOSED ORDER ATTACHED AS EXHIBIT B TO THIS OBJECTION.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, New York 10065.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this omnibus objection (this "Objection") with respect to each of the claims set forth on **Schedules 1–6** to **Exhibit B** attached hereto (each, a "Disputed Claim," each claimant thereunder, a "Claimant," and collectively, the "Disputed Claims" and "Claimants," respectively) pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Objection Procedures (as defined herein). In support of this Objection, the Debtors submit the declaration of Christopher A. Good, a Director at M-III Advisors, LP, financial advisor to the Debtors ("M-III"), attached hereto as **Exhibit A** (the "Good Declaration"). In further support of this Objection, the Debtors respectfully state as follows.

## Relief Requested

1.      The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures (as defined herein), denying, disallowing and expunging, reclassifying, or modifying, as the case may be, the claims identified on:

  a.    **Schedule 1** to the Proposed Order because such claims fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in support of such claim (the "Insufficient Claims");

  b.    **Schedule 2** to the Proposed Order because such claims seek recovery of certain amounts for which the Debtors are not liable (the "No Liability Claims");

  c.    **Schedule 3** to the Proposed Order because such claims are incorrectly or improperly classified (the "Improperly Classified Claims");

  d.    **Schedule 4** to the Proposed Order because such claims are inconsistent with the Debtors' books and records (the "Inconsistent Claims");

  e.    **Schedule 5** to the Proposed Order because such claims are unliquidated (the "Unliquidated Claims"); and

    f.      **Schedule 6** to the Proposed Order because such claims are filed against multiple Debtor entities (the "<u>Multiple Debtor Claims</u>").

## Jurisdiction, Venue, Background

2.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 502(b), 503, and 507 of the Bankruptcy Code, and Bankruptcy Rule 3007.

5.      On August 6, 2019, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2019, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41]. On August 15, 2019, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Committee</u>") [Docket No. 131].

**The Claims Reconciliation Process**

6.    On September 4, 2019, the Court entered an *Order (A) Setting Bar Date for Submitting Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim, (C) Approving Notice Thereof, and (D) Granting Related Relief* [Docket No. 214] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, "Proofs of Claims") in these chapter 11 cases.  Among other things, the Bar Date Order established:  (a) 11:59 p.m., prevailing Eastern Time, on the date that was twenty-eight days following completion of service of the Bar Date Notice (as defined in the Bar Date Order) as set forth therein, *i.e.*, October 17, 2019 (the "General Claims Bar Date") as the last date and time for certain creditors (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, the file Proofs of Claims based on prepetition claims, including claims arising under section 503(b)(9) of the Bankruptcy Code, against any Debtor and (b) the later of (i) the General Claims Bar Date or (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty-five days after the date on which the Debtors provide notice of an amendment.

7.    On September 17, 2019, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities (collectively, the "Schedules"), as required by section 521 of the Bankruptcy Code pursuant to Bankruptcy Rule 1007 and the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief* [Docket No. 48].

8.    On November 25, 2019, the Court entered an *Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative*

*Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 551] (the "Administrative Bar Date Order") establishing certain dates, deadlines, and procedures for filing proofs of administrative claims (collectively, "Proofs of Administrative Claims") in these chapter 11 cases.  Among other things, the Administrative Bar Date Order established:  January 10, 2020, at 4:00 p.m., prevailing Eastern Time, as the last date and time for certain creditors (including, without limitation, individuals, partnerships, joint ventures, and trusts) to file Proofs of Administrative Claims (such date, the "Administrative Claims Bar Date") based on claims entitled to administrative priority (other than claims arising under section 503(b)(9) of the Bankruptcy Code) (each, an "Administrative Claim") arising on or prior to December 15, 2019 at 11:59 p.m., prevailing Eastern Time.

