Steven J. Reisman
James V. Drew
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776
Email: sreisman@katten.com
Email: james.drew@katten.com

*Counsel for the Wind Down Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) | Case No. 19-36300 (CGM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(INSUFFICIENTLY DOCUMENTED CLAIMS, NO LIABILITY CLAIMS,**
**IMPROPERLY CLASSIFIED CLAIMS, BOOKS AND RECORDS CLAIMS,**
**MULTIPLE DEBTOR CLAIMS AND DUPLICATE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE, RECLASSIFY, OR MODIFY CERTAIN FILED PROOFS OF CLAIM.**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR CLAIMS IDENTIFIED ON <u>SCHEDULES 1–6</u> TO THE PROPOSED ORDER ATTACHED AS EXHIBIT B TO THIS OBJECTION.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Wind Down Debtors</u>") file this omnibus objection (this "<u>Objection</u>") with respect to each of the claims set forth

---

[1]    The Wind Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Wind Down Debtors' service address is c/o Christopher A. Good, as Plan Administrator, M-III Advisory Partners, LP, 130 West 42nd Street, 17th Floor, New York, NY 10036.

on **Schedules 1–6** to **Exhibit B** attached hereto (each, a "Disputed Claim," each claimant thereunder, a "Claimant," and collectively, the "Disputed Claims" and "Claimants," respectively) pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1(b) of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules") and this Court's Objection Procedures Order (as defined herein).  In support of this Objection, the Wind Down Debtors submit the declaration of Christopher A. Good, a Director at M-III Advisors, LP, financial advisor to the Wind Down Debtors and the Plan Administrator ("M-III"), attached hereto as **Exhibit A** (the "Good Declaration").  In further support of this Objection, the Wind Down Debtors respectfully state as follows.

**Relief Requested**

1.    The Wind Down Debtors request entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order, disallowing and expunging, reclassifying, or modifying, as the case may be, the claims identified on:

   a.   **Schedule 1** to the Proposed Order because such claims fail to specify the basis for the claim or provide sufficient supporting documentation in support of such claim (the "Insufficiently Documented Claims");

   b.   **Schedule 2** to the Proposed Order because such claims seek recovery of certain amounts for which the Wind Down Debtors are not liable (the "No Liability Claims");

   c.   **Schedule 3** to the Proposed Order because such claims are improperly classified (the "Improperly Classified Claims");

   d.   **Schedule 4** to the Proposed Order because such claims are inconsistent with the Wind Down Debtors' books and records (the "Books and Records Claims");

2

    e.      **Schedule 5** to the Proposed Order because such claims are filed against multiple Debtor entities, or are identical, separate claims filed against different Wind Down Debtor entities (the "Multiple Debtor Claims"); and

    f.      **Schedule 6** to the Proposed Order because they are duplicates of, amended by, or superseded by, claims that have already been filed (the "Duplicate Claims").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Wind Down Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 502(b), 503, and 507 of the Bankruptcy Code, and Bankruptcy Rule 3007.

## Background

5.      On August 6, 2019, each of the Wind Down Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. At the time of filing the petitions, the Wind Down Debtors were operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2019, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 41]. On August 15, 2019, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed

an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 131].

6.    On November 15, 2019, the Wind Down Debtors filed the *Joint Chapter 11 Plan of Barneys New York, Inc. and its Debtor Affiliates* [Docket No. 527] (the "Plan"), the *Disclosure Statement for the Joint Chapter 11 Plan of Barneys New York, Inc. and its Debtor Affiliates* [Docket No. 528], and the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement; (II) Solicitation Notice Procedures; (III) Forms of Ballots and Notices in Connection Therewith; and (IV) Certain Dates with Respect Thereto* [Docket No. 529].  The Wind Down Debtors filed revised versions of their Disclosure Statement on December 9, 2019 [Docket No. 579], December 16, 2019 [Docket No. 596] and December 18, 2019 [Docket No. 611].  The Court entered the *Order Approving (I) the Adequacy of the Disclosure Statement; (II) Solicitation and Notice Procedures; (III) Forms of Ballots and Notices in Connection Therewith; and (IV) Certain Dates with Respect Thereto* [Docket No. 612] on December 19, 2019.

7.    Following the Wind Down Debtors' Confirmation Hearing on February 4, 2020, the Court entered *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Barneys New York, Inc. and its Debtor Affiliates* [Docket No. 789] (the "Confirmation Order"), on February 5, 2020.  The Effective Date of the Plan occurred on February 11, 2020. [Docket. No. 797].

**The Claims Reconciliation Process**

8.    On September 4, 2019, the Court entered an *Order (A) Setting Bar Date for Submitting Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim, (C) Approving Notice Thereof, and (D) Granting Related Relief* [Docket No. 214] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim

(collectively, "Proofs of Claims") in these chapter 11 cases.  Among other things, the Bar Date

Order established the following deadlines:  (a) 11:59 p.m., prevailing Eastern Time, on the date

that was twenty-eight days following completion of service of the Bar Date Notice (as defined in

the Bar Date Order) as set forth therein, *i.e.*, October 17, 2019 (the "General Claims Bar Date")

as the last date and time for certain creditors (including, without limitation, individuals,

partnerships, corporations, joint ventures, and trusts), other than governmental units, to file Proofs

of Claims based on prepetition claims, including claims arising under section 503(b)(9) of the

Bankruptcy Code, against any Debtor; (b) for parties with scheduled pre-petition claims that were

later amended by the Wind Down Debtors, the later of (i) the General Claims Bar Date or

(ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty-five days after the date on which

the Wind Down Debtors provide notice of an amendment, as the last date and time for such parties

to file Proofs of Claims against any Debtor (the "Supplemental Bar Date"); and (c) February 3,

2020, at 11:59 p.m., prevailing Eastern Time, as the last date and time for government units to

file Proofs of Claims based on pre-petition claims against any Debtor (the "Pre-Petition

Government Claims Bar Date").

9.    On September 17, 2019, the Wind Down Debtors filed their Statements of

Financial Affairs and Schedules of Assets and Liabilities (collectively, the "Schedules"), as

required by section 521 of the Bankruptcy Code pursuant to Bankruptcy Rule 1007 and the *Order*

*(I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and*

*Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of*

*Financial Affairs and (II) Granting Related Relief* [Docket No. 48].

10.    On November 25, 2019, the Court entered an *Order (I) Setting a Bar Date for*

*Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative*

*Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 551] (the "<u>Administrative Claims Bar Date Order</u>") establishing certain dates, deadlines, and procedures for filing proofs of administrative claims (collectively, "<u>Proofs of Administrative Claim</u>") in these chapter 11 cases.  Among other things, the Administrative Claims Bar Date Order established:  January 10, 2020, at 4:00 p.m., prevailing Eastern Time, as the last date and time for certain creditors (including, without limitation, individuals, partnerships, joint ventures, and trusts) to file Proofs of Administrative Claims (such date, the "<u>Administrative Claims Bar Date</u>") based on claims entitled to administrative priority (other than claims arising under section 503(b)(9) of the Bankruptcy Code) (each, an "<u>Administrative Claim</u>") arising on or prior to December 15, 2019 at 11:59 p.m., prevailing Eastern Time.