9.      Due to the large volume of claims in these cases, the Court authorized the Debtors to file omnibus objections to certain claims in accordance with the procedures set forth in the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), (d), and (III) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. 665] (such procedures thereunder, the "Objection Procedures").[2]

10.     Following a thorough review of the Proofs of Claims and Administrative Proofs of Claims by M-III, the Debtors have determined that the Disputed Claims should be denied, disallowed and expunged, reclassified, or modified, as the case may be, for the reasons described herein and on **Schedules 1–6** to the Proposed Order.  To ease the administrative burden on the Court and the Debtors' estates during the claims reconciliation process, the Debtors submit this

---

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection Procedures.

Objection in an omnibus fashion, in accordance with the Bankruptcy Rules and the Objection Procedures. If the Disputed Claims are not denied, disallowed and expunged, reclassified, or modified, as applicable, the potential exists for the relevant Claimants to receive an unwarranted recovery against the Debtors, to the detriment of other similarly-situated creditors. Accordingly, the Debtors seek the entry of the Proposed Order denying, disallowing and expunging, reclassifying, or modifying, as the case may be, the Disputed Claims.

### Objection

11.     Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects.[3] Pursuant to Bankruptcy Rule 3007 and the Objection Procedures, the Debtors file this Objection to the Disputed Claims on the grounds set forth herein and in **Schedules 1–6** to the Proposed Order.[4] The Debtors and their advisors have reviewed the Proofs of Claim and Proofs of Administrative Claim filed in these Chapter 11 Cases and have identified the Disputed Claims that are subject to this Objection. After reviewing the Disputed Claims, the Debtors do not believe that such amounts accurately represent the potential liability, if any, of the Debtors or their estates for the Disputed Claims asserted therein.

### A.     Insufficient Claims

12.     As set forth in more detail on **Schedule 1** to the Proposed Order, the Debtors object to the Insufficient Claims because the Debtors have determined that the Insufficient Claims fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation in

---

[3]   *See* 11 U.S.C. § 502(a). Certain of the Disputed Claims assert entitlement to priority as Administrative Claims. As more fully set forth below, requests for payment of administrative expenses pursuant to section 503(b) of the Bankruptcy Code are ***not*** entitled to presumptive validity under section 502(a) of the Bankruptcy Code, and the claimant bears the initial burden of proof with respect to such claims.

[4]   *See* Fed. R. Bankr. P. 3007(d)(1)–(6); Objection Procedures ¶ 1.

support of such claim.[5]  Accordingly, the Debtors request that the Court disallow and expunge the Insufficient Claims from the Claims Register.

> ### i.    Insufficient Administrative Claims

13.    The Insufficient Claims are asserted as Administrative Claims against the Debtors pursuant to section 503(b) of the Bankruptcy Code.  Section 503(b) of the Bankruptcy Code provides special priority for "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commission for services rendered after the commencement of the case."  11 U.S.C. § 503(b)(1)(A).  This priority is meant to facilitate a debtor's reorganization efforts and encourage third parties that would otherwise be reluctant to transact business with the debtor in possession.  *See*, *e.g.*, *In re ASARCO LLC*, 441 B.R. 813, 824 (S.D. Tex. 2010)*, aff'd, In re ASARCO, L.L.C.*, 650 F.3d 593 (5th Cir. 2011) ("The award of administrative expenses for 'actual and necessary' costs . . . provides 'third parties who lend goods or services necessary to the successful reorganization of the debtor's estate' with priority claims over those of unsecured creditors.") (internal citations omitted); *Trs. of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) ("Congress granted priority to administrative expenses in order to facilitate the efforts of the trustee or debtor in possession to rehabilitate the business for the benefit of all the estate's creditors."); *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) ("The policies underlying the provisions of § 503 . . . are not hard to discern.  If a reorganization is to succeed, creditors asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the bankrupt to function."); *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976) ("When third parties are

---

[5]    *See* Objection Procedures ¶ 1(c).

induced to supply goods or services to the debtor-in-possession . . . the purposes of [§ 503] plainly require that their claims be afforded priority.").