11.    As part of the Plan, the Court established certain dates, deadlines, and procedures for filing additional Proofs of Administrative Claim.  Among other things, the Plan established the following additional deadlines: (a) 30 days after the Confirmation Date, *i.e.*, March 6, 2020, to file Proofs of Administrative Claim based on claims entitled to administrative priority arising between December 16, 2019 and February 5, 2020 (the "<u>Pre-Confirmation Claims Bar Date</u>"), and (b) 30 days after the Effective Date, *i.e.*, March 12, 2020, to file Proofs of Administrative Claim based on claims entitled to administrative priority arising after the Confirmation Date (the "<u>Post-Confirmation Claims Bar Date</u>," and together with the General Claims Bar Date, Supplemental Claims Bar Date, Pre-Petition Government Claims Bar Date, Administrative Claims Bar Date, and Pre-Confirmation Claims Bar Date, the "<u>Bar Dates</u>").  *See* Plan Art. I(A)(2).

12.    Due to the large volume of claims in these cases, the Court authorized the Wind Down Debtors to file omnibus objections to certain claims in accordance with the procedures set

forth in the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), (d), and (III) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. 665] (such procedures thereunder, the "Objection Procedures Order"), entered by the Court on January 15, 2020.[2]

13.    Following a thorough review of the Proofs of Claim and Proofs of Administrative Claim by M-III, the Wind Down Debtors have determined that the Disputed Claims should be disallowed and expunged, reclassified, or modified, as the case may be, for the reasons described herein and on **Schedules 1–6** to the Proposed Order.  To ease the administrative burden on the Court and the Wind Down Debtors' estates during the claims reconciliation process, the Wind Down Debtors submit this Objection in an omnibus fashion, in accordance with the Bankruptcy Rules and the Objection Procedures Order.  If the Disputed Claims are not disallowed and expunged, reclassified, or modified, as applicable, the potential exists for the relevant Claimants to receive an unwarranted recovery against the Wind Down Debtors, to the detriment of other similarly-situated creditors.  Accordingly, the Wind Down Debtors seek the entry of the Proposed Order disallowing and expunging, reclassifying, or modifying, as the case may be, the Disputed Claims.

14.    Pursuant to Bankruptcy Rule 3007 and the Objection Procedures Order, the Wind Down Debtors file this Objection to the Disputed Claims on the grounds set forth herein and in **Schedules 1–6** to the Proposed Order.[3]  The Wind Down Debtors and their advisors have

---

[2]    Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection Procedures Order.

[3]    *See* Fed. R. Bankr. P. 3007(d)(1)–(8); Objection Procedures Order ¶ 1.

reviewed the Proofs of Claim and Proofs of Administrative Claim filed in these chapter 11 Cases

and have identified the Disputed Claims that are subject to this Objection. After reviewing the

Disputed Claims, the Wind Down Debtors do not believe that such amounts accurately represent

the potential liability, if any, of the Wind Down Debtors or their estates for the Disputed Claims

asserted therein.

## Objection

15.    Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim filed under

section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. 11

U.S.C. § 502(a). Once a party in interest objects, the claimant has the burden to demonstrate the

validity of the claim. *See, e.g., Residential Capital, LLC*, 2016 WL 796860, at *9 (S.D.N.Y. Feb.

22, 2016).

16.    Section 503(b) of the Bankruptcy Code provides special priority for "actual,

necessary costs and expenses of preserving the estate, including wages, salaries, or commission

for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). This

priority is meant to facilitate a debtor's reorganization efforts and encourage third parties that

would otherwise be reluctant to transact business with the debtor in possession. *See*, *Trs. of*

*Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) ("Congress granted

priority to administrative expenses in order to facilitate the efforts of the trustee or debtor in

possession to rehabilitate the business for the benefit of all the estate's creditors."); *In re Old*

*Carco LLC*, 424 B.R. 633, 641–42 (Bankr. S.D.N.Y. 2010) ("Administrative expenses are

afforded this priority to facilitate the reorganization effort by encouraging third parties, who might

otherwise be reluctant to deal with a debtor-in-possession, to transact such business. Absent this

incentive, third parties would refrain from dealing with the debtor-in-possession, thereby

inhibiting the reorganization effort and harming pre-petition creditors.") (citations omitted); *see also In re ASARCO LLC*, 441 B.R. 813, 824 (S.D. Tex. 2010)*, aff'd, In re ASARCO, L.L.C.*, 650 F.3d 593 (5th Cir. 2011) ("The award of administrative expenses for 'actual and necessary' costs . . . provides 'third parties who lend goods or services necessary to the successful reorganization of the debtor's estate' with priority claims over those of unsecured creditors.") (internal citations omitted).

17.    Not all of a debtor's postpetition expenses or obligations warrant administrative priority; rather, administrative priority applies only to a select subset of a debtor's overall expenses, and such expenses must be both "actual" and "necessary."    *See* 11 U.S.C. § 503(b)(1)(A).    In the Second Circuit, this means that "[a]n expense will be accorded administrative status: (1) if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor-in-possession; and (2) only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business."    *In re Enron Corp.*, 279 B.R. 695, 705-6 (Bankr. S.D.N.Y. 2002) (citing *Trs. of Amalgamated Ins. Fund*, 789 F.2d at 101); *accord Food Employers Labor Relations Associated v. Great Atlantic & Pacific Tea Company*, 620 F. App'x 31, 33 (2d Cir. 2015) (summary order); *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 472, 480 (Bankr. S.D.N.Y. 2006).

18.    Courts in this circuit and elsewhere have consistently construed section 503(b)(1)(A) narrowly, holding that claims are entitled to administrative priority under the statute only to the extent that the consideration underlying the claim provided a "concrete, discernible benefit" to the debtor's estate.    *See, e.g., In re CIS Corp.*, 142 B.R. 640, 644 (S.D.N.Y. 1992) (denying request to grant administrative priority to claims because the claimant failed to demonstrate that the estate derived any "concrete, discernible benefit"); *In re Enron Corp.*, 279

B.R. at 705 ("The focus on allowance of a priority is to prevent unjust enrichment of the estate, not to compensate the creditor for its loss.  Thus, a court looks to the actual benefit to the estate, not the loss sustained by a creditor."); *Toma Steel Supply, Inc. v. TransAmerican Nat. Gas Corp. (In re TransAmerican Nat. Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992) ("The words 'actual' and 'necessary' have been construed narrowly: the debt must benefit [the] estate and its creditors.") (internal citations omitted).

19.    A claimant seeking relief under section 503(b)(1)(A) bears a "heavy burden" of demonstrating that its claim is entitled to administrative priority.  *In re Bernard Techs.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006); *see also In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and 'should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.'") (quoting *In re Amfesco Indus.*, Inc., 81 B.R. 777, 785 (Bankr. E.D.N.Y. 1988); *In re Kollel Mateh Efraim, LLC*, 456 B.R. 185, 194 (S.D.N.Y. 2011) ("The claimant must carry the burden of proving entitlement to an administrative claim by showing that the expense. . . was a necessary expense. . . [and] directly and substantially benefitted the estate.") (internal quotations omitted); *In re Chateaugay Corp.*, 102 B.R. 335, 353–54 (Bankr. S.D.N.Y. 1989) (explaining that, for equitable considerations between parties, priorities are to be narrowly construed, and "if one claimant is to be preferred over others, the purpose should be clear") (internal quotations and citations omitted).