14.    Not all of a debtor's postpetition expenses or obligations warrant administrative priority; rather, administrative priority applies only to a select subset of a debtor's overall expenses, and such expenses must be both "actual" and "necessary."   *See* 11 U.S.C. § 503(b)(1)(A).  "The words 'actual' and 'necessary' have been construed narrowly: the debt must benefit [the] estate and its creditors." *Toma Steel Supply, Inc. v. TransAmerican Nat. Gas Corp. (In re TransAmerican Nat. Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992) (internal citations omitted).   Indeed, "[t]here must be an actual concrete benefit to the estate before a claim is allowable as an administrative expense."  *Broadcast Corp. of Ga. v. Broadfoot (In re Subscription Television of Greater Atlanta)*, 789 F.2d 1530, 1532 (11th Cir. 1986).  In order to be entitled to administrative priority status under section 503(b)(1)(A) of the Bankruptcy Code, an expense "must have been of benefit to the estate and its creditors."  *Texas v. Lowe (In re H.L.S. Energy Co., Inc.)*, 151 F.3d 434, 437 (5th Cir. 1998) (internal citations omitted); *see also*, *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir. 1991) (claimants can recover administrative expense claims only if they can prove prove that this expense was an "actual, necessary cost[ ] . . . of preserving the estate.") (internal quotations and citations omitted); *In re Chateaugay Corp.*, 102 B.R. 335, 353–54 (Bankr. S.D.N.Y. 1989) (explaining that, for equitable considerations between parties, priorities are to be narrowly construed, and "if one claimant is to be preferred over others, the purpose should be clear") (internal quotations and citations omitted).

15.    Section 502(a) of the Bankruptcy Code, which affords *prima facie* validity to proofs of claim filed pursuant to section 501 of the Bankruptcy Code, is inapplicable to claims asserted for administrative expenses under section 503(b) of the Bankruptcy Code:  Instead, "[i]n

8

an application for administrative expense, the burden of proof by a preponderance of the evidence is on the movant." *In re New WEI, Inc.*, 2018 WL 1115200, *3 (Bankr. N.D. Ala. 2018); *see also*, *e.g.*, *Woods v. City Nat. Bank & Trust Co. of Chicago*, 312 U.S. 262, 268 (1941) (explaining that claims for "expenses in connection with the reorganization . . . may be allowed," but that "[t]he claimant . . . has the burden of proving [such claims'] worth"); *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d at 1416 (finding that the burden of proof rests with the claimant, "[m]ere allegations, unsupported by evidence, are insufficient to rebut the movant's prima facie case.") (internal citations omitted); *Woodburn Assocs. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it.") (internal citations omitted); *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 91 (Bankr. S.D. Fla. 2000) (same); *In re Bridgeport Plumbing Products, Inc.*, 178 B.R. 563, 569 (Bankr. M.D. Ga. 1994) (same).

16.    Accordingly, with respect to the Insufficient Claims, the Debtors object on the basis that such asserted claims are Insufficient Claims because, as the case may be: (a) the relevant Proofs of Administrative Claim do not meet the burden of demonstrating, by a preponderance of the evidence, that such claims are entitled to priority treatment under section 503(b) of the Bankruptcy Code or (b) the relevant Proofs of Administrative Claim do not comply with the procedures required under the Administrative Bar Date Order, such as by failing to be asserted via the Court-approved Proof of Administrative Claim Form (as defined in the Administrative Bar Date Order).

**B.    No Liability Claims**

17.    The Debtors object to the No Liability Claims for the reasons set forth below and in more detail on **Schedule 2** to the Proposed Order. All of the No Liability Claims are asserted as Administrative Claims against the Debtors. But the No Liability Claims—all of which are

asserted as "actual, necessary costs and expenses of preserving the estate" pursuant to

section 503(b) of the Bankruptcy Code—seek recovery of certain amounts for which the Debtors

are not liable.  For example, the Debtors believe they may have valid defenses, such as setoff, that

would reduce or even fully offset certain of the No Liability Claims, and other of the No Liability

Claims demand payment for which the Debtors are not liable in ***any*** event.  Accordingly, to prevent

an unwarranted recovery by the Claimants asserting the No Liability Claims to the detriment of

other creditors, the Debtors request that the Court deny or disallow, as the case may be, and

expunge the No Liability Claims from the Claims Register.