A.    **Insufficiently Documented Claims**

20.    As set forth in more detail on **<u>Schedule 1</u>** to the Proposed Order, the Wind Down Debtors object to the Insufficiently Documented Claims because the Wind Down Debtors have determined that the Insufficiently Documented Claims fail to specify the basis for the claim or

provide sufficient supporting documentation in support of such claim.[4]  Accordingly, the Wind Down Debtors request that the Court disallow and expunge the Insufficiently Documented Claims in their entirety from the Claims Register.

### i.    Insufficiently Documented Administrative Claims

21.    Many of the Insufficiently Documented Claims are asserted as Administrative Claims against the Wind Down Debtors pursuant to section 503(b) of the Bankruptcy Code (the "Insufficiently Documented Administrative Claims".  As noted above, Section 502(a) of the Bankruptcy Code generally affords *prima facie* validity to proofs of claim filed pursuant to section 501 of the Bankruptcy Code.  However, this presumption does not apply to claims asserted for administrative expenses under section 503(b) of the Bankruptcy Code.  It has long been the case that an administrative claimant has the burden of proof of establishing their claim's validity and worth.  *See Woods v. City Nat. Bank & Trust Co. of Chicago*, 312 U.S. 262, 268 (1941); *Matter of Cott Corp.*, 47 B.R. 487, 491 (Bankr. D. Conn. 1984) ("A priority claimant has the burden of proving that 'those expenses incurred ... preserve the estate for the benefit of all creditors.'" (quoting *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 121 (Bankr.S.D.N.Y.1982); *see also Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d at 1416 (finding that the burden of proof rests with the claimant, "[m]ere allegations, unsupported by evidence, are insufficient to rebut the movant's prima facie case.") (internal citations omitted); *Woodburn Assocs. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it.") (internal citations omitted).

---

[4]    *See* Objection Procedures Order ¶ 1(c).

22.     Accordingly, with respect to the Insufficiently Documented Administrative

Claims, the Wind Down Debtors object on the basis that such asserted claims are Insufficiently

Documented Claims because:  (a) the relevant Proofs of Administrative Claim do not meet the

burden of demonstrating, by a preponderance of the evidence, that such claims are entitled to

priority treatment under section 503(b) of the Bankruptcy Code, or (b) the relevant Proofs of

Administrative Claim do not comply with the procedures required under the Administrative Bar

Date Order, such as by failing to be asserted via the Court-approved Proof of Administrative

Claim Form (as defined in the Administrative Bar Date Order).

### ii.     Other Insufficiently Documented Claims

23.     The remainder of the Insufficiently Documented Claims are similarly deficient in

that they provide no evidence as to the validity of the claim (the "Other Insufficiently Documented

Claims").  As noted above, a proof of claim must "set forth the facts necessary to support the

claim."  *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (citing COLLIER ON

BANKRUPTCY ¶ 3001.09[1] (15th ed. rev. 2005)).  If the proof of claim fails to set forth the

necessary supporting facts, it is "not entitled to the presumption of *prima facie* validity, and the

burdens of going forward and of proving its claims by a preponderance of the evidence are on the

[claimant]."  *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).  Without providing sufficient

information or documentation to allow the Wind Down Debtors to reconcile the proofs of claim,

the Other Insufficiently Documented Claims fail to satisfy the requirements for a proof of claim.

*See In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y 1996) ("In bankruptcy cases,

courts have traditionally analogized a creditor's claim to a civil complaint, [and] a trustee's

objection to an answer . . . .").

24.     The Other Insufficiently Documented Claims do not contain enough information

to allow the Wind Down Debtors to determine from the proofs of claim themselves what amount,

if any, is valid and owed to the Claimants by the Wind Down Debtors.  Accordingly, the Wind

Down Debtors request that the Court disallow and expunge the Insufficiently Documented Claims

in their entirety from the Claims Register as set forth on **Schedule 1** of the Proposed Order.

       **B.**      **No Liability Claims**

    25.     The Wind Down Debtors object to the No Liability Claims for the reasons set forth

below and in more detail on **Schedule 2** to the Proposed Order.  Many of the No Liability Claims

are asserted as Administrative Claims or Priority Claims against the Wind Down Debtors.

However, the No Liability Claims—including those asserted as "actual, necessary costs and

expenses of preserving the estate" pursuant to section 503(b) of the Bankruptcy Code—seek

recovery of certain amounts for which the Wind Down Debtors are not liable.  For example, the

Wind Down Debtors believe they may have valid defenses, such as setoff, that would reduce or

fully offset certain of the No Liability Claims, and other of the No Liability Claims demand

payment for which the Wind Down Debtors are not liable in any event.  Accordingly, to prevent

an unwarranted recovery by the Claimants asserting the No Liability Claims to the detriment of

other creditors, the Wind Down Debtors respectfully request entry of an order disallowing and

expunging the No Liability Claims in their entirety from the Claims Register.

       **i.**    **The Wind Down Debtors Have No Liability For the Claims Related to Unused Gift Cards or Merchandise Returns.**

    26.     Certain of the No Liability Claims are based on unused gift cards (collectively, the

"Gift Card Claims") or returned merchandise (collectively, the "Returned Merchandise Claims").

Pursuant to the card services agreement (the "CardFact Agreement") between the Debtors and

CardFact XXXII ("CardFact"), CardFact assumed liability to consumers for all gift cards,

including liability for any unredeemed gift cards.  *See* CardFact Agreement §§ 1.01, 3.05.  The

gift cards properly and adequately disclaimed this fact.  Moreover, per this Court's *Order*

*Authorizing (I) Entry Into and Performance Under the Asset Purchase Agreement and Agency Agreement, (II) Sale of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 494] (the "Sale Order"), the Debtors were required to honor gift cards only for a period of seven days following the commencement of the store closing sales. Sale Order ¶ 49. Accordingly, the Wind Down Debtors have no liability on account of the Gift Card Claims.

27.    The Wind Down Debtors likewise have no liability on the Returned Merchandise Claims. The Sale Order only required that the Debtors and their agents accept merchandise returns seven days from and including the closing date. Sale Order ¶ 50. Further, the Confirmation Order provided that customers would be able to apply to have their returned merchandise sent to them at their election, and the failure to make such an election would result in the Claimants being "forever barred, estopped, and enjoined from (a) asserting such Returned Merchandise Claim against the Debtors and their chapter 11 estates or their property and (b) participating in any distribution in the Chapter 11 Cases on account of such Returned Merchandise Claim." Confirmation Order ¶ 98.

28.    Thus, the Gift Card Claims and the Returned Merchandise Claims should be disallowed and expunged in their entirety.

### C.    Improperly Classified Claims

29.    As set forth in more detail on **Schedule 3** to the Proposed Order, the Wind Down Debtors object to such Improperly Classified Claims because the Wind Down Debtors have determined that these claims assert a priority that is not reflected on the Wind Down Debtors' books and records or assert a priority that is not supported under the Bankruptcy Code. Failure to reclassify, or modify, as the case may be, the Improperly Classified Claims could result in the relevant Claimant receiving an unwarranted recovery against the Wind Down Debtors. Accordingly, the Wind Down Debtors respectfully request entry of an order reclassifying or

modifying the Improperly Classified Claims with the priority identified in the column labeled "<u>Proposed Claim Amounts</u>," as applicable, on **<u>Schedule 3</u>** to the Proposed Order.