### i.   The Debtors Have no Liability For the Claims Related to Unused Gift Cards.

18.    The No Liability Claims are based on gift cards and are asserted as either an

Administrative Claim or entitled to priority pursuant to section 507(a)(7) of the Bankruptcy Code,

and the Debtors have no liability—administrative or otherwise—on these claims.  Pursuant to the

Debtors' card services agreement (the "CardFact Agreement") with CardFact XXXII

("CardFact"), CardFact assumed liability to consumers for all gift cards, including liability for any

unredeemed gift cards.  *See* CardFact Agreement §§ 1.01, 3.05.  The applicable gift cards, as

evidenced by the Proofs of Administrative Claims filed and based thereon, demonstrate that the

Debtors properly and adequately disclaimed this fact.  Moreover, per this Court's order at Docket

No. 494 (the "Sale Order"), gift cards and returns were only required to be honored for a period of

seven days following the commencement of the store closing sales.  In spite of this, certain

Claimants filed claims asserting an entitlement to priority status for gifts cards.  As a result of the

Sale Order, the value of any gift card (and, thus, any supposed liability of the Debtors on account

thereof) as of the date hereof is zero, and the No Liability Claims based on gift cards should be

denied, disallowed, and expunged.  Nevertheless, as detailed below, to the extent the Debtors are

liable for any gift card claims, these claims are Improperly Classified and should be reclassified as general unsecured claims.

### ii. The Debtors Have No Liability for Claims They Have Previously Satisfied.

19. As set forth in more detail on **Schedule 2** attached to the Proposed Order, the Debtors object to certain proofs of claims filed by certain funds (the "Satisfied Claims"). The Debtors have thoroughly reviewed the Debtors' books and records, the claims register, the Satisfied Claims, and any documents filed therewith and determined that the Satisfied Claims were previously paid or otherwise satisfied during or prior to these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or Court order, as set forth on **Schedule 2** to the Order. Failure to disallow and expunge the Satisfied Claims would result in the applicable claimant receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. Accordingly, the Debtors request that the Court enter an order disallowing and expunging the Satisfied Claims identified on **Schedule 2** to the Proposed Order.

### C. Improperly Classified Claims

20. As set forth in more detail on **Schedule 3** to the Proposed Order, the Debtors object to the Improperly Classified Claims because the Debtors have determined that the Improperly Classified Claims showed a record of indebtedness or asserted a priority that is not reflected on the Debtors' books and records or asserted a priority that is not supported under the Bankruptcy Code.[6] Failure to disallow and expunge, reclassify, or modify, as the case may be, the Improperly Classified Claims could result in the relevant Claimant receiving an unwarranted recovery against the Debtors. Accordingly, the Debtors respectfully request entry of an order disallowing and expunging the Improperly Classified Claims from the Claims Register and/or reclassifying or

---

[6] *See* Objection Procedures ¶ 1(g).

modifying the Improperly Classified Claim with the priority identified in the column labeled

"Reclassified Priority," as applicable, on **Schedule 3** to the Proposed Order.

### i.    Claims Asserted Based on Gift Cards Are Not Entitled to Any Priority.

21.    Certain of the Improperly Classified Claims are based on gift cards and are

asserted as either an Administrative Claim or entitled to priority pursuant to section 507(a)(7) of

the Bankruptcy Code.  Unredeemed gift card claims are, at best, general unsecured claims not

entitled to any administrative or other priority.  *See In re City Sports Inc.*, 554 B.R. 329, 333

(Bankr. D. Del. 2016) ("[T]he plain words of the [Bankruptcy Code], as well as its legislative

history, show that gift card holders are not one of the select group of claimants who receive

priority . . . ").  In reaching this conclusion, courts have recognized, among other things, the limits

of the transaction, noting that the "purchase of a gift card is a short transaction, without a temporal

relationship . . . Whether the consumer uses the gift card in a future transaction, or gives the card

to another party and that party uses it in a future transaction, is beyond the scope of the inquiry."