      **i.**   **The False Priority Claims Must Be Reclassified to Prevent Unwarranted Recoveries.**

    30.    Certain of the Improperly Classified Claims stem from invoices that relate to goods delivered more than twenty days prior to the Petition Date or for pre-petition services (the "<u>False Priority Claims</u>").  The Wind Down Debtors have thoroughly reviewed their books and records along with the False Priority Claims and any documents filed in support therewith, and have determined that the False Priority Claims should be reclassified as general unsecured claims as the False Priority Claims were on account of goods sold and delivered to the Wind Down Debtors more than 20 days before the Petition Date or for pre-petition services.  Therefore, none of the False Priority Claims are entitled to priority status under section 503 of the Bankruptcy Code and should be reclassified as general unsecured claims.  The Wind Down Debtors reserve the right to further object to the False Priority Claims on any applicable grounds.  Failure to reclassify or modify the False Priority Claims could result in the Claimants receiving an improper recovery on account of their False Priority Claims, to the detriment of the Wind Down Debtors' other similarly situated creditors.  Therefore, the Wind Debtors seek entry of the Proposed Order reclassifying or modifying the False Priority Claims as general unsecured claims, as set forth on **<u>Schedule 3</u>** to the Proposed Order.

      **ii.**  **The Gift Card Claims and Returned Merchandise Claims Are Not Entitled to Any Priority.**

    31.    Even if the Wind Down Debtors are liable on account of the Gift Card Claims and Returned Merchandise Claims, such claims are improperly classified and should be reclassified as general unsecured claims.  The Gift Card Claims are, at best, general unsecured claims not entitled to any administrative or other priority.  *See In re City Sports Inc.*, 554 B.R. 329, 333

(Bankr. D. Del. 2016) ("[T]he plain words of the [Bankruptcy Code], as well as its legislative history, show that gift card holders are not one of the select group of claimants who receive priority . . . ").  In reaching this conclusion, courts have recognized, among other things, the limits of the transaction, noting that the "purchase of a gift card is a short transaction, without a temporal relationship . . . Whether the consumer uses the gift card in a future transaction, or gives the card to another party and that party uses it in a future transaction, is beyond the scope of the inquiry." *Id.* at 335-36.  Accordingly, the receipt of the gift card by the purchaser completes the transaction, and did not provide any further concrete benefit to the Wind Down Debtors' estates.

32.     Thus, to the extent the Wind Down Debtors have any liability on account of the Gift Card Claims, such claims are Improperly Classified Claims and are not entitled to any priority treatment.

33.     The Returned Merchandise Claims likewise are not entitled to any priority treatment. *See In re City Sports, Inc.*, 554 B.R. 329, 342 (Bankr. D. Del. 2016) ("The [House of Representatives] Report excluded other consumer categories that had been under discussion, such as consumers who returned merchandise or held gift cards. The implication of this omission is that Congress decided not to provide priority status to gift card holders.").

34.     For the foregoing reasons, the Wind Down Debtors respectfully request that the Court enter the Proposed Order disallowing and expunging the Gift Card Clams and the Returned Merchandise Claims in their entirety from the Claims Register or, in the alternative, reclassifying all such claims as general unsecured claims.

**D.    Books and Records Claims**

35.     As set forth in more detail on **Schedule 4** to the Proposed Order, the Wind Down Debtors object to the Books and Records Claims because the Wind Down Debtors have determined that the Books and Records Claims are inconsistent with the Wind Down Debtors'

16

books and records.[5]   Accordingly, the Wind Down Debtors request that the Court reduce or

disallow and expunge, as the case may be, the Books and Records Claims from the Claims

Register as set forth on **Schedule 4**.

      **E.**     **Multiple Debtor Claims**

    36.     As set forth in more detail on **Schedule 5** to the Proposed Order, the Wind Down

Debtors object to the Multiple Debtor Claims because the Multiple Debtor Claims are improperly

filed.[6]   Accordingly, the Wind Down Debtors request that the Court disallow and expunge or

reduce the Multiple Debtor Claims from the Claims Register, leaving only a single claim against

one of the Wind Down Debtors, as set forth on **Schedule 5**.

      **F.**     **Duplicate Claims**

    37.     As set forth in more detail on **Schedule 6** to the Proposed Order, the Wind Down

Debtors object to the Duplicate Claims because the Duplicate Claims are duplicates of, amended

by, or superseded by, claims that have already been filed.[7]   Accordingly, the Wind Down Debtors

request that the Court disallow and expunge the Duplicate Claims from the Claims Register,

leaving only a single claim that has not been superseded, as set forth on **Schedule 6**.

<u>**Reservation of Rights**</u>

    38.     Nothing contained herein is intended or should be construed as an admission as to

the validity of any claim against the Wind Down Debtors, a waiver of the Wind Down Debtors'

or any party in interest's rights to dispute any claims, assert counterclaims, rights of offset or

recoupment, defenses, object to claims (or other claims or causes of action of a Claimant) on any

---

[5]    *See* Objection Procedures Order ¶ 1(a).

[6]    *See* Objection Procedures Order ¶ 1(i).

[7]    *See* Fed. R. Bankr. P. 3007(d)(1).

grounds not previously raised in an objection, unless the Bankruptcy Court has allowed a claim or ordered otherwise, or seek to estimate any claim at a later date, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Wind Down Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Wind Down Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim.

## <u>Compliance with the Objection Procedures Order and the Bankruptcy Rules</u>

39.    The Wind Down Debtors respectfully state that the content of this Objection is in full compliance with the Objection Procedures Order and the Bankruptcy Rules.

40.    The Wind Down Debtors further respectfully state that notice and service of this Objection will be in full compliance with the Objection Procedures Order, the Bankruptcy Rules, and Local Rule 9013-(1)(b) for the following reasons:

a.    This Objection will be filed with the Court and served upon (i) the affected Claimant set forth on each Proof of Claim subject to this Objection or their respective attorney of record, (ii) the U.S. Trustee, and (iii) parties that have filed a request for service of papers under Bankruptcy Rule 2002; and

b.    With respect to service on Claimants affected by this Objection, the Wind Down Debtors will also serve each such Claimant with a customized Objection Notice tailored, as appropriate, to address the particular creditor, claim, and objection in accordance with the Objection Procedures Order.

**Separate Contested Matter**

41.    To the extent that a response is filed regarding any Disputed Claim and the Wind Down Debtors are unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures Order.  Further, the Wind Down Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Proof of Claim.

**Notice**

42.    Notice of this Objection will be provided in accordance with the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 207] and the Objection Procedures Order.  The Wind Down Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

43.    No prior request for the relief sought in this Objection has been made to this or any other court.

New York, NY
Dated:  August 6, 2020

By: */s/ Steven J. Reisman*
Steven J. Reisman
James V. Drew
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776
Email: sreisman@katten.com
Email: james.drew@katten.com

*Counsel for the Wind Down Debtors*

## **EXHIBIT A**

**Good Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DECLARATION OF CHRISTOPHER A. GOOD
## IN SUPPORT OF WIND DOWN DEBTORS' OBJECTION TO CERTAIN CLAIMS

I, Christopher A. Good, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury as follows:

1.      I submit this declaration in support of the *Wind Down Debtors' Eighth Omnibus*

*Objection to Certain Claims* (the "Objection").[2]  I am a Director at M-III Advisors, LP ("M-III")

and have served as financial advisor to Barneys New York, Inc. and its affiliates since June 26,

2019.  I also serve as Plan Administrator for the Wind-Down Debtors.  I have over 10 years of

experience in financial restructuring, investment banking, private equity, interim management,

turnaround, and management consulting across a wide variety of industries, including, but not

limited to, the retail and real-estate industries.