*Id.* at 335-36.  Accordingly, the receipt of the gift card by the purchaser completes the transaction,

and does not provide any further concrete benefit to the Debtors' estates.  While the Debtors do

not believe that they have liability to the gift card claims, nevertheless, to the extent any liability

is attributable to the Debtors, such claims are Improperly Classified as either Administrative

Claims or priority unsecured claims, rather than general unsecured claims.

### ii.    Claims on Account of Goods Delivered More Than Twenty Days Prior to the Petition Date Are Not Entitled to Priority Status under Section 503(b)(9) of the Bankruptcy Code

22.    Certain of the Improperly Classified Claims stem from invoices which occurred in

April and May of 2019 (the "503(b)(9) Claim").  Such claims are not entitled to priority status

under section 503(b)(9) of the Bankruptcy Code because they necessarily relate to goods delivered

more than twenty days prior to the Petition Date.  The Debtors have thoroughly reviewed the

Debtors' books and records along with the 503(b)(9) Claim and any documents filed in support therewith, and have determined that the 503(b)(9) Claim should be reclassified as a general unsecured claim as neither of the two invoices attached to the Proof of Claim were on account of goods sold to the Debtor within 20 days of the Petition Date. Therefore, none of the 503(b)(9) Claim would be entitled to priority status under section 503(b)(9) of the Bankruptcy Code and should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the 503(b)(9) Claim on any applicable grounds. Failure to modify, adjust, and reclassify the 503(b)(9) Claim could result in the Claimant receiving an improper recovery on account of the 503(b)(9) Claim, to the detriment of the Debtors' other, similarly situated creditors. Therefore, the Debtors seek entry of the Proposed Order modifying, adjusting, and reclassifying the 503(b)(9) Claim as a general unsecured claim.

23.    The Debtors respectfully request that the Court enter the Proposed Order reclassifying the 503(b)(9) Claim to a general unsecured claim, as none of the Claim is entitled to priority status under section 503(b)(9) of the Bankruptcy Code.

**D.    Inconsistent Claims**

24.    As set forth in more detail on **<u>Schedule 4</u>** to the Proposed Order, the Debtors object to the Inconsistent Claims because the Debtors have determined that the Inconsistent Claims are inconsistent with the Debtors' books and records.[7] Accordingly, the Debtors request that the Court disallow and expunge or reduce the Inconsistent Claims from the Claims Register.

**E.    Unliquidated Claims**

25.    As set forth in more detail on **<u>Schedule 5</u>** to the Proposed Order, the Debtors object to the Unliquidated Claims because the Debtors have determined that, while the Unliquidated

---

[7]    *See* Objection Procedures ¶ 1(a).

Claims set a floor for the amount of the Unliquidated Claims, the Claimant ultimately only asserts the claims as unliquidated.[8]  Accordingly, the Debtors request that the Court disallow and expunge the Unliquidated Claims to the extent they ultimately exceed the minimum asserted.

### F.    Multiple Debtor Claims

26.      As set forth in more detail on __Schedule 6__ to the Proposed Order, the Debtors object to the Multiple Debtor Claims because the Multiple Debtor Claims are improperly filed.[9] Accordingly, the Debtors request that the Court disallow and expunge or reduce the Multiple Debtor Claims from the Claims Register.

### Reservation of Rights

27.      Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any party in interest's rights to dispute and/or contest any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim.

### Compliance with the Objection Procedures and the Bankruptcy Rules

28.      The Debtors respectfully state that the content of this Objection is in full compliance with the Objection Procedures and the Bankruptcy Rules.

---

[8]    *See* Objection Procedures ¶ 1(b).

[9]    *See* Objection Procedures ¶ 1(i).

29.    The Debtors further respectfully state that notice and service of this Objection will be in full compliance with the Objection Procedures and the Bankruptcy Rules for the following reasons:

    a.    This Objection will be filed with the Court and served upon (i) the affected Claimant set forth on each Proof of Claim subject to this Objection or their respective attorney of record, (ii) the U.S. Trustee, and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002; and

    b.    With respect to service on Claimants affected by this Objection, the Debtors will also serve each such Claimant with a customized Objection Notice tailored, as appropriate, to address the particular creditor, claim, and objection in accordance with the Objection Procedures.