2.      The statements in this declaration are, except where specifically noted, based on

my personal knowledge or opinion, on information that I have received from the Wind Down

---

[1]     The Wind Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).  The location of the Wind Down Debtors' service address is c/o Christopher A. Good, as Plan Administrator, M-III Advisory Partners, LP, 130 West 42nd Street, 17th Floor, New York, NY 10036.

[2]     Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection.

Debtors' employees or advisors, or employees of M-III working directly with me or under my supervision, direction, or control, or from the Wind Down Debtors' books and records maintained in the ordinary course of their business.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.  I am authorized to submit this declaration on behalf of the Wind Down Debtors.

3.       I have reviewed the Disputed Claims and also reviewed and consulted with certain of the Wind Down Debtors' current employees, advisors and professionals who have reviewed the Wind Down Debtors' Schedules and/or books and records with respect to the Disputed Claims.  For the reasons set forth in the Objection and **Schedules 1–6** to the Proposed Order, I have determined that the Disputed Claims fail to comport with the Wind Down Debtors' books and records and thus should not be allowed in the amounts asserted.  I therefore believe the Disputed Claims should instead be disallowed and expunged, reclassified, or modified, consistent with the treatment for each such Disputed Claim set forth on **Schedules 1–6** to the Proposed Order, which are more reflective of the Wind Down Debtors' books and records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  August 6, 2020           By: */s/ Christopher A. Good*
New York, NY                         Christopher A. Good
                                     Director
                                     M-III Advisors, LP

## **EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARNEYS NEW YORK, INC., *et al.*,[1] | ) Case No. 19-36300 (CGM) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER GRANTING WIND DOWN DEBTORS' EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Wind Down Debtors") for entry of an order (this "Order") disallowing and expunging, reclassifying, or modifying each of the Disputed Claims, in accordance with the treatment for each Disputed Claim as described in **Schedules 1–6** to this Order, all as more fully set forth in the Objection; and upon the Good Declaration filed in support of the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Wind Down Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the

---

[1]   The Wind Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Barneys New York, Inc. (1818); Barney's Inc. (2980); BNY Catering, Inc. (4434); BNY Licensing Corp. (4177); and Barneys Asia Co. LLC (0819).   The location of the Wind Down Debtors' service address is c/o Christopher A. Good, as Plan Administrator, M-III Advisory Partners, LP, 130 West 42nd Street, 17th Floor, New York, NY 10036.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

1

circumstances and no other notice need be provided; and this Court having reviewed the Objection

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set

forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Objection is sustained as set forth herein.

2.    Each Insufficiently Documented Claim identified on **Schedule 1** attached hereto

is disallowed and expunged in its entirety.

3.    Each No Liability Claim identified on **Schedule 2** attached hereto is disallowed

and expunged in its entirety; *provided*, to the extent a Gift Card Claim or Returned Merchandise

Claim is not disallowed and expunged in its entirety under this Order, such claim shall be an

Improperly Classified Claim identified on Schedule 3 attached hereto.

4.    Each Improperly Classified Claim identified on **Schedule 3** to this Order is

reclassified or modified, as the case may be; *provided* that the Wind Down Debtors reserve the

right to later object to any such reclassified claim on any applicable grounds.

5.    Each Books and Records Claim on **Schedule 4** attached hereto is reduced and/or

disallowed and expunged in its entirety.

6.    Each Multiple Debtor Claim identified on **Schedule 5** attached hereto is

disallowed and expunged in its entirety, with only the claim identified under the column

"Remaining Claim" surviving.

7.     Each Duplicate Claim identified on **Schedule 6** attached hereto is disallowed and expunged in its entirety with only the claim identified under the column "Remaining Claim" surviving.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by this Order as related to the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Wind Down Debtors' rights under the Bankruptcy Code or any other applicable law.

9.     To the extent a response is filed regarding any Disputed Claim, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and the Objection Procedures Order.  This Order will be deemed a separate order with respect to each Disputed Claim.

10.    The Wind Down Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

11.    Bankruptcy Management Solutions, Inc. (d/b/a Stretto), the claims agent retained in the Debtors' Chapter 11 cases, is authorized and directed to update the claims register maintained in these Chapter 11 cases to reflect the relief granted in this Order.

12.     Notice of the Objection, as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York are satisfied.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, NY
Dated: _____, 2020

_____
THE HONORABLE CECILIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE

**<u>SCHEDULES</u>**

Schedule 1 – Insufficiently Documented Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 1 | AT&T CORP. ON BEHALF OF ITSELF AND ITS AFFILIATES | Barneys New York, Inc. | 5141 | 1/10/2020 | Administrative: $64,362.95<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $64,362.95 | Expunged | This claim fails to specify the basis for the claim or provide sufficient supporting documentation in support of such claim.  See paragraphs 20-24. |
| | **TOTALS** | | | | **$64,362.95** | **$0.00** | |

Schedule 2 - No Liability Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 1 | ADAM KOHN | Barneys New York, Inc. | 5844 | 3/5/2020 | Administrative: $2,116.37<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,116.37 | Expunged | Per the Sale Order and the Confirmation Order, the Wind Down Debtors are not liable for claims with respect to returned merchandise. See paragraphs 26-28. |
| 2 | ADAM YOELIN | Barneys New York, Inc. | 2996 | 12/2/2019 | Administrative: $1,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,000.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 3 | ALEXANDRA COOPER | Barneys New York, Inc. | 4872 | 12/31/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 4 | ALIZA LIFSHITZ-KRAVETZ | Barneys New York, Inc. | 2543 | 11/25/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $25.00<br>General Unsecured: $0.00<br>Total: $25.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 5 | ALLISON WADE | Barneys New York, Inc. | 5140 | 1/10/2020 | Administrative: $1,079.58<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,079.58 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 6 | BARBARA R. KAPLAN | Barneys New York, Inc. | 4310 | 12/19/2019 | Administrative: $6,932.92<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $6,932.92 | Expunged | Per the Sale Order and the Confirmation Order, the Wind Down Debtors are not liable for claims with respect to returned merchandise. See paragraphs 26-28. |
| 7 | COPLEY PLACE ASSOCIATES, LLC | Barneys New York, Inc. | 5815 | 3/4/2020 | Administrative: $2,538.28<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,538.28 | Expunged | Per the Sale Order and the Confirmation Order, the Wind Down Debtors are not liable for claims with respect to returned merchandise. See paragraphs 26-28. |
| 8 | HAYNES AND BOONE, LLP | Barney's, Inc. | 725 | 1/10/2020 | Administrative: $47,168.05<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $47,168.05 | Expunged | This is a claim for services performed that the Wind Down Debtors do not owe. See paragraph 25. |
| 9 | JENNIFER M. TYLER | Barneys New York, Inc. | 4163 | 12/16/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $92.00<br>General Unsecured: $0.00<br>Total: $92.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |

Schedule 2 - No Liability Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 10 | JON STEVENSON | Barneys New York, Inc. | 5864 | 3/9/2020 | Administrative: $1,592.82<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,592.82 | Expunged | Per the Sale Order and the Confirmation Order, the Wind Down Debtors are not liable for claims with respect to returned merchandise. See paragraphs 26-28. |
| 11 | JONATHAN DEROSA | Barneys New York, Inc. | 3028 | 12/2/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $816.16<br>General Unsecured: $816.16<br>Total: $1,632.32 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 12 | JOON KIM | Barneys New York, Inc. | 5357 | 1/21/2020 | Administrative: $1,500.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,500.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 13 | LINDA LEE | Barneys New York, Inc. | 2346 | 11/22/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $500.00<br>General Unsecured: $0.00<br>Total: $500.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 14 | MARCUS LEVY | Barneys New York, Inc. | 3110 | 12/2/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $1,000.00<br>General Unsecured: $0.00<br>Total: $1,000.00 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 15 | MICHAEL A. ROGERS | Barneys New York, Inc. | 2490 | 11/25/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $242.55<br>General Unsecured: $0.00<br>Total: $242.55 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 16 | PATRICIA SULLIVAN | Barneys New York, Inc. | 3023 | 12/2/2019 | Administrative: $224.02<br>Secured: $0.00<br>Priority: $224.02<br>General Unsecured: $0.00<br>Total: $448.04 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 17 | RICHARD HOFFMAN | Barneys New York, Inc. | 4300 | 12/18/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $163.65<br>General Unsecured: $0.00<br>Total: $163.65 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 18 | STEVE LEE | Barneys New York, Inc. | 5763 | 2/28/2020 | Administrative: $2,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,000.00 | Expunged | Per the Sale Order and the Confirmation Order, the Wind Down Debtors are not liable for claims with respect to returned merchandise. See paragraphs 26-28. |

Schedule 2 - No Liability Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 19 | SUNG KIM | Barneys New York, Inc. | 3612 | 12/9/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $597.59<br>General Unsecured: $0.00<br>Total: $597.59 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 20 | TONG-TENG CHENG | Barneys New York, Inc. | 4403 | 12/21/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $331.52<br>General Unsecured: $0.00<br>Total: $331.52 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 21 | WEI SUN | Barneys New York, Inc. | 2257 | 11/21/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $255.95<br>General Unsecured: $0.00<br>Total: $255.95 | Expunged | Per the Sale Order and CardFact Agreement, the Wind Down Debtors are not liable for claims with respect to unused gift cards or store credit. See paragraphs 26-28. |
| 22 | YOUNG WOO | Barneys New York, Inc. | 5292 | 1/16/2020 | Administrative: $30,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $30,000.00 | Expunged | This is a claim for goods sold or services performed that the Wind Down Debtors have no record of receiving.  See paragraph 25. |
| | **TOTALS** | | | | **$101,216.64** | **$0.00** | |

Schedule 3 - Improperly Classified Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 1 | ABT SAS | Barney's, Inc. | 605 | 12/13/2019 | Administrative: $6,936.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $6,936.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $6,936.00<br>Total: $6,936.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 2 | ADAM KOHN | Barneys New York, Inc. | 5844 | 3/5/2020 | Administrative: $2,116.37<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,116.37 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $2,116.37<br>Total: $2,116.37 | This is a claim with respect to returned merchandise, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 3 | ADAM YOELIN | Barneys New York, Inc. | 2996 | 12/2/2019 | Administrative: $1,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,000.00<br>Total: $1,000.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 4 | ALEXANDRA COOPER | Barneys New York, Inc. | 4872 | 12/31/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 5 | ALIZA LIFSHITZ-KRAVETZ | Barneys New York, Inc. | 2543 | 11/25/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $25.00<br>General Unsecured: $0.00<br>Total: $25.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $25.00<br>Total: $25.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 6 | ALLISON WADE | Barneys New York, Inc. | 5140 | 1/10/2020 | Administrative: $1,079.58<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,079.58 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,079.58<br>Total: $1,079.58 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 7 | APEX TECHNOLOGY GROUP, INC | Barney's, Inc. | 611 | 12/13/2019 | Administrative: $29,040.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $29,040.00 | Administrative: $9,240.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $19,800.00<br>Total: $29,040.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 8 | BARBARA R. KAPLAN | Barneys New York, Inc. | 4310 | 12/19/2019 | Administrative: $6,932.92<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $6,932.92 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $6,932.92<br>Total: $6,932.92 | This is a claim with respect to returned merchandise, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 9 | BARRETT SRL | Barney's, Inc. | 216 | 10/1/2019 | Administrative: $30,164.94<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $759.53<br>Total: $30,924.47 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $30,924.47<br>Total: $30,924.47 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |

Schedule 3 - Improperly Classified Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 10 | COPLEY PLACE ASSOCIATES, LLC | Barneys New York, Inc. | 5815 | 3/4/2020 | Administrative: $2,538.28<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,538.28 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $2,538.28<br>Total: $2,538.28 | This is a claim with respect to returned merchandise, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 11 | DE FACTO, INC. | Barneys New York, Inc. | 821 | 10/10/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $4,047.45<br>General Unsecured: $0.00<br>Total: $4,047.45 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $4,047.45<br>Total: $4,047.45 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 12 | FORREST SOLUTIONS, INC | Barneys New York, Inc. | 3186 | 12/4/2019 | Administrative: $22,921.92<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $22,921.92 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $22,921.92<br>Total: $22,921.92 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 13 | FRONT OF HOUSE, INC. | Barneys New York, Inc. | 4787 | 12/31/2019 | Administrative: $15,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $15,000.00 | Administrative: $9,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $6,000.00<br>Total: $15,000.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 14 | GC S.R.L. | Barney's, Inc. | 492 | 10/18/2019 | Administrative: $92,362.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $118,365.00<br>Total: $210,727.00 | Administrative: $36,424.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $174,303.00<br>Total: $210,727.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 15 | INTEX | Barneys New York, Inc. | 663 | 9/30/2019 | Administrative: $136,400.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $136,400.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $136,400.00<br>Total: $136,400.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 16 | JENNIFER M. TYLER | Barneys New York, Inc. | 4163 | 12/16/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $92.00<br>General Unsecured: $0.00<br>Total: $92.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $92.00<br>Total: $92.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 17 | JON STEVENSON | Barneys New York, Inc. | 5864 | 3/9/2020 | Administrative: $1,592.82<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,592.82 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,592.82<br>Total: $1,592.82 | This is a claim with respect to returned merchandise, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 18 | JONATHAN DEROSA | Barneys New York, Inc. | 3028 | 12/2/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $816.16<br>General Unsecured: $816.16<br>Total: $1,632.32 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $816.16<br>Total: $816.16 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |

Schedule 3 - Improperly Classified Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 19 | JOON KIM | Barneys New York, Inc. | 5357 | 1/21/2020 | Administrative: $1,500.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,500.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,500.00<br>Total: $1,500.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim. See paragraphs 31-34. |
| 20 | LINDA LEE | Barneys New York, Inc. | 2346 | 11/22/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $500.00<br>General Unsecured: $0.00<br>Total: $500.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $500.00<br>Total: $500.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim. See paragraphs 31-34. |
| 21 | MARCUS LEVY | Barneys New York, Inc. | 3110 | 12/2/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $1,000.00<br>General Unsecured: $0.00<br>Total: $1,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,000.00<br>Total: $1,000.00 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim. See paragraphs 31-34. |
| 22 | MICHAEL A. ROGERS | Barneys New York, Inc. | 2490 | 11/25/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $242.55<br>General Unsecured: $0.00<br>Total: $242.55 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $242.55<br>Total: $242.55 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim. See paragraphs 31-34. |
| 23 | NEOUS LIMITED | Barney's, Inc. | 727 | 1/10/2020 | Administrative: $62,472.42<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $62,472.42 | Administrative: $17,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $36,050.42<br>Total: $53,050.42 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services. See paragraphs 29-30. |
| 24 | PATRICIA SULLIVAN | Barneys New York, Inc. | 3023 | 12/2/2019 | Administrative: $224.02<br>Secured: $0.00<br>Priority: $224.02<br>General Unsecured: $0.00<br>Total: $448.04 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $224.02<br>Total: $224.02 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim. See paragraphs 31-34. |
| 25 | RICHARD HOFFMAN | Barneys New York, Inc. | 4300 | 12/18/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $163.65<br>General Unsecured: $0.00<br>Total: $163.65 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $163.65<br>Total: $163.65 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim. See paragraphs 31-34. |
| 26 | SECRET SAUCE PARTNERS, INC. | Barney's, Inc. | 508 | 10/24/2019 | Administrative: $72,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $72,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $72,000.00<br>Total: $72,000.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services. See paragraphs 29-30. |
| 27 | STEVE LEE | Barneys New York, Inc. | 5763 | 2/28/2020 | Administrative: $2,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,000.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $2,000.00<br>Total: $2,000.00 | This is a claim with respect to returned merchandise, which is properly classified as a general unsecured claim. See paragraphs 31-34. |

Schedule 3 - Improperly Classified Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 28 | STROUD, ROBERT | Barneys New York, Inc. | 3792 | 12/11/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $12,757.12<br>General Unsecured: $0.00<br>Total: $12,757.12 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $12,757.12<br>Total: $12,757.12 | This claim seeks payment for accrued vacation time, which is not entitled to priority status. See paragraph 29. |
| 29 | SUNG KIM | Barneys New York, Inc. | 3612 | 12/9/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $597.59<br>General Unsecured: $0.00<br>Total: $597.59 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $597.59<br>Total: $597.59 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 30 | TAEWAN KIM | Barneys New York, Inc. | 4 | 8/7/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $2,625.00<br>General Unsecured: $0.00<br>Total: $2,625.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $2,625.00<br>Total: $2,625.00 | This is a claim for goods delivered more than twenty days prior to the Petition Date or for pre-petition services.  See paragraphs 29-30. |
| 31 | TONG-TENG CHENG | Barneys New York, Inc. | 4403 | 12/21/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $331.52<br>General Unsecured: $0.00<br>Total: $331.52 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $331.52<br>Total: $331.52 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| 32 | WEI SUN | Barneys New York, Inc. | 2257 | 11/21/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $255.95<br>General Unsecured: $0.00<br>Total: $255.95 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $255.95<br>Total: $255.95 | This is a claim with respect to unused gift cards or store credit, which is properly classified as a general unsecured claim.  See paragraphs 31-34. |
| | **TOTALS** | | | | **$629,899.97** | **$619,437.79** | |

Schedule 4 – Books and Records Claims

| | Name of Claimant | Debtor Name | Claim # | Date Filed | Current Claim Amounts | Proposed Claim Amounts | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 1 | AT&T CORP. ON BEHALF OF ITSELF AND ITS AFFILIATES | Barney's, Inc. | 726 | 1/10/2020 | Administrative: $265,674.53<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $265,674.53 | Administrative: $27,931.43<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $27,931.43 | The amounts alleged to be owed in the claim are inconsistent with the Wind Down Debtors' books and records. See paragraph 35. |
| 2 | AT&T MOBILITY, LLC | Barneys New York, Inc. | 5143 | 1/10/2020 | Administrative: $55,094.27<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $55,094.27 | Administrative: $47,428.60<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $47,428.60 | The amounts alleged to be owed in the claim are inconsistent with the Wind Down Debtors' books and records. See paragraph 35. |
| 3 | COPLEY PLACE ASSOCIATES, LLC | Barneys New York, Inc. | 5048 | 1/8/2020 | Administrative: $288,771.98<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $288,771.98 | Administrative: $10,864.93<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $10,864.93 | The amounts alleged to be owed in the claim are inconsistent with the Wind Down Debtors' books and records. See paragraph 35. |
| 4 | EULER HERMES N.A. INSURANCE CO. AGENT OF PARK FRAGRANCE LLC CLAIM IS 000432991 | Barneys New York, Inc. | 647 | 9/13/2019 | Administrative: $27,990.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $95,182.17<br>Total: $123,172.17 | Administrative: $21,308.23<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $95,182.17<br>Total: $116,490.40 | The amounts alleged to be owed in the claim are inconsistent with the Wind Down Debtors' books and records. See paragraph 35. |
| 5 | STAPLES BUSINESS ADVANTAGE | Barneys New York, Inc. | 5885 | 3/9/2020 | Administrative: $92,983.56<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $92,983.56 | Administrative: $74,346.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $74,346.00 | The amounts alleged to be owed in the claim are inconsistent with the Wind Down Debtors' books and records. See paragraph 35. |
| | **TOTALS** | | | | **$825,696.51** | **$277,061.36** | |

## Schedule 5 - Multiple Debtor Claims

| | Claim to be Disallowed | | | | Remaining Claim | | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | for Objection |
| 1 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | Barneys Asia Co. LLC | 30 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | Barney's, Inc. | 731 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 2 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | BNY Catering, Inc. | 35 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | Barney's, Inc. | 731 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 3 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | BNY Licensing Corp. | 38 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | Barney's, Inc. | 731 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 4 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | Barneys New York, Inc. | 5144 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | GA RETAIL, INC., ON BEHALF OF A CONTRACTUAL JOINT VENTURE COMPRISED OF ITSELF AND TIGER CAPITAL GROUP, LLC | Barney's, Inc. | 731 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 5 | NEOUS LIMITED | Barneys New York, Inc. | 5138 | 1/10/2020 | Administrative: $62,472.42<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $62,472.42 | NEOUS LIMITED | Barney's, Inc. | 727 | 1/10/2020 | Administrative: $62,472.42<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $62,472.42 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 6 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barneys Asia Co. LLC | 22 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 477 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 7 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barneys Asia Co. LLC | 24 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 608 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 8 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | BNY Licensing Corp. | 25 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 477 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |

## Schedule 5 - Multiple Debtor Claims

| | Claim to be Disallowed | | | | | Remaining Claim | | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | for Objection |
| 9 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | BNY Catering, Inc. | 26 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 477 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 10 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | BNY Catering, Inc. | 28 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 608 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 11 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | BNY Licensing Corp. | 28 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 608 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 12 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barneys New York, Inc. | 987 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 477 | 10/17/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 13 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barneys New York, Inc. | 3877 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | SAPIENT CORPORATION D/B/A SAPIENT RAZORFISH | Barney's, Inc. | 608 | 12/13/2019 | Administrative: $1,225,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,225,000.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 14 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | Barneys Asia Co. LLC | 29 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | Barney's, Inc. | 719 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 15 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | BNY Catering, Inc. | 33 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | Barney's, Inc. | 719 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 16 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | BNY Licensing Corp. | 37 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | Barney's, Inc. | 719 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| 17 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | Barneys New York, Inc. | 5121 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | ZURICH AMERICAN INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY | Barney's, Inc. | 719 | 1/10/2020 | Administrative: $411,913.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $411,913.00 | This claim was filed against multiple Wind Down Debtor entities, or is an identical, separate claim filed against different Wind Down Debtor entities. See paragraph 36. |
| **TOTALS** | | | | | **$6,610,124.42** | | | | | **$6,610,124.42** | |