### Separate Contested Matter

30.    To the extent that a response is filed regarding any Disputed Claim and the Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures.  Further, the Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Proof of Claim.

### Notice

31.    Notice of this Objection will be provided in accordance with the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 207] and the Objection Procedures.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

32.    No prior request for the relief sought in this Objection has been made to this or any other court.

[*Remainder of page intentionally left blank*]

New York, New York                  /s/ Joshua A. Sussberg
Dated:  January 31, 2020            Edward O. Sassower, P.C.
                                    Joshua A. Sussberg, P.C.
                                    **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    601 Lexington Avenue
                                    New York, New York 10022
                                    Telephone:    (212) 446-4800
                                    Facsimile:    (212) 446-4900

                                    -and-

                                    Chad J. Husnick, P.C.
                                    W. Benjamin Winger (admitted *pro hac vice*)
                                    **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    300 North LaSalle Street
                                    Chicago, Illinois 60654
                                    Telephone:    (312) 862-2000
                                    Facsimile:    (312) 862-2200

                                    -and-

                                    Steven J. Reisman
                                    **KATTEN MUCHIN ROSENMAN LLP**
                                    575 Madison Avenue
                                    New York, New York 10022
                                    Telephone:    (212) 940-8800
                                    Facsimile:    (212) 940-8776

                                    *Co-Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Good Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF CHRISTOPHER A. GOOD
## IN SUPPORT OF DEBTORS' OBJECTION TO CERTAIN CLAIMS

I, Christopher A. Good, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.        I submit this declaration in support of the *Debtors' First Omnibus Objection to Certain Claims* (the "Objection").[2]  I am a Director at M-III Advisors, LP ("M-III") and have served as financial advisor to Barneys New York, Inc. and its affiliates since June 26, 2019.  I have over 10 years of experience in financial restructuring, investment banking, private equity, interim management, turnaround, and management consulting across a wide variety of industries, including, but not limited to, the retail and real-estate industries.

2.        The statements in this declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors, or employees of M-III working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, New York 10065.

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection.

1

their business.  If I were called upon to testify, I could and would competently testify to the facts

set forth herein on that basis.  I am authorized to submit this declaration on behalf of the Debtors.

3.    I have reviewed the Disputed Claims and also reviewed and consulted with certain

of the Debtors' current employees, advisors and professionals who have reviewed the Debtors'

Schedules and/or books and records with respect to the Disputed Claims.  For the reasons set forth

in the Objection and <u>Schedules 1–6</u> to the Proposed Order, I have determined that the Disputed

Claims fail to comport with the Debtors' books and records and thus should not be allowed in the

amounts asserted.  I therefore believe the Disputed Claims should instead be reclassified, reduced,

or disallowed, consistent with the treatment for each such Disputed Claim set forth on

<u>Schedules 1–6</u> to the Proposed Order, which are more reflective of the Debtors' books and records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true and correct to the best of my knowledge, information, and belief.

Dated:  January 31, 2020
New York, New York

*/s/ Christopher A. Good*
Christopher A. Good
Director
M-III Advisors, LP

## **EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER GRANTING DEBTORS' THIRD
## OMNIBUS OBJECTION TO CERTAIN CLAIMS

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") reclassifying, reducing, or disallowing each of the Disputed Claims, in accordance with the treatment for each Disputed Claim as described in **Schedules 1–6** to this Order, all as more fully set forth in the Objection; and upon the Good Declaration filed in support of the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Debtors' service address is 660 Madison Avenue, 9th Floor, New York, New York 10065.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      Each Insufficient Claim identified on **Schedule 1** attached hereto is denied and disallowed in its entirety.