## Schedule 6 – Duplicate Claims

| | Claim to be Disallowed | | | | Remaining Claim | | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | for Objection |
| 1 | CARLSBAD PREMIUM OUTLETS, LLC F/K/A CPG CARLSBAD HOLDINGS LLC | Barneys New York, Inc. | 803 | 10/9/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $100.00<br>General Unsecured: $83,169.76<br>Total: $83,269.76 | CARLSBAD PREMIUM OUTLETS, LLC F/K/A CPG CARLSBAD HOLDINGS LLC | Barneys New York, Inc. | 4436 | 12/23/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $853,454.18<br>Total: $853,454.18 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 2 | EULER HERMES N.A. INSURANCE CO. AGENT OF MTLR CORP. | Barneys New York, Inc. | 758 | 10/3/2019 | Administrative: $8,596.61<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $25,082.71<br>Total: $33,679.32 | EULER HERMES N.A. INSURANCE CO. AGENT OF MTLR CORP. | Barney's, Inc. | 255 | 10/3/2019 | Administrative: $8,596.61<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $25,082.71<br>Total: $33,679.32 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 3 | FACTORY S.R.L. | Barneys New York, Inc. | 984 | 10/17/2019 | Administrative: $152,425.20<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | FACTORY S.R.L. | Barneys New York, Inc. | 5016 | 1/7/2020 | Administrative: $17,103.99<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $17,103.99 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 4 | FACTORY S.R.L. | Barneys New York, Inc. | 1027 | 10/24/2019 | Administrative: $17,103.99<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $135,321.21<br>Total: $152,425.20 | FACTORY S.R.L. | Barneys New York, Inc. | 5016 | 1/7/2020 | Administrative: $17,103.99<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $17,103.99 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 5 | FEDEX CORPORATE SERVICES, INC. | Barney's, Inc. | 716 | 1/10/2020 | Administrative: $1,090,057.18<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,090,057.18 | FEDEX CORPORATE SERVICES, INC. | Barney's, Inc. | 736 | 1/10/2020 | Administrative: $743,575.69<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $743,575.69 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 6 | FEDEX CORPORATE SERVICES, INC. | Barneys New York, Inc. | 4873 | 11/19/2019 | Administrative: $1,090,057.18<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $1,090,057.18 | FEDEX CORPORATE SERVICES, INC. | Barney's, Inc. | 736 | 1/10/2020 | Administrative: $743,575.69<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $743,575.69 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 7 | GC S.R.L. | Barney's, Inc. | 678 | 1/7/2020 | Administrative: $92,362.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $92,362.00 | GC SRL | Barney's, Inc. | 492 | 10/18/2019 | Administrative: $92,362.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $118,365.00<br>Total: $210,727.00 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 8 | GC S.R.L. | Barneys New York, Inc. | 835 | 10/11/2019 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | GC SRL | Barney's, Inc. | 492 | 10/18/2019 | Administrative: $92,362.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $118,365.00<br>Total: $210,727.00 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 9 | GLOBAL TECHNOLOGY GROUP, INC. D/B/A SOPHELLE | Barneys New York, Inc. | 4514 | 12/24/2019 | Administrative: $277.50<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $277.50 | GLOBAL TECHNOLOGY GROUP, INC. D/B/A SOPHELLE | Barneys New York, Inc. | 3895 | 12/13/2019 | Administrative: $277.50<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $277.50 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |

Schedule 6 – Duplicate Claims

| | | | Claim to be Disallowed | | | | | Remaining Claim | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | for Objection | |
| 10 | JEONGAH KIM | Barneys New York, Inc. | 3410 | 12/6/2019 | Administrative: $86.96<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $86.96 | JEONGAH KIM | Barneys New York, Inc. | 3050 | 12/2/2019 | Administrative: $86.96<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $86.96 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 11 | MULESOFT LLC | Barney's, Inc. | 711 | 1/9/2020 | Administrative: $79,463.83<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $79,463.83 | MULESOFT LLC | Barney's, Inc. | 715 | 1/9/2020 | Administrative: $79,463.83<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $116,511.16<br>Total: $195,974.99 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 12 | MULESOFT, INC. | Barney's, Inc. | 325 | 10/15/2019 | Administrative: $96,108.28<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $99,866.71<br>Total: $195,974.99 | MULESOFT LLC | Barney's, Inc. | 715 | 1/9/2020 | Administrative: $79,463.83<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $116,511.16<br>Total: $195,974.99 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 13 | NEOUS LIMITED | Barney's, Inc. | 485 | 10/17/2019 | Administrative: $26,123.11<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $53,815.89<br>Total: $79,939.00 | NEOUS LIMITED | Barney's, Inc. | 727 | 1/10/2020 | Administrative: $62,472.42<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $62,472.42 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 14 | NEOUS LIMITED | Barneys New York, Inc. | 1002 | 10/17/2019 | Administrative: $26,123.11<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $53,815.89<br>Total: $79,939.00 | NEOUS LIMITED | Barney's, Inc. | 727 | 1/10/2020 | Administrative: $62,472.42<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $62,472.42 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 15 | NEOUS LIMITED | Barneys New York, Inc. | 5139 | 1/10/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $0.00 | NEOUS LIMITED | Barney's, Inc. | 727 | 1/10/2020 | Administrative: $62,472.42<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $62,472.42 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 16 | SALESFORCE.COM, INC. | Barney's, Inc. | 324 | 10/15/2019 | Administrative: $116,765.05<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $28,843.16<br>Total: $145,608.21 | SALESFORCE.COM, INC. | Barney's, Inc. | 504 | 1/27/2020 | Administrative: $33,816.12<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $111,792.09<br>Total: $145,608.21 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 17 | SALESFORCE.COM, INC. | Barney's, Inc. | 663 | 1/6/2020 | Administrative: $26,257.22<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $26,257.22 | SALESFORCE.COM, INC. | Barney's, Inc. | 504 | 1/27/2020 | Administrative: $33,816.12<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $111,792.09<br>Total: $145,608.21 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |
| 18 | SALESFORCE.COM, INC. | Barney's, Inc. | 754 | 1/27/2020 | Administrative: $7,558.90<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $7,558.90 | SALESFORCE.COM, INC. | Barney's, Inc. | 504 | 1/27/2020 | Administrative: $33,816.12<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $111,792.09<br>Total: $145,608.21 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed. See paragraph 37. |

Schedule 6 – Duplicate Claims

| | | Claim to be Disallowed | | | | | Remaining Claim | | | | Reasoning |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | for Objection |
| 19 | SONIA AMIN | Barneys New York, Inc. | 5219 | 1/13/2020 | Administrative: $89.80<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $89.80 | SONIA AMIN | Barneys New York, Inc. | 1436 | 11/13/2019 | Administrative: $89.80<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $89.80 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| 20 | STEVE LEE | Barneys New York, Inc. | 3840 | 12/12/2019 | Administrative: $2,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,000.00 | STEVE LEE | Barneys New York, Inc. | 5763 | 2/28/2020 | Administrative: $2,000.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br>Total: $2,000.00 | This claim is a duplicate of, amended by, or superseded by, claim(s) that have already been filed.  See paragraph 37. |
| | **TOTALS** | | | | **$3,159,046.05** | | | | | **$3,848,592.99** | |