3.      Each No Liability Claim identified on **Schedule 2** attached hereto is denied and disallowed in its entirety.

4.      Each Improperly Classified Claim identified on **Schedule 3** to this Order is modified and reclassified and/or denied and disallowed in its entirety, as the case may be; *provided* that the Debtors reserve the right to later object to any such reclassified claim on any applicable grounds.

5.      Each Inconsistent Claim on **Schedule 4** attached hereto is denied and disallowed in its entirety.

6.      Each Unliquidated Claim identified on **Schedule 5** attached hereto is denied and disallowed in its entirety.

7.      Each Multiple Debtor Claim identified on **Schedule 6** attached hereto is denied and disallowed in its entirety.

8.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any

prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by this Order as related to the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

9.      To the extent a response is filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures.  This Order will be deemed a separate order with respect to each Disputed Claim.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

11.      Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

14.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2020

_____
THE HONORABLE CECILIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

**<u>SCHEDULES</u>**

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)

Schedule 1 - Insufficient Documentation Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|---|
| 1 | Alban Telegrafi<br>198 Garth Road<br>Apartment 5A<br>Scarsdale, NY 10583 | 11/15/2019 | Barneys New York, Inc. | 1625 | $ 435.53 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status. See paragraphs 12-16 for more detail. |
| 2 | Michelle Barton<br>6400 Crescent Park East #305<br>Los Angeles, CA 90094 | 12/24/2019 | Barneys New York, Inc. | 4496 | $ 50.00 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status. See paragraphs 12-16 for more detail. |
| 3 | Zigozago<br>Via Valle 14/a<br>21037 Ponte Tresa (VA)<br>Italy | 12/8/2019 | Barneys New York, Inc. | 3510 | $ 9,302.74 | The Claim fails to provide sufficient documentation to demonstrate actual and necessary benefit to the estate as required to establish the basis for priority status. See paragraphs 12-16 for more detail. |
| | | | **Total:** | | **$ 9,788.27** | |

in re: Barneys New York, Inc., et al, Case No. 19-36300 (CGM)

Schedule 2 - No Liability Claims

| NAME | DATE FILED | DEBTOR | CLAIM # | PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|------|------------|--------|---------|-----------------------------------|-----------|
| 1 Alban Telegrafi<br>198 Garth Road<br>Apartment 5A<br>Scarsdale, NY 10583 | 11/15/2019 | Barneys New York, Inc. | 1625 | $ 435.53 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019. See paragraphs 18-19 for more detail. |
| 2 Michelle Barton<br>6400 Crescent Park East #305<br>Los Angeles, CA 90094 | 12/24/2019 | Barneys New York, Inc. | 4496 | $ 50.00 | Per the Sale Order and the CardFact Agreeement, the Debtors are not liable for gift cards, purportedly damaged goods, or unreturned merchandise as of November 7, 2019. See paragraphs 18-19 for more detail. |
| 3 National Plus Plan<br>c/o Tara Zanni<br>6 Blackstone Valley Place, Suite 302<br>Lincoln, RI 02865 | 1/9/2020 | Barneys New York, Inc. | 5086 | Unliquidated | The claim has been previously paid or fully statisfied in accordance with the Bankruptcy Code, any applicable rules, or Court order authorizing such payment of such claim. See paragraph 19 for more details |
| 4 Trustees of the Amalgamated Retail Retirement Fund<br>c/o Fred Kaplan, Fund Administrator<br>305 7th Avenue<br>New York, NY 10001 | 1/10/2020 | Barney's, Inc. | 5120 | Unliquidated | The claim has been previously paid or fully statisfied in accordance with the Bankruptcy Code, any applicable rules, or Court order authorizing such payment of such claim. See paragraph 19 for more details |

| | | **Total** | | **$ 485.53** | |

in re: Barneys New York, Inc., et al. Case No. 19-36300 (CGM)
Schedule 3 - Improperly Clasified Claims

| NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|
| 1 | Alban Telegrafi<br>198 Garth Road<br>Apartment 5A<br>Scarsdale, NY 10583 | 11/15/2019 | Barneys New York, Inc. | 1625 | $ 435.53 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 20 and 21 for more detail. |
| 2 | Michelle Barton<br>6400 Crescent Park East #305<br>Los Angeles, CA 90094 | 12/24/2019 | Barneys New York, Inc. | 4496 | $ 50.00 | There is no basis for this Claim to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 20 and 21 for more detail. |
| 3 | Zigozago<br>Via Valle 14/a<br>21037 Ponte Tresa (VA)<br>Italy | 12/8/2019 | Barneys New York, Inc. | 3510 | $ 9,302.74 | There is no basis for these claims to receive priority or administrative claim treatment under the Bankruptcy Code. The claim should be disallowed and expunged from the Debtors' claim register and/or modified and reclassified to general unsecured status.  See paragraphs 22 and 23 for more detail. |
|  |  | **Total:** |  | **$ 9,788.27** |  |

in re: Barneys New York, Inc., et al. Case No. 19-36300 (CGM)
Schedule 4 - Inconsistent with Debtors' Books and Records

| NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|
| 1 Alban Telegrafi<br>198 Garth Road<br>Apartment 5A<br>Scarsdale, NY 10583 | 11/15/2019 | Barneys New York, Inc. | 1625 | $ 435.53 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 24 for more details. |
| 2 Michelle Barton<br>6400 Crescent Park East, #305<br>Los Angeles, CA 90094 | 12/24/2019 | Barneys New York, Inc. | 4496 | $ 50.00 | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 24 for more details. |
| 3 The National Plus Plan<br>c/o Tara Zanni<br>6 Blackstone Valley Place, Suite 302<br>Lincoln, RI 02865 | 1/9/2020 | Barneys New York, Inc. | 5086 | Unliquidated | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 24 for more details. |
| 4 Trustees of the Amalgamated Retail Retirement Fund<br>c/o Fred Kaplan, Fund Administrator<br>305 7th Avenue<br>New York, NY 10001 | 1/10/2020 | Barney's, Inc. | 5120 | Unliquidated | The Debtors' books and record reflect no outstanding liability on the grounds asserted in the Claim. Thus, the Claim does not represent an obligation properly owed by the Debtors. See paragraph 24 for more details. |

**Total:**   $ 485.53

in re: Barneys New York, Inc., et al, Case No. 19-36300 (CGM)

Schedule 5 - Unliquidated Claims

| NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|
| 1 National Plus Plan c/o Tara Zanni 6 Blackstone Valley Place, Suite 302 Lincoln, RI 02865 | 1/9/2020 | Barneys New York, Inc. | 5086 | Unliquidated | The Claimant ultimately only asserts the claims as unliquidated. Accordingly, the Debtors request that the Court disallow and expunge the Unliquidated Claims to the extent they ultimately exceed the minimum asserted. See paragraph 25 for more detail. |
| 2 Trustees of the Amalgamated Retail Retirement Fund c/o Fred Kaplan, Fund Administrator 305 7th Avenue New York, NY 10001 | 1/10/2020 | Barney's, Inc. | 5120 | Unliquidated | The Claimant ultimately only asserts the claims as unliquidated. Accordingly, the Debtors request that the Court disallow and expunge the Unliquidated Claims to the extent they ultimately exceed the minimum asserted. See paragraph 25 for more detail. |

**Total:**

in re: Barneys New York, Inc., et al., Case No. 19-36300 (CGM)
Schedule 6 - Multiple Debtor Claims

| | NAME | DATE FILED | DEBTOR | CLAIM # | ASSERTED PRIORITY OR ADMINISTRATIVE AMOUNT | REASONING |
|---|---|---|---|---|---|---|
| 1 | Michelle Barton<br>6400 Crescent Park East #305<br>Los Angeles, CA 90094 | 12/24/2019 | Barneys New York, Inc.<br>Barney's, Inc. | 4496 | $ 50.00 | The Claim asserted liabilities against Multiple Debtors, according to paragraph 1(i) of the Objection Procedures, the Debtors have no liability for claims asserted against Multiple Debtors.  See paragraph 26 for more detail. |
| | | | Total: | | $ 50.00 | |